IN THE CIRCUIT COURT OF THE THIRTEENTH JUDICIAL CIRCUIT
IN AND FOR HILLSBOROUGH COUNTY, FLORIDA
CIVIL DIVISION

MEDICAL & CHIROPRACTIC CLINIC, INC.,

       Plaintiff,

vs.

DAVID M. OPPENHEIM, an individual, and BOCK LAW FIRM, LLC d/b/a BOCK, HATCH, LEWIS, & OPPENHEIM, LLC,

       Defendants.

_____/

Case No.

Division:

INJUNCTIVE RELIEF REQUESTED

## VERIFIED COMPLAINT

The plaintiff, Medical & Chiropractic Clinic, Inc. ("Medical & Chiropractic"), through its undersigned counsel, hereby sue the defendants, David M. Oppenheim ("Mr. Oppenheim"), and Bock Law Firm, LLC, d/b/a Bock, Hatch, Lewis & Oppenheim, LLC ("Bock Hatch"), and states as follows:

### Parties, Jurisdiction, and Venue

1.  This is an action for injunctive relief and for damages capable of proof in excess of $15,000.00, exclusive of interest, costs, and attorneys' fees

2.  Plaintiff, Medical & Chiropractic, is a Florida corporation with its principal place of business in Hillsborough County, Florida.

3.  Defendant Mr. Oppenheim is an individual who resides in the state of Illinois.

4.  Defendant Bock Hatch is an Illinois limited liability corporation with its principal place of business in Illinois.

5.  Bock Hatch is registered with the Illinois Secretary of State as "Bock Law Firm,

LLC." It has also previously done business under the name of "Bock & Hatch, LLC."

6.  Phillip A. Bock, an attorney at Bock Hatch, is admitted to the Florida Bar (Florida Bar Number 93895).

7.  Defendants are subject to personal jurisdiction in this Court pursuant to Florida Statutes §§ 48.193(1)(a)(1) and 48.193(1)(a)(2) because, without limitation, the Defendants (a) operate, conduct, engage in, or carry on a business or business venture in Florida, or have offices or agencies in Florida; and (b) committed tortious acts in Florida.

8.  Venue is proper in this Court pursuant to Florida Statutes §§ 47.011 and 47.051 because, without limitation, (a) the causes of action asserted herein accrued in Hillsborough County, Florida; and (b) Defendant Bock Hatch conducted business in Hillsborough County, Florida giving rise to this cause of action.

### The Federal Action

9.  In 2009, Anderson + Wanca, a law firm that formerly employed Mr. Oppenheim, began its investigation of potential Telephone Consumer Protection Act of 1991 ("TCPA") claims against the Buccaneers Limited Partnership (the "Buccaneers").

10. On June 18, 2013, the law firms of Anderson + Wanca and Addison & Howard, P.A. filed an initial putative class action lawsuit (the "Federal Action") on behalf of putative class representative Cin-Q Automobiles, Inc. ("Cin-Q") against the Buccaneers in the United States District Court for the Middle District of Florida alleging violations of the TCPA.  (A copy of the Complaint in the Federal Action is attached as Exhibit **1**.)

11. The Federal Action alleges that, beginning on July 1, 2009, the Buccaneers sent facsimile advertisements offering group tickets or individual game tickets for Tampa Bay Buccaneers games, in violation of the TCPA.

12. On January 3, 2014, the federal court granted the Federal Action plaintiffs' motion to file a Second Amended Complaint ("Second Amended Complaint" or "SAC").   Cin-Q and Medical & Chiropractic are the named plaintiffs and putative class representatives. (A copy of the Second Amended Complaint is attached as Exhibit **2**.)

13. The Second Amended Complaint defined the putative class as "[a]ll persons from July 1, 2009, to present who were sent facsimile advertisements offering group tickets or individual game tickets for the Tampa Bay Buccaneers games and which did not display the opt out language required by 47 C.F.R. 64.1200"  (the "Class").

14. Medical & Chiropractic has an interest in being named a class representative and obtaining class certification of the Class.

15. Over the past three years, the parties have vigorously litigated the Federal Action through fact discovery, class discovery, over a dozen depositions, and expert discovery.   The parties also have briefed cross-motions for summary judgment, motions for interlocutory appeal, and motions to bifurcate.   The parties also have participated in two mediations in an attempt to settle the Federal Action.

16. As of May 26, 2016, there are 233 docket entries in the Federal Action. (A copy of the docket sheet for the Federal Action is attached as Exhibit **3**.)

### Mr. Oppenheim's Extensive Representation of Medical & Chiropractic

17. Mr. Oppenheim was employed as an attorney by Anderson + Wanca since long before the filing of the Federal Action.

18. Mr. Oppenheim resigned from Anderson + Wanca on April 8, 2016.

19. Mr. Oppenheim represented Medical & Chiropractic as its attorney in the Federal Action.

20. Mr. Oppenheim billed at least 80 hours working on the Federal Action.

21. Mr. Oppenheim was intimately involved in the preparation, strategy, and participation in the two mediations in the Federal Action and conducted multiple settlement negotiations in connection with the Federal Action.

22. In 2015, the parties to the Federal Action made several attempts, including two mediation sessions, to negotiate a class wide settlement.

23. Mr. Oppenheim was the primary point of contact for the plaintiffs and prepared and submitted the mediation statements in preparation for these mediation sessions.[1]

24. In connection with the mediations, Mr. Oppenheim became familiar with and had access to case strategy, discovery, analysis, and settlement strategy of Medical & Chiropractic, Cin-Q, the Class, and the Buccaneers.

25. Mr. Oppenheim was granted full authority to settle on behalf of the Cin-Q and Medical & Chiropractic at the mediations.

26. Before the mediation, Mr. Oppenheim had discussions with Michele Zakrewski, President of Medical & Chiropractic, regarding the Federal Action.

27. On February 12, 2015, Ms. Zakrewski had an in-person discussion with Mr. Oppenheim regarding Medical & Chiropractic's legal position for the February 13, 2015 mediation session.

28. On February 13, 2015, the parties to the Federal Action participated in a mediation session. Mr. Oppenheim represented Medical & Chiropractic and Cin-Q at this session as their attorney. Mr. Addison also participated in the mediation as an attorney for the Plaintiffs.

29. The mediator for the February session was Rodney Max of Upchurch Watson White & Max.

---

[1] The content of the mediation statements cannot be published here as they are confidential pursuant to Florida Statues § 44.405.

4

30. Mr. Oppenheim and Ms. Zakrewski had further discussions regarding Medical & Chiropractic's legal position after this mediation session.

31. On August 31, 2015, the parties to the Federal Action held another mediation session (the "August Mediation").

32. Mr. Oppenheim again prepared and submitted the mediation statement on behalf of Cin-Q and Medical & Chiropractic.

33. Mr. Oppenheim represented Medical & Chiropractic and Cin-Q at the August Mediation as their attorney, along with Mr. Addison.

34. The Hon. Wayne R. Andersen (Ret.) ("Judge Andersen") from JAMS Alternative Dispute Resolution ("JAMS") served as the mediator for the August Mediation.

35. Mr. Oppenheim and Ms. Zakrewski had further discussions regarding Medical & Chiropractic's legal position after the August Mediation.

36. All attending parties, including Mr. Oppenheim, were required to sign a confidentiality agreement for each of the mediations.

37. Neither mediation session resulted in a settlement. Mr. Oppenheim, however, continued to represent Medical & Chiropractic and Cin-Q throughout settlement negotiations after the mediations.

38. Before and after the August Mediation, Mr. Oppenheim corresponded directly with counsel for the defendants in the Federal Action regarding settlement.

39. As recently as March 18, 2016, Mr. Oppenheim was communicating with Judge Andersen and counsel for the defendants in the Federal Action regarding settlement negotiations.

40. Through the mediations and settlement discussions, Mr. Oppenheim had access to privileged and confidential information regarding Medical & Chiropractic, Cin-Q, and the Class.

5

**As Their Attorney, Mr. Oppenheim Owed Duties to Medical & Chiropractic**

41. Because Mr. Oppenheim acted as Medical & Chiropractic's attorney, and represented Medical & Chiropractic at multiple mediation sessions, he owed Medical & Chiropractic ethical and fiduciary duties.

42. Mr. Oppenheim's representation of Medical & Chiropractic, a Florida client, in a Florida lawsuit and Florida mediation, subjected him to Florida's Rules of Professional Conduct.

43. Specifically, Rule 4-1.9, Conflict of Interest; Former Client states:

A lawyer who has formerly represented a client in a matter must not afterwards:

> (a) represent another person in the same or a substantially related matter in which that person's interests are materially adverse to the interests of the former client unless the former client gives informed consent;
>
> (b) use information relating to the representation to the disadvantage of the former client except as these rules would permit or require with respect to a client or when the information has become generally known; or
>
> (c) reveal information relating to the representation except as these rules would permit or require with respect to a client.

44. Additionally, Rule 4-8.4(c) states:

A lawyer shall not:

> …
>
> (c) engage in conduct involving dishonesty, fraud, deceit, or misrepresentation

45. As a member of the Illinois state bar, Mr. Oppenheim also was subject to the Illinois Rules of Professional Conduct.

46. Specifically, Rule 1.9, Duties to Former Clients states:

> (a) A lawyer who has formerly represented a client in a matter shall not thereafter represent another person in the same or a substantially related matter in which that person's interests are materially adverse to the interests of the former client unless the former client gives informed consent.

6

(b) A lawyer shall not knowingly represent a person in the same or a substantially related matter in which a firm with which the lawyer formerly was associated had previously represented a client

> (1) whose interests are materially adverse to that person; and

> (2) about whom the lawyer had acquired information protected by Rules 1.6 and 1.9(c) that is material to the matter; unless the former client gives informed consent.

(c) A lawyer who has formerly represented a client in a matter or whose present or former firm has formerly represented a client in a matter shall not thereafter:

> (1) use information relating to the representation to the disadvantage of the former client except as these Rules would permit or require with respect to a client, or when the information has become generally known; or

> (2) reveal information relating to the representation except as these Rules would permit or require with respect to a client.

47. These duties to former clients are imputed to an attorney's law firm under Florida Rule 4-1.10, Imputation of Conflicts of Interest; General Rule, which states in pertinent part:

> (a) *Imputed Disqualification of All Lawyers in Firm.* --While lawyers are associated in a firm, none of them may knowingly represent a client when any 1 of them practicing alone would be prohibited from doing so by rule 4-1.7 or 4-1.9 except as provided elsewhere in this rule, or unless the prohibition is based on a personal interest of the prohibited lawyer and does not present a significant risk of materially limiting the representation of the client by the remaining lawyers in the firm.

> (b) *Former Clients of Newly Associated Lawyer.* --When a lawyer becomes associated with a firm, the firm may not knowingly represent a person in the same or a substantially related matter in which that lawyer, or a firm with which the lawyer was associated, had previously represented a client whose interests are materially adverse to that person and about whom the lawyer had acquired information protected by rules 4-1.6 and 4-1.9(b) and (c) that is material to the matter.

### **Mr. Oppenheim Leaves Anderson + Wanca To Join Bock Hatch**

48. On March 25, 2016, the Class filed their Motion for Class Certification.

49. On April 8, 2016, Mr. Oppenheim resigned from Anderson + Wanca.

50. Thereafter, Mr. Oppenheim joined the law firm of Bock Hatch.

51. Upon information and belief, as part of his compensation at Bock Hatch, Mr. Oppenheim's compensation includes a portion of revenues generated by the firm.

52. Phillip A. Bock also is an attorney at Bock Hatch.

53. Less than two weeks later, on April 20, 2016, the Buccaneers made an oral request for an additional five-week extension to respond to the Motion for Class Certification, through June 13, 2016. Medical & Chiropractic and Cin-Q did not oppose this motion to further extend the Buccaneers' time to file its response to the motion for class certification. (A copy of the court's order approving this motion is attached as Exhibit **4**.)

54. On May 2, 2016, Judge Andersen also declared an impasse in the Federal Action mediation negotiations.  (*See* Email from Judge Andersen, attached as Exhibit **5**.)

### Mr. Oppenheim's New Firm Files A "Copycat" Class Action in Florida State Court

55. On or before May 5, 2016, Mr. Oppenheim's new firm sent out solicitation letters to potential class members in the Federal Action.  (*See* Solicitation Letter, attached as Exhibit **6**.)

56. Upon information and belief, Bock Hatch used the list of potential class members from the Federal Action to send its solicitation letter.  (*See* Excerpt of List of Potential Class Members, attached as Exhibit **7.)**

57. Unbeknownst to Medical & Chiropractic, on May 6, 2016, Mr. Oppenheim's new firm Bock Hatch filed a "copycat" class action in the Hillsborough County Circuit Court on behalf of Technology Training Associates, Inc. ("Technology Training") captioned *Technology Training Assocs., Inc. v. Buccaneers Ltd. P'ship*, Case No. 16-CA-004333 (the "Technology Training Action").[2]  (A copy of the complaint in the Technology Training Action is attached as Exhibit **8**.)

---

[2] The signature block of the complaint shows it was filed by "Bock & Hatch, LLC." This is one d/b/a name used by Bock Law Firm, LLC, which also does business as Bock, Hatch, Lewis & Oppenheim, LLC.

58. Technology Training's fax number is included in the list of potential class members filed in the Federal Action.  The Technology Training Action purports to cover all persons or entities sent fax advertisements for Tampa Bay Buccaneers tickets "from July 1, 2009, to present" that failed to include an "opt-out-notice" complying with FCC regulations. *This class covers the exact same class members as the Federal Action.*

59. Mr. Bock filed and signed the Technology Training Action.

60. The class allegations in the Technology Training Action were time barred when Bock Hatch filed it.

61. Neither Mr. Oppenheim nor Bock Hatch notified Medical & Chiropractic or Anderson + Wanca of this new filing at the time it was made.  Anderson + Wanca discovered the existence of the Technology Training Action when it was inadvertently disclosed to Mr. Addison.  Mr. Oppenheim and Bock Hatch did not attempt to obtain consent from Medical & Chiropractic to file the action.

62. Despite the fact that the Technology Training Action was filed on only May 6, 2016, and the complaint had not even been served on the Buccaneers, Bock Hatch and the Buccaneers' counsel quickly scheduled a mediation in the case in an attempt to settle the putative class action.

63. On May 11, 2016, a case manager at JAMS sent an email to the Buccaneers' counsel, Mark Mester, and "danieljaycohen209@gmail.com," stating that a mediation in the "Buccaneers LTD Partnership TCPA" matter was scheduled for Friday, May 20, 2016 with Judge Andersen. (A copy of the email is attached as Exhibit **9**.)

64. Upon information and belief, Daniel J. Cohen is an attorney associated with Bock

9

Hatch[3] and is believed to be the owner of the email address "danieljaycohen209@gmail.com."

65. The JAMS case manager also inadvertently sent a copy of this email to Mr. Addison.

66. On the morning of May 12, 2016, Mr. Addison called the JAMS case manager regarding the May 20, 2016 mediation session, having been unaware of any new plans to mediate in the Class Action. The JAMS case manager said Mr. Addison may have been included by mistake.

67. Mr. Addison asked the JAMS case manager if there was some other "Buccaneers Ltd Partnership TCPA" matter, but the case manager said she could not disclose that information.

68. Mr. Addison then searched online for any other lawsuit pending against the Buccaneers, and located the Technology Training Action.

69. After Mr. Addison discovered the Technology Training Action, on May 12, 2016, the Buccaneers filed a Notice of Pendency of Related Action in the Class Action (the "Notice") disclosing that the Technology Training Action had been filed six days earlier on May 6, 2016. (A copy of the Notice is attached as Exhibit **10**.)

70. The Notice states that the claims in the Technology Training Action are "based upon the same facsimile advertisements allegedly sent by the Buccaneers between 2009 and 2010 that are at issue in this case."

71. Also on May 12, 2016, the JAMS case manager sent Mr. Addison another email stating that Mr. Addison should disregard the invitation from the previous day as it had been sent to him in error. (A copy of the email is attached as Exhibit **11**.)

---

[3] Daniel J. Cohen is listed as an attorney for Bock & Hatch, LLC in *Palm Beach Golf Ctr.-Boca Inc. v. John G. Sarris, D.D.S., P.A.,* 781 F.3d 1245, 1248 (11th Cir. 2015).

10

72. On or about May 11, 2016, Michelle Zakrewski, President of Medical & Chiropractic, received a solicitation for services from Bock Hatch. (A copy of the solicitation is attached as Exhibit **12**.)

73. The solicitation directed Medical & Chiropractic to visit "faxlawyers.com." That website directs users to Bock Hatch's website and lists Mr. Oppenheim as an attorney at Bock Hatch.

74. Other class members in the Federal Action likewise received solicitation letters from Bock Hatch.

75. On May 13, 2016, the plaintiffs' attorneys in the Federal Action filed a Motion to Intervene in the Technology Training Action. The Motion to Intervene was scheduled to be heard on May 19, 2016.  (A copy of the motion is attached as Exhibit **13**.)

76. On May 16, 2016, the plaintiffs' attorneys filed a Motion to Enjoin Defendant from Proceeding in Competing Case.  (A copy of the motion is attached as Exhibit **14**.)

77. On May 16, 2016, Judge Andersen notified the Technology Training parties that he would not mediate their case. (A copy of the letter is attached as Exhibit **15**.)

**Mr. Oppenheim's New Firm Continues Its Attempts to
Mediate the Technology Training Action**

78. Even after Judge Andersen withdrew as mediator, and the plaintiffs filed the Motion to Intervene and the Motion to Enjoin the Defendant, Mr. Oppenheim's new firm attempted to mediate in front of yet another mediator.

79. Mr. Addison was again inadvertently notified of the scheduled mediation in front of the new mediator.

80. Anderson + Wanca sent an email to the Buccaneers' attorney inquiring whether another mediation had been scheduled with a different mediator, but received no response.

11

81. Bock Hatch's and the Buccaneers' actions are consistent with pursuing a "reverse auction" of the Federal Action.  In a reverse auction, a class action defendant attempts to negotiate a weak settlement with one of the class lawyers in an attempt to get the settlement approved, and thereby preclude other class claims against the defendant.

82. On May 18, 2016, the day before the scheduled hearing on the Motion to Intervene, Technology Training and Bock Hatch filed a voluntary dismissal of the Technology Training Action. (A copy of the dismissal is attached as Exhibit **16**.)

83. Mr. Bock, another attorney at Bock Hatch, filed and signed the voluntary dismissal of the Technology Training Action.

84. To date, neither Mr. Oppenheim nor Bock Hatch have agreed to refrain from proceeding with further settlement negotiations in relation to the Technology Training Action.

## Count I

### Breach of Fiduciary Duty Against Oppenheim and Bock Hatch

85. Medical & Chiropractic hereby re-alleges and incorporates by reference the allegations contained in paragraphs 1-84 above.

86. Mr. Oppenheim and Medical & Chiropractic had an attorney-client relationship when Mr. Oppenheim was at Anderson + Wanca.

87. As a result of Mr. Oppenheim's attorney-client relationship with Medical & Chiropractic, Mr. Oppenheim owed fiduciary duties to Medical & Chiropractic.

88. These duties include an undivided duty of loyalty to represent Medical & Chiropractic's interests and a duty not to represent a client with interests materially adverse to Medical & Chiropractic.

89. When Mr. Oppenheim resigned from Anderson + Wanca, he owed continuing duties to Medical & Chiropractic.  These duties included duties under Rule 4-1.9(a) not to represent

another person in the same or a substantially related matter in which that person's interests are materially adverse to the interests of the former client unless the former client gives informed consent.

90. When Mr. Oppenheim joined Bock Hatch, under Rule 4-1.10, Bock Hatch could not knowingly represent a person in the same or a substantially related matter in which Mr. Oppenheim, or a firm with which Mr. Oppenheim was associated, had previously represented a client whose interests are material adverse to that person and about whom Mr. Oppenheim had acquired information protected by rules 4-1.6 and 4-10(b) and (c) that is material to the matter.

91. Through his representation of Medical & Chiropractic, Cin-Q, and the putative Class, Mr. Oppenheim acquired information (i) protected by Rules 4-1.6 and 4-10(b) and (c), and (ii) that is material to the Federal Action.

92. Mr. Oppenheim's conflicts were imputed to Bock Hatch under Rule 4-1.10.

93. Therefore, Bock Hatch could not represent a client in a matter substantially related to the Federal Action whose interests were materially adverse to Medical & Chiropractic.

94. Mr. Oppenheim breached his duties to Medial & Chiropractic by, among other things:

A.  Oppenheim's new law firm, Bock Hatch, representing Technology Training in the Technology Training Action, a matter substantially related to the Federal Action, in which Technology Training's interests are materially adverse to Medical & Chiropractic's interests;

B. Failing to obtain Medical & Chiropractic's informed consent prior to Bock Hatch representing Technology Training;

C. Deceiving his former client, their counsel, and the Court in the Federal Action by failing to immediately inform them of the new Technology Training Action and

13

scheduling expedited mediation sessions in an attempt to undermine the Federal Action;

D.  Placing Technology Training's interests ahead of Medical & Chiropractic's interests when his new firm, Bock Hatch, represented Technology Training in the Technology Training Action; and

E.  Mr. Oppenheim's new firm seeking to mediate and settle the Technology Training Action against the interests of Medical & Chiropractic.

95. Medical & Chiropractic faces irreparable harm if Mr. Oppenheim and his new firm proceed with representing other class members in matters substantially related to the Federal Action.  If the Technology Training Action proceeds, Medical & Chiropractic could lose the ability to act as class representative, and could lose the financial and other incentives in acting as the lead class representative.

96. As a direct and proximate result of Mr. Oppenheim's breaches of his fiduciary duties to Medical & Chiropractic, Medical & Chiropractic has and will suffer damages in the form of the costs and fees necessary to enforce its rights and Mr. Oppenheim's duties to Medical & Chiropractic and to preserve Medical & Chiropractic's legitimate interests in retaining its position as the class representative, and the losses of the financial and other incentives in acting as the class representative.

97. Medical & Chiropractic also faces the threat of imminent harm should Mr. Oppenheim or Bock Hatch continue to negotiate with the Buccaneers, refile the Technology Training Action, or file other or additional "copycat" lawsuits competing with the Federal Action.

14

## Count II

### Aiding and Abetting Breach of Fiduciary Duty against Bock Hatch

98. Medical & Chiropractic hereby re-alleges and incorporates by reference the allegations contained in paragraphs 1-97 above.

99. Before Mr. Oppenheim joined Bock Hatch, Bock Hatch was aware of Mr. Oppenheim's representation of Medical & Chiropractic and therefore the fiduciary duties he owed to Medical & Chiropractic.

100. Mr. Oppenheim breached his fiduciary duties as alleged in Paragraph 94 above.

101. Bock Hatch was aware of Mr. Oppenheim's duties, and that representing clients with interests materially adverse to his past clients, including Medical & Chiropractic, would breach those duties.

102. Bock Hatch substantially assisted Mr. Oppenheim's breach of fiduciary duties to Medical & Chiropractic, including filing the Technology Training Action, pursuing mediation of the Technology Training Action, and acting contrary to Medical & Chiropractic's interests.

103. Medical & Chiropractic faces irreparable harm if Mr. Oppenheim and Bock Hatch proceed with representing other class members in matters substantially related to the Federal Action.  If the Technology Training Action proceeds, Medical & Chiropractic could lose the ability to act as class representative, and could lose the financial and other incentives in acting as the lead class representative,

104. As a direct and proximate result of Bock Hatch aiding and abetting Mr. Oppenheim's breaches of his fiduciary duties to Medical & Chiropractic, Medical & Chiropractic has suffered and will suffer damages in the form of the costs and fees necessary to enforce its rights and Mr. Oppenheim's duties to Medical & Chiropractic and to preserve Medical & Chiropractic's legitimate interests in retaining its position as the class representative,

and the losses of the financial and other incentives in acting as the class representative.

105.   Medical & Chiropractic also faces the threat of imminent harm should Bock Hatch continue to negotiate with the Buccaneers, refile the Technology Training Action, or file other or additional "copycat" lawsuits competing with the Federal Action.

### Prayer for Relief

WHEREFORE, Medical & Chiropractic respectfully requests that the Court enter its judgment:

a.   Temporarily, and upon final hearing permanently, enjoining Defendants, and all persons or entities acting in concert or participation with them, from:

i.   Representing any entity in a case alleging class-wide allegations substantially related to the Federal Action;

ii.   Representing Technology Training in any actions substantially related to the Federal Action;

iii.   Engaging in settlement negotiations with the Buccaneers, or reaching a settlement, in any matter substantially related to the Federal Action;

iv.   Using, disclosing, or relying upon confidential information Mr. Oppenheim gained while representing Medical & Chiropractic, including information protected by the attorney-client privilege or the mediation privilege.

b.   Awarding Medical & Chiropractic damages in an amount to be determined at trial;

c.   Awarding Medical & Chiropractic its costs of suit; and

d.   Granting such other and further relief that the Court deems proper.

*/s/Christopher L. Griffin*
Christopher L. Griffin (FBN 0273147)
FOLEY & LARDNER LLP

16

100 North Tampa Street, Suite 2700
Tampa, FL 33602
(813) 299-2300 Telephone
(813) 221-4210 Facsimile
Primary e-mail: cgriffin@foley.com
Secondary e-mail: lmiranda@foley.com

Attorneys for Medical & Chiropractic, Inc.

17

**VERIFICATION**

Under penalties of perjury, I declare that I have read the foregoing Verified Complaint, and that the facts stated in it are true.

_Michele Zakrewski_
Michele Zakrewski
President
Medical & Chiropractic, Inc.

Sworn to and subscribed before me this _31_ day of May, 2016, by Michele Zakrewski, who _____ is personally known to me / _____ provided identification in the form of _Fl. D.L._

> GABRIELA O ARTEAGA
> Notary Public - State of Florida
> Commission # FF 205660
> My Comm. Expires Mar 3, 2019
> Bonded through National Notary Assn.

Notary Public
Print Name: _GABRIELA O. ARTEAGA_

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

CIN-Q AUTOMOBILES, INC.,
a Florida corporation, individually
and as the representative of a class of
similarly-situated persons,

       Plaintiff,

v.                                Case No. 8:13-cv-

BUCCANEERS LIMITED           CLASS REPRESENTATION
PARTNERSHIP and JOHN DOES 1-10,

_____Defendants._____/

## CLASS ACTION COMPLAINT

Plaintiff, CIN-Q AUTOMOBILES, INC. ("Plaintiff"), brings this action on behalf of itself and all others similarly situated, through its attorneys, and except as to those allegations pertaining to Plaintiff or its attorneys, which allegations are based upon personal knowledge, alleges the following upon information and belief against Defendants, BUCCANEERS LIMITED PARTNERSHIP and JOHN DOES 1-10 ("Defendants").

## PRELIMINARY STATEMENT

1.      This case challenges Defendants' practice of sending unsolicited facsimiles.

2.      The federal Telephone Consumer Protection Act of 1991, as amended by the Junk Fax Prevention Act of 2005, 47 USC §227 ("JFPA" or the "Act"), and the regulations promulgated under the Act, prohibits a person or entity from faxing or having an agent fax advertisements without the recipient's prior express invitation or permission.

**EXHIBIT 1**

The JFPA provides a private right of action and provides statutory damages of $500 per violation. Defendants have sent facsimile transmissions of unsolicited advertisements to Plaintiff and the Class in violation of the JFPA, including, but not limited to, the facsimile transmission of an unsolicited advertisement on August 19, 2009 ("the Fax"), a true and correct copy of which is attached as **Exhibit A** and made a part hereof. The Fax promotes Defendants' services and goods. Plaintiff is informed and believes, and upon such information and belief avers, that Defendants began sending unsolicited advertisements via facsimile transmission in violation of the JFPA from on July 14, 2009, and continued thereafter on July 15 and 16, and thereafter during the month of August 2009 and the month of May 2010.

3.      Unsolicited faxes damage their recipients. A junk fax recipient loses the use of its fax machine, paper, and ink/toner. An unsolicited fax wastes the recipient's valuable time that would have been spent on something else. A junk fax interrupts the recipient's privacy. Unsolicited faxes prevent fax machines from receiving authorized faxes, prevent their use for authorized outgoing faxes, cause undue wear and tear on the recipients' fax machines, and require additional labor to attempt to discern the source and purpose of the unsolicited message.

4.      On behalf of itself and all others similarly situated, Plaintiff brings this case as a class action asserting claims against Defendants under the JFPA and common law conversion.

5.      Plaintiff is informed and believes, and upon such information and belief avers, that this action is based upon a common nucleus of operative fact because the

2

facsimile transmissions at issue were and are being done in the same or similar manner. This action is based on the same legal theory, namely liability under the JFPA. This action seeks relief expressly authorized by the JFPA: (i) injunctive relief enjoining Defendants, their employees, agents, representatives, contractors, affiliates, and all persons and entities acting in concert with them, from sending unsolicited advertisements in violation of the JFPA; and (ii) an award of statutory damages in the minimum amount of $500 for each violation of the JFPA, and to have such damages trebled, as provided by §227(b)(3) of the Act.

## **JURISDICTION AND VENUE**

6.    This Court has subject matter jurisdiction under 28 U.S.C. §1331 and 47 U.S.C. §227.

7.    Venue is proper in this District because Defendants committed a statutory tort within this district and a significant portion of the events took place here.

## **PARTIES**

8.    Plaintiff, CIN-Q AUTOMOBILES, INC., is a Florida corporation with its main office and principal place of business located Alachua County, Florida.

9.    On information and belief, Defendant, BUCCANEERS LIMITED PARTNERSHIP ("BUCCANEERS"), is a Delaware limited partnership with its principal place of business in Tampa, Florida.

10.    John Does 1-10 will be identified through Discovery but are currently unknown.

3

## FACTUAL ALLEGATIONS

11.    Defendants own and operate a professional football team in Tampa, Florida, which plays some of its scheduled games each season at Raymond James Stadium in Tampa, Florida.

12.    The Buccaneers' 2009 professional football season commenced on August 27, 2009, with a home preseason game against the Miami Dolphins at Raymond James Stadium.

13.    On or about August 19, 2009, Defendants transmitted by telephone facsimile machine an unsolicited fax to Plaintiff for the purpose of offering for sale individual game tickets to the Tampa Bay Buccaneers' home football games starting with the August 27, 2009, game against the Dolphins.  See Exhibit A.

14.    Defendants created or made Exhibit A which Defendants knew or should have known is a good or product which Defendants intended to and did in fact distribute to Plaintiff and the other members of the class.

15.    Exhibit A was sent at Defendants' request and on Defendants' behalf by a broadcast fax service known as FaxQom for the purpose of assisting and facilitating Defendants' efforts to sell tickets for the Tampa Bay Buccaneers' football games to be played at its home stadium.  FaxQom had a contract with Defendants to provide such broadcast fax services on behalf of Defendants, and such services included offering for sale Tampa Bay Buccaneers' home game tickets.

4

16.     The fax prompted the recipient to order individual game tickets by using the Tampa Bay Buccaneers' website of "Buccaneers.com" or calling a toll free number for Ticketmaster where Buccaneers' tickets could be purchased online.

17.     The fax identified the source as FaxQom and indicated that the recipient could request removal of its fax number from the database used to send the fax by contacting Removaltech@FaxQom.com.  A printout of portions of the webpage for FaxQom advertises the furnishing of Worldwide IP Fax Broadcast Services and that FaxQom will provide broadcast services for its customers.  A true copy of the portion of the webpage is attached as **Exhibit B.**

18.     Exhibit A is part of Defendants' work or operations to market Defendants' goods or services which were performed by Defendants and on behalf of Defendants. Therefore, Exhibit A constitutes material furnished in connection with Defendants' work or operations.

19.     Plaintiff had not invited or given permission to Defendants to send the fax.

20.     On information and belief, Defendants faxed similar unsolicited facsimiles to Plaintiff and more than 180,00 other recipients without first receiving the recipients' express permission or invitation beginning on July 14, 2009.

21.     There is no reasonable means for Plaintiff (or any other class member) to avoid receiving unauthorized faxes.  Fax machines are left on and ready to receive the urgent communications their owners desire to receive.

22.     Defendants' facsimiles did not display a proper opt-out notice as required by 47 C.F.R. § 64.1200.

## CLASS ACTION ALLEGATIONS

23.     In accordance with F. R. Civ. P. 23(b)(1), (b)(2) and (b)(3), Plaintiff brings

this class action pursuant to the JFPA, on behalf of the following class of persons:

> All persons who (1) on or after four years prior to the filing of
> this action, (2) were sent telephone facsimile messages of
> material advertising the commercial availability of any
> property, goods, or services by or on behalf of Defendants,
> (3) from whom Defendants did not obtain prior express
> permission or invitation to send those faxes, (4) with whom
> Defendants did not have an established business relationship,
> and (5) did not display a proper opt-out notice.

Excluded from the Class are the Defendants, their employees, agents and members of the

Judiciary.  Plaintiff reserves the right to amend the class definition upon completion of

class certification discovery.

24.     Class Size (F. R. Civ. P. 23(a)(1)):  Plaintiff is informed and believes, and

upon such information and belief avers, that the number of persons and entities of the

Plaintiff Class is numerous and joinder of all members is impracticable.   Plaintiff is

informed and believes, and upon such information and belief avers, that the number of

class members is over 100,000.

25.     Commonality (F. R. Civ. P. 23(a)(2)):  Common questions of law and fact

apply to the claims of all class members. Common material questions of fact and law

include, but are not limited to, the following:

    a)      Whether the Defendants sent unsolicited fax advertisements;

    b)      Whether the Defendants' faxes advertised the commercial

availability of property, goods, or services;

6

c)      The manner and method the Defendants used to compile or obtain the list of fax numbers to which they sent Exhibit A and other unsolicited faxed advertisements;

d)      Whether the Defendants faxed advertisements without first obtaining the recipient's prior permission or invitation;

e)      Whether the Defendants sent the faxed advertisements knowingly;

f)      Whether the Defendants violated the provisions of 47 U.S.C. §227 and the regulations promulgated thereunder;

g)      Whether the faxes contain an "opt-out notice" that complies with the requirements of §(b)(1)(C)(iii) of the Act, and the regulations promulgated thereunder, and the effect of the failure to comply with such requirements;

h)      Whether the Defendants should be enjoined from faxing advertisements in the future;

i)      Whether the Plaintiff and the other members of the class are entitled to statutory damages; and

j)      Whether the Court should award treble damages.

26.      Typicality (F. R. Civ. P. 23(a)(3)): The Plaintiff's claims are typical of the claims of all class members. The Plaintiff received faxes sent by or on behalf of the Defendants advertising Defendants' goods and services during the Class Period. The Plaintiff is making the same claims and seeking the same relief for itself and all class members based upon the same federal statute. The Defendants have acted the same or in a similar manner with respect to the Plaintiff and all the class members.

7

27.     Fair and Adequate Representation (F. R. Civ. P. 23(a)(4)):  The Plaintiff will fairly and adequately represent and protect the interests of the class.  It is interested in this matter, has no conflicts and has retained experienced class counsel to represent the class.

28.     Need for Consistent Standards and Practical Effect of Adjudication (F. R. Civ. P. 23(b)(1)):  Class certification is appropriate because the prosecution of individual actions by class members would: (a) create the risk of inconsistent adjudications that could establish incompatible standards of conduct for the Defendants, and/or (b) as a practical matter, adjudication of the Plaintiff's claims will be dispositive of the interests of class members who are not parties.

29.     Common Conduct (F. R. Civ. P. 23(b)(2)):  Class certification is also appropriate because the Defendants have acted and refused to act in the same or similar manner with respect to all class members thereby making injunctive and declaratory relief appropriate.  The Plaintiff demands such relief as authorized by 47 U.S.C. §227.

30.     Predominance and Superiority (F. R. Civ. P. 23(b)(3)):  Common questions of law and fact predominate over any questions affecting only individual members, and a class action is superior to other methods for the fair and efficient adjudication of the controversy because:

a)      Proof of Plaintiff's claims will also prove the claims of the class without the need for separate or individualized proceedings;

8

b) Evidence regarding defenses or any exceptions to liability that the Defendants may assert and prove will come from the Defendants' records and will not require individualized or separate inquiries or proceedings;

c) The Defendants have acted and are continuing to act pursuant to common policies or practices in the same or similar manner with respect to all class members;

d) The amount likely to be recovered by individual class members does not support individual litigation. A class action will permit a large number of relatively small claims involving virtually identical facts and legal issues to be resolved efficiently in one proceeding based upon common proofs; and

e) This case is inherently manageable as a class action in that:

(i) The Defendants identified persons or entities to receive the fax transmissions and it is believed that the Defendants' computer and business records will enable the Plaintiff to readily identify class members and establish liability and damages;

(ii) Liability and damages can be established for the Plaintiff and the class with the same common proofs;

(iii) Statutory damages are provided for in the statute and are the same for all class members and can be calculated in the same or a similar manner;

(iv)    A class action will result in an orderly and expeditious administration of claims and it will foster economics of time, effort and expense;

(v)    A class action will contribute to uniformity of decisions concerning the Defendants' practices; and

(vi)    As a practical matter, the claims of the class are likely to go unaddressed absent class certification.

## COUNT I
### Claim for Relief for Violation of the JFPA, 47 U.S.C. §227 *et seq.*

31.    Plaintiff and the Plaintiff Class reassert and incorporate herein by reference the averments set for in paragraphs 1 through 30 above.

32.    The JFPA makes unlawful for any person to "use any telephone facsimile machine, computer or other device to send, to a telephone facsimile machine, an unsolicited advertisement …" 47 U.S.C. §227(b)(1)(C).

33.    The JFPA defines "unsolicited advertisement" as "any material advertising the commercial availability or quality of any property, goods, or services which is transmitted to any person without that person's prior express invitation or permission, in writing or otherwise." 47 U.S.C. §227(a)(5).

34.    **Opt-Out Notice Requirements.** The JFPA strengthened the prohibitions against the sending of unsolicited advertisements by requiring, in §(b)(1)(C)(iii) of the Act, that senders of faxed advertisements place a clear and conspicuous notice on the first

10

page of the transmission that contains the following among other things (hereinafter collectively the "Opt-Out Notice Requirements"):

a) a statement that the recipient is legally entitled to opt-out of receiving future faxed advertisements – knowing that he or she has the legal right to request an opt-out gives impetus for recipients to make such a request, if desired;

b) a statement that the sender must honor a recipient's opt-out request within 30 days and the sender's failure to do so is unlawful – thereby encouraging recipients to opt-out, if they did not want future faxes, by advising them that their opt-out requests will have legal "teeth";

c) a statement advising the recipient that he or she may opt-out with respect to all of his or her facsimile telephone numbers and not just the ones that receive a faxed advertisement from the sender – thereby instructing a recipient on how to make a valid opt-out request for all of his or her fax machines;

The requirement of subsection (a) above is incorporated from §(b)(D)(ii) of the Act. The requirement of subsection (b) above is incorporated from §(b)(D)(ii) of the Act and the rules and regulations of the Federal Communications Commission (the "FCC") in ¶31 of its 2006 Report and Order (*In the Matter of Rules and Regulations Implementing the Telephone Consumer Protection Act, Junk Prevention Act of 2005,* 21 F.C.C.R. 3787, 2006 WL 901720, which rules and regulations took effect on August 1, 2006). The requirements of subsection (c) above are contained in §(b)(2)(E) of the Act and incorporated into the Opt-Out Notice Requirements via §(b)(2)(D)(ii). Compliance with

11

the Opt-Out Notice Requirements is neither difficult nor costly. The Opt-Out Notice Requirements are important consumer protections bestowed by Congress upon the owners of fax machines giving them the right, and means, to stop unwanted faxed advertisements.

35.     **2006 FCC Report and Order.**  The JFPA, in §(b)(2) of the Act, directed the FCC to implement regulations regarding the JFPA, including the JFPA's Opt-Out Notice Requirements and the FCC did so in its 2006 Report and Order, which in addition provides among other things:

a)     The definition of, and the requirements for, an established business relationship for purposes of the first of the three prongs of an exemption to liability under §(b)(1)(C)(i) of the Act and provides that the lack of an "established business relationship" precludes the ability to invoke the exemption contained in §(b)(1)(C) of the Act (*See* 2006 Report and Order ¶¶8-12 and 17-20);

b)     The required means by which a recipient's facsimile telephone number must be obtained for purposes of the second of the three prongs of the exemption under §(b)(1)(C)(ii) of the Act and provides that the failure to comply with these requirements precludes the ability to invoke the exemption contained in §(b)(1)(C) of the Act (*See* 2006 Report and Order ¶¶13-16);

c)     The things that must be done in order to comply with the Opt-Out Notice Requirements for the purposes of the third of the three prongs of the exemption under §(b)(1)(C)(iii) of the Act and provides that the failure to comply

12

with these requirements precludes the ability to invoke the exemption contained in §(b)(1)(C) of the Act (*See* 2006 Report and Order ¶¶24-34); and

      d)    The failure of a sender to comply with the Opt-Out Notice Requirements precludes the sender from claiming that a recipient gave "prior express permission or invitation" to receive the sender's fax (*See* Report and Order ¶48);

As a result thereof, a sender of a faxed advertisement who fails to comply with the Opt-Out Notice Requirements has, by definition, transmitted an unsolicited advertisement under the JFPA. This is because such a sender can neither claim that the recipients of the faxed advertisement gave "prior express permission or invitation" to receive the fax nor can the sender claim the exemption from liability contained in §(b)(C)(1) of the Act.

      36.    **The Fax**.   Defendants sent the August 19, 2009, Fax via facsimile transmission from telephone facsimile machines, computers, or other devices to the telephone facsimile machines of Plaintiff and members of the Plaintiff Class. The Fax constituted an advertisement under the Act. Defendants failed to comply with the Opt-Out Requirements in connection with the Fax, which contained no Opt-Out notice whatsoever. The Fax was transmitted to persons or entities without their prior express permission or invitation and/or Defendants are precluded from asserting any prior express permission or invitation because of the failure to comply with the Opt-Out Notice Requirements. By virtue thereof, Defendants violated the JFPA and the regulations promulgated thereunder by sending the Fax via facsimile transmission to Plaintiff and members of the Class.

<div align="center">13</div>

37.     **Defendants' Other Violations.**   Plaintiff is informed and believes, and upon such information and belief avers, that during the period preceding four years of the filing of this Complaint and repeatedly thereafter, Defendants have sent via facsimile transmission from telephone facsimile machines, computers, or other devices to telephone facsimile machines of members of the Plaintiff Class faxes that constitute advertisements under the JFPA that were transmitted to persons or entities without their prior express permission or invitation (and/or that Defendants are precluded from asserting any prior express permission or invitation because of the failure to comply with the Opt-Out Notice Requirements in connection with such transmissions).   By virtue thereof, Defendants violated the JFPA and the regulations promulgated thereunder. Plaintiff is informed and believes, and upon such information and belief avers, that Defendants are continuing to send unsolicited advertisements via facsimile transmission in violation of the JFPA and the regulations promulgated thereunder, and absent intervention by this Court, will do so in the future.

38.     The TCPA/JFPA provides a private right of action to bring this action on behalf of Plaintiff and the Plaintiff Class to redress Defendants' violations of the Act, and provides for statutory damages.   47 U.S.C. § 227(b)(3).   The Act also provides that injunctive relief is appropriate.  *Id.*

39.     The JFPA is a strict liability statute, so the Defendants are liable to the Plaintiff and the other class members even if their actions were only negligent.

40.     The Defendants knew or should have known that (a) the Plaintiff and the other class members had not given express invitation or permission for the Defendants or

<center>14</center>

anybody else to fax advertisements about the Defendants' goods or services; (b) the Plaintiff and the other class members did not have an established business relationship; (c) Defendants transmitted an advertisement; and (d) the Fax did not contain the required Opt-Out Notice.

41.    The Defendants' actions caused damages to the Plaintiff and the other class members.  Receiving the Defendants' junk faxes caused the recipients to lose paper and ink/toner consumed in the printing of the Defendants' faxes.  Moreover, the Defendants' fax used the Plaintiff's fax machine.  The Defendants' fax cost the Plaintiff time, as the Plaintiff and its employees wasted their time receiving, reviewing and routing the Defendants' unauthorized fax. That time otherwise would have been spent on the Plaintiff's business activities.  The Defendants' fax unlawfully interrupted the Plaintiff's and other class members' privacy interests in being left alone.  Finally, the injury and property damage sustained by Plaintiff and the other class members from the sending of Defendants' advertisements occurred outside of Defendants' premises.

WHEREFORE, Plaintiff, CIN-Q AUTOMOBILES, INC., individually and on behalf of all others similarly situated, demands judgment in its favor and against Defendants, BUCCANEERS LIMITED PARTNERSHIP and JOHN DOES 1–10, jointly and severally, as follows:

a)    That the Court adjudge and decree that the present case may be properly maintained as a class action, appoint the Plaintiff as the representative of the class and appoint the Plaintiff's counsel as counsel for the class;

15

b)     That the Court award actual monetary loss from such violations or the sum of $500 for each violation, whichever is greater;

c)     That Court enjoin the Defendants from additional violations; and

d)     That the Court award pre-judgment interest, costs and such further relief as the Court may deem just and proper.

## COUNT II
### Conversion

42.     Plaintiff incorporates paragraphs 1, 3 and 7 through 21 as though fully set forth herein.

43.     In accordance with Florida Statute § 365.1657, Plaintiff brings Count II for conversion under the common law for the following class of persons:

> All persons who on or after four years prior to the filing of this action, were sent telephone facsimile messages on behalf of the Defendants.

44.     By sending Plaintiff and the other class members unsolicited faxes, Defendants improperly and unlawfully converted their fax machines, ink/toner and paper to their own use.  Defendants also converted Plaintiff's employees' time to Defendants' own use.

45.     Immediately prior to the sending of the unsolicited faxes, Plaintiff and the other class members owned an unqualified and immediate right to possession of their fax machines, paper, ink/toner and employee time.

16

46.     By sending the unsolicited faxes, Defendants permanently misappropriated the class members' fax machines, ink/toner, paper and employee time to Defendants' own use. Such misappropriate was wrongful and without authorization.

47.     Defendants knew or should have known that their misappropriation of paper, ink/toner and employee time was wrongful and without authorization.

48.     Plaintiff and the other class members were deprived of the use of the fax machines, paper, ink/toner and employee time, which could no longer be used for any other purpose. Plaintiff and each class member thereby suffered damages as a result of their receipt of unsolicited faxes from Defendants.

49.     Each of Defendants' unsolicited faxes effectively stole Plaintiff's employees' time because multiple persons employed by Plaintiff were involved in receiving, routing and reviewing Defendants' illegal faxes. Defendants knew or should have known employees' time is valuable to Plaintiff.

50.     Defendants' actions caused damages to Plaintiff and the other members of the class because their receipt of Defendants' unsolicited fax caused them to lose paper and ink/toner as a result. Defendants' actions prevented Plaintiff's fax machine from being used for Plaintiff's business purposes during the time Defendants was using Plaintiff's fax machine for Defendants' illegal purpose. Defendants' actions also cost Plaintiff employee time, as Plaintiff's employees used their time receiving, routing and reviewing Defendants' illegal faxes, and that time otherwise would have been spent on Plaintiff's business activities.

17

WHEREFORE, Plaintiff, CIN-Q AUTOMOBILES, INC., individually and on behalf of all others similarly situated, demands judgment in its favor and against Defendants, BUCCANEERS LIMITED PARTNERSHIP and JOHN DOES 1–10, jointly and severally, as follows:

a)     That the Court adjudge and decree that the present case may be properly maintained as a class action, appoint the Plaintiff as the representative of the class and appoint the Plaintiff's counsel as counsel for the class;

b)     That the Court award appropriate damages

c)     That the Court award costs of suit; and

d)     That the Court award such further relief as the Court may deem just and proper.

Respectfully submitted,

CIN-Q AUTOMOBILES, INC.,
individually and as the representative
of a class of similarly-situated persons


/s Michael C. Addison
Michael C. Addison
Florida Bar No. 145579
m@mcalaw.net

ADDISON & HOWARD, P.A.
400 N. Tampa St., Suite 1100
Tampa, FL  33602-4714
Telephone:  813-223-2000
Facsimile:  813-223-6000

and

18

Brian J. Wanca
Ryan M. Kelly – Florida Bar No. 90110
ANDERSON + WANCA
3701 Algonquin Road, Suite 760
Rolling Meadows, IL  60008
Telephone:  847-368-1500
Facsimile:  847-368-1501

*Attorneys for Plaintiff and the Class*

\\mcasbs03\docs\clients open\cin-q auto.buccaneers\pld\complaint 71654.doc

19



# INDIVIDUAL GAME TICKETS ON SALE NOW!

 **MIAMI** — **August 27** — **8:00pm**

 **HOUSTON** — **September 4** — **7:00pm**

 **DALLAS** — **September 13** — **1:00pm**

 **N.Y. GIANTS** — **September 27** — **1:00pm**

 **CAROLINA** — **October 18** — **1:00pm**

 **GREEN BAY** — **November 8** — **1:00pm**

 **NEW ORLEANS** — **November 22** — **1:00pm**

 **N.Y. JETS** — **December 13** — **1:00pm**

**ATLANTA** — **January 3** — **1:00pm**

All game dates and times are subject to NFL flexible scheduling.

# TO PURCHASE TICKETS CALL 800-745-3000
# OR VISIT BUCCANEERS.COM

To immediately and permanently remove your fax number from our opt-in compiled database, please call 888-703-9205. Removaltech@FaxQom.com

**EXHIBIT A**

**FaxQom.Com**

Home

Info

WebFax

Broadcast Reports

Contact

EXHIBIT __B__

## Welcome to the world of fax communications !



Faxqom can disseminate tens of thousands of faxes in just a few minutes using the largest integrated IP fax broadcast system. Whatever the industry-----Retail----Wholesale----Manufacturing----Banking----Medical----Communications-----Travel.......you name it , we can handle it ! Faxqom can disseminate information FASTER and more Economically and Conveniently than any other means.

Get there first ! By improving your communications to large groups.......By reducing your cost of distributing information.......By allowing you to control delivery of sensitive imformation........By giving you the capabilities of target marketing by fax / s.i.c codes and geographic areas........By allowing you to bulk fax, or in another words, reaching every single fax number in a geographic area.

**Worldwide IP Fax Broadcast Services**

**FaxQom.Com**

Home

Info

WebFax

Broadcast Reports

Contact

Thank you for visiting FaxQom. FaxQom has a solid reputation and has been providing
quality service worldwide for over 18 years. We specialize in Worldwide IP Fax Broadcast
Services. Count on FaxQom for your broadcast advertising needs.

## Applications for Faxqom Services

A financial corporation provides clients with daily updates on markets and
developments.

A public relations firm distributes 2,000 press releases overnight to announce
the launch of a new product.

A trade organization sends announcements to its 5,000 members.

A publisher distributes a weekly newsletter to 10,000 subscribers around the
country.

An insurance agent wants to send an insurance update to every fax number in
the 713, 815, 904, 212 area codes.

Insurance agents need RED HOT LEADS to generate new business, FaxQom supplies agents with new leads daily.

A mortgage brokers and loan officers broadcast to certain area codes around the country for new business.

Stock brokers use FaxQom daily for distributing stock updates to potential investors around the U.S.

Travel agencies use FaxQom daily to broadcast travel and vacation specials throughout the country.

## Broadcast Rates
Targeted fax broadcasting by city, state, area code...3.0 cents per page
Minumum order $300
Targeted fax broadcasting by SIC code...........8 cents per page
Minimum order $400
Submission of own databases..........2.5 cents per page

## Quantity price breaks are available, ask for details.

## Payment Options
Mastercard, Visa, Wire transfer, Bank draft

**FaxQom** New York, NY
**FaxQom Atlantic** Boston, Ma
**FaxQom Pacific** Seattle, Wa

## Ph 508-500-4806
## Ph 617-674-2147

**sales@faxqom.com**

**Worldwide IP Fax Broadcast Services**

JS 44
(Rev. 07/89)

# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. [SEE INSTRUCTIONS ON THE REVERSE OF THE FORM].

| | |
|---|---|
| **I. (a) PLAINTIFFS**<br>Cin-Q Automobiles, Inc. | **DEFENDANTS**<br>Buccaneers Limited Partnership |
| **(b)** COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF  Alachua<br>(Except in U.S. Plaintiff Cases) | COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT  Hillsborough<br>(In U.S. Plaintiff Cases Only)<br>NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED |
| **(c)** ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)<br><br>Michael C. Addison, Esq.<br>Addison & Howard, P. A.<br>400 N. Tampa St., Suite 1100<br>Tampa, FL  33602-4714<br>TEL (813) 223-2000   FAX (813) 228-6000 | ATTORNEYS (IF KNOWN) |

## II. BASIS OF JURISDICTION (PLACE AN X IN ONE BOX ONLY)

☐ 1 U.S. Government Plaintiff

☐ 2 U.S. Government Defendant

☒ 3 Federal Question (U.S. Government Not a Party)

☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES
(For Diversity Cases Only)          (Check 1 Box for Plaintiff and 1 Box for Defendant)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐1 | ☐1 | Incorporated or Principal Place of Business in This State | ☐4 | ☐4 |
| Citizen of Another State | ☐2 | ☐2 | Incorporated and Principal Place of Business in Another State | ☐5 | ☐5 |
| Citizen or Subject of a Foreign Country | ☐3 | ☐3 | Foreign Nation | ☐6 | ☐6 |

## IV. CAUSE OF ACTION
(CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE . DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY.)
Junk Fax Prevention Act of 2005, 47 USC § 227, violation of the Junk Fax Prevention Act

## V. NATURE OF SUIT (PLACE AN x IN ONE BOX ONLY)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance<br>☐ 120 Marine<br>☐ 130 Miller Act<br>☐ 140 Negotiable Instrument<br>☐ 150 Recovery of Overpayment & Enforcement of Judgment<br>☐ 151 Medicare Act<br>☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans)<br>☐ 153 Recovery of Overpayment of Veteran's Benefits<br>☐ 160 Stockholders' Suits<br>☐ 190 Other Contract<br>☐ 195 Contract Product Liability | **PERSONAL INJURY**<br>☐ 310 Airplane<br>☐ 315 Airplane Product Liability<br>☐ 320 Assault, Libel & Slander<br>☐ 330 Federal Employers' Liability<br>☐ 340 Marine<br>☐ 345 Marine Product Liability<br>☐ 350 Motor Vehicle<br>☐ 355 Motor Vehicle Product Liability<br>☐ 360 Other Personal Injury | ☐ 610 Agriculture<br>☐ 620 Food & Drug<br>☐ 625 Drug Related Seizure<br>☐ 630 Liquor Laws<br>☐ 640 R.R. & Truck<br>☐ 650 Airline Regs<br>☐ 660 Occupational Safety/Health<br>☐ 690 Other | ☐ 422 Appeal 28 U.S.C. 158<br>☐ 423 Withdrawal 28 USC 157<br><br>**PROPERTY RIGHTS**<br>☐ 820 Copyrights<br>☐ 830 Patent<br>☐ 840 Trademark | ☐ 400 State Reapportionment<br>☐ 410 Antitrust<br>☐ 430 Banks and Banking<br>☐ 450 Commerce/ICC Rates/etc.<br>☐ 460 Deportation<br>☐ 470 Racketeer Influenced and Corrupt Organizations<br>☐ 810 Selective Service<br>☐ 850 Securities/Commodities/ Exchange<br>☐ 875 Customer Challenge 12 USC 3410 |
| **REAL PROPERTY**<br>☐ 210 Land Condemnation<br>☐ 220 Foreclosure<br>☐ 230 Rent Lease & Ejectment<br>☐ 240 Torts to Land<br>☐ 245 Tort Product Liability<br>☐ 290 All Other Realty Property | **PERSONAL INJURY**<br>☐ 362 Personal Injury– Med Malpractice<br>☐ 365 Personal Injury– Product Liability<br>☐ 368 Asbestos Personal Injury Product Liability<br>**PERSONAL PROPERTY**<br>☐ 370 Other Fraud<br>☐ 371 Truth in Lending<br>☐ 380 Other Personal Property Damage<br>☐ 385 Property Damage Product Liability | **LABOR**<br>☐ 710 Fair Labor Standards Act<br>☐ 720 Labor/Mgmt. Relations<br>☐ 730 Labor/Mgmt. Reporting & Disclosure Act<br>☐ 740 Railway Labor Act<br>☐ 790 Other Labor Litigation<br>☐ 791 Empl. Ret. Inc. Security Act | **SOCIAL SECURITY**<br>☐ 861 HIA (1395)<br>☐ 862 Black Lung (923)<br>☐ 683 DIWC (405(G))<br>☐ 863 DIWW (405(g))<br>☐ 864 SSID Title XVI<br>☐ 865 RSI (405(g))<br><br>**FEDERAL TAX SUITS**<br>☐ 870 Taxes (U.S. Plaintiff or Defendant)<br>☐ 871 IRS-Third Party 26 USC 7609 | ☐ 891 Agricultural Acts<br>☐ 892 Economic Stabilization Act<br>☐ 893 Environmental Matters<br>☐ 894 Energy Allocation Act<br>☐ 895 Freedom of Information Act<br>☐ 900 Appeal of Fee Determination Under Equal Access to Justice<br>☐ 950 Constitutionality of State Statutes<br>☒ 890 Other Statutory Actions |
| | **CIVIL RIGHTS**<br>☐ 441 Voting<br>☐ 442 Employment<br>☐ 443 Housing/Accommodations<br>☐ 444 Welfare<br>☐ 440 Other Civil Rights | **PRISONER PETITIONS**<br>☐ 510 Motions to Vacate Sentence<br>☐ 530 Habeas Corpus<br>☐ 540 Mandamus & Other<br>☐ 550 Civil Rights | | |

## VI. ORIGIN (PLACE AN X IN ONE BOX ONLY)

☒ 1 Original Proceeding

☐ 2 Removed from State Court

☐ 3 Remanded from Appellate Court

☐ 4 Reinstated or Reopened

☐ 5 Transferred from another district (specify)

☐ 6 Multidistrict Litigation

☐ 7 Appeal to District Judge from Magistrate Judgment

## VII. REQUESTED IN COMPLAINT

CHECK IF THIS IS A CLASS ACTION
☒ UNDER F.R.C.P. 23

DEMAND $ greater than $75,000

CHECK YES ONLY IF DEMANDED IN COMPLAINT
JURY DEMAND:    NO

## VIII. RELATED CASE(S) IF ANY (See Instructions): none

JUDGE: _____     DOCKET NUMBER _____

DATE    June 18, 2013

SIGNATURE OF ATTORNEY OF RECORD    ██████████

coversheet, civil, federal

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

CIN-Q AUTOMOBILES, INC. and
MEDICAL & CHIROPRACTIC CLINIC,
INC., Florida corporations, individually and
as the representative of a class of
similarly-situated persons,

      Plaintiffs,

v.                               Case No. 8:13-cv-1592-17AEP

BUCCANEERS LIMITED PARTNERSHIP
and JOHN DOES 1-10,

      Defendants.                 /

## SECOND AMENDED CLASS ACTION COMPLAINT

Plaintiffs, CIN-Q AUTOMOBILES, INC. and MEDICAL & CHIROPRACTIC CLINIC,

INC. ("Plaintiffs"), brings this action on behalf of themselves and all others similarly situated,

through their attorneys, and except as to those allegations pertaining to Plaintiffs or their

attorneys, which allegations are based upon personal knowledge, allege the following upon

information and belief against Defendants, BUCCANEERS LIMITED PARTNERSHIP and

JOHN DOES 1-10 ("Defendants").

## PRELIMINARY STATEMENT

1.      This case challenges Defendants' practice of sending unsolicited facsimiles.

2.      The federal Telephone Consumer Protection Act of 1991, as amended by the Junk

Fax Prevention Act of 2005, 47 USC § 227 ("JFPA" or the "Act"), and the regulations

promulgated under the Act, prohibits a person or entity from faxing or having an agent fax

advertisements without the recipient's prior express invitation or permission. The JFPA provides



**EXHIBIT 2**

a private right of action and provides statutory damages of $500 per violation. Upon information and belief, Defendants have sent facsimile transmissions of unsolicited advertisements to Plaintiffs and the Class in violation of the JFPA, including, but not limited to, the facsimile transmission of an unsolicited advertisements on July 15, 2009 and August 19, 2009 ("the Faxes"), true and correct copy of which are attached hereto as **Exhibits A and B,** and made a part hereof. The Faxes promote the services and goods of Defendants. Plaintiffs are informed and believe, and upon such information and belief avers, that Defendants have sent, and continue to send, unsolicited advertisements via facsimile transmission in violation of the JFPA.

3. Unsolicited faxes damage their recipients. A junk fax recipient loses the use of its fax machine, paper, and ink toner. An unsolicited fax wastes the recipient's valuable time that would have been spent on something else. A junk fax interrupts the recipient's privacy. Unsolicited faxes prevent fax machines from receiving authorized faxes, prevent their use for authorized outgoing faxes, cause undue wear and tear on the recipients' fax machines, and require additional labor to attempt to discern the source and purpose of the unsolicited message.

4. On behalf of themselves and all others similarly situated, Plaintiffs bring this case as a class action asserting claims against Defendants under the JFPA and common law conversion.

5. Plaintiffs are informed and believe, and upon such information and belief avers, that this action is based upon a common nucleus of operative fact because the facsimile transmissions at issue were and are being done in the same or similar manner. This action is based on the same legal theory, namely liability under the JFPA. This action seeks relief expressly authorized by the JFPA: (i) injunctive relief enjoining Defendants, their employees, agents, representatives, contractors, affiliates, and all persons and entities acting in concert with

2

them, from sending unsolicited advertisements in violation of the JFPA; and (ii) an award of statutory damages in the minimum amount of $500 for each violation of the JFPA, and to have such damages trebled, as provided by § 227(b)(3) of the Act.

### JURISDICTION AND VENUE

6.    This Court has subject matter jurisdiction under 28 U.S.C. § 1331 and 47 U.S.C. § 227.

7.    Venue is proper in this District because Defendants committed a statutory tort within this district and a significant portion of the events took place here.

### PARTIES

8.    Plaintiff, CIN-Q AUTOMOBILES, INC., is a Florida corporation with its main office and principal place of business located Alachua County, Florida.

9.    Plaintiff, MEDICAL & CHIROPRACTIC CLINIC, INC., is a Florida corporation with its principal place of business in Hillsborough County, Florida.

10.    On information and belief, Defendant, BUCCANEERS LIMITED PARTNERSHIP ("BUCCANEERS"), is a Delaware corporation with its principal place of business in Tampa, Florida.

11.    John Does 1-10 will be identified through Discovery but are currently unknown.

### FACTUAL ALLEGATIONS

12.    Defendants own and operate a professional football team in Tampa, Florida, which plays some of its scheduled games each season at Raymond James Stadium in Tampa, Florida.

13.    The Buccaneers' 2009 professional football season commenced on August 27, 2009, with a home preseason game against the Miami Dolphins at Raymond James Stadium.

3

14.     On or about July 15, 2009, Defendants transmitted by telephone facsimile machine an unsolicited fax to Plaintiff, MEDICAL & CHIROPRACTIC CLINIC, INC., for the purpose of offering for sale group game tickets to the Tampa Bay Buccaneers' home football games starting with the September 13, 2009, game against Dallas. A copy of the facsimile is attached hereto as **Exhibit A**.

15.     On or about August 19, 2009, Defendants transmitted by telephone facsimile machine an unsolicited fax to Plaintiff, CIN-Q AUTOMOBILES, INC., for the purpose of offering for sale individual game tickets to the Tampa Bay Buccaneers' home football games starting with the August 27, 2009, game against the Dolphins. A copy of the facsimile is attached hereto as **Exhibit B**.

16.     Defendants created or made Exhibits A and B which Defendants knew or should have known are goods or products which Defendants intended to and did in fact distribute to Plaintiff and the other members of the class.

17.     Exhibits A and B were sent at Defendants' request and on Defendants' behalf by a broadcast fax service known as FaxQom for the purpose of assisting and facilitating Defendants' efforts to sell tickets for the Tampa Bay Buccaneers' football games to be played at its home stadium. FaxQom had a contract with Defendants to provide such broadcast fax services on behalf of Defendants, and such services included offering for sale Tampa Bay Buccaneers' home game tickets.

18.     The faxes prompted the recipients to order game tickets by using the Tampa Bay Buccaneers' website of "Buccaneers.com" or calling a toll free number for Ticketmaster (Ex. A) or the Buccaneers (Ex. B).

4

19.     The faxes identified the source as FaxQom and indicated that the recipient could request removal of its fax number from the database used to send the fax by contacting Removaltech@FaxQom.com.  A printout of portions of the webpage for FaxQom advertises the furnishing of Worldwide IP Fax Broadcast Services and that FaxQom will provide broadcast services for its customers.  A true copy of the portions of the webpage is attached as **Exhibit C.**

20.     Exhibits A and B are part of Defendants' work or operations to market Defendants' goods or services which were performed by Defendants and on behalf of Defendants.  Therefore, Exhibits A and B constitute material furnished in connection with Defendants' work or operations.

21.     Plaintiffs had not invited or given permission to Defendants to send the faxes.

22.     On information and belief, Defendants faxed the same and similar unsolicited facsimiles to Plaintiffs and more than 100,000 other recipients without first receiving the recipients' express permission or invitation.

23.     There is no reasonable means for Plaintiffs (or any other class member) to avoid receiving unauthorized faxes.  Fax machines are left on and ready to receive the urgent communications their owners desire to receive.

24.     Defendants' facsimiles did not display a proper opt-out notice as required by 47 C.F.R. § 64.1200.

## CLASS ALLEGATIONS

25.     In accordance with F. R. Civ. P. 23(b)(1), (b)(2) and (b)(3), Plaintiffs brings this class action pursuant to the JFPA, on behalf of the following class of persons:

> All persons from July 1, 2009, to present who were sent facsimile advertisements offering group tickets or individual game tickets for the Tampa Bay Buccaneers games and which did not display the opt out language required by 47 C.F.R. 64.1200.

5

Excluded from the Class are the Defendants, their employees, agents and members of the Judiciary. Plaintiffs reserve the right to amend the class definition upon completion of class certification discovery.

26.     <u>Class Size (F. R. Civ. P. 23(a)(1))</u>: Plaintiffs are informed and believes, and upon such information and belief avers, that the number of persons and entities of the Plaintiff Class is numerous and joinder of all members is impracticable. Plaintiffs are informed and believe, and upon such information and belief avers, that the number of class members is at least forty (40).

27.     <u>Commonality (F. R. Civ. P. 23 (a) (2))</u>: Common questions of law and fact apply to the claims of all class members. Common material questions of fact and law include, but are not limited to, the following:

a)      Whether the Defendants sent unsolicited fax advertisements;

b)      Whether the Defendants' faxes advertised the commercial availability of property, goods, or services;

c)      The manner and method the Defendants used to compile or obtain the list of fax numbers to which they sent Exhibit A and other unsolicited faxed advertisements;

d)      Whether the Defendants faxed advertisements without first obtaining the recipient's prior permission or invitation;

e)      Whether the Defendants sent the faxed advertisements knowingly;

f)      Whether the Defendants violated the provisions of 47 U.S.C. § 227 and the regulations promulgated thereunder;

g)      Whether the faxes contain an "opt-out notice" that complies with the requirements of § (b)(1)(C)(iii) of the Act, and the regulations promulgated thereunder, and the effect of the failure to comply with such requirements;

6

h)      Whether the Defendants should be enjoined from faxing advertisements in the future;

i)      Whether the Plaintiffs and the other members of the class are entitled to statutory damages; and

j)      Whether the Court should award treble damages.

28.     Typicality (F. R. Civ. P. 23 (a) (3)):    The Plaintiffs' claims are typical of the claims of all class members. The Plaintiffs received faxes sent by or on behalf of the Defendants advertising Defendants' goods and services during the Class Period. The Plaintiffs are making the same claims and seeking the same relief for themselves and all class members based upon the same federal statute. The Defendants have acted the same or in a similar manner with respect to the Plaintiffs and all the class members.

29.     Fair and Adequate Representation (F. R. Civ. P. 23 (a) (4)):    The Plaintiffs will fairly and adequately represent and protect the interests of the class. It is interested in this matter, has no conflicts and has retained experienced class counsel to represent the class.

30.     Need for Consistent Standards and Practical Effect of Adjudication (F. R. Civ. P. 23 (b) (1)):    Class certification is appropriate because the prosecution of individual actions by class members would: (a) create the risk of inconsistent adjudications that could establish incompatible standards of conduct for the Defendants, and/or (b) as a practical matter, adjudication of the Plaintiffs' claims will be dispositive of the interests of class members who are not parties.

31.     Common Conduct (F. R. Civ. P. 23 (b) (2)):    Class certification is also appropriate because the Defendants have acted and refused to act in the same or similar manner

7

with respect to all class members thereby making injunctive and declaratory relief appropriate. The Plaintiffs demand such relief as authorized by 47 U.S.C. §227.

32. <u>Predominance and Superiority (F. R. Civ. P. 23 (b) (3))</u>: Common questions of law and fact predominate over any questions affecting only individual members, and a class action is superior to other methods for the fair and efficient adjudication of the controversy because:

a) Proof of the claims of the Plaintiffs will also prove the claims of the class without the need for separate or individualized proceedings;

b) Evidence regarding defenses or any exceptions to liability that the Defendants may assert and prove will come from the Defendants' records and will not require individualized or separate inquiries or proceedings;

c) The Defendants have acted and are continuing to act pursuant to common policies or practices in the same or similar manner with respect to all class members;

d) The amount likely to be recovered by individual class members does not support individual litigation. A class action will permit a large number of relatively small claims involving virtually identical facts and legal issues to be resolved efficiently in one proceeding based upon common proofs; and

e) This case is inherently manageable as a class action in that:

(i) The Defendants identified persons or entities to receive the fax transmissions and it is believed that the Defendants' computer and business records will enable the Plaintiffs to readily identify class members and establish liability and damages;

8

(ii)    Liability and damages can be established for the Plaintiffs and the class with the same common proofs;

(iii)    Statutory damages are provided for in the statute and are the same for all class members and can be calculated in the same or a similar manner;

(iv)    A class action will result in an orderly and expeditious administration of claims and it will foster economics of time, effort and expense;

(v)    A class action will contribute to uniformity of decisions concerning the Defendants' practices; and

(vi)    As a practical matter, the claims of the class are likely to go unaddressed absent class certification.

## COUNT I

### Claim for Relief for Violation of the JFPA, 47 U.S.C. § 227 *et seq.*

33.    Plaintiffs and the Plaintiff Class reassert and incorporate herein by reference the averments set for in paragraphs 1 through 32 above.

34.    The JFPA makes it unlawful for any person to "use any telephone facsimile machine, computer or other device to send, to a telephone facsimile machine, an unsolicited advertisement ..." 47 U.S.C. § 227(b)(1)(C).

35.    The JFPA defines "unsolicited advertisement" as "any material advertising the commercial availability or quality of any property, goods, or services which is transmitted to any person without that person's prior express invitation or permission, in writing or otherwise." 47 U.S.C. § 227 (a) (5).

36.    **Opt-Out Notice Requirements.** The JFPA strengthened the prohibitions against the sending of unsolicited advertisements by requiring, in §(b)(1)(C)(iii) of the Act, that senders

9

of faxed advertisements place a clear and conspicuous notice on the first page of the transmission that contains the following among other things (hereinafter collectively the "Opt-Out Notice Requirements"):

       1.    a statement that the recipient is legally entitled to opt-out of receiving future faxed advertisements – knowing that he or she has the legal right to request an opt-out gives impetus for recipients to make such a request, if desired;

       2.    a statement that the sender must honor a recipient's opt-out request within 30 days and the sender's failure to do so is unlawful – thereby encouraging recipients to opt-out, if they did not want future faxes, by advising them that their opt-out requests will have legal "teeth";

       3.    a statement advising the recipient that he or she may opt-out with respect to all of his or her facsimile telephone numbers and not just the ones that receive a faxed advertisement from the sender – thereby instructing a recipient on how to make a valid opt-out request for all of his or her fax machines;

The requirement of (1) above is incorporated from § (b)(D)(ii) of the Act. The requirement of (2) above is incorporated from § (b)(D)(ii) of the Act and the rules and regulations of the Federal Communications Commission (the "FCC") in ¶31 of its 2006 Report and Order (*In the Matter of Rules and Regulations Implementing the Telephone Consumer Protection Act, Junk Prevention Act of 2005,* 21 F.C.C.R. 3787, 2006 WL 901720, which rules and regulations took effect on August 1, 2006). The requirements of (3) above are contained in § (b)(2)(E) of the Act and incorporated into the Opt-Out Notice Requirements via § (b)(2)(D)(ii). Compliance with the Opt-Out Notice Requirements is neither difficult nor costly. The Opt-Out Notice Requirements are important consumer protections bestowed by Congress upon the

owners of fax machines giving them the right, and means, to stop unwanted faxed advertisements.

37. **2006 FCC Report and Order.** The JFPA, in § (b)(2) of the Act, directed the FCC to implement regulations regarding the JFPA, including the JFPA's Opt-Out Notice Requirements and the FCC did so in its 2006 Report and Order, which in addition provides among other things:

A.    The definition of, and the requirements for, an established business relationship for purposes of the first of the three prongs of an exemption to liability under § (b)(1)(C)(i) of the Act and provides that the lack of an "established business relationship" precludes the ability to invoke the exemption contained in § (b)(1)(C) of the Act (*See* 2006 Report and Order ¶¶8-12 and 17-20);

B.    The required means by which a recipient's facsimile telephone number must be obtained for purposes of the second of the three prongs of the exemption under § (b)(1)(C)(ii) of the Act and provides that the failure to comply with these requirements precludes the ability to invoke the exemption contained in § (b)(1)(C) of the Act (*See* 2006 Report and Order ¶¶13-16);

C.    The things that must be done in order to comply with the Opt-Out Notice Requirements for the purposes of the third of the three prongs of the exemption under § (b)(1)(C)(iii) of the Act and provides that the failure to comply with these requirements precludes the ability to invoke the exemption contained in § (b)(1)(C) of the Act (*See* 2006 Report and Order ¶¶24-34);

D.    The failure of a sender to comply with the Opt-Out Notice Requirements precludes the sender from claiming that a recipient gave "prior express permission or

"invitation" to receive the sender's fax (*See* Report and Order ¶48);

As a result thereof, a sender of a faxed advertisement who fails to comply with the Opt-Out Notice Requirements has, by definition, transmitted an unsolicited advertisement under the JFPA. This is because such a sender can neither claim that the recipients of the faxed advertisement gave "prior express permission or invitation" to receive the fax nor can the sender claim the exemption from liability contained in § (b)(C)(1) of the Act.

38. **The Faxes.** Defendants sent the July 15, 2009 and August 19, 2009 Faxes via facsimile transmission from telephone facsimile machines, computers, or other devices to the telephone facsimile machines of Plaintiffs and members of the Plaintiff Class. The Faxes constituted an advertisement under the Act. Defendants failed to comply with the Opt-Out Requirements in connection with the Faxes. The Faxes were transmitted to persons or entities without their prior express permission or invitation and/or Defendants are precluded from asserting any prior express permission or invitation because of the failure to comply with the Opt-Out Notice Requirements. By virtue thereof, Defendants violated the JFPA and the regulations promulgated thereunder by sending the Faxes via facsimile transmission to Plaintiffs and members of the Class.

39. **Defendants' Other Violations.** Plaintiffs are informed and believes, and upon such information and belief avers, that during the period preceding four years of the filing of this Complaint and repeatedly thereafter, Defendants have sent via facsimile transmission from telephone facsimile machines, computers, or other devices to telephone facsimile machines of members of the Plaintiff Class faxes that constitute advertisements under the JFPA that were transmitted to persons or entities without their prior express permission or invitation (and/or that Defendants are precluded from asserting any prior express permission or invitation because of

12

the failure to comply with the Opt-Out Notice Requirements in connection with such transmissions). By virtue thereof, Defendants violated the JFPA and the regulations promulgated thereunder. Plaintiffs are informed and believe, and upon such information and belief avers, that Defendants are continuing to send unsolicited advertisements via facsimile transmission in violation of the JFPA and the regulations promulgated thereunder, and absent intervention by this Court, will do so in the future.

40.    The TCPA/JFPA provides a private right of action to bring this action on behalf of Plaintiffs and the Plaintiff Class to redress Defendants' violations of the Act, and provides for statutory damages. 47 U.S.C. § 227(b)(3). The Act also provides that injunctive relief is appropriate. *Id.*

41.    The JFPA is a strict liability statute, so the Defendants are liable to the Plaintiffs and the other class members even if their actions were only negligent.

42.    The Defendants knew or should have known that (a) the Plaintiffs and the other class members had not given express invitation or permission for the Defendants or anybody else to fax advertisements about the Defendants' goods or services; (b) Defendants transmitted an advertisement; and (c) the Faxes did not contain the required Opt-Out Notice.

43.    The Defendants' actions caused damages to the Plaintiffs and the other class members. Receiving the Defendants' junk faxes caused the recipients to lose paper and toner consumed in the printing of the Defendants' faxes. Moreover, the Defendants' fax used the Plaintiffs' fax machine. The Defendants' fax cost the Plaintiffs time, as the Plaintiffs and their employees wasted their time receiving, reviewing and routing the Defendants' unauthorized fax. That time otherwise would have been spent on the Plaintiffs' business activities. The Defendants' fax unlawfully interrupted the Plaintiffs' and other class members' privacy interests

13

in being left alone. Finally, the injury and property damage sustained by Plaintiffs and the other class members from the sending of Defendants' advertisements occurred outside of Defendants' premises.

WHEREFORE, Plaintiffs, CIN-Q AUTOMOBILES, INC. and MEDICAL & CHIROPRACTIC CLINIC, INC., individually and on behalf of all others similarly situated, demand judgment in their favor and against Defendants, BUCCANEERS LIMITED PARTNERSHIP and JOHN DOES 1–10, jointly and severally, as follows:

A. That the Court adjudge and decree that the present case may be properly maintained as a class action, appoint the Plaintiffs as the representatives of the class and appoint the Plaintiffs' counsel as counsel for the class;

B. That the Court award actual monetary loss from such violations or the sum of $500 for each violation, whichever is greater;

C. That Court enjoin the Defendants from additional violations; and

D. That the Court award pre-judgment interest, costs and such further relief as the Court may deem just and proper.

<u>**COUNT II**</u>
**Conversion**

44. Plaintiffs incorporate paragraphs 1, 3, and 8 through 23 as though fully set forth herein.

45. In accordance with Florida Statute §365.1657, Plaintiffs bring Count II for conversion under the common law for the following class of persons:

All persons who on or after four years prior to the filing of this action, were sent telephone facsimile messages on behalf of the Defendants.

14

46.     By sending Plaintiffs and the other class members unsolicited faxes, Defendants improperly and unlawfully converted their fax machines, toner and paper to its own use. Defendants also converted Plaintiffs' employees' time to Defendants' own use.

47.     Immediately prior to the sending of the unsolicited faxes, Plaintiffs and the other class members owned an unqualified and immediate right to possession of their fax machines, paper, toner and employee time.

48.     By sending the unsolicited faxes, Defendants permanently misappropriated the class members' fax machines, toner, paper and employee time to Defendants' own use.  Such misappropriate was wrongful and without authorization.

49.     Defendants knew or should have known that its misappropriation of paper, toner and employee time was wrongful and without authorization.

50.     Plaintiffs and the other class members were deprived of the use of the fax machines, paper, toner and employee time, which could no longer be used for any other purpose. Plaintiffs and each class member thereby suffered damages as a result of their receipt of unsolicited faxes from Defendants.

51.     Each of Defendants' unsolicited faxes effectively stole Plaintiffs' employees' time because multiple persons employed by Plaintiffs were involved in receiving, routing and reviewing Defendants' illegal faxes.   Defendants knew or should have known employees' time is valuable to Plaintiffs.

52.     Defendants' actions caused damages to Plaintiffs and the other members of the class because their receipt of Defendants' unsolicited fax caused them to lose paper and toner as a result.  Defendants' actions prevented Plaintiffs' fax machines from being used for Plaintiffs' business purposes during the time Defendants were using Plaintiffs' fax machines for

15

Defendants' illegal purpose. Defendants' actions also cost Plaintiffs employee time, as

Plaintiffs' employees used their time receiving, routing and reviewing Defendants' illegal faxes,

and that time otherwise would have been spent on Plaintiffs' business activities.

WHEREFORE, Plaintiffs, CIN-Q AUTOMOBILES, INC. and MEDICAL &

CHIROPRACTIC CLINIC, INC., individually and on behalf of all others similarly situated,

demands judgment in their favor and against Defendants, BUCCANEERS LIMITED

PARTNERSHIP and JOHN DOES 1–10, jointly and severally, as follows:

    A.    That the Court adjudge and decree that the present case may be properly

maintained as a class action, appoint the Plaintiffs as the representatives of the class and

appoint the Plaintiffs' counsel as counsel for the class;

    B.    That the Court award appropriate damages

    C.    That the Court award costs of suit; and

    D.    That the Court award such further relief as the Court may deem just and

proper.

        Respectfully submitted,

        CIN-Q AUTOMOBILES, INC. and MEDICAL &
        CHIROPRACTIC CLINIC, INC., individually
        and as the representatives of a class of
        similarly-situated persons

        By: s/ Michael C. Addison
        Michael C. Addison – Florida Bar No. 145579
        ADDISON & HOWARD, P.A.
        400 N. Tampa St., Suite 1100
        Tampa, FL 33602-4714
        Tel: 813-223-2000
        Fax: 813-223-6000

        And

16

Case 8:13-cv-01592-AEP Document 70 Filed 01/08/16 Page 17 of 21 PageID 1291

Ryan M. Kelly (Florida Bar No. 90110)
Brian J. Wanca
ANDERSON + WANCA
3701 Algonquin Rd/, Suite 760
Rolling Meadows, IL 60008
Tel: (847) 368-1500
Fax: (847) 368-1501

## CERTIFICATE OF SERVICE

I hereby certify that on _____, 2013, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF which will send notification of such filing to all counsel of record and I hereby certify that the foregoing document was served by U.S. mail on the person listed below.

s/_____

**Defendant:**

Buccaneers Limited Partnership
c/o David Cohen, as General Counsel
One Buccaneer Place
Tampa, FL   33607

18

# TAMPA BAY BUCCANEERS | FAX COVER

P A C S I M I L E



ONE BUCCANEER PLACE   TAMPA, FL 33607          TEL: (813) 870-2700     BUCCANEERS.COM

DATE: __7/15/09__    # of Pages (including cover): __2__

TO: __Human Resources__

FROM: __Group Seating Department__

SUBJECT: __Buccaneers Group Tickets__

ADDITIONAL COMMENTS:

Attached is the information on group seating. Tickets are available for groups of 20 or more people. When buying group seating, you save up to $16 per ticket versus the individual game ticket cost. Group seating also gives you access to large blocks of seating that are not available any other way.

Many companies use group seating as a retreat and/or reward to build team unity.

If you have any questions, please don't hesitate to call us at (877) 649-BUCS (2827).

## 2009 SCHEDULE

**DALLAS**
September 13 | 1:00pm

**AT BUFFALO**
September 20 | 4:05pm

**N.Y. GIANTS**
September 27 | 1:00pm

**AT WASHINGTON**
October 4 | 1:00pm

**AT PHILADELPHIA**
October 11 | 1:00pm

**CAROLINA**
October 18 | 1:00pm

**NEW ENGLAND**
October 25 | 1:00pm | LONDON

**GREEN BAY**
November 8 | 1:00pm

**AT MIAMI**
November 15 | 1:00pm

**NEW ORLEANS**
November 22 | 1:00pm

**AT ATLANTA**
November 29 | 1:00pm

**AT CAROLINA**
December 6 | 1:00pm

**N.Y. JETS**
December 13 | 1:00pm

**AT SEATTLE**
December 20 | 4:15pm

**AT NEW ORLEANS**
December 27 | 1:00pm

**ATLANTA**
January 3 | 1:00pm

*ALL TIMES EASTERN / SUBJECT TO CHANGE

# 2002 WORLD CHAMPIONS

EXHIBIT
A



# GROUP TICKETS ON SALE NOW!
## 877-649-BUCS (2827)

| SECTION | A | B | C | D | E |
|---|---|---|---|---|---|
| **GROUP PER GAME PRICE** | $99.00 | $89.00 | $85.00 | $75.00 | $65.00 |

Group tickets are available in packages of 20 or more and
reflect a discount of up to $16 per ticket

### 2009 SEASON

**DALLAS**
September 13 | 1:00pm

**N.Y. GIANTS**
September 27 | 1:00pm

**CAROLINA**
October 18 | 1:00pm

**GREEN BAY**
November 8 | 1:00pm

**NEW ORLEANS**
November 22 | 1:00pm

**N.Y. JETS**
December 13 | 1:00pm

**ATLANTA**
January 3 | 1:00pm



## Call 877-649-BUCS (2827) or visit www.buccaneers.com today for seat locations

To immediately and permanently remove your fax number from our opt-in complied database, please call 877-272-7614. Removaltech@FaxQom.com



# INDIVIDUAL GAME TICKETS ON SALE NOW!

| | | | |
|---|---|---|---|
| | MIAMI | August 27 | 8:00pm |
| | HOUSTON | September 4 | 7:00pm |
| | DALLAS | September 13 | 1:00pm |
| | N.Y. GIANTS | September 27 | 1:00pm |
| | CAROLINA | October 18 | 1:00pm |
| | GREEN BAY | November 8 | 1:00pm |
| | NEW ORLEANS | November 22 | 1:00pm |
| | N.Y. JETS | December 13 | 1:00pm |
| | ATLANTA | January 3 | 1:00pm |

All game dates and times are subject to NFL flexible scheduling.

# TO PURCHASE TICKETS CALL 800-745-3000
# OR VISIT BUCCANEERS.COM

To immediately and permanently remove your fax number from our opt-in compiled database, please call 888-703-9205. Removeltech@FaxQom.com

EXHIBIT

B

**FaxQom.Com**

Home

Info

WebFax

Broadcast Reports

Contact



EXHIBIT

C

## Welcome to the world of fax communications !



Faxqom can disseminate tens of thousands of faxes in just a few minutes using the largest integrated IP fax broadcast system. Whatever the Industry----Retail----Wholesale---- Manufacturing----Banking----Medical----Communications----Travel........you name it , we can handle it ! Faxqom can disseminate information FASTER and more Economcally and Conveniently than any other means.

Get there first ! By improving your communications to large groups........By reducing your cost of distributing information.......By allowing you to control delivery of sensitive imformation........By giving you the capibilities of target marketing by fax / s.i.c codes and geographic areas........By allowing you to bulk fax, or in another words, reaching every single fax number in a geographic area.

**Worldwide IP Fax Broadcast Services**

**FaxQom.Com**

Home

Info

WebFax

Broadcast Reports

Contact

Thank you for visiting FaxQom. FaxQom has a solid reputaion and has been providing quality service worldwide for over 18 years. We specialize in Worldwide IP Fax Broadcast Services. Count on FaxQom for your broadcast advertising needs.

## Applications for Faxqom Services

A financial corporation provides clients with daily updates on markets and developments.

A public relations firm distributes 2,000 press releases overnight to announce the launch of a new product.

A trade organization sends announcements to its 5,000 members.

A publisher distributes a weekly newsletter to 10,000 subscribers around the country.

An insurance agent wants to send an insurance update to every fax number in the 713, 815, 904, 212 area codes.

Insurance agents need RED HOT LEADS to generate new business, FaxQom supplies agents with new leads daily.

A mortgage brokers and loan officers broadcast to certain area codes around the country for new business.

Stock brokers use FaxQom daily for distributing stock updates to potential investors around the U.S.

Travel agencies use FaxQom daily to broadcast travel and vacation specials throughout the country.

## Broadcast Rates

Targeted fax broadcasting by city, state, area code...3.0 cents per page
Minumum order $300
Targeted fax broadcasting by SIC code.............6 cents per page
Minimum order $400
Submission of own databases...........2.5 cents per page

**Quantity price breaks are available, ask for details.**

## Payment Options

Mastercard, Visa, Wire transfer, Bank draft

**FaxQom** New York, NY
**FaxQom Atlantic** Boston, Ma
**FaxQom Pacific** Seattle, Wa

# Ph 508-500-4806
# Ph 617-674-2147

**sales@faxqom.com**

FaxQom.Com

Worldwide IP Fax Broadcast Services

## U.S. District Court
## Middle District of Florida (Tampa)
## CIVIL DOCKET FOR CASE #: 8:13−cv−01592−AEP

| | |
|---|---|
| Cin−Q Automobiles, Inc. v. Buccaneers Limited Partnership et al | Date Filed: 06/19/2013 |
| Assigned to: Magistrate Judge Anthony E. Porcelli | Jury Demand: Defendant |
| Cause: Restrictions on Use of Telephone Equipment | Nature of Suit: 890 Other Statutory Actions |
| | Jurisdiction: Federal Question |

**Plaintiff**

**Cin−Q Automobiles, Inc.**                    represented by    **Brian J. Wanca**
*a Florida corporation, individually and as*                     Anderson &Wanca
*the representative of a class of*                                Suite 760
*similarly−situated persons*                                     3701 Algonquin Rd
                                                                 Rolling Meadows, IL 60008
                                                                 847/368−1500
                                                                 Fax: 847/368−1501
                                                                 Email: bwanca@andersonwanca.com
                                                                 *LEAD ATTORNEY*
                                                                 *PRO HAC VICE*
                                                                 *ATTORNEY TO BE NOTICED*

                                                                 **Michael C. Addison**
                                                                 Addison &Howard, PA
                                                                 Suite 1100
                                                                 400 N Tampa St
                                                                 Tampa, FL 33602−4714
                                                                 813/223−2000
                                                                 Fax: 813/228−6000
                                                                 Email: m@mcalaw.net
                                                                 *LEAD ATTORNEY*
                                                                 *ATTORNEY TO BE NOTICED*

                                                                 **Wallace C. Solberg**
                                                                 Anderson &Wanca
                                                                 Suite 760
                                                                 3701 Algonquin Rd
                                                                 Rolling Meadows, IL 60008
                                                                 847/368−1500
                                                                 Fax: 847/368−1501
                                                                 Email: wsolberg@andersonwanca.com
                                                                 *LEAD ATTORNEY*
                                                                 *PRO HAC VICE*
                                                                 *ATTORNEY TO BE NOTICED*

                                                                 **George K. Lang**
                                                                 Anderson &Wanca
                                                                 Suite 760
                                                                 3701 Algonquin Rd
                                                                 Rolling Meadows, IL 60008
                                                                 847−368−1500
                                                                 Email: glang@andersonwanca.com
                                                                 *TERMINATED: 05/03/2016*
                                                                 *ATTORNEY TO BE NOTICED*

                                                                 **Glenn L. Hara**
                                                                 Anderson &Wanca
                                                                 Suite 760
                                                                 3701 Algonquin Rd
                                                                 Rolling Meadows, IL 60008
                                                                 847/368−1500

**EXHIBIT 3**

Fax: 847/368−1501
Email: ghara@andersonwanca.com
*ATTORNEY TO BE NOTICED*

**Ross M. Good**
Anderson &Wanca
Suite 760
3701 Algonquin Rd
Rolling Meadows, IL 60008
847−368−1500
Email: rgood@andersonwanca.com
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Ryan M. Kelly**
Anderson &Wanca
Suite 760
3701 Algonquin Rd
Rolling Meadows, IL 60008
847/436−0598
Fax: 847/368−1501
Email: rkelly@andersonwanca.com
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**Medical &Chiropractic Clinic, Inc.**
*a Florida corporation, individually and as
the representative of a class of
similarly−situated persons*

represented by **Michael C. Addison**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Ryan M. Kelly**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**George K. Lang**
(See above for address)
*TERMINATED: 05/03/2016*
*ATTORNEY TO BE NOTICED*

**Glenn L. Hara**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**Accounting To You, Inc.**

represented by **Gregg M. Barbakoff**
Siprut PC
17 N. State St., Suite 1600
Chicago, IL 60602−3294
312/236−0000
Fax: 312/546−9963
Email: gbarbakoff@siprut.com
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Joseph J. Siprut**
Siprut PC
17 N. State St., Suite 1600
Chicago, Fl 60602−3294
312/236−0000
Fax: 312/546−9963
Email: jsiprut@siprut.com
*LEAD ATTORNEY*

*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Michael C. Addison**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

V.

**Consol Plaintiff**

**Cin−Q Automobiles, Inc.**                    represented by    **Brian J. Wanca**
(See above for address)
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**George K. Lang**
(See above for address)
*TERMINATED: 05/03/2016*
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Glenn L. Hara**
(See above for address)
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Michael C. Addison**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Ross M. Good**
(See above for address)
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Ryan M. Kelly**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Wallace C. Solberg**
(See above for address)
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Consol Plaintiff**

**Medical &Chiropractic Clinic, Inc.**        represented by    **George K. Lang**
(See above for address)
*TERMINATED: 05/03/2016*
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Glenn L. Hara**
(See above for address)
*LEAD ATTORNEY*

*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Michael C. Addison**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Ryan M. Kelly**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

V.

**Defendant**

**Buccaneers Limited Partnership**                    represented by **Barry A. Postman**
Cole, Scott &Kissane, PA
2nd Floor
1645 Palm Beach Lakes Blvd
West Palm Beach, FL 33401
561/383−9200
Fax: 561/683−8977
Email: postman@csklegal.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Kathleen P. Lally**
Latham &Watkins, LLP
330 N. Wabash Avenue
Suite 2800
Chicago, IL 60611
312−876−7700
Email: kathleen.lally@lw.com
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Mark J. Criser**
Hill Ward Henderson, PA
101 E Kennedy Blvd − Ste 3700
PO Box 2231
Tampa, FL 33602−5195
813/221−3900
Fax: 813/221−2900
Email: mark.criser@hwhlaw.com
*TERMINATED: 02/11/2014*
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Mark S. Mester**
Latham &Watkins, LLP
330 N. Wabash Avenue
Suite 2800
Chicago, IL 60611
312−876−7700
Email: mark.mester@lw.com
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**David C. Borucke**
Cole, Scott &Kissane, PA
Suite 400

4301 W Boy Scout Blvd
Tampa, FL 33607
813/864−9351
Fax: 813/286−2900
Email: david.borucke@csklegal.com
*ATTORNEY TO BE NOTICED*

**Joseph H. Varner , III**
Holland &Knight, LLP − Tampa
100 N Tampa St − Ste 4100
PO Box 1288
Tampa, FL 33602
813/227−8500
Fax: 813/229−0134
Email: joe.varner@hklaw.com
*ATTORNEY TO BE NOTICED*

**Justin C. Sorel**
Cole, Scott &Kissane, PA
2nd Floor
1645 Palm Beach Lakes Blvd
West Palm Beach, FL 33401
561/383−9229
Fax: 561/683−8977
Email: justin.sorel@csklegal.com
*ATTORNEY TO BE NOTICED*

**Defendant**

**John Does 1−10**

**Defendant**

| | | |
|---|---|---|
| **Kim Cinque** | represented by | **Michael C. Addison** |
| *Non−Party Deponent* | | (See above for address) |
| | | *LEAD ATTORNEY* |
| | | *ATTORNEY TO BE NOTICED* |

**Third Party Plaintiff**

| | | |
|---|---|---|
| **Buccaneers Limited Partnership** | represented by | **Barry A. Postman** |
| | | (See above for address) |
| | | *LEAD ATTORNEY* |
| | | *ATTORNEY TO BE NOTICED* |

**Kathleen P. Lally**
(See above for address)
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Mark J. Criser**
(See above for address)
*TERMINATED: 02/11/2014*
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Mark S. Mester**
(See above for address)
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**David C. Borucke**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Joseph H. Varner , III**
Holland &Knight, LLP − Tampa

100 N Tampa St − Ste 4100
PO Box 1288

Tampa, FL 33602
813/227−8500
Fax: 813/229−0134
Email: joe.varner@hklaw.com
*ATTORNEY TO BE NOTICED*

**Justin C. Sorel**
(See above for address)
*ATTORNEY TO BE NOTICED*

V.

**Third Party Defendant**

**FaxQom, a corporation**                    represented by  **FaxQom, a corporation**
15596 Highway 105 Apt. 104
Conroe, TX 77303
PRO SE

**Third Party Defendant**

**Michael Wayne Clement**                    represented by  **Michael Wayne Clement**
*also known as*                                           15596 Highway 105 Apt. 104
Steven Simms                                              Conroe, TX 77303
PRO SE

| Date Filed | # | Docket Text |
|---|---|---|
| 05/26/2016 | 233 | **ORDER denying 215 Motion for settlement conference; denying as moot 223 Motion to Enjoin Defendant from Proceeding in Competing Case; denying as moot 231 Motion for a Determination that the Mediation Privilege has been Waived and for Other Related Relief. Signed by Magistrate Judge Anthony E. Porcelli on 5/26/2016. (JMF) (Entered: 05/26/2016)** |
| 05/25/2016 | 232 | Minute Entry. Proceedings held before Magistrate Judge Anthony E. Porcelli: MOTION HEARING held on 5/25/2016 re 231 MOTION for miscellaneous relief, specifically − Motion and Incorporated Memorandum of Law of The Buccaneers for a Determination That the Mediation Privilege has Been Waived and for Other Related Relief filed by Buccaneers Limited Partnership, 223 MOTION for miscellaneous relief, specifically to enjoin Defendant from proceeding in competing case filed by Cin−Q Automobiles, Inc., Medical &Chiropractic Clinic, Inc., 215 MOTION for settlement conference *and incorporated Memorandum of Law* filed by Buccaneers Limited Partnership, STATUS CONFERENCE held on 5/25/2016. (digital) (LV) (Entered: 05/25/2016) |
| 05/24/2016 | 231 | MOTION for miscellaneous relief, specifically − Motion and Incorporated Memorandum of Law of The Buccaneers for a Determination That the Mediation Privilege has Been Waived and for Other Related Relief by Buccaneers Limited Partnership. (Attachments: # 1 Exhibit 1 − Declaration of M. Mester, # 2 Exhibit 2 − Declaration of K. Lally, # 3 Exhibit 3 − Letter to M. Addison, # 4 Exhibit 4 − Letter to M. Mester)(Mester, Mark) (Entered: 05/24/2016) |
| 05/24/2016 | 230 | NOTICE OF RESCHEDULING HEARING (AS TO TIME ONLY): The Status Conference hearing previously scheduled for 05/25/2016 is rescheduled. New hearing time: Telephonic Status Conference set for 5/25/2016 at 03:00 PM in Tampa Courtroom 10 A before Magistrate Judge Anthony E. Porcelli. The parties shall follow the directions in the prior Notice instructing them as to the procedures for appearing telephonically.(JMF) (Entered: 05/24/2016) |

| 05/23/2016 | | Mail returned as Undeliverable re: Copies mailed. Unable to resend. Return to sender. Not Deliverable as addressed. Unable to forward. (GLS) (Entered: 05/24/2016) |
|---|---|---|
| 05/23/2016 | 229 | NOTICE of hearing: Telephonic Status Conference set for 5/25/2016 at 02:00 PM in Tampa Courtroom 10 A before Magistrate Judge Anthony E. Porcelli. The parties SHALL appear telephonically at the hearing by calling toll−free number 1−888−684−8852 on the day of the hearing and entering access code 8895301 followed by security code 0525 upon request.(JMF) (Entered: 05/23/2016) |
| 05/19/2016 | 228 | NOTICE of supplemental authority re 223 MOTION for miscellaneous relief, specifically to enjoin Defendant from proceeding in competing case by Cin−Q Automobiles, Inc., Medical &Chiropractic Clinic, Inc.. (Hara, Glenn) (Entered: 05/19/2016) |
| 05/19/2016 | 227 | NOTICE to counsel of filing of OFFICIAL TRANSCRIPT. The parties have seven (7) calendar days to file with the court a Notice of Intent to Request Redaction of this transcript. If no such Notice is filed, the transcript may be made remotely electronically available to the public without redaction after 90 calendar days. Any party needing a copy of the transcript to review for redaction purposes may purchase a copy from the court reporter or view the document at the clerk's office public terminal. Court Reporter: Bill Jones. (HWJ) (Entered: 05/19/2016) |
| 05/19/2016 | 226 | TRANSCRIPT of Motion Hearing held on April 20, 2016 before Judge Anthony E. Porcelli. Court Reporter/Transcriber Bill Jones,Telephone number 813−301−5024. Transcript may be viewed at the court public terminal or purchased through the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER or purchased through the Court Reporter. Redaction Request due 6/9/2016, Redacted Transcript Deadline set for 6/20/2016, Release of Transcript Restriction set for 8/17/2016. (HWJ) (Entered: 05/19/2016) |
| 05/18/2016 | 225 | NOTICE of Appearance by Joseph H. Varner, III on behalf of Buccaneers Limited Partnership (Varner, Joseph) (Entered: 05/18/2016) |
| 05/17/2016 | 224 | NOTICE of supplemental authority re 223 MOTION for miscellaneous relief, specifically to enjoin Defendant from proceeding in competing case by Accounting To You, Inc., Cin−Q Automobiles, Inc.. (Addison, Michael) (Entered: 05/17/2016) |
| 05/16/2016 | 223 | MOTION for miscellaneous relief, specifically to enjoin Defendant from proceeding in competing case by Cin−Q Automobiles, Inc., Medical &Chiropractic Clinic, Inc.. (Attachments: # 1 Exhibit A complaint, # 2 Exhibit B email, # 3 Exhibit C affidavit, # 4 Exhibit D mtn to intervene)(Hara, Glenn) (Entered: 05/16/2016) |
| 05/12/2016 | 222 | NOTICE of pendency of related cases re 6 Notice of designation of track per Local Rule 1.04(d) by Buccaneers Limited Partnership. Related case(s): yes (Lally, Kathleen) (Entered: 05/12/2016) |
| 05/03/2016 | 221 | **ENDORSED ORDER granting 220 Motion to Withdraw as Attorney Attorney George K. Lang terminated as counsel of record for Plaintiffs and relieved of any further responsibility in this case. Signed by Magistrate Judge Anthony E. Porcelli on 5/3/2016. (JMF)** (Entered: 05/03/2016) |
| 05/03/2016 | 220 | Unopposed MOTION for George K. Lang to withdraw as attorney by Cin−Q Automobiles, Inc., Medical &Chiropractic Clinic, Inc.. (Kelly, Ryan) (Entered: 05/03/2016) |
| 05/02/2016 | 219 | RESPONSE in Opposition re 215 MOTION for settlement conference *and incorporated Memorandum of Law* filed by Cin−Q Automobiles, Inc., Medical &Chiropractic Clinic, Inc.. (Attachments: # 1 Exhibit A − Notice of Impasse)(Kelly, Ryan) (Entered: 05/02/2016) |
| 05/02/2016 | 218 | NOTICE by Cin−Q Automobiles, Inc., Medical &Chiropractic Clinic, Inc. *Filing of Mediator's Notice of Impass* (Kelly, Ryan) (Entered: 05/02/2016) |
| 04/28/2016 | | Mail returned as Undeliverable re: 214 Order on motion to supplement. Mail unable to forward to Michael Wayne Clement and FaxQom. (KMM) (Entered: |

| | | |
|---|---|---|
| | | 04/28/2016) |
| 04/22/2016 | 217 | **ORDER denying without prejudice in part and denying in part 208 Sealed Motion; granting 213 Motion to Seal. Signed by Magistrate Judge Anthony E. Porcelli on 4/22/2016. (CLA) (Entered: 04/22/2016)** |
| 04/20/2016 | 216 | Minute Entry. Proceedings held before Magistrate Judge Anthony E. Porcelli: MOTION HEARING held on 4/20/2016 re 208 SEALED MOTION Leave to Designate a Replacement Expert, or in the alternative, Strike Palintiff's Proposed Rebuttal Report by Buccaneers Limited Partnership filed by Buccaneers Limited Partnership. (digital) (LV) (Entered: 04/20/2016) |
| 04/18/2016 | 215 | MOTION for settlement conference *and Incorporated Memorandum of Law* by Buccaneers Limited Partnership. (Mester, Mark) Modified on 4/19/2016 to edit text.(AG) (Entered: 04/18/2016) |
| 04/18/2016 | 214 | **ENDORSED ORDER granting 212 Motion and Incorporated Memorandum in Support for Leave to Supplement the Record. Signed by Magistrate Judge Anthony E. Porcelli on 4/18/2016. (CLA)** (Entered: 04/18/2016) |
| 04/15/2016 | 213 | Unopposed MOTION for leave to file under seal *and incorporated Memorandum in Support* by Buccaneers Limited Partnership. (Lally, Kathleen) Modified on 4/19/2016 to edit text. (AG) (Entered: 04/15/2016) |
| 04/15/2016 | 212 | MOTION to supplement *and incorporated Memorandum in Support* by Buccaneers Limited Partnership. (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C)(Lally, Kathleen) Modified on 4/19/2016 to edit text. (AG) (Entered: 04/15/2016) |
| 04/15/2016 | | Mail returned as Undeliverable as addressed re: 211 Notice of hearing on motion. Unable to resend to FaxQom, A Corporation. (JEQ) (Entered: 04/15/2016) |
| 04/15/2016 | | Mail returned as Undeliverable as addressed re: 211 Notice of hearing on motion. Unable to resend to Michael Wayne Clement. (JEQ) (Entered: 04/15/2016) |
| 04/08/2016 | 211 | NOTICE of hearing on motion re 208 SEALED MOTION for Leave to Designate a Replacement Expert, or in the alternative, Strike Plaintiff's Proposed Rebuttal Report by Buccaneers Limited Partnership. Motion Hearing set for 4/20/2016 at 02:00 PM in Tampa Courtroom 10 A before Magistrate Judge Anthony E. Porcelli. (CLA) (Entered: 04/08/2016) |
| 04/07/2016 | 210 | RESPONSE in Opposition re 205 Unopposed MOTION for leave to file document under seal − *Motion and Incorporated Memorandum in Support of the Buccaneers' Unopposed Motion for Leave to File Document Under Seal RESPONSE IN OPPOSITION TO DEFENDANT'S SEALED MOTION TO DESIGNATE A REPLACEMENT EXPERT WITNESS* filed by Cin−Q Automobiles, Inc., Medical &Chiropractic Clinic, Inc.. (Attachments: # 1 Exhibit A − Biggerstaff 3.20.14 Report, # 2 Exhibit B − Biggerstaff 12.22.15 Rebuttal, # 3 Exhibit C − April, 2016 Emails, # 4 Exhibit D − 12.11.16 Email)(Kelly, Ryan) (Entered: 04/07/2016) |
| 04/04/2016 | | Mail returned as Insufficient address re: 204 Order on Motion for Leave to File Excess Pages. Unable to forward. (JEQ) (Entered: 04/05/2016) |
| 03/28/2016 | | Sealed Documents S−208 &S−209. (AMD) (Entered: 03/28/2016) |
| 03/25/2016 | 207 | MOTION to Certify Class by Cin−Q Automobiles, Inc., Medical &Chiropractic Clinic, Inc.. (Attachments: # 1 Appendix, # 2 Exhibit 1, # 3 Exhibit 2, # 4 Exhibit 3, # 5 Exhibit 4 (Part 1), # 6 Exhibit 4 (Part 2), # 7 Exhibit 4 (Part 3), # 8 Exhibit 5, # 9 Exhibit 6, # 10 Exhibit 7, # 11 Exhibit 8, # 12 Exhibit 9, # 13 Exhibit 10, # 14 Exhibit 11, # 15 Exhibit 12, # 16 Exhibit 13)(Hara, Glenn) (Entered: 03/25/2016) |
| 03/25/2016 | 206 | **ORDER granting 205 Motion and Incorporated Memorandum in Support of Buccaneers' Unopposed Motion for Leave to File Document Under Seal. Signed by Magistrate Judge Anthony E. Porcelli on 3/25/2016. (CLA)** (Entered: 03/25/2016) |
| 03/24/2016 | 205 | Unopposed MOTION for leave to file document under seal − *Motion and Incorporated Memorandum in Support of the Buccaneers' Unopposed Motion for Leave to File Document Under Seal* by Buccaneers Limited Partnership. (Mester, |

| | | |
|---|---|---|
| | | Mark) (Entered: 03/24/2016) |
| 03/24/2016 | 204 | **ENDORSED ORDER granting 203 Motion for Leave to File Excess Pages. Plaintiffs may file a Motion for Class Certification in excess of 25 pages. Plaintiffs are granted leave to file 9 additional pages, for a total of 34 pages. Signed by Magistrate Judge Anthony E. Porcelli on 3/24/2016. (CLA)** (Entered: 03/24/2016) |
| 03/24/2016 | 203 | MOTION for Leave to File Excess Pages *(Unopposed)* by Cin−Q Automobiles, Inc., Medical &Chiropractic Clinic, Inc.. (Hara, Glenn) (Entered: 03/24/2016) |
| 02/05/2016 | 202 | **ENDORSED ORDER re 201 Joint Stipulation to Extend Deadlines Set in the Court's January 11, 2016 Order. The Joint Stipulation will be construed as a motion to extend deadlines set in the January 11, 2016 order. Plaintiff's Deadline to File Class Certification Motion is extended until March 25, 2016. Defendant's Deadline to Respond to Plaintiff's Class Certification Motion is extended until May 6, 2016. Signed by Magistrate Judge Anthony E. Porcelli on 2/5/2016. (CLA)** (Entered: 02/05/2016) |
| 02/05/2016 | 201 | STIPULATION re 200 Order on motion to extend time *(Joint)* by Buccaneers Limited Partnership, Cin−Q Automobiles, Inc., Medical &Chiropractic Clinic, Inc.. (Lally, Kathleen) (Entered: 02/05/2016) |
| 01/11/2016 | 200 | **ENDORSED ORDER granting 199 Joint Stipulation to Extend Deadlines in the Amended Case Management and Scheduling Order. Plaintiff's Deadline to File Class Certification Motion is extended until February 12, 2016. Defendant's Deadline to Respond to Plaintiff's Class Certification Motion is extended until March 25, 2016. Signed by Magistrate Judge Anthony E. Porcelli on 1/11/2016. (CLA)** (Entered: 01/11/2016) |
| 01/08/2016 | 199 | MOTION/STIPULATION re 190 Case management and scheduling order *[Joint Stipulation to Extend Deadlines]* by Cin−Q Automobiles, Inc.. (Kelly, Ryan) Modified event and text on 1/11/2016 (JNB). (Entered: 01/08/2016) |
| 10/13/2015 | 198 | **ENDORSED ORDER granting 195 Motion for Protective Order for the reasons stated on record. Signed by Magistrate Judge Anthony E. Porcelli on 10/13/2015. (FDM)** (Entered: 10/13/2015) |
| 10/13/2015 | 197 | Minute Entry. Proceedings held before Magistrate Judge Anthony E. Porcelli: MOTION HEARING held on 10/13/2015 re 195 MOTION for protective order *and Incorporated Memorandum of Law* filed by Buccaneers Limited Partnership. (digital) (LV) (Entered: 10/13/2015) |
| 10/05/2015 | | Mail returned as Undeliverable re: 194 Notice to counsel of filing of official transcript. Unable to forward mail FaxQom and Michael Clement. (KMM) (Entered: 10/05/2015) |
| 10/05/2015 | 196 | NOTICE of hearing on motion re 195 MOTION for protective order *and Incorporated Memorandum of Law*. Motion Hearing set for 10/13/2015 at 11:00 AM in Tampa Courtroom 10 A before Magistrate Judge Anthony E. Porcelli. Any party who seeks to appear telephonically for the hearing shall notify the chambers of Magistrate Judge Anthony E. Porcelli at 813−301−5540 at least 24 hours prior to the hearing. Once notice has been given, the party may appear telephonically at the hearing by calling toll−free number 1−888−684−8852 on the day of the hearing and entering access code 8895301 followed by security code 1013 upon request.(FDM) (Entered: 10/05/2015) |
| 09/29/2015 | 195 | MOTION for protective order *and Incorporated Memorandum of Law* by Buccaneers Limited Partnership. (Lally, Kathleen) (Entered: 09/29/2015) |
| 09/24/2015 | 194 | NOTICE to counsel of filing of OFFICIAL TRANSCRIPT. The parties have seven (7) calendar days to file with the court a Notice of Intent to Request Redaction of this transcript. If no such Notice is filed, the transcript may be made remotely electronically available to the public without redaction after 90 calendar days. Any party needing a copy of the transcript to review for redaction purposes may purchase a copy from the court reporter or view the document at the clerk's office public terminal. Court Reporter: Lynann Nicely. (LN) (Entered: 09/24/2015) |

| | | |
|---|---|---|
| 09/24/2015 | 193 | TRANSCRIPT of Motion Hearing held on 12/20/13 before Judge Porcelli. Court Reporter/Transcriber Lynann Nicely,Telephone number (813) 301−5252. Transcript may be viewed at the court public terminal or purchased through the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER or purchased through the Court Reporter. Redaction Request due 10/15/2015, Redacted Transcript Deadline set for 10/26/2015, Release of Transcript Restriction set for 12/23/2015. (LN) (Entered: 09/24/2015) |
| 09/24/2015 | 192 | TRANSCRIPT of Status Conference held on 12/2/13 before Judge Porcelli. Court Reporter/Transcriber Lynann Nicely,Telephone number (813) 301−5252. Transcript may be viewed at the court public terminal or purchased through the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER or purchased through the Court Reporter. Redaction Request due 10/15/2015, Redacted Transcript Deadline set for 10/26/2015, Release of Transcript Restriction set for 12/23/2015. (LN) (Entered: 09/24/2015) |
| 08/11/2015 | 191 | NOTICE of compliance re 188 Order on motion to appear pro hac vice *of Mark S. Mester and Kathleen P. Lally* by Buccaneers Limited Partnership (Lally, Kathleen) (Entered: 08/11/2015) |
| 07/28/2015 | 190 | **AMENDED CASE MANAGEMENT AND SCHEDULING ORDER: Class Certification Phase. Signed by Magistrate Judge Anthony E. Porcelli on 7/28/2015. (FDM)** (Entered: 07/28/2015) |
| 07/27/2015 | 189 | STIPULATION re 185 Case management and scheduling order by Buccaneers Limited Partnership, Cin−Q Automobiles, Inc., Medical &Chiropractic Clinic, Inc.. (Addison, Michael) (Entered: 07/27/2015) |
| 07/23/2015 | | ***PRO HAC VICE FEES paid and Special Admission Attorney Certification Form filed by attorney Mark S. Mester, appearing on behalf of Buccaneers Limited Partnership (Filing fee $150 receipt number TPA31369.). (JNB) (Entered: 07/23/2015) |
| 07/23/2015 | | ***PRO HAC VICE FEES paid and Special Admission Attorney Certification Form filed by attorney Kathleen P. Lally, appearing on behalf of Buccaneers Limited Partnership (Filing fee $150 receipt number TPA31368.). (JNB) (Entered: 07/23/2015) |
| 07/21/2015 | 188 | **ENDORSED ORDER granting 187 motion to appear pro hac vice. Attorneys Mark S. Mester and Kathleen P. Lally may appear pro hac vice on behalf of Defendant, with Attorney Barry A. Postman designated as local counsel pursuant to Local Rule 2.02(a). Within twenty−one (21) days of the date of this Order, counsel shall comply with the fee and electronic filing requirements and file a notice of compliance with said requirements. Signed by Magistrate Judge Anthony E. Porcelli on 7/21/2015. (FDM)** (Entered: 07/21/2015) |
| 07/20/2015 | 187 | MOTION for Mark S. Mester and Kathleen P. Lally to appear pro hac vice by Buccaneers Limited Partnership. (Attachments: # 1 Special Admission Attorney Certification, # 2 List of Bar Memberships of Mark S. Mester, # 3 Special Admission Attorney Certification)(Postman, Barry) NOTE: SPECIAL ADMISSION ATTORNEY CERTIFICATIONS DELETED; COUNSEL NOTIFIED TO FILE ORIGINAL IN PAPER WITH SPECIAL ADMISSION FEE. Modified on 7/21/2015 (JNB). (Entered: 07/20/2015) |
| 07/02/2015 | 186 | NOTICE of voluntary dismissal by Accounting To You, Inc. (Siprut, Joseph) (Entered: 07/02/2015) |
| 05/18/2015 | 185 | **CASE MANAGEMENT AND SCHEDULING ORDER: Class Certification Phase. Signed by Magistrate Judge Anthony E. Porcelli on 5/18/2015. (FDM)** (Entered: 05/18/2015) |
| 05/18/2015 | 184 | **ORDER granting 178 Motion to Consolidate Cases. Defendant's Motion (Dkt. No. 178) is GRANTED. Case number 8:13−cv−02929−EAK−MAP is CONSOLIDATED into case number 8:13−cv−01592−T−AEP for the purposes of discovery and Plaintiff's class certification motion. The parties shall file all subsequent papers in lead case #8:13−cv−01592.The Clerk is directed to** |

| | | ADMINISTRATIVELY CLOSE the following case number: 8:13−cv−02929−EAK−MAP. Signed by Magistrate Judge Anthony E. Porcelli on 5/18/2015. (FDM) (Entered: 05/18/2015) |
|---|---|---|
| 05/18/2015 | 183 | Minute Entry. Proceedings held before Magistrate Judge Anthony E. Porcelli: STATUS CONFERENCE held on 5/18/2015. (DIGITAL) (LV) (Entered: 05/18/2015) |
| 05/05/2015 | 182 | NOTICE of hearing: re: 178 MOTION to Consolidate Cases. Status Conference set for 5/18/2015 at 10:00 AM in Tampa Courtroom 10 A before Magistrate Judge Anthony E. Porcelli. Any party who seeks to appear telephonically for the hearing shall notify the chambers of Magistrate Judge Anthony E. Porcelli at 813−301−5540 at least 24 hours prior to the hearing. Once notice has been given, the party may appear telephonically at the hearing by calling toll−free number 1−888−684−8852 on the day of the hearing and entering access code 8895301 followed by security code 0518 upon request.(FDM) (Entered: 05/05/2015) |
| 05/05/2015 | 181 | ORDER. Defendant's motion 169 is DENIED. This action shall proceed directly to discovery in aid of Plaintiff's anticipated motion for class certification under Rule 23. A status conference shall be set by separate notice, where the Court will address the parties' Amended Supplemental Case Management Report 166 , as well as Defendant's Motion to Consolidate Related Lawsuits 178 . Plaintiff's motion 170 is DENIED in its entirety. Signed by Magistrate Judge Anthony E. Porcelli on 5/5/2015. (FDM) (Entered: 05/05/2015) |
| 05/04/2015 | 180 | NOTICE of supplemental authority re 173 Response to motion *for Reconsideration* by Buccaneers Limited Partnership. (Borucke, David) (Entered: 05/04/2015) |
| 04/21/2015 | 179 | RESPONSE in Opposition re 178 MOTION to Consolidate Cases filed by Cin−Q Automobiles, Inc., Medical &Chiropractic Clinic, Inc.. (Hara, Glenn) (Entered: 04/21/2015) |
| 04/07/2015 | 178 | MOTION to Consolidate Cases by Buccaneers Limited Partnership. (Postman, Barry) (Entered: 04/07/2015) |
| 03/10/2015 | 177 | NOTICE of supplemental authority re 173 Response to motion by Buccaneers Limited Partnership. (Attachments: # 1 Exhibit A, # 2 Exhibit B)(Postman, Barry) (Entered: 03/10/2015) |
| 02/24/2015 | 176 | Minute Entry. Proceedings held before Magistrate Judge Anthony E. Porcelli: MOTION HEARING held on 2/24/2015 re 169 MOTION to Bifurcate *and to Proceed Directly to a Trial on Liability* filed by Buccaneers Limited Partnership, 170 MOTION for Reconsideration re 167 Order on motion for summary judgment *or In The Alternative, To Certify Questions for Interlocutory Review* MOTION for miscellaneous relief, specifically to certify questions of law filed by Cin−Q Automobiles, Inc., Medical &Chiropractic Clinic, Inc.. (digital) (LV) (Entered: 02/24/2015) |
| 02/24/2015 | | Mail returned as Undeliverable (NO SUCH NUMBER, UNABLE TO FORWARD) re: 175 Notice of hearing on motion, 174 Notice of hearing on motion. Mail NOT resent to Michael Wayne Clement and FaxQom. (AMD) (Entered: 02/24/2015) |
| 02/04/2015 | 175 | NOTICE of hearing on motion re 169 MOTION to Bifurcate *and to Proceed Directly to a Trial on Liability*, 170 MOTION for Reconsideration re 167 Order on motion for summary judgment *or In The Alternative, To Certify Questions for Interlocutory Review* MOTION for miscellaneous relief, specifically to certify questions of law. Any party who seeks to appear telephonically for the hearing shall notify the chambers of Magistrate Judge Anthony E. Porcelli at 813−301−5540 at least 24 hours prior to the hearing. Once notice has been given, the party may appear telephonically at the hearing by calling toll−free number 1−888−684−8852 on the day of the hearing and entering access code 8895301 followed by security code 0224 upon request. Motion Hearing set for 2/24/2015 at 12:00 PM in Tampa Courtroom 10 A before Magistrate Judge Anthony E. Porcelli. (LV) (Entered: 02/04/2015) |

| 02/03/2015 | 174 | NOTICE of hearing on motion re 169 MOTION to Bifurcate *and to Proceed Directly to a Trial on Liability*, 170 MOTION for Reconsideration re 167 Order on motion for summary judgment *or In The Alternative, To Certify Questions for Interlocutory Review, MOTION for miscellaneous relief, specifically to certify questions of law. Motion Hearing set for 2/25/2015 at 02:00 PM in Tampa Courtroom 10 A before Magistrate Judge Anthony E. Porcelli. Any party who seeks to appear telephonically for the hearing shall notify the chambers of Magistrate Judge Anthony E. Porcelli at 813−301−5540 at least 24 hours prior to the hearing. Once notice has been given, the party may appear telephonically at the hearing by calling toll−free number 1−888−684−8852 on the day of the hearing and entering access code 8895301 followed by security code 0225 upon request.(FDM) (Entered: 02/03/2015)* |
| 02/02/2015 | | Mail returned as Undeliverable (NO SUCH NUMBER, UNABLE TO FORWARD re: 171 Order on Motion to Consolidate Cases. Mail NOT resent to Michael Wayne Clement. (BSN) (Entered: 02/03/2015) |
| 02/02/2015 | 173 | RESPONSE to Motion re 170 MOTION for Reconsideration re 167 Order on motion for summary judgment *or In The Alternative, To Certify Questions for Interlocutory Review* MOTION for miscellaneous relief, specifically to certify questions of law filed by Buccaneers Limited Partnership. (Attachments: # 1 Exhibit A, # 2 Exhibit B)(Postman, Barry) (Entered: 02/02/2015) |
| 01/22/2015 | 172 | MEMORANDUM in opposition re 169 Motion to Bifurcate filed by Cin−Q Automobiles, Inc., Medical &Chiropractic Clinic, Inc.. (Hara, Glenn) (Entered: 01/22/2015) |
| 01/20/2015 | | Mail returned as Undeliverable NO SUCH NUMBER UNABLE TO FORWARD re: 171 Order on Motion to Consolidate Cases. Mail NOT resent to Michael Wayne Clement. (LSS) (Entered: 01/22/2015) |
| 01/15/2015 | 171 | ORDER denying without prejudice 168 Motion to Consolidate Cases. See Order for details. Signed by Magistrate Judge Anthony E. Porcelli on 1/15/2015. (FDM) (Entered: 01/15/2015) |
| 01/14/2015 | 170 | MOTION for Reconsideration re 167 Order on motion for summary judgment *or In The Alternative, To Certify Questions for Interlocutory Review* by Cin−Q Automobiles, Inc., Medical &Chiropractic Clinic, Inc.. (Hara, Glenn) . Added MOTION for miscellaneous relief, specifically to certify questions of law (Entered: 01/14/2015) |
| 01/08/2015 | 169 | MOTION to Bifurcate *and to Proceed Directly to a Trial on Liability* by Buccaneers Limited Partnership. (Postman, Barry) (Entered: 01/08/2015) |
| 01/08/2015 | 168 | MOTION to Consolidate Cases by Buccaneers Limited Partnership. (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C, # 4 Exhibit D)(Postman, Barry) (Entered: 01/08/2015) |
| 12/17/2014 | 167 | ORDER denying 129 Motion for summary judgment; denying 138 Motion for summary judgment. Signed by Magistrate Judge Anthony E. Porcelli on 12/17/2014. (FDM) (Entered: 12/17/2014) |
| 12/16/2014 | 166 | CASE MANAGEMENT REPORT. (Kelly, Ryan) (Entered: 12/16/2014) |
| 12/08/2014 | | Mail returned as Undeliverable re: 164 Order pdf. Mail resent to Michael Wayne Clement and FaxQom. No mail receptacle; unable to forward. (JNB) (Entered: 12/08/2014) |
| 11/25/2014 | 165 | Minute Entry. Proceedings held before Magistrate Judge Anthony E. Porcelli: TELEPHONE CONFERENCE held on 11/25/2014. (digital) (LV) (Entered: 11/25/2014) |
| 11/24/2014 | 164 | ORDER. Plaintiffs' request to pursue the two depositions corresponding to the letters of rogatory is GRANTED. The parties are DIRECTED to meet and confer and, within twenty (20) days of the date of this Order, shall file a proposed Scheduling Order for class certification discovery. Signed by Magistrate Judge Anthony E. Porcelli on 11/24/2014. (FDM) (Entered: 11/24/2014) |

| 11/19/2014 | | Mail returned as Undeliverable NO SUCH NUMBER re: 162 Notice canceling hearing, 163 Notice of hearing. Mail NOT resent to Michael Wayne Clement and FaxQom. (BSN) (Entered: 11/19/2014) |
|---|---|---|
| 11/04/2014 | 163 | NOTICE of hearing: re: 138 MOTION for summary judgment , 129 MOTION for summary judgment. Status Conference set for 11/24/2014 at 11:30 AM in Tampa Courtroom 10 A before Magistrate Judge Anthony E. Porcelli. The parties may appear in person or telephonically. Any party may appear telephonically by first notifying the chambers of Magistrate Judge Anthony E. Porcelli at 813−301−5540 at least 24 hours prior to the hearing. Once notice has been given, the party may appear by calling toll−free 1−888−684−8852 on the day of the hearing and entering access code 8895301 followed by security code 1124 upon request. (FDM) (Entered: 11/04/2014) |
| 11/04/2014 | 162 | NOTICE canceling Telephonic Status Conference set for 11/14/2014 at 03:30 PM before Magistrate Judge Anthony E. Porcelli. Rescheduled conference to be set by separate Notice. (FDM) (Entered: 11/04/2014) |
| 11/03/2014 | 161 | NOTICE of hearing: re: 138 MOTION for summary judgment , 129 MOTION for summary judgment . Telephonic Status Conference set for 11/14/2014 at 03:30 PM before Magistrate Judge Anthony E. Porcelli. The parties may appear by calling toll−free 1−888−684−8852 on the day of the hearing and entering access code 8895301 followed by security code 1114 upon request. (FDM) (Entered: 11/03/2014) |
| 10/31/2014 | 160 | NOTICE of supplemental authority re 129 MOTION for summary judgment by Buccaneers Limited Partnership. (Attachments: # 1 Exhibit)(Borucke, David) (Entered: 10/31/2014) |
| 10/31/2014 | 159 | NOTICE of supplemental authority re 138 MOTION for summary judgment by Cin−Q Automobiles, Inc., Medical &Chiropractic Clinic, Inc.. (Attachments: # 1 Exhibit A − Sarris opinion)(Hara, Glenn) (Entered: 10/31/2014) |
| 10/08/2014 | 158 | NOTICE of supplemental authority re 129 MOTION for summary judgment by Buccaneers Limited Partnership. (Attachments: # 1 Exhibit)(Borucke, David) (Entered: 10/08/2014) |
| 10/07/2014 | 157 | NOTICE of supplemental authority re 138 MOTION for summary judgment by Cin−Q Automobiles, Inc.. (Attachments: # 1 Exhibit A − Mais v. Gulf Coast Collection Bureau)(Hara, Glenn) (Entered: 10/07/2014) |
| 09/26/2014 | 156 | NOTICE of supplemental authority re 138 MOTION for summary judgment by Cin−Q Automobiles, Inc., Medical &Chiropractic Clinic, Inc.. (Attachments: # 1 Exhibit A − City Select v. Randall)(Kelly, Ryan) (Entered: 09/26/2014) |
| 09/23/2014 | 155 | NOTICE of supplemental authority re 129 MOTION for summary judgment by Buccaneers Limited Partnership. (Borucke, David) (Entered: 09/23/2014) |
| 09/02/2014 | | Mail returned as Undeliverable as to Michael Wayne Clement re: 154 Order on Motion for Protective Order. Reason: Return to Sender, No such number, unable to forward. (AMD) (Entered: 09/03/2014) |
| 09/02/2014 | | Mail returned as Undeliverable as to FaxQom re: 154 Order on Motion for Protective Order. Reason: Return to Sender, No such number, unable to forward. (AMD) (Entered: 09/03/2014) |
| 08/21/2014 | 154 | ENDORSED ORDER denying as moot 150 Motion for Protective Order. Plaintiffs' aver that they have withdrawn the deposition requests at issue in Defendant's Motion for Protective Order 150 ; accordingly, Defendant's request for a protective order is now moot. Signed by Magistrate Judge Anthony E. Porcelli on 8/21/2014. (DNE) (Entered: 08/21/2014) |
| 08/14/2014 | 153 | RESPONSE to Motion re 150 MOTION for protective order *Enjoining Plaintiffs from Scheduling Additional Depositions Without First Seeking Leave of the Court* filed by Cin−Q Automobiles, Inc., Medical &Chiropractic Clinic, Inc.. (Attachments: # 1 Exhibit A − Canadian Court Ruling)(Kelly, Ryan) (Entered: 08/14/2014) |

| 08/11/2014 |     | Mail returned as Undeliverable NO SUCH NUMBER re: 151 Order on Motion to Certify Class. Mail NOT resent to Michael Wayne Clement and FaxQom. (BSN) (Entered: 08/12/2014) |
|---|---|---|
| 08/06/2014 | 152 | RESPONSE re 146 Notice of filing supplemental authority filed by Buccaneers Limited Partnership. (Borucke, David) (Entered: 08/06/2014) |
| 08/04/2014 | 151 | ORDER taking under advisement 39 Motion to Certify Class. Signed by Magistrate Judge Anthony E. Porcelli on 8/1/2014. (JNB) (Entered: 08/04/2014) |
| 07/31/2014 | 150 | MOTION for protective order *Enjoining Plaintiffs from Scheduling Additional Depositions Without First Seeking Leave of the Court* by Buccaneers Limited Partnership. (Attachments: # 1 Exhibit A)(Borucke, David) (Entered: 07/31/2014) |
| 07/30/2014 | 149 | ENDORSED ORDER granting 147 Motion for Leave to File. Defendant may file a response to the argument contained in Plaintiffs' Supplemental Authority 146 within seven (7) days of the date of this Order not to exceed three (3) pages. Signed by Magistrate Judge Anthony E. Porcelli on 7/30/2014. (DNE) (Entered: 07/30/2014) |
| 07/21/2014 | 148 | RESPONSE to Motion re 147 MOTION for leave to file *Response to Plaintiffs' Notice of Supplemental Authority* filed by Cin−Q Automobiles, Inc., Medical &Chiropractic Clinic, Inc.. (Kelly, Ryan) (Entered: 07/21/2014) |
| 07/18/2014 | 147 | MOTION for leave to file *Response to Plaintiffs' Notice of Supplemental Authority* by Buccaneers Limited Partnership. (Borucke, David) (Entered: 07/18/2014) |
| 07/17/2014 | 146 | NOTICE of supplemental authority *In Support of Summary Judgment* by Cin−Q Automobiles, Inc., Medical &Chiropractic Clinic, Inc.. (Attachments: # 1 Exhibit A− Sarris FCC Amicus Brief)(Kelly, Ryan) (Entered: 07/17/2014) |
| 07/14/2014 | 145 | NOTICE of supplemental authority re 138 MOTION for summary judgment by Cin−Q Automobiles, Inc., Medical &Chiropractic Clinic, Inc.. (Attachments: # 1 Exhibit A − Am. Copper v. Lake City)(Kelly, Ryan) (Entered: 07/14/2014) |
| 06/17/2014 | 144 | MEMORANDUM in opposition re 129 Motion for summary judgment filed by Cin−Q Automobiles, Inc., Medical &Chiropractic Clinic, Inc.. (Attachments: # 1 Appendix)(Kelly, Ryan) (Entered: 06/17/2014) |
| 06/17/2014 | 143 | RESPONSE in Opposition re 138 MOTION for summary judgment filed by Buccaneers Limited Partnership. (Postman, Barry) (Entered: 06/17/2014) |
| 06/17/2014 | 142 | NOTICE of supplemental authority re 129 MOTION for summary judgment by Buccaneers Limited Partnership. (Postman, Barry) (Entered: 06/17/2014) |
| 06/09/2014 |     | Mail returned as Undeliverable no such number re: 140 Order on motion to appear pro hac vice. Mail NOT resent to Michael Wayne Clement and FaxQom. (BSN) (Entered: 06/09/2014) |
| 06/06/2014 | 141 | NOTICE of compliance re 140 Order on motion to appear pro hac vice *(electronic filing requirements)* by Cin−Q Automobiles, Inc., Medical &Chiropractic Clinic, Inc. (Hara, Glenn) (Entered: 06/06/2014) |
| 06/02/2014 |     | ***PRO HAC VICE FEES paid and Special Admission Attorney Certification Form filed by attorney Glenn L. Hara, appearing on behalf of Cin−Q Automobiles, Inc. (Filing fee $10 receipt number TPA23739.). (JNB) (Entered: 06/02/2014) |
| 05/30/2014 | 140 | ENDORSED ORDER granting 139 motion to appear pro hac vice. Attorney Glenn L. Hara may appear pro hac vice on behalf of Plaintiffs, with Attorney Michael C. Addison designated as local counsel pursuant to Local Rule 2.02(a). Within twenty−one (21) days of the date of this Order, counsel shall comply with the electronic filing requirements and file a notice of compliance with said requirements. Signed by Magistrate Judge Anthony E. Porcelli on 5/30/2014. (DNE) (Entered: 05/30/2014) |
| 05/29/2014 | 139 | Unopposed MOTION for Glenn L. Hara to appear pro hac vice by All Plaintiffs. (Addison, Michael) (Entered: 05/29/2014) |

| | | |
|---|---|---|
| 05/27/2014 | 138 | MOTION for summary judgment by Cin−Q Automobiles, Inc., Medical &Chiropractic Clinic, Inc.. (Attachments: #1 Appendix of Exhibits, #2 Exhibit A, #3 Exhibit B, #4 Exhibit C, #5 Exhibit D, #6 Exhibit E, #7 Exhibit F, #8 Exhibit G, #9 Exhibit H, #10 Exhibit I, #11 Exhibit J, #12 Exhibit K, #13 Exhibit L)(Kelly, Ryan) (Entered: 05/27/2014) |
| 05/27/2014 | 137 | NOTICE by Buccaneers Limited Partnership re 129 MOTION for summary judgment *of Filing of Deposition of Manual Alvare* (Postman, Barry) (Entered: 05/27/2014) |
| 05/27/2014 | 136 | NOTICE by Buccaneers Limited Partnership re 129 MOTION for summary judgment *of Filing of Deposition of Brian Sheekey* (Postman, Barry) (Entered: 05/27/2014) |
| 05/27/2014 | 135 | NOTICE by Buccaneers Limited Partnership re 129 MOTION for summary judgment *of Filing of Deposition of Karolyn Sheekey* (Postman, Barry) (Entered: 05/27/2014) |
| 05/27/2014 | 134 | NOTICE by Buccaneers Limited Partnership re 129 MOTION for summary judgment *of Filing of Deposition of Jonathan Nelson* (Postman, Barry) (Entered: 05/27/2014) |
| 05/27/2014 | 133 | NOTICE by Buccaneers Limited Partnership re 129 MOTION for summary judgment *of Filing of Deposition of Matthew Kaiser* (Attachments: #1 Kaiser Deposition Part II, #2 Kaiser Deposition Part III, #3 Exhibit Kaiser Exhibits 1−13, #4 Exhibit Kaiser Exhibit A Part 1, #5 Exhibit Kaiser Exhibit A Part 2, #6 Exhibit Kaiser Exhibit A Part 3, #7 Exhibit Kaiser Exhibit A Part 4, #8 Exhibit Kaiser Exhibit A Part 5)(Postman, Barry) (Entered: 05/27/2014) |
| 05/27/2014 | 132 | NOTICE by Buccaneers Limited Partnership re 129 MOTION for summary judgment *of Filing of Deposition of Michael Clement* (Attachments: #1 Clement Deposition Part II, #2 Exhibit Clement Exhibits 1−10, #3 Exhibit Clement Exhibits 11−18, #4 Exhibit Clement Exhibits 19−20, #5 Exhibit Clement Defendant's Exhibits 1−6, #6 Exhibit Clement Defendant's Exhibits 7−11)(Postman, Barry) (Entered: 05/27/2014) |
| 05/27/2014 | 131 | NOTICE by Buccaneers Limited Partnership (Postman, Barry) (Entered: 05/27/2014) |
| 05/27/2014 | 130 | APPENDIX *to Defendant's Motion for Final Summary Judgment* by Buccaneers Limited Partnership. (Postman, Barry) (Entered: 05/27/2014) |
| 05/27/2014 | 129 | MOTION for summary judgment by Buccaneers Limited Partnership. (Postman, Barry) (Entered: 05/27/2014) |
| 05/19/2014 | | Mail returned as Undeliverable NO SUCH NUMBER UNABLE TO FORWARD re: 128 Order on Motion for Extension of Time to File. Mail NOT resent to Michael Wayne Clement. (BSN) (Entered: 05/19/2014) |
| 05/05/2014 | 128 | ENDORSED ORDER granting 127 Motion for Extension of Time to File Motion to Strike Affirmative Defenses. Plaintiffs' Motion to Strike Affirmative Defenses shall be filed within twenty−one (21) days from the date of this Court's Order on Plaintiffs' and Defendant's motions for summary judgment on vicarious liability. Signed by Magistrate Judge Anthony E. Porcelli on 5/5/2014. (DNE) (Entered: 05/05/2014) |
| 05/02/2014 | | Mail returned as Undeliverable NO MAIL RECEPTACLE UNABLE TO FORWARD re: 121 Order on Motion for Leave to File Order on Motion to Quash Order on Motion for Miscellaneous Relief Order on motion to compel. Mail NOT resent to FaxQom and Michael Wayne Clement. (BSN) (Entered: 05/02/2014) |
| 05/01/2014 | | Mail returned as Undeliverable No Mail Receptacle Unable to Forward re: 126 Order on Motion for Miscellaneous Relief. Mail NOT resent to Michael Wayne Clement &FaxQom. (BSN) (Entered: 05/01/2014) |
| 04/30/2014 | 127 | STIPULATION *to Extend Time for Plaintiffs to File Motion to Strike Affirmative Defenses* by Cin−Q Automobiles, Inc., Medical &Chiropractic Clinic, Inc.. (Kelly, Ryan) Modified on 4/30/2014 (JNB). (Entered: 04/30/2014) |

| 04/23/2014 | 126 | ENDORSED ORDER denying as moot 117 Motion to Enjoin Plaintiffs' Counsel from Ex Parte Contact with Defendant's Former General Counsel. In light of the representations made by counsel at today's hearing, the motion is denied as moot. Signed by Magistrate Judge Anthony E. Porcelli on 4/23/2014. (DNE) (Entered: 04/23/2014) |
|---|---|---|
| 04/23/2014 | 125 | Minute Entry. Proceedings held before Magistrate Judge Anthony E. Porcelli: TELEPHONE CONFERENCE held on 4/23/2014. (digital) (LV) (Entered: 04/23/2014) |
| 04/22/2014 | | Mail returned as Undeliverable (NO SUCH NUMBER UNABLE TO FORWARD) re: 121 Order on Motion for Leave to File Order on Motion to QuashOrder on Motion for Miscellaneous RelieF Order on motion to compel. Mail RESENTto Michael Wayne Clement AND FaxQom. (BSN) (Entered: 04/22/2014) |
| 04/21/2014 | 124 | CASE MANAGEMENT REPORT. (Kelly, Ryan) (Entered: 04/21/2014) |
| 04/18/2014 | 123 | RESPONSE in Opposition re 117 MOTION for miscellaneous relief, specifically to Enjoin Plaintiffs' Counsel From Further Ex Parte Contact With Defendant's Former General Counsel and to Stay Litigation filed by Cin−Q Automobiles, Inc., Medical &Chiropractic Clinic, Inc.. (Attachments: # 1 Exhibit 1 − Ntc. Kaiser Dep., # 2 Exhibit 2 − BLP Intl Disclosures, # 3 Exhibit 3 − 3.24.14 Email, # 4 Exhibit 4 − Copy BLP 95, # 5 Exhibit 5 − Copy BLP 280, # 6 Exhibit 6 − Towzey Affidavit, # 7 Exhibit 7 − Good Affidavit)(Kelly, Ryan) (Entered: 04/18/2014) |
| 04/14/2014 | 122 | NOTICE of telephonic hearing: Telephone Conference set for 4/23/2014 at 02:00 PM in Tampa Courtroom 10A before Magistrate Judge Anthony E. Porcelli. The parties may appear telephonically at the hearing by calling toll−free number 1−888−684−8852 on the day of the hearing and entering access code 8895301 followed by security code 0423. (DNE) (Entered: 04/14/2014) |
| 04/08/2014 | 121 | ORDER granting 91 Motion for Leave to File; granting 92 Motion for Leave to File; denying 100 Motion to Quash; denying as moot 105 Motion for Leave to Take More than 10 Depositions; granting in part and denying in part 115 Motion to Compel Requests for Production; and granting oral motion to bifurcate discovery. Please see Order for further details. Signed by Magistrate Judge Anthony E. Porcelli on 4/8/2014. (DNE) (Entered: 04/08/2014) |
| 04/08/2014 | 120 | THIRD PARTY COMPLAINT *AND DEMAND FOR JURY TRIAL* against FaxQom, a corporation, Michael Wayne Clement filed by Buccaneers Limited Partnership. (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C)(Borucke, David) (Entered: 04/08/2014) |
| 04/08/2014 | 119 | AMENDED ANSWER to *Plaintiff's Second* 70 Amended Complaint by Buccaneers Limited Partnership. (Borucke, David) (Entered: 04/08/2014) |
| 04/07/2014 | 118 | Minute Entry. Proceedings held before Magistrate Judge Anthony E. Porcelli: MOTION HEARING held on 4/7/2014 re 91 MOTION for leave to file Amended Answer, Affirmative Defenses, and Demand for Jury Trial to Second Amended Class Action Complaint filed by Buccaneers Limited Partnership, 92 MOTION for leave to file Third Party Complaint filed by Buccaneers Limited Partnership, 100 MOTION to quash Plaintiffs' Non−Party Subpoenas and for Sanctions Including Attorneys Fees filed by Buccaneers Limited Partnership, 115 MOTION to Compel CIN−Q, INC. to Produce Documents in Response to Defendant's Second Request for Production of Documents filed by Buccaneers Limited Partnership, 105 MOTION for miscellaneous relief, specifically For Leave to Take More Than 10 Depositions filed by Cin−Q Automobiles, Inc., Medical &Chiropractic Clinic, Inc.. (digital) (LV) (Entered: 04/07/2014) |
| 04/04/2014 | 117 | MOTION for miscellaneous relief, specifically to Enjoin Plaintiffs' Counsel From Further Ex Parte Contact With Defendant's Former General Counsel and to Stay Litigation by Buccaneers Limited Partnership. (Attachments: # 1 Exhibit A, # 2 Exhibit B)(Borucke, David) (Entered: 04/04/2014) |
| 04/02/2014 | 116 | NOTICE of hearing on motion re 115 MOTION to Compel Cin−Q, Inc. to Produce Documents in Response to Defendant's Second Request for Production of Documents. Motion Hearing set for 4/7/2014 at 02:00 PM in Tampa Courtroom 10A before Magistrate Judge Anthony E. Porcelli. The motion shall be addressed |

| | | along with the other motions previously noticed for hearing on this date. Plaintiff may file a written response prior to the hearing, but if Plaintiff feels it needs the full time to adequately respond to the motion, the Court will reserve ruling on the motion until the deadline to respond has passed. (DNE) (Entered: 04/02/2014) |
|---|---|---|
| 04/02/2014 | 115 | MOTION to Compel CIN−Q, INC. to Produce Documents in Response to Defendant's Second Request for Production of Documents by Buccaneers Limited Partnership. (Attachments: # 1 Exhibit A, # 2 Exhibit B)(Borucke, David) (Entered: 04/02/2014) |
| 04/01/2014 | 114 | NOTICE of withdrawal of motion by Buccaneers Limited Partnership re 102 MOTION for protective order *and Incorporated Memorandum of Law* filed by Buccaneers Limited Partnership (Borucke, David) (Entered: 04/01/2014) |
| 04/01/2014 | 113 | NOTICE of compliance *with Requirement to Sign Up for CM/ECF* by Cin−Q Automobiles, Inc., Medical &Chiropractic Clinic, Inc. (Lang, George) (Entered: 04/01/2014) |
| 03/31/2014 | 112 | RESPONSE in Opposition re 105 MOTION for miscellaneous relief, specifically For Leave to Take More Than 10 Depositions filed by Buccaneers Limited Partnership. (Attachments: # 1 Exhibit A, # 2 Exhibit B−1, # 3 Exhibit B−2, # 4 Exhibit B−2−A, # 5 Exhibit B−3, # 6 Exhibit B−4, # 7 Exhibit B−5, # 8 Exhibit B−6, # 9 Exhibit C, # 10 Exhibit D)(Borucke, David) (Entered: 03/31/2014) |
| 03/31/2014 | 111 | NOTICE OF RESCHEDULING HEARING: The Motion Hearing hearing previously scheduled for April 8, 2014, is rescheduled. New scheduling date and time: Motion Hearing set for 4/7/2014 at 02:00 PM in Tampa Courtroom 10A before Magistrate Judge Anthony E. Porcelli. (DNE) (Entered: 03/31/2014) |
| 03/28/2014 | 110 | NOTICE OF RESCHEDULING HEARING: The Motion Hearing hearing previously scheduled for April 7, 2014, is rescheduled. New scheduling date and time: Motion Hearing set for 4/8/2014 at 10:30 AM in Tampa Courtroom 10A before Magistrate Judge Anthony E. Porcelli. (DNE) (Entered: 03/28/2014) |
| 03/28/2014 | 109 | ENDORSED ORDER Setting Hearing on Motions: 92 MOTION for leave to file Third Party Complaint; 105 MOTION for miscellaneous relief, specifically for Leave to Take More Than 10 Depositions; 102 MOTION for protective order *and Incorporated Memorandum of Law*; 91 MOTION for leave to file Amended Answer, Affirmative Defenses, and Demand for Jury Trial to Second Amended Class Action Complaint; 100 MOTION to quash Plaintiffs' Non−Party Subpoenas and for Sanctions Including Attorneys Fees. Motion Hearing set for 4/7/2014 at 10:30 AM in Tampa Courtroom 10A before Magistrate Judge Anthony E. Porcelli. Signed by Magistrate Judge Anthony E. Porcelli on 3/28/2014. (DNE) (Entered: 03/28/2014) |
| 03/27/2014 | | ***PRO HAC VICE FEES paid and Special Admission Attorney Certification Form filed by attorney George K. Lang, appearing on behalf of Cin−Q Automobiles, Inc. (Filing fee $10 receipt number TPA226010.). (JNB) (Entered: 03/27/2014) |
| 03/25/2014 | 108 | RESPONSE in Opposition re 100 MOTION to quash Plaintiffs' Non−Party Subpoenas and for Sanctions Including Attorneys Fees filed by Cin−Q Automobiles, Inc., Medical &Chiropractic Clinic, Inc.. (Attachments: # 1 Exhibit 1, # 2 Exhibit 2, # 3 Exhibit 3, # 4 Exhibit 4, # 5 Exhibit 5, # 6 Exhibit 6, # 7 Exhibit 7, # 8 Exhibit 8, # 9 Exhibit 9, # 10 Exhibit 10, # 11 Exhibit 11, # 12 Exhibit 12, # 13 Exhibit 13, # 14 Exhibit 14, # 15 Exhibit 15, # 16 Exhibit 16)(Kelly, Ryan) (Entered: 03/25/2014) |
| 03/25/2014 | 107 | ENDORSED ORDER granting 106 motion to appear pro hac vice. Attorney George K. Lang of Anderson and Wanca may appear pro hac vice on behalf of Plaintiffs, with Attorney Michael C. Addison designated as local counsel pursuant to Local Rule 2.02(a). Within twenty−one (21) days of the date of this Order, counsel shall comply with the electronic filing requirements and file a notice of compliance with said requirements. Signed by Magistrate Judge Anthony E. Porcelli on 3/25/2014. (DNE) (Entered: 03/25/2014) |

| 03/24/2014 | 106 | Unopposed MOTION for George K. Lang to appear pro hac vice by Cin−Q Automobiles, Inc., Medical &Chiropractic Clinic, Inc.. (Addison, Michael) (Entered: 03/24/2014) |
|---|---|---|
| 03/18/2014 | 105 | MOTION for miscellaneous relief, specifically For Leave to Take More Than 10 Depositions by Cin−Q Automobiles, Inc., Medical &Chiropractic Clinic, Inc.. (Attachments: #_1 Exhibit 1)(Kelly, Ryan) (Entered: 03/18/2014) |
| 03/14/2014 | 104 | RESPONSE in Opposition re 92 MOTION for leave to file Third Party Complaint *(Partial Opposition)(Corrected)* filed by Cin−Q Automobiles, Inc., Medical &Chiropractic Clinic, Inc.. (Attachments: #_1 Exhibit 1)(Kelly, Ryan) (Entered: 03/14/2014) |
| 03/14/2014 | 103 | RESPONSE in Opposition re 92 MOTION for leave to file Third Party Complaint *(Partial Opposition)* filed by Cin−Q Automobiles, Inc.. (Attachments: #_1 Exhibit 1)(Kelly, Ryan) (Entered: 03/14/2014) |
| 03/14/2014 | 102 | ***WITHDRAWN PER NOTICE OF WITHDRAWAL 114 ***MOTION for protective order *and Incorporated Memorandum of Law* by Buccaneers Limited Partnership. (Attachments: #_1 Exhibit A)(Borucke, David) Modified on 4/2/2014 (JNB). (Entered: 03/14/2014) |
| 03/14/2014 | 101 | NOTICE of Appearance by David C. Borucke on behalf of Buccaneers Limited Partnership (Borucke, David) (Entered: 03/14/2014) |
| 03/11/2014 | 100 | MOTION to quash Plaintiffs' Non−Party Subpoenas and for Sanctions Including Attorneys Fees by Buccaneers Limited Partnership. (Attachments: #_1 Exhibit A, #_2 Exhibit B, #_3 Exhibit C, #_4 Exhibit D, #_5 Exhibit E)(Sorel, Justin) (Entered: 03/11/2014) |
| 03/05/2014 | 99 | ENDORSED ORDER denying without prejudice 94 Motion for Protective Order and denying as moot 96 Motion for Leave to File. For the reasons stated at the hearing Kim Cinque's Motion for Protective Order and Objection 94 is denied without prejudice and Kim Cinque's Motion for Leave to File Reply in Support of Objection 96 is denied as moot. Signed by Magistrate Judge Anthony E. Porcelli on 3/5/2014. (DNE) (Entered: 03/05/2014) |
| 03/05/2014 | 98 | NOTICE of hearing: Telephone Conference set for 3/5/2014 at 03:00 PM in Tampa Courtroom 10A before Magistrate Judge Anthony E. Porcelli. The parties are directed to appear telephonically. The parties may appear telephonically by calling toll−free number 1−888−684−8852 and entering access code 8895301 followed by security code 0305 upon request. (DNE) (Entered: 03/05/2014) |
| 03/04/2014 | 97 | ORDER granting in part and denying in part 73 Motion to Compel Depositions. Please see Order for further details. Signed by Magistrate Judge Anthony E. Porcelli on 3/4/2014. (DNE) (Entered: 03/04/2014) |
| 03/04/2014 | 96 | MOTION for leave to file File Reply Brief by Kim Cinque. (Attachments: #_1 Exhibit A through D)(Addison, Michael) (Entered: 03/04/2014) |
| 03/04/2014 | 95 | RESPONSE to Motion re 94 MOTION for protective order *as to Notice of Video Deposition Duces Tecum of Kim Cinque and Failure to Comply with Local Rule 3.01(G)* filed by Buccaneers Limited Partnership. (Attachments: #_1 Exhibit A)(Sorel, Justin) (Entered: 03/04/2014) |
| 03/03/2014 | 94 | MOTION for protective order *as to Notice of Video Deposition Duces Tecum of Kim Cinque* by Cin−Q Automobiles, Inc.. (Attachments: #_1 Exhibit A − Notice of Deposition)(Addison, Michael) (Entered: 03/03/2014) |
| 03/03/2014 | 93 | Minute Entry. Proceedings held before Magistrate Judge Anthony E. Porcelli: MOTION HEARING held on 3/3/2014 re 73 MOTION to Compel Deposition Testimony of Michael C. Addison, Ryan M. Kelly, Brian J. Wanca filed by Buccaneers Limited Partnership. (digital) (LV) (Entered: 03/03/2014) |
| 02/28/2014 | 92 | MOTION for leave to file Third Party Complaint by Buccaneers Limited Partnership. (Attachments: #_1 Exhibit A)(Sorel, Justin) (Entered: 02/28/2014) |
| 02/28/2014 | 91 | MOTION for leave to file Amended Answer, Affirmative Defenses, and Demand for Jury Trial to Second Amended Class Action Complaint by Buccaneers Limited |

| | | Partnership. (Attachments: # 1 Exhibit A)(Sorel, Justin) (Entered: 02/28/2014) |
|---|---|---|
| 02/17/2014 | 90 | CASE MANAGEMENT AND SCHEDULING ORDER: The parties shall adhere to the following deadlines: Joinder of Parties due by 2/28/2014, Discovery due by 6/16/2014, Plaintiff disclosure of expert report due by 4/14/2014, and Defendant disclosure of expert report due by 5/14/2014. The parties' motions for summary judgment as to liability are due on or before July 16, 2014. Please see Order for further details. Signed by Magistrate Judge Anthony E. Porcelli on 2/17/2014. (DNE) (Entered: 02/17/2014) |
| 02/11/2014 | 89 | NOTICE of telephonic hearing on motion 73 MOTION to Compel Deposition Testimony of Michael C. Addison, Ryan M. Kelly, Brian J. Wanca. Motion Hearing set for 3/3/2014 at 10:30 AM in Tampa Courtroom 10A before Magistrate Judge Anthony E. Porcelli. The parties may appear telephonically at the hearing by calling toll−free number 1−888−684−8852 on the day of the hearing and entering access code 8895301 followed by security code 0303 upon request. (DNE) (Entered: 02/11/2014) |
| 02/11/2014 | 88 | ENDORSED ORDER granting 87 Motion to Withdraw. The law firm of Hill Ward &Henderson P.A. terminated as counsel for Defendant and hereby relieved from further obligations in this case. Signed by Magistrate Judge Anthony E. Porcelli on 2/11/2014. (DNE) (Entered: 02/11/2014) |
| 02/10/2014 | 87 | Unopposed MOTION to Withdraw *of law firm of Hill Ward &Henderson as Counsel of Record For Defendant* by Buccaneers Limited Partnership. (Criser, Mark) (Entered: 02/10/2014) |
| 02/05/2014 | | ***PRO HAC VICE FEES paid by attorney David Cohen, appearing on behalf of Buccaneers Limited Partnership (Filing fee $10 receipt number TPA21700.). (JNB) (Entered: 02/05/2014) |
| 01/31/2014 | 86 | ENDORSED ORDER re 79 Order on motion to appear pro hac vice. The Clerk is directed to waive the requirements of Local Rule 2.02 for Attorney David Cohen. Signed by Magistrate Judge Anthony E. Porcelli on 1/31/2014. (DNE) (Entered: 01/31/2014) |
| 01/30/2014 | 85 | NOTICE of compliance re 76 Order on motion to appear pro hac vice *with Requirement to Sign Up for CM/ECF* by Cin−Q Automobiles, Inc. (Good, Ross) (Entered: 01/30/2014) |
| 01/24/2014 | 84 | MEMORANDUM in opposition re 73 Motion to Compel filed by Cin−Q Automobiles, Inc.. (Kelly, Ryan) (Entered: 01/24/2014) |
| 01/21/2014 | 83 | LETTER ROGATORY to the Judicial Authorities in Ontario, Canada, requesting international judicial assistance to obtain deposition testimony and other evidence from James Fleming. (DNE) (Entered: 01/21/2014) |
| 01/21/2014 | 82 | LETTER ROGATORY to the Judicial Authorities in Ontario, Canada, requesting international judicial assistance to obtain deposition testimony and other evidence from JCFDATA, Inc. (DNE) (Entered: 01/21/2014) |
| 01/21/2014 | 81 | LETTER ROGATORY to the Judicial Authorities in Ontario, Canada, requesting international judicial assistance to obtain deposition testimony and other evidence from Stefani Pelowich. (DNE) (Entered: 01/21/2014) |
| 01/21/2014 | 80 | ENDORSED ORDER granting 69 Motion for Issuance of Letters Rogatory. Signed by Magistrate Judge Anthony E. Porcelli on 1/21/2014. (DNE) (Entered: 01/21/2014) |
| 01/21/2014 | 79 | ENDORSED ORDER granting 77 motion to appear pro hac vice. Attorney David Cohen may appear pro hac vice on behalf of Defendant, with Attorney Justin C. Sorel designated as local counsel pursuant to Rule 2.02(a). Signed by Magistrate Judge Anthony E. Porcelli on 1/21/2014. (DNE) (Entered: 01/21/2014) |
| 01/21/2014 | | ***PRO HAC VICE FEES paid and Special Admission Attorney Certification Form filed by attorney Ross M. Good, appearing on behalf of Cin−Q Automobiles, Inc. (Filing fee $10 receipt number TPA21402.). (JNB) (Entered: 01/21/2014) |

| 01/17/2014 | 78 | CASE MANAGEMENT REPORT. (Addison, Michael) (Entered: 01/17/2014) |
| 01/17/2014 | 77 | Unopposed MOTION for David Cohen to appear pro hac vice by Buccaneers Limited Partnership. (Sorel, Justin) (Entered: 01/17/2014) |
| 01/16/2014 | 76 | ENDORSED ORDER granting 74 motion to appear pro hac vice. Attorney Ross M. Good may appear pro hac vice on behalf of Plaintiffs, with Attorney Michael C. Addison designated as local counsel pursuant to Local Rule 2.02(a). Within twenty–one (21) days of the date of this Order, counsel shall comply with the electronic filing requirements and file a notice of compliance with said requirements. Signed by Magistrate Judge Anthony E. Porcelli on 1/16/2014. (DNE) (Entered: 01/16/2014) |
| 01/16/2014 | 75 | ENDORSED ORDER granting 72 Motion to extend time. The parties shall have until February 28, 2014, to file third–party claims or motions to join parties. Signed by Magistrate Judge Anthony E. Porcelli on 1/16/2014. (DNE) (Entered: 01/16/2014) |
| 01/14/2014 | 74 | Unopposed MOTION for Ross M. Good to appear pro hac vice by Cin–Q Automobiles, Inc., Medical &Chiropractic Clinic, Inc.. (Addison, Michael) (JNB). NOTE: SPECIAL ADMISSION FORM REMOVED; NOT TO BE MADE PART OF THE RECORD; COUNSEL NOTIFIED TO SUBMIT SPECIAL ADMISSION FORM WITH ORIGINAL SIGNATURE AND SPECIAL ADMISSION FEE TO INTAKE***Modified on 1/15/2014 (JNB). (Entered: 01/14/2014) |
| 01/10/2014 | 73 | MOTION to Compel Deposition Testimony of Michael C. Addison, Ryan M. Kelly, Brian J. Wanca by Buccaneers Limited Partnership. (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C, # 4 Exhibit D)(Sorel, Justin) (Entered: 01/10/2014) |
| 01/10/2014 | 72 | Unopposed MOTION to extend time to File Motions for Leave to File Third Party Claims and/or Motions to Join Parties Pursuant to the Case Management Report by Buccaneers Limited Partnership. (Sorel, Justin) (Entered: 01/10/2014) |
| 01/06/2014 | 71 | ANSWER and affirmative defenses with Jury Demand to 70 Amended Complaint by Buccaneers Limited Partnership.(Sorel, Justin) (Entered: 01/06/2014) |
| 01/03/2014 | 70 | SECOND AMENDED COMPLAINT against Buccaneers Limited Partnership, John Does 1–10 filed by Cin–Q Automobiles, Inc., Medical &Chiropractic Clinic, Inc.. Related document: 1 Complaint filed by Cin–Q Automobiles, Inc., 7 Amended Complaint filed by Cin–Q Automobiles, Inc..(JNB) (Entered: 01/06/2014) |
| 01/03/2014 | 69 | MOTION for Issuance of Letters Rogatory by Cin–Q Automobiles, Inc.. (Attachments: # 1 Exhibit A – Ltr. Rogatory Pelowich, # 2 Exhibit B – Ltr. Rogatory Fleming, # 3 Exhibit C – Ltr. Rogatory JCFDATA)(Wanca, Brian) (Entered: 01/03/2014) |
| 01/03/2014 | 68 | ORDER granting 37 Motion for Leave to File Second Amended Complaint; denying as moot 8 Amended Motion for Class Certification; denying as moot 29 Motion for Leave to File a Reply in Support of Amended Motion for Class Certification; denying as moot 45 Motion for Leave to File a Reply in Support of Second Amended Motion for Class Certification; denying as moot 46 Motion for Leave to File Reply in Support of Motion for Leave to File Second Amended Complaint; granting in part and denying in part 63 Motion to Bifurcate. The Clerk is directed to file the proposed "Second Amended Complaint" attached as Exhibit 1 to Plaintiff and Proposed Intervenor's Motion for Leave to File Second Amended Complaint and to Intervene. Please see Order for further details. Signed by Magistrate Judge Anthony E. Porcelli on 1/3/2014. (DNE) (Entered: 01/03/2014) |
| 12/20/2013 | 67 | Minute Entry. Proceedings held before Magistrate Judge Anthony E. Porcelli: MOTION HEARING held on 12/20/2013 re 63 MOTION to Bifurcate *the Vicarious Liability and Class Certification Issues* filed by Buccaneers Limited Partnership. (digital) (LV) (Entered: 12/20/2013) |
| 12/18/2013 | 66 | MEMORANDUM in opposition re 63 Motion to Bifurcate filed by Cin–Q Automobiles, Inc.. (Attachments: # 1 Exhibit A – Dec. 17, 2010 order, # 2 Exhibit B – Def. Answers Interrogs, # 3 Exhibit C – Def. Resp. RTP, # 4 Exhibit D – FCC |

| | | |
|---|---|---|
| | | Ruling − Dish Network)(Kelly, Ryan) (Entered: 12/18/2013) |
| 12/17/2013 | 65 | NOTICE of hearing: re: 64 Order on Motion for Protective Order. Telephone Conference set for 12/20/2013 at 11:30 AM in Tampa Courtroom 10A before Magistrate Judge Anthony E. Porcelli. The parties may appear telephonically at the hearing by calling toll−free number 1−888−684−8852 on the day of the hearing and entering access code 8895301 followed by security code 1220 upon request. (DNE) (Entered: 12/17/2013) |
| 12/17/2013 | 64 | ORDER granting 62 Motion for Protective Order. Please see Order for further details. Signed by Magistrate Judge Anthony E. Porcelli on 12/17/2013. (DNE) (Entered: 12/17/2013) |
| 12/13/2013 | 63 | MOTION to Bifurcate *the Vicarious Liability and Class Certification Issues* by Buccaneers Limited Partnership. (Attachments: # 1 Exhibit A, # 2 Exhibit B)(Sorel, Justin) (Entered: 12/13/2013) |
| 12/13/2013 | 62 | Amended MOTION for protective order by Buccaneers Limited Partnership. (Sorel, Justin) (Entered: 12/13/2013) |
| 12/13/2013 | 61 | TERMED REFILED AMENDED DOCUMENT 62 PER CHAMBERS MOTION for protective order by Buccaneers Limited Partnership. (Sorel, Justin) Modified on 12/16/2013 (BSN). (Entered: 12/13/2013) |
| 12/13/2013 | 60 | NOTICE of compliance re 57 Order on motion to appear pro hac vice *with Requirement to Sign Up for CM/ECF* by Cin−Q Automobiles, Inc. (Solberg, Wallace) (Entered: 12/13/2013) |
| 12/13/2013 | 59 | NOTICE of compliance re 56 Order on motion to appear pro hac vice *with Requirement to Sign up for CM/ECF* by Cin−Q Automobiles, Inc. (Wanca, Brian) (Entered: 12/13/2013) |
| 12/04/2013 | 58 | Minute Entry. Proceedings held before Magistrate Judge Anthony E. Porcelli: STATUS CONFERENCE held on 12/2/2013. (DIGITAL) (DNE) (Entered: 12/04/2013) |
| 12/02/2013 | | ***PRO HAC VICE FEES paid and Special Admission Attorney Certification Form filed by attorney Brian J. Wanca, appearing on behalf of Cin−Q Automobiles, Inc. (Filing fee $10 receipt number TPA20684.). (JNB) (Entered: 12/02/2013) |
| 11/26/2013 | 57 | ENDORSED ORDER granting 47 motion to appear pro hac vice. Attorney Wallace C. Solberg may appear pro hac vice on behalf of Plaintiff, with Attorney Michael C. Addison designated as local counsel pursuant to Local Rule 2.02(a). Within twenty−one (21) days of the date of this Order, counsel shall comply with the electronic filing requirements and file a notice of compliance with said requirements. Signed by Magistrate Judge Anthony E. Porcelli on 11/26/2013. (DNE) (Entered: 11/26/2013) |
| 11/21/2013 | 56 | ENDORSED ORDER granting 54 motion to appear pro hac vice. Attorney Brian J. Wanca may appear pro hac vice on behalf of Plaintiff, with Attorney Michael C. Addison designated as local counsel pursuant to Local Rule 2.02(a). Within twenty−one (21) days of the date of this Order, counsel shall comply with the electronic filing requirements and file a notice of compliance with said requirements. Signed by Magistrate Judge Anthony E. Porcelli on 11/21/2013. (DNE) (Entered: 11/21/2013) |
| 11/21/2013 | 55 | NOTICE OF RESCHEDULING HEARING: The Status Conference hearing previously scheduled for December 3, 2013, is rescheduled. New scheduling date and time: Status Conference set for December 2, 2013, at 02:00 PM in Tampa Courtroom 10 A before Magistrate Judge Anthony E. Porcelli. (DNE) (Entered: 11/21/2013) |
| 11/20/2013 | 54 | Unopposed MOTION for Brian J. Wanca to appear pro hac vice by Cin−Q Automobiles, Inc.. (Addison, Michael) (Entered: 11/20/2013) |
| 11/20/2013 | 53 | TERMED PER CHAMBERS, REFILED CORRECTLY AT 54 .Unopposed MOTION for Brian J. Wanca to appear pro hac vice by Cin−Q Automobiles, Inc.. |

| | | |
|---|---|---|
| | | (Addison, Michael) Modified on 11/20/2013 (BSN). (Entered: 11/20/2013) |
| 11/18/2013 | 52 | NOTICE of hearing: re: 51 Order setting status conference. Status Conference set for 12/3/2013 at 10:00 AM in Tampa Courtroom 10 A before Magistrate Judge Anthony E. Porcelli. (DNE) (Entered: 11/18/2013) |
| 11/18/2013 | 51 | ENDORSED ORDER setting status conference. Status Conference set for 12/3/2013 at 10:00 AM in Tampa Courtroom 10 A before Magistrate Judge Anthony E. Porcelli. Signed by Magistrate Judge Anthony E. Porcelli on 11/18/2013. (DNE) (Entered: 11/18/2013) |
| 11/13/2013 | 50 | MEMORANDUM in opposition re 46 Motion for Leave to file document *Plaintiff and Intervenors Motion for Leave to File Reply in Support of Motion for Leave to File Second Amended Complaint and to Intervene* filed by Buccaneers Limited Partnership. (Sorel, Justin) (Entered: 11/13/2013) |
| 11/13/2013 | 49 | MEMORANDUM in opposition re 45 Motion for Leave to file document *Plaintiff's Reply in Support of Second Amended Motion for Class Certification* filed by Buccaneers Limited Partnership. (Sorel, Justin) (Entered: 11/13/2013) |
| 11/05/2013 | 48 | *Defendant's* ANSWER and affirmative defenses with Jury Demand to 7 Amended Complaint by Buccaneers Limited Partnership.(Sorel, Justin) (Entered: 11/05/2013) |
| 11/04/2013 | | ***PRO HAC VICE FEES paid and Special Admission Attorney Certification Form filed by attorney Wallac C. Solberg, appearing on behalf of Cin−Q Automobiles, Inc. (Filing fee $10 receipt number TPA20218.). (JNB) (Entered: 11/04/2013) |
| 10/31/2013 | 47 | MOTION for Wallace C. Solberg to appear pro hac vice by Cin−Q Automobiles, Inc.. (Addison, Michael) (Entered: 10/31/2013) |
| 10/31/2013 | 46 | MOTION for leave to file Reply in Support of Motion for Leave to File Second Amended Complaint and to Intervene by Cin−Q Automobiles, Inc.. (Addison, Michael) (Entered: 10/31/2013) |
| 10/31/2013 | 45 | MOTION for leave to file a Reply in Support of Second Amended Motion for Class Certification by Cin−Q Automobiles, Inc.. (Addison, Michael) (Entered: 10/31/2013) |
| 10/25/2013 | 44 | MEMORANDUM in opposition re 39 Motion to Certify Class filed by Buccaneers Limited Partnership. (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C, # 4 Exhibit D, # 5 Exhibit E, # 6 Exhibit F, # 7 Exhibit G, # 8 Exhibit H, # 9 Exhibit I)(Sorel, Justin) (Entered: 10/25/2013) |
| 10/25/2013 | 43 | MEMORANDUM in opposition re 37 Motion for Leave to file document *Second Amended Complaint and to Intervene* filed by Buccaneers Limited Partnership. (Attachments: # 1 Exhibit A, # 2 Exhibit B)(Sorel, Justin) (Entered: 10/25/2013) |
| 10/23/2013 | 42 | ORDER granting in part and denying in part 30 Motion for Attorney Fees. Please see Order for further details. Signed by Magistrate Judge Anthony E. Porcelli on 10/23/2013. (DNE) (Entered: 10/23/2013) |
| 10/23/2013 | 41 | ORDER denying 17 motion to dismiss. Please see Order for further details. Signed by Magistrate Judge Anthony E. Porcelli on 10/23/2013. (DNE) (Entered: 10/23/2013) |
| 10/16/2013 | 40 | ENDORSED ORDER granting 36 Motion for Extension of Time to Complete Discovery. Defendant shall have until October 25, 2013, to respond to Plaintiff's First Request for Admissions, and until November 11, 2013, to respond to Plaintiff's First Request for Production and First Set of Interrogatories. Signed by Magistrate Judge Anthony E. Porcelli on 10/16/2013. (DNE) (Entered: 10/16/2013) |
| 10/11/2013 | 39 | Second MOTION to Certify Class by Cin−Q Automobiles, Inc.. (Addison, Michael) (Entered: 10/11/2013) |
| 10/11/2013 | 38 | MEMORANDUM in support re 37 Motion for Leave to file document *(Second Amended Complaint)* filed by Cin−Q Automobiles, Inc.. (Addison, Michael) (Entered: 10/11/2013) |

| 10/11/2013 | 37 | MOTION for leave to file Second Amended Complaint by All Plaintiffs. (Addison, Michael) (Entered: 10/11/2013) |
|---|---|---|
| 10/11/2013 | 36 | Unopposed MOTION for Extension of Time to Complete Discovery *Plaintiff's First Set of Interrogatories, First Request for Production and First Requests for Admissions* by Buccaneers Limited Partnership. (Attachments: # 1 Text of Proposed Order)(Sorel, Justin) (Entered: 10/11/2013) |
| 10/04/2013 | 35 | ENDORSED ORDER granting 34 Motion for Extension of Time to Complete Discovery. Defendant shall have until October 11, 2013, to respond to Plaintiff's First Request for Admissions, and until October 18, 2013, to respond to Plaintiff's First Request for Production and First Set of Interrogatories. Signed by Magistrate Judge Anthony E. Porcelli on 10/4/2013. (DNE) (Entered: 10/04/2013) |
| 09/25/2013 | 34 | Unopposed MOTION for Extension of Time to Complete Discovery *Plaintiff's First Request for Production, First Set of Interrogatories and First Request for Admissions* by Buccaneers Limited Partnership. (Sorel, Justin) (Entered: 09/25/2013) |
| 09/12/2013 | 33 | MEMORANDUM in opposition re 30 Motion for Attorney Fees filed by Cin−Q Automobiles, Inc.. (Attachments: # 1 Exhibit A through E)(Addison, Michael) (Entered: 09/12/2013) |
| 09/12/2013 | 32 | ***TERMINATED; WRONG DOCUMENT ATTACHED; COUNSEL REFILED CORRECT MEMORANDUM; SEE 33 *** MEMORANDUM in opposition re 30 Motion for Attorney Fees filed by Cin−Q Automobiles, Inc.. (Attachments: # 1 Exhibit A through E)(Addison, Michael) Modified on 9/13/2013 (JNB). (Entered: 09/12/2013) |
| 09/06/2013 | 31 | MEMORANDUM in opposition re 29 Motion for Leave to file document filed by Buccaneers Limited Partnership. (Attachments: # 1 Exhibit A)(Sorel, Justin) (Entered: 09/06/2013) |
| 09/06/2013 | 30 | MOTION for attorneys fees and costs pursuant to Rule 41(d) and stay pending payment of fees *and Memorandum of Law* by Buccaneers Limited Partnership. (Attachments: # 1 Exhibit A, # 2 Exhibit B)(Sorel, Justin) Modified event and text on 9/9/2013 (JNB). (Entered: 09/06/2013) |
| 09/03/2013 | 29 | MOTION for leave to file Reply Brief *in Support of Amended Motion for Class Certification* by Cin−Q Automobiles, Inc.. (Addison, Michael) (Entered: 09/03/2013) |
| 08/29/2013 | 28 | ORDER approving consent to jurisdiction by US Magistrate Judge. Case reassigned to Magistrate Judge Anthony E. Porcelli. Signed by Judge Elizabeth A. Kovachevich on 8/29/2013. (AG) (Entered: 08/29/2013) |
| 08/28/2013 | 27 | CONSENT to trial by U.S. Magistrate Judge by Cin−Q Automobiles, Inc.. (Addison, Michael) (Entered: 08/28/2013) |
| 08/28/2013 | 26 | CASE MANAGEMENT REPORT. (Addison, Michael) (Entered: 08/28/2013) |
| 08/26/2013 | 25 | MEMORANDUM in opposition re 8 Motion to Certify Class filed by Buccaneers Limited Partnership. (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C, # 4 Exhibit D−1, # 5 Exhibit D−2 (con't), # 6 Exhibit E, # 7 Exhibit F)(Sorel, Justin) (Entered: 08/26/2013) |
| 08/23/2013 | 24 | NOTICE of pendency of related cases re 6 Notice of designation of track, 10 Notice (Other) per Local Rule 1.04(d) by Buccaneers Limited Partnership. Related case(s): yes (Sorel, Justin) (Entered: 08/23/2013) |
| 08/20/2013 | 23 | NOTICE of Appearance by Barry A. Postman on behalf of Buccaneers Limited Partnership (Postman, Barry) (Entered: 08/20/2013) |
| 08/20/2013 | 22 | ENDORSED ORDER granting 21 Motion for Leave to File a response to motion to certify class for one week. Signed by Judge Elizabeth A. Kovachevich on 8/20/2013. (SN) (Entered: 08/20/2013) |
| 08/19/2013 | 21 | Unopposed MOTION for leave to file Response *out of time* by Buccaneers Limited Partnership. (Criser, Mark) (Entered: 08/19/2013) |

| 08/16/2013 | 20 | NOTICE of Appearance by Justin C. Sorel on behalf of Buccaneers Limited Partnership (Sorel, Justin) (Entered: 08/16/2013) |
|---|---|---|
| 08/15/2013 | 19 | ENDORSED ORDER finding as moot 5 Motion to Certify Class; finding as moot 5 Motion for Hearing. Signed by Judge Elizabeth A. Kovachevich on 8/15/2013. (SN) (Entered: 08/15/2013) |
| 07/30/2013 | 18 | RESPONSE in Opposition re 17 MOTION to Dismiss Amended Class Action Complaint filed by Cin−Q Automobiles, Inc.. (Attachments: # 1 Exhibit 1)(Addison, Michael) (Entered: 07/30/2013) |
| 07/16/2013 | 17 | MOTION to Dismiss Amended Class Action Complaint by Buccaneers Limited Partnership. (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C, # 4 Exhibit D)(Criser, Mark) (Entered: 07/16/2013) |
| 07/12/2013 | 16 | ENDORSED ORDER granting 15 Motion for Extension of Time to File Response up to and including 7/16/13. Signed by Judge Elizabeth A. Kovachevich on 7/12/2013. (SN) (Entered: 07/12/2013) |
| 07/11/2013 | 15 | MOTION for Extension of Time to File Response/Reply as to 8 Amended MOTION to Certify Class , 7 Amended Complaint by Buccaneers Limited Partnership. (Criser, Mark) Motions referred to Magistrate Judge Anthony E. Porcelli. (Entered: 07/11/2013) |
| 07/11/2013 | 14 | ENDORSED ORDER denying 9 Motion for Hearing. Signed by Judge Elizabeth A. Kovachevich on 7/11/2013. (SN) (Entered: 07/11/2013) |
| 07/10/2013 | 13 | CORPORATE Disclosure Statement by Buccaneers Limited Partnership. (Criser, Mark) (Entered: 07/10/2013) |
| 07/10/2013 | 12 | STIPULATION re 8 Amended MOTION to Certify Class , 7 Amended Complaint by Buccaneers Limited Partnership. (Criser, Mark) (Entered: 07/10/2013) |
| 06/27/2013 | 11 | RETURN of service executed on 06/25/2013 by Cin−Q Automobiles, Inc. as to Buccaneers Limited Partnership. (Addison, Michael) (Entered: 06/27/2013) |
| 06/25/2013 | 10 | NOTICE by Cin−Q Automobiles, Inc. re 6 Notice of designation of track (Addison, Michael) (Entered: 06/25/2013) |
| 06/25/2013 | 9 | Amended MOTION for Hearing re 8 Amended MOTION to Certify Class (Request for Status Conference) by Cin−Q Automobiles, Inc.. (Addison, Michael) (Entered: 06/25/2013) |
| 06/25/2013 | 8 | Amended MOTION to Certify Class by Cin−Q Automobiles, Inc.. (Addison, Michael) (Entered: 06/25/2013) |
| 06/25/2013 | 7 | AMENDED COMPLAINT against Buccaneers Limited Partnership, John Does 1−10 filed by Cin−Q Automobiles, Inc..(Addison, Michael) (Entered: 06/25/2013) |
| 06/24/2013 | 6 | NOTICE of designation under Local Rule 3.05 − Track 3 (CLM) (Entered: 06/24/2013) |
| 06/19/2013 | 5 | MOTION to Certify Class , MOTION for Hearing (Request for Status Conference) by Cin−Q Automobiles, Inc.. (Addison, Michael) (Entered: 06/19/2013) |
| 06/19/2013 | 4 | NOTICE of Appearance by Ryan M. Kelly on behalf of Cin−Q Automobiles, Inc. (Kelly, Ryan) (Entered: 06/19/2013) |
| 06/19/2013 | 3 | STANDING ORDER: Filing of documents that exceed twenty−five pages. Signed by Judge Elizabeth A. Kovachevich. (RVB) (Entered: 06/19/2013) |
| 06/18/2013 | 2 | SUMMONS issued as to Buccaneers Limited Partnership. (RVB) (Entered: 06/19/2013) |
| 06/18/2013 | 1 | COMPLAINT against Buccaneers Limited Partnership, John Does 1−10 filed by Cin−Q Automobiles, Inc. (Filing fee $ 400 receipt number TPA−17949) (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Civil Cover Sheet)(RVB) (Entered: 06/19/2013) |

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

# CLERK'S MINUTES

| CASE NO.: | 8:13-cv-1592 AEP | DATE: | 4/20/16 |
|---|---|---|---|
| **HONORABLE ANTHONY E. PORCELLI** | | | |
| **CINQ AUTOMOBILES** <br> **Plaintiff,** <br> **v.** <br><br> **BUCCANEERS LIMITED PARTNERSHIP** <br> **Defendant** | | **PLAINTIFF'S  COUNSEL** <br> Michael Addison and Ryan Kelly | |
| | | **DEFENSE COUNSEL** <br> Kathleen Lally and David Cohen, Mark Mester attys for Defendant Buccaneers Limited Partnership | |
| **COURT REPORTER:** DIGITAL | | **DEPUTY CLERK:** | Lynne Vito |
| **TIME:** 2:06 to 2:28  **TOTAL:**     min | | **COURTROOM:** | 10A |

**PROCEEDINGS:** MOTION HEARING

Defendant's motion that is filed underseal at #208 on the docket.

Motion at #213 is granted and filed underseal.

Court ordered motion at document #208 denied without prejudice.

Court to extend the response to the class certification motion to June 13.

**EXHIBIT 4**

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

CIN-Q AUTOMOBILES, INC., and
MEDICAL & CHIROPRACTIC CLINIC,
INC., Florida corporations, individually
and as the representatives of a class of
similarly-situated persons,

      Plaintiffs,

v.                                  Case No. 8:13-cv-1592-17AEP

BUCCANEERS LIMITED
PARTNERSHIP and JOHN DOES 1-10,

      Defendants.                /

## MEDIATOR'S NOTICE OF IMPASSE

      Wayne R. Andersen, the undersigned mediator, advises this Court that he

conducted a mediation conference on August 31, 2015, which was attended by counsel

for the Plaintiffs and the Defendant.

      The mediation conference resulted in an impasse.

                        Wayne R. Andersen
                        JAMS
                        71 S. Wacker Dr., Suite 3090
                        Chicago, IL  60606
                        (312) 655-0555   FAX (312) 655-0644
                        Email:  wandersen@jamsadr.com

                        /s/Wayne R. Andersen
                        Wayne R. Andersen
                        Mediator

**EXHIBIT 5**

# CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on May 2, 2016, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system which will send a notice of electronic filing to the persons listed below.

/s/Ryan M. Kelly
Ryan M. Kelly

Justin C. Sorel, Esq.
Barry A. Postman, Esq.
David C. Borucke, Esq.
Cole, Scott & Kissane, P.A.
1645 Palm Beach Lakes Blvd., 2nd Floor
West Palm Beach, FL 33401
(561) 383-9229   FAX (561) 683-8977
Attorneys for Buccaneers
Email:  justin.sorel@csklegal.com;
patricia.nuccilli@csklegal.com;
barry.postman@csklegal.com;
david.borucke@csklegal.com

Ryan M. Kelly, Esq.
Brian J. Wanca, Esq.
Ross M. Good, Esq.
Anderson + Wanca
3701 Algonquin Rd., Suite 500
Rolling Meadows, IL  60008
(847) 368-1500    FAX (847) 368-1501
Attorneys for Plaintiffs

Mark S. Mester, Esq.
Kathleen P. Lally, Esq.
Latham & Watkins, LLP
330 N. Wabash Ave, Suite 2800
Chicago, IL  60611
(312) 876-7623
Email:  mark.mester@lw.com;
kathleen.lally@lw.com

David S. Cohen, Esq.
Tampa Bay Buccaneers
dcohen@buccaneers.nfl.com

Michael C. Addison, Esq.
Addison & Howard, P.A.
400 N. Tampa St., Suite 1100
Tampa, FL  33602-4714
(813) 223-2000   FAX (813) 228-6000
Attorneys for Plaintiffs

2

# BOCK, HATCH, LEWIS & OPPENHEIM, LLC

134 N. La Salle St., Ste. 1000
Chicago, IL 60602
312-658-5501 (phone) 312-658-5555 (fax)

P.O. Box 416474
Miami Beach, FL 33141
305-239-8726 (phone or fax)

Michele Williams
Dr. Gregory L. Williams
5346 8th St.
Zephyrhills, FL 33542

May 5, 2016

**Re:   Our law firm can help you stop fax advertisements**

Dear Michele Williams:

Are you tired of receiving fax advertisements? They tie up your phone lines and equipment, and waste your time, paper, and toner. Federal laws regulate fax advertising to protect you and your business. They are not limited to vacation offers, business loan offers, or other "junk" faxes, but apply equally to all faxes "advertising the commercial availability or quality of any property, goods, or services." 47 U.S. Code § 227 (a) (5). Companies you've done business with in the past might be sending you illegal faxes, fax ads you've agreed to receive are sometimes illegal, and the laws protect not only your traditional, standalone fax machine but also your computerized fax program.

We can help. Our law firm has spent more than 13 years fighting fax ads and winning compensation for our clients. Federal law provides a *minimum* $500 recovery for each unlawful fax and the judge can increase that amount up to $1,500. (The same relief is available for claims about text messages to your cell phone and robocalls to your home.) Our office pursues these claims through the class action process for you and all others that received the advertiser's faxes. If you are the "class representative" in a successful class action, we would ask the judge to award you additional money as compensation for stepping forward and assisting us on behalf of the other class members/fax recipients.

How do we move forward? Send us the faxes you receive and we will investigate them and recommend a course of action. (Fax them to 312-658-5555, e-mail to help@faxlawyers.com, or "Upload Documents" at www.faxlawyers.com.) Legal claims about fax ads are viable for 4 years, so that pile of faxes in your office is worth our time reviewing. Let us know and we will send you a postage-prepaid label so you can forward them to us at our expense. We get paid only if your case is settled or won in court and we are paid only from the funds we recover. We will not bill you and you will not pay us out of pocket. Our written retainer agreement will explain this and our respective responsibilities should we both agree to create an attorney-client relationship.

We look forward to hearing from you.

Sincerely,

Phillip A. Bock

| For a no-cost consultation, write your information and fax to 312-658-5555 or e-mail to phil@faxlawyers.com: |
| --- |
| Contact person: _____ |
| Phone number: _____  E-mail address: _____ |

| # | Fax | Cnt |
|---|---|---|
| 92,983 | 813-881-1783 | 3 |
| 92,984 | 813-881-1804 | 3 |
| 92,985 | 813-881-1811 | 1 |
| 92,986 | 813-881-1829 | 3 |
| 92,987 | 813-881-1831 | 3 |
| 92,988 | 813-881-1848 | 2 |
| 92,989 | 813-881-1853 | 2 |
| 92,990 | 813-881-1884 | 3 |
| 92,991 | 813-881-1896 | 3 |
| 92,992 | 813-881-1939 | 1 |
| 92,993 | 813-881-1983 | 1 |
| 92,994 | 813-881-1999 | 3 |
| 92,995 | 813-881-2088 | 3 |
| 92,996 | 813-881-2221 | 3 |
| 92,997 | 813-881-2234 | 2 |
| 92,998 | 813-881-2249 | 1 |
| 92,999 | 813-881-2263 | 1 |
| 93,000 | 813-881-2392 | 2 |
| 93,001 | 813-881-2470 | 1 |
| 93,002 | 813-881-2831 | 2 |
| 93,003 | 813-881-2842 | 1 |
| 93,004 | 813-881-2901 | 2 |
| 93,005 | 813-881-8036 | 1 |
| 93,006 | 813-881-8086 | 2 |
| 93,007 | 813-881-8323 | 3 |
| 93,008 | 813-881-8564 | 1 |
| 93,009 | 813-881-8690 | 2 |
| 93,010 | 813-881-9066 | 3 |
| 93,011 | 813-881-9091 | 3 |
| 93,012 | 813-881-9099 | 1 |
| 93,013 | 813-881-9133 | 3 |
| 93,014 | 813-881-9404 | 3 |
| 93,015 | 813-881-9447 | 2 |
| 93,016 | 813-881-9492 | 3 |
| 93,017 | 813-881-9494 | 2 |
| 93,018 | 813-881-9500 | 1 |
| 93,019 | 813-881-9538 | 1 |
| 93,020 | 813-881-9551 | 2 |
| 93,021 | 813-881-9560 | 3 |
| 93,022 | 813-881-9599 | 2 |
| 93,023 | 813-881-9624 | 3 |
| 93,024 | 813-881-9634 | 2 |
| 93,025 | 813-881-9643 | 2 |
| 93,026 | 813-881-9664 | 3 |
| 93,027 | 813-881-9684 | 3 |
| 93,028 | 813-881-9710 | 3 |
| 93,029 | 813-881-9727 | 3 |
| 93,030 | 813-881-9737 | 3 |
| 93,031 | 813-881-9743 | 1 |
| 93,032 | 813-881-9777 | 2 |
| 93,033 | 813-881-9851 | 3 |
| 93,034 | 813-881-9898 | 2 |
| 93,035 | 813-882-0011 | 3 |
| 93,036 | 813-882-0022 | 2 |
| 93,037 | 813-882-0033 | 2 |
| 93,038 | 813-882-0102 | 3 |
| 93,039 | 813-882-0111 | 3 |
| 93,040 | 813-882-0120 | 3 |
| 93,041 | 813-882-0130 | 2 |
| 93,042 | 813-882-0201 | 3 |
| 93,043 | 813-882-0249 | 2 |
| 93,044 | 813-882-0264 | 3 |
| 93,045 | 813-882-0291 | 3 |
| 93,046 | 813-882-0325 | 3 |
| 93,047 | 813-882-0330 | 3 |
| 93,048 | 813-882-0346 | 1 |
| 93,049 | 813-882-0375 | 2 |
| 93,050 | 813-882-0381 | 2 |
| 93,051 | 813-882-0390 | 3 |
| 93,052 | 813-882-0483 | 3 |
| 93,053 | 813-882-0496 | 1 |
| 93,054 | 813-882-0516 | 3 |
| 93,055 | 813-882-0559 | 1 |
| 93,056 | 813-882-0586 | 3 |
| 93,057 | 813-882-0589 | 2 |
| 93,058 | 813-882-0606 | 3 |
| 93,059 | 813-882-0636 | 3 |
| 93,060 | 813-882-0650 | 3 |
| 93,061 | 813-882-0663 | 3 |
| 93,062 | 813-882-0667 | 3 |
| 93,063 | 813-882-0674 | 2 |
| 93,064 | 813-882-0712 | 1 |
| 93,065 | 813-882-0775 | 3 |
| 93,066 | 813-882-0794 | 3 |
| 93,067 | 813-882-0818 | 1 |
| 93,068 | 813-882-0830 | 1 |
| 93,069 | 813-882-0837 | 3 |
| 93,070 | 813-882-0839 | 1 |
| 93,071 | 813-882-0904 | 2 |
| 93,072 | 813-882-0944 | 3 |
| 93,073 | 813-882-1227 | 1 |
| 93,074 | 813-882-1252 | 2 |
| 93,075 | 813-882-1564 | 3 |
| 93,076 | 813-882-1639 | 3 |
| 93,077 | 813-882-1657 | 2 |
| 93,078 | 813-882-1660 | 2 |
| 93,079 | 813-882-1981 | 2 |
| 93,080 | 813-882-2530 | 3 |
| 93,081 | 813-882-2682 | 3 |
| 93,082 | 813-882-2875 | 3 |
| 93,083 | 813-882-3055 | 3 |
| 93,084 | 813-882-3056 | 2 |
| 93,085 | 813-882-3075 | 2 |
| 93,086 | 813-882-3143 | 3 |
| 93,087 | 813-882-3167 | 3 |
| 93,088 | 813-882-3172 | 3 |
| 93,089 | 813-882-3192 | 2 |
| 93,090 | 813-882-3194 | 3 |
| 93,091 | 813-882-3209 | 2 |
| 93,092 | 813-882-3220 | 2 |
| 93,093 | 813-882-3243 | 2 |
| 93,094 | 813-882-3252 | 3 |
| 93,095 | 813-882-3271 | 2 |
| 93,096 | 813-882-3316 | 3 |
| 93,097 | 813-882-3364 | 3 |
| 93,098 | 813-882-3388 | 3 |
| 93,099 | 813-882-3392 | 3 |
| 93,100 | 813-882-3413 | 2 |
| 93,101 | 813-882-3417 | 3 |
| 93,102 | 813-882-3448 | 2 |
| 93,103 | 813-882-3455 | 1 |
| 93,104 | 813-882-3464 | 2 |
| 93,105 | 813-882-3484 | 2 |
| 93,106 | 813-882-3534 | 2 |
| 93,107 | 813-882-3562 | 2 |
| 93,108 | 813-882-3613 | 3 |
| 93,109 | 813-882-3641 | 2 |
| 93,110 | 813-882-3648 | 3 |
| 93,111 | 813-882-3649 | 3 |
| 93,112 | 813-882-3670 | 2 |
| 93,113 | 813-882-3683 | 2 |
| 93,114 | 813-882-3689 | 3 |
| 93,115 | 813-882-3702 | 3 |
| 93,116 | 813-882-3703 | 2 |
| 93,117 | 813-882-3770 | 2 |
| 93,118 | 813-882-3799 | 3 |
| 93,119 | 813-882-3836 | 3 |
| 93,120 | 813-882-3842 | 3 |
| 93,121 | 813-882-3858 | 2 |
| 93,122 | 813-882-3866 | 2 |
| 93,123 | 813-882-3912 | 2 |
| 93,124 | 813-882-4027 | 1 |
| 93,125 | 813-882-4146 | 3 |
| 93,126 | 813-882-4176 | 2 |
| 93,127 | 813-882-4228 | 3 |
| 93,128 | 813-882-4260 | 3 |
| 93,129 | 813-882-4292 | 3 |
| 93,130 | 813-882-4294 | 3 |
| 93,131 | 813-882-4338 | 2 |
| 93,132 | 813-882-4342 | 3 |
| 93,133 | 813-882-4360 | 3 |
| 93,134 | 813-882-4384 | 3 |
| 93,135 | 813-882-4408 | 3 |
| 93,136 | 813-882-4441 | 2 |
| 93,137 | 813-882-4447 | 2 |
| 93,138 | 813-882-4457 | 3 |
| 93,139 | 813-882-4487 | 3 |
| 93,140 | 813-882-4488 | 2 |
| 93,141 | 813-882-4518 | 2 |
| 93,142 | 813-882-4554 | 3 |
| 93,143 | 813-882-4569 | 1 |
| 93,144 | 813-882-4572 | 3 |
| 93,145 | 813-882-4577 | 3 |
| 93,146 | 813-882-4605 | 3 |
| 93,147 | 813-882-4661 | 3 |
| 93,148 | 813-882-4699 | 3 |
| 93,149 | 813-882-4742 | 3 |
| 93,150 | 813-882-4774 | 3 |
| 93,151 | 813-882-4812 | 3 |
| 93,152 | 813-882-4820 | 2 |
| 93,153 | 813-882-4841 | 3 |
| 93,154 | 813-882-4882 | 3 |
| 93,155 | 813-882-4883 | 3 |
| 93,156 | 813-882-4896 | 2 |
| 93,157 | 813-882-4908 | 2 |
| 93,158 | 813-882-4925 | 3 |
| 93,159 | 813-882-4934 | 3 |
| 93,160 | 813-882-4952 | 3 |
| 93,161 | 813-882-4968 | 2 |
| 93,162 | 813-882-4978 | 2 |
| 93,163 | 813-882-5035 | 2 |
| 93,164 | 813-882-5157 | 2 |
| 93,165 | 813-882-5163 | 2 |
| 93,166 | 813-882-5166 | 1 |
| 93,167 | 813-882-5167 | 2 |
| 93,168 | 813-882-5572 | 2 |
| 93,169 | 813-882-6460 | 3 |
| 93,170 | 813-882-6535 | 2 |
| 93,171 | 813-882-7107 | 3 |
| 93,172 | 813-882-7110 | 3 |
| 93,173 | 813-882-7114 | 2 |
| 93,174 | 813-882-7127 | 2 |
| 93,175 | 813-882-7139 | 3 |
| 93,176 | 813-882-7161 | 2 |
| 93,177 | 813-882-7163 | 3 |
| 93,178 | 813-882-7171 | 2 |
| 93,179 | 813-882-7175 | 3 |
| 93,180 | 813-882-7180 | 3 |
| 93,181 | 813-882-7183 | 3 |
| 93,182 | 813-882-7193 | 2 |
| 93,183 | 813-882-7198 | 2 |
| 93,184 | 813-882-7497 | 2 |
| 93,185 | 813-882-7498 | 3 |
| 93,186 | 813-882-7499 | 3 |
| 93,187 | 813-882-7616 | 2 |
| 93,188 | 813-882-7773 | 3 |
| 93,189 | 813-882-7783 | 3 |
| 93,190 | 813-882-7795 | 2 |
| 93,191 | 813-882-7814 | 3 |
| 93,192 | 813-882-7820 | 2 |
| 93,193 | 813-882-7826 | 3 |
| 93,194 | 813-882-7859 | 2 |
| 93,195 | 813-882-7870 | 2 |
| 93,196 | 813-882-7921 | 3 |
| 93,197 | 813-882-8012 | 2 |
| 93,198 | 813-882-8065 | 1 |
| 93,199 | 813-882-8098 | 3 |
| 93,200 | 813-882-8102 | 1 |
| 93,201 | 813-882-8108 | 1 |
| 93,202 | 813-882-8128 | 3 |
| 93,203 | 813-882-8149 | 2 |
| 93,204 | 813-882-8219 | 2 |
| 93,205 | 813-882-8266 | 3 |
| 93,206 | 813-882-8319 | 3 |
| 93,207 | 813-882-8327 | 2 |
| 93,208 | 813-882-8396 | 2 |
| 93,209 | 813-882-8408 | 2 |
| 93,210 | 813-882-8413 | 3 |
| 93,211 | 813-882-8464 | 1 |
| 93,212 | 813-882-8503 | 3 |
| 93,213 | 813-882-8580 | 1 |
| 93,214 | 813-882-8606 | 2 |
| 93,215 | 813-882-8631 | 3 |
| 93,216 | 813-882-8636 | 2 |
| 93,217 | 813-882-8674 | 2 |
| 93,218 | 813-882-8696 | 3 |
| 93,219 | 813-882-8815 | 2 |
| 93,220 | 813-882-8861 | 2 |
| 93,221 | 813-882-8874 | 2 |
| 93,222 | 813-882-8915 | 2 |
| 93,223 | 813-882-9039 | 3 |
| 93,224 | 813-882-9042 | 3 |
| 93,225 | 813-882-9091 | 3 |
| 93,226 | 813-882-9143 | 2 |
| 93,227 | 813-882-9149 | 3 |
| 93,228 | 813-882-9181 | 3 |
| 93,229 | 813-882-9186 | 1 |
| 93,230 | 813-882-9231 | 3 |
| 93,231 | 813-882-9253 | 2 |
| 93,232 | 813-882-9254 | 3 |
| 93,233 | 813-882-9268 | 2 |
| 93,234 | 813-882-9274 | 1 |
| 93,235 | 813-882-9307 | 2 |
| 93,236 | 813-882-9441 | 1 |
| 93,237 | 813-882-9454 | 2 |
| 93,238 | 813-882-9460 | 3 |
| 93,239 | 813-882-9498 | 2 |
| 93,240 | 813-882-9501 | 1 |
| 93,241 | 813-882-9508 | 3 |
| 93,242 | 813-882-9571 | 1 |
| 93,243 | 813-882-9589 | 3 |
| 93,244 | 813-882-9592 | 3 |
| 93,245 | 813-882-9617 | 3 |
| 93,246 | 813-882-9626 | 3 |
| 93,247 | 813-882-9696 | 3 |
| 93,248 | 813-882-9754 | 3 |
| 93,249 | 813-882-9778 | 3 |
| 93,250 | 813-882-9810 | 2 |
| 93,251 | 813-882-9833 | 3 |
| 93,252 | 813-882-9849 | 2 |
| 93,253 | 813-882-9890 | 2 |
| 93,254 | 813-882-9907 | 3 |
| 93,255 | 813-882-9908 | 3 |
| 93,256 | 813-882-9939 | 2 |
| 93,257 | 813-882-9961 | 1 |
| 93,258 | 813-883-3142 | 3 |
| 93,259 | 813-883-3500 | 3 |
| 93,260 | 813-883-3501 | 2 |
| 93,261 | 813-883-3505 | 3 |
| 93,262 | 813-883-3521 | 2 |
| 93,263 | 813-883-3567 | 1 |
| 93,264 | 813-883-3571 | 3 |
| 93,265 | 813-883-3581 | 2 |
| 93,266 | 813-883-3598 | 2 |
| 93,267 | 813-883-8891 | 2 |
| 93,268 | 813-884-0001 | 2 |
| 93,269 | 813-884-0035 | 3 |
| 93,270 | 813-884-0042 | 3 |
| 93,271 | 813-884-0045 | 3 |
| 93,272 | 813-884-0080 | 3 |
| 93,273 | 813-884-0122 | 3 |
| 93,274 | 813-884-0126 | 2 |
| 93,275 | 813-884-0207 | 2 |
| 93,276 | 813-884-0210 | 2 |
| 93,277 | 813-884-0260 | 3 |
| 93,278 | 813-884-0263 | 1 |
| 93,279 | 813-884-0304 | 3 |
| 93,280 | 813-884-0326 | 3 |
| 93,281 | 813-884-0463 | 2 |
| 93,282 | 813-884-0550 | 3 |
| 93,283 | 813-884-0634 | 3 |
| 93,284 | 813-884-0646 | 2 |
| 93,285 | 813-884-0663 | 3 |
| 93,286 | 813-884-0683 | 3 |
| 93,287 | 813-884-0700 | 3 |
| 93,288 | 813-884-0702 | 3 |
| 93,289 | 813-884-0774 | 3 |
| 93,290 | 813-884-0777 | 3 |
| 93,291 | 813-884-0803 | 2 |
| 93,292 | 813-884-0807 | 2 |
| 93,293 | 813-884-0820 | 2 |
| 93,294 | 813-884-0823 | 3 |
| 93,295 | 813-884-0911 | 2 |
| 93,296 | 813-884-0967 | 1 |
| 93,297 | 813-884-0981 | 3 |
| 93,298 | 813-884-1012 | 2 |
| 93,299 | 813-884-1013 | 3 |
| 93,300 | 813-884-1139 | 2 |
| 93,301 | 813-884-1305 | 2 |
| 93,302 | 813-884-1320 | 3 |
| 93,303 | 813-884-1368 | 3 |
| 93,304 | 813-884-1398 | 3 |
| 93,305 | 813-884-1400 | 3 |
| 93,306 | 813-884-1465 | 3 |
| 93,307 | 813-884-1492 | 2 |
| 93,308 | 813-884-1501 | 3 |
| 93,309 | 813-884-1515 | 3 |
| 93,310 | 813-884-1528 | 3 |
| 93,311 | 813-884-1552 | 3 |
| 93,312 | 813-884-1553 | 2 |
| 93,313 | 813-884-1581 | 3 |
| 93,314 | 813-884-1599 | 3 |
| 93,315 | 813-884-1609 | 3 |
| 93,316 | 813-884-1634 | 3 |
| 93,317 | 813-884-1660 | 1 |
| 93,318 | 813-884-1798 | 2 |
| 93,319 | 813-884-1824 | 3 |
| 93,320 | 813-884-1829 | 3 |
| 93,321 | 813-884-1854 | 3 |
| 93,322 | 813-884-1873 | 3 |
| 93,323 | 813-884-1876 | 3 |
| 93,324 | 813-884-1905 | 3 |
| 93,325 | 813-884-1937 | 1 |
| 93,326 | 813-884-1954 | 1 |
| 93,327 | 813-884-1970 | 3 |
| 93,328 | 813-884-2004 | 1 |
| 93,329 | 813-884-2026 | 2 |
| 93,330 | 813-884-2058 | 2 |
| 93,331 | 813-884-2082 | 2 |
| 93,332 | 813-884-2094 | 2 |
| 93,333 | 813-884-2098 | 2 |
| 93,334 | 813-884-2103 | 3 |
| 93,335 | 813-884-2222 | 3 |
| 93,336 | 813-884-2390 | 2 |
| 93,337 | 813-884-2468 | 2 |
| 93,338 | 813-884-2511 | 3 |
| 93,339 | 813-884-2517 | 3 |
| 93,340 | 813-884-2554 | 3 |
| 93,341 | 813-884-2585 | 1 |
| 93,342 | 813-884-2594 | 1 |
| 93,343 | 813-884-2644 | 2 |
| 93,344 | 813-884-2673 | 3 |
| 93,345 | 813-884-2714 | 1 |
| 93,346 | 813-884-2739 | 2 |
| 93,347 | 813-884-2745 | 3 |
| 93,348 | 813-884-2764 | 2 |
| 93,349 | 813-884-2766 | 1 |
| 93,350 | 813-884-2867 | 3 |
| 93,351 | 813-884-2882 | 3 |
| 93,352 | 813-884-2900 | 3 |
| 93,353 | 813-884-2922 | 3 |
| 93,354 | 813-884-2933 | 2 |

IN THE CIRCUIT COURT OF THE
13TH JUDICIAL CIRCUIT IN AND FOR
HILLSBOROUGH COUNTY, FLORIDA

GENERAL JURISDICTION DIVISION

TECHNOLOGY TRAINING ASSOCIATES,   )
INC., a Florida Corporation, individually and as   )
the representative of a class of similarly-situated   )
persons,   )
   )
                  Plaintiff,   )
   )  Case No.
           v.   )
   )  CLASS REPRESENTATION
BUCCANEERS LIMITED PARTNERSHIP, a   )
Foreign Limited Partnership and JOHN DOES 1-   )
12,   )
   )
             Defendants.   )

## CLASS ACTION COMPLAINT

Plaintiff, Technology Training Associates, Inc. ("Plaintiff"), brings this action on behalf of itself and all other persons similarly situated and, except for those allegations pertaining to Plaintiff or its attorneys, which are based upon personal knowledge, alleges the following upon information and belief against defendants Buccaneers Limited Partnership (the "Buccaneers") and John Does 1-12 (collectively "Defendants"):

## PRELIMINARY STATEMENT

1.     Defendants have sent advertisements by facsimile in violation of the Telephone Consumer Protection Act, 47 U.S.C. § 227, and the regulations the Federal Communications Commission ("FCC") has prescribed thereunder, 47 C.F.R. § 64.1200 (collectively, the "TCPA").

2.     Defendants sent Plaintiff at least three advertisements by facsimile and in violation of the TCPA. <u>Group Exhibit A</u>.

**EXHIBIT 8**

3.      Plaintiff brings this action on behalf of itself and a class of all similarly-situated persons, and against Defendants, seeking statutory damages for each violation of the TCPA, trebling of the statutory damages, injunctive relief, compensation and attorney fees (under the conversion count), and all other relief the Court deems appropriate under the circumstances.

4.      Unsolicited faxes cause damage to their recipients. A junk fax recipient loses the use of its fax machine, paper, and ink toner. Unsolicited faxes tie up the telephone lines, prevent fax machines from receiving authorized faxes, prevent their use for authorized outgoing faxes, cause undue wear and tear on the recipients' fax machines, and require additional labor to attempt to discern the source and purpose of the unsolicited message. Moreover, a junk fax interrupts the recipient's privacy. An unsolicited fax wastes the recipient's valuable time that would have been spent on something else.

### PARTIES

5.      Plaintiff is a Florida corporation with its principal place of business in Hillsborough County, Florida.

6.      Buccaneers Limited Partnership ("Buccaneers") is a Foreign Limited Partnership, with its principal place of business in Tampa, Florida.

7.      John Doe Defendants 1-12 are persons yet unknown to Plaintiff that actively participated in the transmission of fax advertisements to the class, or benefitted from those transmissions. The John Doe Defendants will be identified through discovery.

### JURISDICTION, AND VENUE

8.      The Court has jurisdiction over this action pursuant to 47 U.S.C. § 227 and Florida Statutes § 26.012, because this class action seeks recovery under federal law of damages in excess of $15,000, exclusive of interests and costs, and Defendants have transacted business in

Florida and committed tortious acts related to the matters complained of herein.

## FACTS

9.      The Buccaneers operate and own a professional team within the National Football League and it has been headquartered where the team plays in Tampa, Florida since 1976.

10.     On information and belief, Defendants sent Plaintiff at least three unsolicited advertisements by facsimile in 2009 or 2010.

11.     Defendants sent thousands of these fax advertisements to Plaintiff and the other class members through assistance from FaxQom, USA Datalink, DMI Marketing, 127 High Street, Rocket Messaging, or other intermediaries.

12.     Plaintiff and the other class members did not expressly invite or give prior permission to anyone to send the advertisement contained within Group Exhibit A to their fax machines.

13.     Plaintiff and the other class members owe no obligation to protect their fax machines from Defendants. Their fax machines are ready to send and receive their urgent and business communications, not to receive Defendants' unlawful advertisements.

## CLASS ACTION ALLEGATIONS

14.     In accordance with Fla. R. Civ. P. 1.220, Plaintiff brings this action as a class action on behalf of itself and all others similarly situated as members of a class, initially defined as follows:

> All persons who, from July 1, 2009, to present, were sent one or more facsimile advertisements offering group or individual game tickets for Tampa Bay Buccaneer games, but not stating on the first page that the fax recipient may make a request to the sender not to send any future ads and that failure to comply, within 30 days, with such a request is unlawful.

Plaintiff expressly reserves the right to modify or amend the proposed class definition or propose subclasses.

15.     Excluded from the class are Defendants, any entity in which Defendants have a controlling interest, each of Defendants' officers, directors, legal representatives, heirs, successors, and assigns, and any Judge assigned to this action, including his or her immediate family.

16.     On information and belief, Defendants' fax advertising campaigns involved other, substantially-similar advertisements also sent without the opt-out notice required by the TCPA. Plaintiff intends to locate those advertisements in discovery.

17.     This action is brought and may properly be maintained as a class action pursuant to Fla. R. Civ. P. 1.220. This action satisfies Rule 1.220 (a)'s numerosity, commonality, typicality and adequacy requirements. Additionally, this action is also superior and appropriate to other potential methods for fair and efficient adjudication under Rule 1.220 (b) (3).

18.     **Numerosity and impracticality of joinder – Rule 1.220 (a) (1).** On information and belief, the class consists of thousands of persons and as such, the members of the class are so numerous that individual joinder of each member is impracticable.

19.     **Commonality – Rule 1.220 (a) (2).** There are questions of fact or law common to the class, which predominate questions affecting only individual members, including without limitation:

a.     Whether Defendants sent advertisements by facsimile promoting the commercial availability or quality of property, goods, or services;

b.     Whether Group Exhibit A, or other yet-to-be-discovered facsimiles, advertised the commercial availability or quality of either Defendants' property, goods or services;

c.     The manner and method Defendants used to compile or obtain the lists of

4

fax numbers to which they sent the faxes contained in <u>Group Exhibit A</u> and possibly other fax advertisements;

   d.  Whether the opt-out notices on Defendants' fax advertisements violated the TCPA;

   e.  Whether Defendants are primarily liable for violating the provisions of 47 U.S.C. Sec. 227 and regulations prescribed thereunder (the "TCPA);

   f.  Whether Plaintiff and the other class members are entitled to statutory damages;

   g.  If the Court finds that Defendants willfully or knowingly violated the TCPA, whether the Court should exercise its discretion to increase the amount of the statutory damages award to an amount equal to not more than 3 times the amount; and

   h.  Whether the Court should enjoin Defendants from faxing advertisements in the future; and

20.  **<u>Typicality – Rule 1.220 (a) (3)</u>.** Plaintiff's claims are typical of the claims of the other class members, because Plaintiff and all class members were injured by the same wrongful practices. Plaintiff and the members of the class received Defendants' advertisements by facsimile and those advertisements did not contain the opt-out notice required by the TCPA. Under the facts of this case, because the focus is upon Defendants' conduct, if Plaintiff prevails on its claims, then the putative class members will prevail as well.

21.  **<u>Adequacy of representation – Rule 1.220 (a) (4).</u>** Plaintiff is an adequate representative of the class because its interests do not conflict with the interests of the class it seeks to represent. Plaintiff has retained counsel competent and experienced in complex class action litigation, and TCPA litigation in particular, and Plaintiff intends to vigorously prosecute

5

this action. Plaintiff and its counsel will fairly and adequately protect the interest of members of the class.

22.     **Prosecution of separate claims would yield inconsistent results -- Rule 1.220 (b) (3).** Even though the questions of fact and law in this action are predominantly common to Plaintiff and the putative class members, separate adjudication of each class member's claims would yield inconsistent and varying adjudications. Such inconsistent rulings would create incompatible standards for Defendants to operate under if/when class members bring additional lawsuits concerning the same unsolicited fax advertisements of if Defendants choose to advertise by fax again in the future.

23.     **A class action is the superior method of adjudicating the common questions of law or fact that predominate over individual questions – Rule 1.220 (b) (3).** A class action is superior to other available methods for the fair and efficient adjudication of this lawsuit, because individual litigation of the claims of all class members is economically unfeasible and procedurally impracticable. The likelihood of individual class members prosecuting separate claims is remote, and even if every class member could afford individual litigation, the court system would be unduly burdened by individual litigation of such cases. Plaintiff knows of no difficulty to be encountered in the management of this action that would preclude its maintenance as a class action. Relief concerning Plaintiff's rights under the laws herein alleged and with respect to the class would be proper. Plaintiff envisions no difficulty in the management of this action as a class action.

## COUNT I
## TELEPHONE CONSUMER PROTECTION ACT, 47 U.S.C. § 227

24.     Plaintiff incorporates the preceding paragraphs as though fully set forth herein.

25.     Plaintiff brings Count I on behalf of itself and a class of similarly situated persons

against Defendants.

26.     The TCPA prohibits the "use of any telephone facsimile machine, computer or other device to send an unsolicited advertisement to a telephone facsimile machine…." 47 U.S.C. § 227 (b) (1).

27.     The TCPA defines "unsolicited advertisement," as "any material advertising the commercial availability or quality of any property, goods, or services which is transmitted to any person without that person's express invitation or permission." 47 U.S.C. § 227 (a) (4).

28.     The TCPA provides a private right of action as follows:

> 3.     <u>Private right of action</u>. A person may, if otherwise permitted by the laws or rules of court of a state, bring in an appropriate court of that state:
>
> > (A)     An action based on a violation of this subsection or the regulations prescribed under this subsection to enjoin such violation,
> >
> > (B)     An action to recover for actual monetary loss from such a violation, or to receive $500 in damages for each such violation, whichever is greater, or
> >
> > (C)     Both such actions.

47 U.S.C. § 227 (b) (3).

29.     The Court, in its discretion, may treble the statutory damages if a violation was knowing or willful. 47 U.S.C. § 227 (b) (3).

30.     Here, Defendants violated 47 U.S.C. § 227 (b) (1) (C) by sending advertisements by facsimile (such as <u>Group Exhibit A</u>) to Plaintiff and the other class members without first obtaining their prior express invitation or permission or without the required opt-out notice.

31.     The TCPA also requires that every advertisement sent by facsimile must include an opt-out notice clearly and conspicuously displayed on the bottom of its first page. 47 C.F.R. §

64.1200 (a) (4).

32.     Defendants violated the TCPA by failing to state on the first page of each fax advertisement that their failure to comply with an opt-out request within 30 days would be unlawful. *E.g.,* Group Exhibit A.

33.     Facsimile advertising imposes burdens on recipients that are distinct from the burdens imposed by other types of advertising. The required opt-out notice provides recipients the necessary information to opt-out of future fax transmissions, including a notice that the sender's failure to comply with the opt-out request will be unlawful. 47 C.F.R. § 64.1200 (a) (4).

34.     Defendants' failure to include a compliant opt-out notice on their fax advertisements makes irrelevant any express consent or established business relationship ("EBR") that otherwise might have justified Defendants' fax advertising campaigns. 47 C.F.R. § 64.1200 (a) (4).

35.     The TCPA is a strict liability statute and Defendants are liable to Plaintiff and the other class members even if their actions were negligent. 47 U.S.C. § 227 (b) (3).

36.     Even if Defendants did not intend to injure Plaintiff and the other class members, did not intend to violate their privacy, and did not intend to waste their valuable time with Defendants' advertisements, those facts are irrelevant because the TCPA is a strict liability statute.

37.     If Defendants' actions were knowing or purposeful, then the Court has the discretion to increase the statutory damages up to 3 times the amount. 47 U.S.C. § 227 (b) (3).

38.     Each Defendant is liable for the fax advertisements at issue because it sent the faxes, caused the faxes to be sent, participated in the activity giving rise to or constituting the violation, the faxes were sent on its behalf, or under general principles of vicarious liability,

8

including actual authority, apparent authority and ratification.

39.     Defendants knew or should have known that Plaintiff and the other class members had not given express invitation or permission for Defendants or anybody else to fax advertisements about Defendants' goods, products, or services, that Plaintiff and the other class members did not have an established business relationship with Defendants, that <u>Group Exhibit A</u> faxes are advertisements, and that <u>Group Exhibit A</u> faxes did not display compliant opt-out notices as required by the TCPA.

40.     Defendants' actions damaged Plaintiff and the other class members. Receiving Defendants' junk faxes caused the recipients to lose paper and toner consumed in the printing of Defendants' faxes. Moreover, the subject faxes used Plaintiff's and the class's fax machines. The subject faxes cost Plaintiff time, as Plaintiff and its employees wasted their time receiving, reviewing and routing Defendants' illegal faxes. That time otherwise would have been spent on Plaintiff's business activities. Defendants' faxes unlawfully interrupted Plaintiff and the other class members' privacy interests in being left alone. Finally, the injury and property damage sustained by Plaintiff and the other class members from the sending of unlawful fax advertisements occurred outside Defendants' premises.

WHEREFORE, Plaintiff, individually and on behalf of all others similarly situated, demands judgment in its favor and against Defendants, jointly and severally as follows:

A.      That the Court adjudge and decree that the present case may be properly maintained as a class action, appoint Plaintiff as the representative of the class, and appoint Plaintiff's counsel as counsel for the class;

B.      That the Court award $500.00 in statutory damages for each violation of the TCPA or the FCC's regulations;

C.      That, if it finds Defendants willfully or knowingly violated the TCPA's faxing prohibitions or the FCC's regulations prescribed thereunder, the Court exercise its discretion to increase the amount of the statutory damages award to an amount equal to not more than 3 times the amount.

D.      That the Court enter an injunction prohibiting Defendants from engaging in the statutory violations at issue in this action; and

E.      That the Court award costs and such further relief as the Court may deem just and proper.

Respectfully submitted,

TECHNOLOGY TRAINING ASSOCIATES, INC
a Florida Corporation, individually and as the
representative of a class of similarly-situated
persons

By: /s/ Phillip A. Bock

Phillip A. Bock
Bock & Hatch, LLC
134 N. La Salle St,, Ste. 1000
Chicago, IL 60602
Telephone: 312-658-5500
Facsimile: 312-658-5555

10

# EXHIBIT A



# INDIVIDUAL GAME TICKETS ON SALE NOW!

 **MIAMI**             **August 27**      **8:00pm**

 **HOUSTON**          **September 4**     **7:00pm**

 **DALLAS**           **September 13**    **1:00pm**

 **N.Y. GIANTS**      **September 27**    **1:00pm**

 **CAROLINA**         **October 18**      **1:00pm**

 **GREEN BAY**        **November 8**      **1:00pm**

 **NEW ORLEANS**      **November 22**     **1:00pm**

 **N.Y. JETS**        **December 13**     **1:00pm**

 **ATLANTA**          **January 3**       **1:00pm**

All game dates and times are subject to NFL flexible scheduling.

# TO PURCHASE TICKETS CALL 800-745-3000
# OR VISIT BUCCANEERS.COM

To immediately and permanently remove your fax number from our opt-in compiled database, please call 888-703-9205. Removaltech@FaxQom.com



# INDIVIDUAL GAME TICKETS ON SALE NOW!

 **MIAMI**      **August 27**      **8:00pm**

 **HOUSTON**      **September 4**      **7:00pm**

 **DALLAS**      **September 13**      **1:00pm**

 **N.Y. GIANTS**      **September 27**      **1:00pm**

 **CAROLINA**      **October 18**      **1:00pm**

 **GREEN BAY**      **November 8**      **1:00pm**

 **NEW ORLEANS**      **November 22**      **1:00pm**

 **N.Y. JETS**      **December 13**      **1:00pm**

**ATLANTA**      **January 3**      **1:00pm**

All game dates and times are subject to NFL flexible scheduling.

# TO PURCHASE TICKETS CALL 800-745-3000
# OR VISIT BUCCANEERS.COM

To immediately and permanently remove your fax number from our opt-in compiled database, please call 888-703-9205. Removaltech@FaxQom.com



# INDIVIDUAL GAME TICKETS ON SALE NOW!

 **MIAMI**     **August 27**     **8:00pm**

 **HOUSTON**     **September 4**     **7:00pm**

 **DALLAS**     **September 13**     **1:00pm**

 **N.Y. GIANTS**     **September 27**     **1:00pm**

 **CAROLINA**     **October 18**     **1:00pm**

 **GREEN BAY**     **November 8**     **1:00pm**

 **NEW ORLEANS**     **November 22**     **1:00pm**

 **N.Y. JETS**     **December 13**     **1:00pm**

**ATLANTA**     **January 3**     **1:00pm**

All game dates and times are subject to NFL flexible scheduling.

# TO PURCHASE TICKETS CALL 800-745-3000
# OR VISIT BUCCANEERS.COM

To immediately and permanently remove your fax number from our opt-in compiled database, please call 888-703-9205. Removaltech@FaxQom.com



# INDIVIDUAL GAME TICKETS ON SALE NOW!

 **MIAMI**          August 27          8:00pm

 **HOUSTON**        September 4        7:00pm

 **DALLAS**         September 13       1:00pm

 **N.Y. GIANTS**    September 27       1:00pm

 **CAROLINA**       October 18         1:00pm

 **GREEN BAY**      November 8         1:00pm

 **NEW ORLEANS**    November 22        1:00pm

 **N.Y. JETS**      December 13        1:00pm

**ATLANTA**        January 3          1:00pm

All game dates and times are subject to NFL flexible scheduling.

# TO PURCHASE TICKETS CALL 800-745-3000
# OR VISIT BUCCANEERS.COM

To immediately and permanently remove your fax number from our opt-in compiled database, please call 888-703-9205. Removaltech@FaxQom.com



# INDIVIDUAL GAME TICKETS ON SALE NOW!

 **MIAMI** **August 27** **8:00pm**

 **HOUSTON** **September 4** **7:00pm**

 **DALLAS** **September 13** **1:00pm**

 **N.Y. GIANTS** **September 27** **1:00pm**

 **CAROLINA** **October 18** **1:00pm**

 **GREEN BAY** **November 8** **1:00pm**

 **NEW ORLEANS** **November 22** **1:00pm**

 **N.Y. JETS** **December 13** **1:00pm**

**ATLANTA** **January 3** **1:00pm**

All game dates and times are subject to NFL flexible scheduling.

# TO PURCHASE TICKETS CALL 800-745-3000
# OR VISIT BUCCANEERS.COM

To immediately and permanently remove your fax number from our opt-in compiled database, please call 888-703-9205. Removaltech@FaxQom.com



# INDIVIDUAL GAME TICKETS ON SALE NOW!

 **MIAMI**     **August 27**     **8:00pm**

 **HOUSTON**     **September 4**     **7:00pm**

 **DALLAS**     **September 13**     **1:00pm**

 **N.Y. GIANTS**     **September 27**     **1:00pm**

 **CAROLINA**     **October 18**     **1:00pm**

 **GREEN BAY**     **November 8**     **1:00pm**

 **NEW ORLEANS**     **November 22**     **1:00pm**

 **N.Y. JETS**     **December 13**     **1:00pm**

**ATLANTA**     **January 3**     **1:00pm**

All game dates and times are subject to NFL flexible scheduling.

# TO PURCHASE TICKETS CALL 800-745-3000 OR VISIT BUCCANEERS.COM

To immediately and permanently remove your fax number from our opt-in compiled database, please call 888-703-9205. Removaltech@FaxQom.com



# INDIVIDUAL GAME TICKETS ON SALE NOW!

 **MIAMI** **August 27** **8:00pm**

 **HOUSTON** **September 4** **7:00pm**

 **DALLAS** **September 13** **1:00pm**

 **N.Y. GIANTS** **September 27** **1:00pm**

 **CAROLINA** **October 18** **1:00pm**

 **GREEN BAY** **November 8** **1:00pm**

 **NEW ORLEANS** **November 22** **1:00pm**

 **N.Y. JETS** **December 13** **1:00pm**

**ATLANTA** **January 3** **1:00pm**

All game dates and times are subject to NFL flexible scheduling.

# TO PURCHASE TICKETS CALL 800-745-3000
# OR VISIT BUCCANEERS.COM

To immediately and permanently remove your fax number from our opt-in compiled database, please call 888-703-9205. Removaltech@FaxQom.com



# INDIVIDUAL GAME TICKETS ON SALE NOW!

| | | | |
|---|---|---|---|
|  | **MIAMI** | **August 27** | **8:00pm** |
|  | **HOUSTON** | **September 4** | **7:00pm** |
|  | **DALLAS** | **September 13** | **1:00pm** |
|  | **N.Y. GIANTS** | **September 27** | **1:00pm** |
|  | **CAROLINA** | **October 18** | **1:00pm** |
|  | **GREEN BAY** | **November 8** | **1:00pm** |
|  | **NEW ORLEANS** | **November 22** | **1:00pm** |
|  | **N.Y. JETS** | **December 13** | **1:00pm** |
| | **ATLANTA** | **January 3** | **1:00pm** |

All game dates and times are subject to NFL flexible scheduling.

# TO PURCHASE TICKETS CALL 800-745-3000
# OR VISIT BUCCANEERS.COM

To immediately and permanently remove your fax number from our opt-in compiled database, please call 888-703-9205. Removaltech@FaxQom.com



# INDIVIDUAL GAME TICKETS ON SALE NOW!

 **MIAMI**     **August 27**     **8:00pm**

 **HOUSTON**     **September 4**     **7:00pm**

 **DALLAS**     **September 13**     **1:00pm**

 **N.Y. GIANTS**     **September 27**     **1:00pm**

 **CAROLINA**     **October 18**     **1:00pm**

 **GREEN BAY**     **November 8**     **1:00pm**

 **NEW ORLEANS**     **November 22**     **1:00pm**

 **N.Y. JETS**     **December 13**     **1:00pm**

**ATLANTA**     **January 3**     **1:00pm**

All game dates and times are subject to NFL flexible scheduling.

# TO PURCHASE TICKETS CALL 800-745-3000
# OR VISIT BUCCANEERS.COM

To immediately and permanently remove your fax number from our opt-in compiled database, please call 888-703-9205. Removaltech@FaxQom.com



# INDIVIDUAL GAME TICKETS ON SALE NOW!

 **MIAMI**        **August 27**     **8:00pm**

 **HOUSTON**      **September 4**    **7:00pm**

 **DALLAS**       **September 13**   **1:00pm**

 **N.Y. GIANTS**  **September 27**   **1:00pm**

 **CAROLINA**     **October 18**     **1:00pm**

 **GREEN BAY**    **November 8**     **1:00pm**

 **NEW ORLEANS**  **November 22**    **1:00pm**

 **N.Y. JETS**    **December 13**    **1:00pm**

 **ATLANTA**      **January 3**      **1:00pm**

All game dates and times are subject to NFL flexible scheduling.

# TO PURCHASE TICKETS CALL 800-745-3000
# OR VISIT BUCCANEERS.COM

To immediately and permanently remove your fax number from our opt-in compiled database,
please call 888-703-9205. Removaltech@FaxQom.com



# FAX COVER

ONE BUCCANEER PLACE  TAMPA, FL 33607      TEL: (877) 649-2827  WWW.BUCCANEERS.COM

| DATE: | 5/24/10 | # OF PAGES (INCLUDING COVER): | 2 |
|---|---|---|---|

**2010 HOME SCHEDULE**

| TO: | Human Resources |
|---|---|
| FROM: | Group Sales Department |
| SUBJECT: | Your Group Ticket Order |

ADDITIONAL COMMENTS

**Enclosed is the information you requested.**

**KANSAS CITY**
August 21 | 7:30pm

**JACKSONVILLE**
August 28 | 7:30pm

**CLEVELAND**
September 12 | 1:00pm

**PITTSBURGH**
September 26 | 1:00pm

**NEW ORLEANS**
October 17 | 1:00pm

**ST. LOUIS**
October 24 | 1:00pm

**CAROLINA**
November 14 | 1:00pm

**ATLANTA**
December 5 | 1:00pm

**DETROIT**
December 19 | 1:00pm

**SEATTLE**
December 26 | 1:00pm

If your office has decide to opt-out of further faxes please call  866-247-0920
Thank you





# 2010 GROUP TICKET ORDER FORM

- Group tickets starting at $32 per seat per game
- Minimum group of 10 or more
- Savings up to $16 per ticket
- Fully catered tailgating packages available

| OPPONENT | DATE | | TIME* | # OF TICKETS | PRICE | TOTAL COST PER ORDER |
|---|---|---|---|---|---|---|
| Kansas City | Sat. | Aug. 21 | 7:30PM | | | |
| Jacksonville | Sat. | Aug. 28 | 7:30PM | | | |
| Cleveland | Sun. | Sept. 12 | 1:00PM | | | |
| Pittsburgh | Sun. | Sept. 26 | 1:00PM | | | |
| New Orleans | Sun. | Oct. 17 | 1:00PM | | | |
| St. Louis | Sun. | Oct. 24 | 1:00PM | | | |
| Carolina | Sun. | Nov. 14 | 1:00PM | | | |
| Atlanta | Sun. | Dec. 5 | 1:00PM | | | |
| Detroit | Sun. | Dec. 19 | 1:00PM | | | |
| Seattle | Sun. | Dec. 26 | 1:00PM | | | |

*Time Subject to change due to NFL Flex Scheduling

**FOR MORE INFORMATION CALL 877-649-2827 EXT.2512 OR VISIT BUCCANEERS.COM**

SUB TOTAL _____

SHIPPING & HANDLING _____ $5.00

GRAND TOTAL _____

Name/Company _____

Attn. _____

Address _____

City _____ State _____ Zip _____

Work Phone _____ Home _____

Fax _____ Email _____

**SEATING IS SELECTED FROM BEST AVAILABLE GROUP SECTIONS**
Those requesting special accommodations must contact the Buccaneers Ticket Office at 877-649-2827. All persons, regardless of age, must have a ticket for admittance.

Mail to: Tampa Bay Buccaneers, Attn: Group Sales Dept.
One Buccaneer Place, Tampa Florida 33607 • FAX 813-354-1320
**NO REFUNDS/NO EXCHANGES** • Dates and times subject to change
Please contact the Group Sales Department for all terms and conditions.

**METHOD OF PAYMENT**

Check or Money Order • Make checks payable to Tampa Bay Buccaneers

Amount of Check Enclosed: $ _____ Check # _____

Charge to:    VISA    MasterCard    American Express    Discover

Account #_____ Exp. Date _____

Name on Card _____

Card Member Signature _____

I agree to the ticket policies set forth on Buccaneers.com and authorize the above charge.

X _____

| ACCT# | AUTH. CODE |
|---|---|
| | |





# FAX COVER

ONE BUCCANEER PLACE TAMPA, FL 33607     TEL: (877) 649-2827   WWW.BUCCANEERS.COM

| DATE: | 5/24/10 | # OF PAGES (INCLUDING COVER): | 2 |
|---|---|---|---|

**2010 HOME SCHEDULE**

| TO: | Human Resources |
|---|---|

| FROM: | Group Sales Department |
|---|---|

| SUBJECT: | Your Group Ticket Order |
|---|---|

ADDITIONAL COMMENTS

**Enclosed is the information you requested.**

**KANSAS CITY**
August 21 | 7:30pm

**JACKSONVILLE**
August 28 | 7:30pm

**CLEVELAND**
September 12 | 1:00pm

**PITTSBURGH**
September 26 | 1:00pm

**NEW ORLEANS**
October 17 | 1:00pm

**ST. LOUIS**
October 24 | 1:00pm

**CAROLINA**
November 14 | 1:00pm

**ATLANTA**
December 5 | 1:00pm

**DETROIT**
December 19 | 1:00pm

**SEATTLE**
December 26 | 1:00pm

If your office has decide to opt-out of further faxes please call 866-247-0920
Thank you



# GROUP TICKETS
## ON SALE NOW!

- Group tickets starting at **$32** per seat for groups of 10 or more

- Savings up to $16 per ticket

- Fully catered tailgating packages also available

## GROUP TICKETS IDEAL TO:

- Reward employees
- Entertain clients
- Celebrate a birthday or special occasion

For more information, call the Buccaneers sales department at 877-649-2827 (2827) or purchase online at www.buccaneers.com

| | | | | |
|---|---|---|---|---|
| | Kansas City | Sat. | Aug. 21 | 7:30 PM |
| | Jacksonville | Sat. | Aug. 28 | 7:30 PM |
| | Cleveland | Sun. | Sept. 12 | 1:00 PM |
| | Pittsburgh | Sun. | Sept. 26 | 1:00 PM |
| | New Orleans | Sun. | Oct. 17 | 1:00 PM |
| | St. Louis | Sun. | Oct. 24 | 1:00 PM |
| | Carolina | Sun. | Nov. 14 | 1:00 PM |
| | Atlanta | Sun. | Dec. 5 | 1:00 PM |
| | Detroit | Sun. | Dec. 19 | 1:00 PM |
| | Seattle | Sun. | Dec. 26 | 1:00 PM |

*Time Subject to change due to NFL Flex Scheduling*





# FAX COVER

ONE BUCCANEER PLACE TAMPA, FL 33607     TEL: (877) 649-2827   WWW.BUCCANEERS.COM

| DATE: | 5/25/10 | # OF PAGES (INCLUDING COVER): | 2 |
| --- | --- | --- | --- |

| TO: | Human Resources |
| --- | --- |
| FROM: | Group Sales Department |
| SUBJECT: | Your Group Ticket Order |

ADDITIONAL COMMENTS

**Enclosed is the information you requested.**

## 2010 HOME SCHEDULE

**KANSAS CITY**
August 21 | 7:30pm

**JACKSONVILLE**
August 28 | 7:30pm

**CLEVELAND**
September 12 | 1:00pm

**PITTSBURGH**
September 26 | 1:00pm

**NEW ORLEANS**
October 17 | 1:00pm

**ST. LOUIS**
October 24 | 1:00pm

**CAROLINA**
November 14 | 1:00pm

**ATLANTA**
December 5 | 1:00pm

**DETROIT**
December 19 | 1:00pm

**SEATTLE**
December 26 | 1:00pm

If your office has decided to opt-out of further faxes please call  866-247-0920
Thank you



# GROUP TICKETS
## ON SALE NOW!

- Group tickets starting at **$32** per seat for groups of 10 or more

- Savings up to $16 per ticket

- Fully catered tailgating packages also available

## GROUP TICKETS IDEAL TO:

- Reward employees
- Entertain clients
- Celebrate a birthday or special occasion

For more information, call the Buccaneers sales department at 877-649-2827 (2827) or purchase online at www.buccaneers.com

| | | | | |
|---|---|---|---|---|
| | Kansas City | Sat. | Aug. 21 | 7:30 PM |
| | Jacksonville | Sat. | Aug. 28 | 7:30 PM |
| | Cleveland | Sun. | Sept. 12 | 1:00 PM |
| | Pittsburgh | Sun. | Sept. 26 | 1:00 PM |
| | New Orleans | Sun. | Oct. 17 | 1:00 PM |
| | St. Louis | Sun. | Oct. 24 | 1:00 PM |
| | Carolina | Sun. | Nov. 14 | 1:00 PM |
| | Atlanta | Sun. | Dec. 5 | 1:00 PM |
| | Detroit | Sun. | Dec. 19 | 1:00 PM |
| | Seattle | Sun. | Dec. 26 | 1:00 PM |

*Time Subject to change due to NFL Flex Scheduling*





# FAX COVER

ONE BUCCANEER PLACE, TAMPA, Fl, 33607     TEL: (877) 649-2827   WWW.BUCCANEERS.COM

| DATE: | 5/25/10 | # OF PAGES (INCLUDING COVER): | |
|---|---|---|---|
| | | | 2 |

| | | 2010 HOME SCHEDULE |
|---|---|---|
| TO: | **Human Resources** | **KANSAS CITY**<br>August 21 \| 7:30pm |
| FROM: | **Group Sales Department** | **JACKSONVILLE**<br>August 28 \| 7:30pm |
| SUBJECT: | **Your Group Ticket Order** | **CLEVELAND**<br>September 12 \| 1:00pm |

**ADDITIONAL COMMENTS**

**KANSAS CITY**
August 21 | 7:30pm

**JACKSONVILLE**
August 28 | 7:30pm

**CLEVELAND**
September 12 | 1:00pm

**PITTSBURGH**
September 26 | 1:00pm

**NEW ORLEANS**
October 17 | 1:00pm

**ST. LOUIS**
October 24 | 1:00pm

**CAROLINA**
November 14 | 1:00pm

**ATLANTA**
December 5 | 1:00pm

**DETROIT**
December 19 | 1:00pm

**SEATTLE**
December 26 | 1:00pm

**Enclosed is the information you requested.**

If your office has decided to opt-out of further faxes please call  866-247-0920
Thank you



# GROUP TICKETS
## ON SALE NOW!

- Group tickets starting at **$32** per seat for groups of 10 or more

- Savings up to $16 per ticket

- Fully catered tailgating packages also available

## GROUP TICKETS IDEAL TO:

- Reward employees
- Entertain clients
- Celebrate a birthday or special occasion

For more information, call the Buccaneers sales department at **877-649-2827 (2827)** or purchase online at www.buccaneers.com

| | | | | |
|---|---|---|---|---|
| | Kansas City | Sat. | Aug. 21 | 7:30 PM |
| | Jacksonville | Sat. | Aug. 28 | 7:30 PM |
| | Cleveland | Sun. | Sept. 12 | 1:00 PM |
| | Pittsburgh | Sun. | Sept. 26 | 1:00 PM |
| | New Orleans | Sun. | Oct. 17 | 1:00 PM |
| | St. Louis | Sun. | Oct. 24 | 1:00 PM |
| | Carolina | Sun. | Nov. 14 | 1:00 PM |
| | Atlanta | Sun. | Dec. 5 | 1:00 PM |
| | Detroit | Sun. | Dec. 19 | 1:00 PM |
| | Seattle | Sun. | Dec. 26 | 1:00 PM |

*Time Subject to change due to NFL Flex Scheduling*





# FAX COVER

ONE BUCCANEER PLACE, TAMPA, FL 33607    TEL: (877) 649-2827   WWW.BUCCANEERS.COM

| DATE: | 5/25/10 | # OF PAGES (INCLUDING COVER): | 2 |
| --- | --- | --- | --- |

| | |
| --- | --- |
| TO: | **Human Resources** |
| FROM: | **Group Sales Department** |
| SUBJECT: | **Your Group Ticket Order** |

ADDITIONAL COMMENTS

**Enclosed is the information you requested.**

### 2010 HOME SCHEDULE

**KANSAS CITY**
August 21 | 7:30pm

**JACKSONVILLE**
August 28 | 7:30pm

**CLEVELAND**
September 12 | 1:00pm

**PITTSBURGH**
September 26 | 1:00pm

**NEW ORLEANS**
October 17 | 1:00pm

**ST. LOUIS**
October 24 | 1:00pm

**CAROLINA**
November 14 | 1:00pm

**ATLANTA**
December 5 | 1:00pm

**DETROIT**
December 19 | 1:00pm

**SEATTLE**
December 26 | 1:00pm

If your office has decided to opt-out of further faxes please call  866-247-0920
Thank you



# GROUP TICKETS
## ON SALE NOW!

- Group tickets starting at **$32** per seat for groups of 10 or more

- Savings up to $16 per ticket

- Fully catered tailgating packages also available

## GROUP TICKETS IDEAL TO:

- Reward employees
- Entertain clients
- Celebrate a birthday or special occasion

For more information, call the Buccaneers sales department at **877-649-2827 (2827)** or purchase online at www.buccaneers.com

| | | | |
|---|---|---|---|
| Kansas City | Sat. | Aug. 21 | 7:30 PM |
| Jacksonville | Sat. | Aug. 28 | 7:30 PM |
| Cleveland | Sun. | Sept. 12 | 1:00 PM |
| Pittsburgh | Sun. | Sept. 26 | 1:00 PM |
| New Orleans | Sun. | Oct. 17 | 1:00 PM |
| St. Louis | Sun. | Oct. 24 | 1:00 PM |
| Carolina | Sun. | Nov. 14 | 1:00 PM |
| Atlanta | Sun. | Dec. 5 | 1:00 PM |
| Detroit | Sun. | Dec. 19 | 1:00 PM |
| Seattle | Sun. | Dec. 26 | 1:00 PM |

*Time Subject to change due to NFL Flex Scheduling*





# FAX COVER

ONE BUCCANEER PLACE TAMPA, FL 33607      TEL: (877) 649-2827   WWW.BUCCANEERS.COM

| DATE: | 5/26/10 | # OF PAGES (INCLUDING COVER): | 2 |
| --- | --- | --- | --- |

| TO: | **Human Resources** |
| --- | --- |
| FROM: | **Group Sales Department** |
| SUBJECT: | **Your Group Ticket Order** |

ADDITIONAL COMMENTS

**Enclosed is the information you requested.**

## 2010 HOME SCHEDULE

**KANSAS CITY**
August 21 | 7:30pm

**JACKSONVILLE**
August 28 | 7:30pm

**CLEVELAND**
September 12 | 1:00pm

**PITTSBURGH**
September 26 | 1:00pm

**NEW ORLEANS**
October 17 | 1:00pm

**ST. LOUIS**
October 24 | 1:00pm

**CAROLINA**
November 14 | 1:00pm

**ATLANTA**
December 5 | 1:00pm

**DETROIT**
December 19 | 1:00pm

**SEATTLE**
December 26 | 1:00pm

If your office has decided to opt-out of further faxes please call  866-247-0920
Thank you



# GROUP TICKETS
## ON SALE NOW!

- Group tickets starting at **$32** per seat for groups of 10 or more
- Savings up to $16 per ticket
- Fully catered tailgating packages also available

## GROUP TICKETS IDEAL TO:

- Reward employees
- Entertain clients
- Celebrate a birthday or special occasion

For more information, call the Buccaneers sales department at **877-649-2827 (2827)** or purchase online at www.buccaneers.com

| | | | | |
|---|---|---|---|---|
| | Kansas City | Sat. | Aug. 21 | 7:30 PM |
| | Jacksonville | Sat. | Aug. 28 | 7:30 PM |
| | Cleveland | Sun. | Sept. 12 | 1:00 PM |
| | Pittsburgh | Sun. | Sept. 26 | 1:00 PM |
| | New Orleans | Sun. | Oct. 17 | 1:00 PM |
| | St. Louis | Sun. | Oct. 24 | 1:00 PM |
| | Carolina | Sun. | Nov. 14 | 1:00 PM |
| | Atlanta | Sun. | Dec. 5 | 1:00 PM |
| | Detroit | Sun. | Dec. 19 | 1:00 PM |
| | Seattle | Sun. | Dec. 26 | 1:00 PM |

*Time Subject to change due to NFL Flex Scheduling*





# FAX COVER

ONE BUCCANEER PLACE  TAMPA, FL 33607      TEL: (877) 649-2827   WWW.BUCCANEERS.COM

| DATE: | 5/27/10 | # OF PAGES (INCLUDING COVER): | | 2010 HOME SCHEDULE |
|---|---|---|---|---|
| | | | 2 | |

| TO: | **Human Resources** | **KANSAS CITY**<br>August 21 \| 7:30pm |
|---|---|---|

**FROM:** **Group Sales Department**

**JACKSONVILLE**
August 28 | 7:30pm

**SUBJECT:** **Your Group Ticket Order**

**CLEVELAND**
September 12 | 1:00pm

ADDITIONAL COMMENTS

**PITTSBURGH**
September 26 | 1:00pm

**Enclosed is the information you requested.**

**NEW ORLEANS**
October 17 | 1:00pm

**ST. LOUIS**
October 24 | 1:00pm

**CAROLINA**
November 14 | 1:00pm

**ATLANTA**
December 5 | 1:00pm

**DETROIT**
December 19 | 1:00pm

**SEATTLE**
December 26 | 1:00pm

If your office has decided to opt-out of further faxes please call  866-247-0920
Thank you



# GROUP TICKETS
## ON SALE NOW!

- Group tickets starting at **$32** per seat for groups of 10 or more
- Savings up to $16 per ticket
- Fully catered tailgating packages also available

## GROUP TICKETS IDEAL TO:

- Reward employees
- Entertain clients
- Celebrate a birthday or special occasion

For more information, call the Buccaneers sales department at **877-649-2827 (2827)** or purchase online at www.buccaneers.com

|  | | | |
|---|---|---|---|
| Kansas City | Sat. | Aug. 21 | 7:30 PM |
| Jacksonville | Sat. | Aug. 28 | 7:30 PM |
| Cleveland | Sun. | Sept. 12 | 1:00 PM |
| Pittsburgh | Sun. | Sept. 26 | 1:00 PM |
| New Orleans | Sun. | Oct. 17 | 1:00 PM |
| St. Louis | Sun. | Oct. 24 | 1:00 PM |
| Carolina | Sun. | Nov. 14 | 1:00 PM |
| Atlanta | Sun. | Dec. 5 | 1:00 PM |
| Detroit | Sun. | Dec. 19 | 1:00 PM |
| Seattle | Sun. | Dec. 26 | 1:00 PM |

*Time Subject to change due to NFL Flex Scheduling*





# FAX COVER

ONE BUCCANEER PLACE TAMPA, FL 33607      TEL: (877) 649-2827   WWW.BUCCANEERS.COM

| DATE: | 5/28/10 | # OF PAGES (INCLUDING COVER): | 2 |
| --- | --- | --- | --- |

| TO: | **Human Resources** |
| --- | --- |
| FROM: | **Group Sales Department** |
| SUBJECT: | **Your Group Ticket Order** |

ADDITIONAL COMMENTS

**Enclosed is the information you requested.**

### 2010 HOME SCHEDULE

**KANSAS CITY**
August 21 | 7:30pm

**JACKSONVILLE**
August 28 | 7:30pm

**CLEVELAND**
September 12 | 1:00pm

**PITTSBURGH**
September 26 | 1:00pm

**NEW ORLEANS**
October 17 | 1:00pm

**ST. LOUIS**
October 24 | 1:00pm

**CAROLINA**
November 14 | 1:00pm

**ATLANTA**
December 5 | 1:00pm

**DETROIT**
December 19 | 1:00pm

**SEATTLE**
December 26 | 1:00pm

If your office has decide to opt-out of further faxes please call  866-247-0920
Thank you



# GROUP TICKETS
## ON SALE NOW!

- Group tickets starting at **$32** per seat for groups of 10 or more

- Savings up to $16 per ticket

- Fully catered tailgating packages also available

## GROUP TICKETS IDEAL TO:

- Reward employees
- Entertain clients
- Celebrate a birthday or special occasion

For more information, call the Buccaneers sales department at **877-649-2827 (2827)** or purchase online at www.buccaneers.com

| | | | | |
|---|---|---|---|---|
| | Kansas City | Sat. | Aug. 21 | 7:30 PM |
| | Jacksonville | Sat. | Aug. 28 | 7:30 PM |
| | Cleveland | Sun. | Sept. 12 | 1:00 PM |
| | Pittsburgh | Sun. | Sept. 26 | 1:00 PM |
| | New Orleans | Sun. | Oct. 17 | 1:00 PM |
| | St. Louis | Sun. | Oct. 24 | 1:00 PM |
| | Carolina | Sun. | Nov. 14 | 1:00 PM |
| | Atlanta | Sun. | Dec. 5 | 1:00 PM |
| | Detroit | Sun. | Dec. 19 | 1:00 PM |
| | Seattle | Sun. | Dec. 26 | 1:00 PM |

*Time Subject to change due to NFL Flex Scheduling*





# FAX COVER

ONE BUCCANEER PLACE TAMPA, FL 33607     TEL: (877) 649-2827   WWW.BUCCANEERS.COM

| DATE: | 6/01/10 | # OF PAGES (INCLUDING COVER): | | |
|---|---|---|---|---|
| | | | **2** | |

| TO: | **Human Resources** |
|---|---|
| FROM: | **Group Sales Department** |
| SUBJECT: | **Your Group Ticket Order** |

ADDITIONAL COMMENTS

**Enclosed is the information you requested.**

### 2010 HOME SCHEDULE

**KANSAS CITY**
August 21 | 7:30pm

**JACKSONVILLE**
August 28 | 7:30pm

**CLEVELAND**
September 12 | 1:00pm

**PITTSBURGH**
September 26 | 1:00pm

**NEW ORLEANS**
October 17 | 1:00pm

**ST. LOUIS**
October 24 | 1:00pm

**CAROLINA**
November 14 | 1:00pm

**ATLANTA**
December 5 | 1:00pm

**DETROIT**
December 19 | 1:00pm

**SEATTLE**
December 26 | 1:00pm

If your office has decide to opt-out of further faxes please call  866-247-0920
Thank you



# GROUP TICKETS
## ON SALE NOW!

- Group tickets starting at **$32** per seat for groups of 10 or more
- Savings up to $16 per ticket
- Fully catered tailgating packages also available

## GROUP TICKETS IDEAL TO:

- Reward employees
- Entertain clients
- Celebrate a birthday or special occasion

For more information, call the Buccaneers sales department at **877-649-2827 (2827)** or purchase online at www.buccaneers.com

| | | | | |
|---|---|---|---|---|
| | Kansas City | Sat. | Aug. 21 | 7:30 PM |
| | Jacksonville | Sat. | Aug. 28 | 7:30 PM |
| | Cleveland | Sun. | Sept. 12 | 1:00 PM |
| | Pittsburgh | Sun. | Sept. 26 | 1:00 PM |
| | New Orleans | Sun. | Oct. 17 | 1:00 PM |
| | St. Louis | Sun. | Oct. 24 | 1:00 PM |
| | Carolina | Sun. | Nov. 14 | 1:00 PM |
| | Atlanta | Sun. | Dec. 5 | 1:00 PM |
| | Detroit | Sun. | Dec. 19 | 1:00 PM |
| | Seattle | Sun. | Dec. 26 | 1:00 PM |

*Time Subject to change due to NFL Flex Scheduling*





# FAX COVER

ONE BUCCANEER PLACE TAMPA, FL 33607     TEL: (877) 649-2827   WWW.BUCCANEERS.COM

| DATE: | 6/07/10 | # OF PAGES (INCLUDING COVER): | 2 |
|---|---|---|---|

| TO: | **Human Resources** |
|---|---|

| FROM: | **Group Sales Department** |
|---|---|

| SUBJECT: | **Your Group Ticket Order** |
|---|---|

ADDITIONAL COMMENTS

**Enclosed is the information you requested.**

## 2010 HOME SCHEDULE

**KANSAS CITY**
August 21 | 7:30pm

**JACKSONVILLE**
August 28 | 7:30pm

**CLEVELAND**
September 12 | 1:00pm

**PITTSBURGH**
September 26 | 1:00pm

**NEW ORLEANS**
October 17 | 1:00pm

**ST. LOUIS**
October 24 | 1:00pm

**CAROLINA**
November 14 | 1:00pm

**ATLANTA**
December 5 | 1:00pm

**DETROIT**
December 19 | 1:00pm

**SEATTLE**
December 26 | 1:00pm

If your office has decided to opt-out of further faxes please call  866-247-0920
Thank you



# GROUP TICKETS
## ON SALE NOW!

- **Group tickets starting at $32 per seat for groups of 10 or more**

- **Savings up to $16 per ticket**

- **Fully catered tailgating packages also available**

## GROUP TICKETS IDEAL TO:

- Reward employees
- Entertain clients
- Celebrate a birthday or special occasion

For more information, call the Buccaneers sales department at 877-649-2827 (2827) or purchase online at www.buccaneers.com

| | | | |
|---|---|---|---|
| Kansas City | Sat. | Aug. 21 | 7:30 PM |
| Jacksonville | Sat. | Aug. 28 | 7:30 PM |
| Cleveland | Sun. | Sept. 12 | 1:00 PM |
| Pittsburgh | Sun. | Sept. 26 | 1:00 PM |
| New Orleans | Sun. | Oct. 17 | 1:00 PM |
| St. Louis | Sun. | Oct. 24 | 1:00 PM |
| Carolina | Sun. | Nov. 14 | 1:00 PM |
| Atlanta | Sun. | Dec. 5 | 1:00 PM |
| Detroit | Sun. | Dec. 19 | 1:00 PM |
| Seattle | Sun. | Dec. 26 | 1:00 PM |

*Time Subject to change due to NFL Flex Scheduling*



UNITE & CONQUER



# FAX COVER

ONE BUCCANEER PLACE, TAMPA, FL 33607      TEL: (877) 649-2827   WWW.BUCCANEERS.COM

| DATE: | 6/08/10 | # OF PAGES (INCLUDING COVER): | 2 |
| --- | --- | --- | --- |

| TO: | **Human Resources** |
| --- | --- |
| FROM: | **Group Sales Department** |
| SUBJECT: | **Your Group Ticket Order** |

ADDITIONAL COMMENTS

**Enclosed is the information you requested.**

## 2010 HOME SCHEDULE

**KANSAS CITY**
August 21 | 7:30pm

**JACKSONVILLE**
August 28 | 7:30pm

**CLEVELAND**
September 12 | 1:00pm

**PITTSBURGH**
September 26 | 1:00pm

**NEW ORLEANS**
October 17 | 1:00pm

**ST. LOUIS**
October 24 | 1:00pm

**CAROLINA**
November 14 | 1:00pm

**ATLANTA**
December 5 | 1:00pm

**DETROIT**
December 19 | 1:00pm

**SEATTLE**
December 26 | 1:00pm

If your office has decide to opt-out of further faxes please call 866-247-0920
Thank you



# GROUP TICKETS
## ON SALE NOW!

- Group tickets starting at **$32** per seat for groups of 10 or more

- Savings up to $16 per ticket

- Fully catered tailgating packages also available

## GROUP TICKETS IDEAL TO:

- Reward employees
- Entertain clients
- Celebrate a birthday or special occasion

For more information, call the Buccaneers sales department at **877-649-2827 (2827)** or purchase online at www.buccaneers.com

| | | | | |
|---|---|---|---|---|
| | Kansas City | Sat. | Aug. 21 | 7:30 PM |
| | Jacksonville | Sat. | Aug. 28 | 7:30 PM |
| | Cleveland | Sun. | Sept. 12 | 1:00 PM |
| | Pittsburgh | Sun. | Sept. 26 | 1:00 PM |
| | New Orleans | Sun. | Oct. 17 | 1:00 PM |
| | St. Louis | Sun. | Oct. 24 | 1:00 PM |
| | Carolina | Sun. | Nov. 14 | 1:00 PM |
| | Atlanta | Sun. | Dec. 5 | 1:00 PM |
| | Detroit | Sun. | Dec. 19 | 1:00 PM |
| | Seattle | Sun. | Dec. 26 | 1:00 PM |

*Time Subject to change due to NFL Flex Scheduling*





# FAX COVER

ONE BUCCANEER PLACE  TAMPA, FL 33607      TEL: (877) 649-2827   WWW.BUCCANEERS.COM

| DATE: | 6/09/10 | # OF PAGES (INCLUDING COVER): | |
|---|---|---|---|
| | | | 2 |

**2010 HOME SCHEDULE**

| TO: | Human Resources |
|---|---|

**KANSAS CITY**
August 21 | 7:30pm

| FROM: | Group Sales Department |
|---|---|

**JACKSONVILLE**
August 28 | 7:30pm

| SUBJECT: | Your Group Ticket Order |
|---|---|

**CLEVELAND**
September 12 | 1:00pm

ADDITIONAL COMMENTS

**PITTSBURGH**
September 26 | 1:00pm

**Enclosed is the information you requested.**

**NEW ORLEANS**
October 17 | 1:00pm

**ST. LOUIS**
October 24 | 1:00pm

**CAROLINA**
November 14 | 1:00pm

**ATLANTA**
December 5 | 1:00pm

**DETROIT**
December 19 | 1:00pm

**SEATTLE**
December 26 | 1:00pm

If your office has decide to opt-out of further faxes please call  866-247-0920
Thank you



# GROUP TICKETS
## ON SALE NOW!

- Group tickets starting at **$32** per seat for groups of 10 or more

- Savings up to $16 per ticket

- Fully catered tailgating packages also available

## GROUP TICKETS IDEAL TO:

- Reward employees
- Entertain clients
- Celebrate a birthday or special occasion

For more information, call the Buccaneers sales department at 877-649-2827 (2827) or purchase online at www.buccaneers.com

| | | | |
|---|---|---|---|
| Kansas City | Sat. | Aug. 21 | 7:30 PM |
| Jacksonville | Sat. | Aug. 28 | 7:30 PM |
| Cleveland | Sun. | Sept. 12 | 1:00 PM |
| Pittsburgh | Sun. | Sept. 26 | 1:00 PM |
| New Orleans | Sun. | Oct. 17 | 1:00 PM |
| St. Louis | Sun. | Oct. 24 | 1:00 PM |
| Carolina | Sun. | Nov. 14 | 1:00 PM |
| Atlanta | Sun. | Dec. 5 | 1:00 PM |
| Detroit | Sun. | Dec. 19 | 1:00 PM |
| Seattle | Sun. | Dec. 26 | 1:00 PM |

*Time Subject to change due to NFL Flex Scheduling*



# T A M P A   B A Y
# BUCCANEERS | FAX COVER

F A C S I M I L E

ONE BUCCANEER PLACE   TAMPA, FL 33607          TEL: (813) 870-2700          BUCCANEERS.COM



DATE: 7/15/09          # of Pages (including cover): 2

TO: Human Resources

FROM: Group Seating Department

SUBJECT: Buccaneers Group Tickets

ADDITIONAL COMMENTS:

Attached is the information on group seating. Tickets are available for groups of 20 or more people. When buying group seating, you save up to $16 per ticket versus the individual game ticket cost.  Group seating also gives you access to large blocks of seating that are not available any other way.

Many companies use group seating as a retreat and/or reward to build team unity.

If you have any questions, please don't hesitate to call us at (877) 649-BUCS (2827).

## 2009 SCHEDULE

**DALLAS**
September 13 | 1:00pm

**AT BUFFALO**
September 20 | 4:05pm

**N.Y. GIANTS**
September 27 | 1:00pm

**AT WASHINGTON**
October 4 | 1:00pm

**AT PHILADELPHIA**
October 11 | 1:00pm

**CAROLINA**
October 18 | 1:00pm

**NEW ENGLAND**
October 25 | 1:00pm | LONDON

**GREEN BAY**
November 8 | 1:00pm

**AT MIAMI**
November 15 | 1:00pm

**NEW ORLEANS**
November 22 | 1:00pm

**AT ATLANTA**
November 29 | 1:00pm

**AT CAROLINA**
December 6 | 1:00pm

**N.Y. JETS**
December 13 | 1:00pm

**AT SEATTLE**
December 20 | 4:15pm

**AT NEW ORLEANS**
December 27 | 1:00pm

**ATLANTA**
January 3 | 1:00pm

*ALL TIMES EASTERN / SUBJECT TO CHANGE

## 2002 WORLD CHAMPIONS



# GROUP TICKETS ON SALE NOW!
## 877-649-BUCS (2827)

| SECTION | A | B | C | D | E |
|---|---|---|---|---|---|
| GROUP PER GAME PRICE | $99.00 | $89.00 | $85.00 | $75.00 | $65.00 |

Group tickets are available in packages of 20 or more and
reflect a discount of up to $16 per ticket

### 2009 SEASON

**DALLAS**
September 13 | 1:00pm

**NEW ORLEANS**
November 22 | 1:00pm

**N.Y. GIANTS**
September 27 | 1:00pm

**N.Y. JETS**
December 13 | 1:00pm

**CAROLINA**
October 18 | 1:00pm

**ATLANTA**
January 3 | 1:00pm

**GREEN BAY**
November 8 | 1:00pm



## Call 877-649-BUCS (2827) or visit www.buccaneers.com today for seat locations

To immediately and permanently remove your fax number from our opt-in compiled database, please call 877-272-7614.   Removaltech@FaxQom.com.

# TAMPA BAY
# BUCCANEERS | FAX COVER

F A C S I M I L E



ONE BUCCANEER PLACE   TAMPA, FL 33607          TEL: (813) 870-2700          BUCCANEERS.COM

DATE: 7/16/09     # of Pages (including cover): 2

TO: Human Resources

FROM: Group Seating Department

SUBJECT: Buccaneers Group Tickets

ADDITIONAL COMMENTS:

Attached is the information on group seating. Tickets are available for groups of 20 or more people. When buying group seating, you save up to $16 per ticket versus the individual game ticket cost.  Group seating also gives you access to large blocks of seating that are not available any other way.

Many companies use group seating as a retreat and/or reward to build team unity.

If you have any questions, please don't hesitate to call us at (877) 649-BUCS (2827).

# 2002 WORLD CHAMPIONS

## 2009 SCHEDULE

**DALLAS**
September 13 | 1:00pm

**AT BUFFALO**
September 20 | 4:05pm

**N.Y. GIANTS**
September 27 | 1:00pm

**AT WASHINGTON**
October 4 | 1:00pm

**AT PHILADELPHIA**
October 11 | 1:00pm

**CAROLINA**
October 18 | 1:00pm

**NEW ENGLAND**
October 25 | 1:00pm | LONDON

**GREEN BAY**
November 8 | 1:00pm

**AT MIAMI**
November 15 | 1:00pm

**NEW ORLEANS**
November 22 | 1:00pm

**AT ATLANTA**
November 29 | 1:00pm

**AT CAROLINA**
December 6 | 1:00pm

**N.Y. JETS**
December 13 | 1:00pm

**AT SEATTLE**
December 20 | 4:15pm

**AT NEW ORLEANS**
December 27 | 1:00pm

**ATLANTA**
January 3 | 1:00pm

*ALL TIMES EASTERN / SUBJECT TO CHANGE



# GROUP TICKETS ON SALE NOW!
## 877-649-BUCS (2827)

| SECTION | A | B | C | D | E |
|---|---|---|---|---|---|
| **GROUP PER GAME PRICE** | $99.00 | $89.00 | $85.00 | $75.00 | $65.00 |

Group tickets are available in packages of 20 or more and
reflect a discount of up to $16 per ticket

### 2009 SEASON

**DALLAS**
September 13 | 1:00pm

**N.Y. GIANTS**
September 27 | 1:00pm

**CAROLINA**
October 18 | 1:00pm

**GREEN BAY**
November 8 | 1:00pm

**NEW ORLEANS**
November 22 | 1:00pm

**N.Y. JETS**
December 13 | 1:00pm

**ATLANTA**
January 3 | 1:00pm



## Call 877-649-BUCS (2827) or visit www.buccaneers.com today for seat locations

To immediately and permanently remove your fax number from our opt-in compiled database, please call 877-272-7614.   Removaltech@FaxQom.com

06/05/2016 1:59 PM Electronically Filed Hillsborough County/13th Judicial Circuit Page 150

# TAMPA BAY
# BUCCANEERS | FAX COVER

F A C S I M I L E

ONE BUCCANEER PLACE   TAMPA, FL 33607          TEL: (813) 870-2700          BUCCANEERS.COM



DATE: 7/14/09     # of Pages (including cover): 2

TO: Human Resources

FROM: Group Seating Department

SUBJECT: Buccaneers Group Tickets

ADDITIONAL COMMENTS:

Attached is the information on group seating. Tickets are available for groups of 20 or more people. When buying group seating, you save up to $16 per ticket versus the individual game ticket cost.  Group seating also gives you access to large blocks of seating that are not available any other way.

Many companies use group seating as a retreat and/or reward to build team unity.

If you have any questions, please don't hesitate to call us at (877) 649-BUCS (2827).

## 2009 SCHEDULE

**DALLAS**
September 13 | 1:00pm

**AT BUFFALO**
September 20 | 4:05pm

**N.Y. GIANTS**
September 27 | 1:00pm

**AT WASHINGTON**
October 4 | 1:00pm

**AT PHILADELPHIA**
October 11 | 1:00pm

**CAROLINA**
October 18 | 1:00pm

**NEW ENGLAND**
October 25 | 1:00pm | LONDON

**GREEN BAY**
November 8 | 1:00pm

**AT MIAMI**
November 15 | 1:00pm

**NEW ORLEANS**
November 22 | 1:00pm

**AT ATLANTA**
November 29 | 1:00pm

**AT CAROLINA**
December 6 | 1:00pm

**N.Y. JETS**
December 13 | 1:00pm

**AT SEATTLE**
December 20 | 4:15pm

**AT NEW ORLEANS**
December 27 | 1:00pm

**ATLANTA**
January 3 | 1:00pm

*ALL TIMES EASTERN / SUBJECT TO CHANGE

## 2002 WORLD CHAMPIONS



# GROUP TICKETS ON SALE NOW!
## 877-649-BUCS (2827)

| SECTION | A | B | C | D | E |
|---|---|---|---|---|---|
| GROUP PER GAME PRICE | $99.00 | $89.00 | $85.00 | $75.00 | $65.00 |

Group tickets are available in packages of 20 or more and reflect a discount of up to $16 per ticket

### 2009 SEASON

**DALLAS**
September 13 | 1:00pm

**N.Y. GIANTS**
September 27 | 1:00pm

**CAROLINA**
October 18 | 1:00pm

**GREEN BAY**
November 8 | 1:00pm

**NEW ORLEANS**
November 22 | 1:00pm

**N.Y. JETS**
December 13 | 1:00pm

**ATLANTA**
January 3 | 1:00pm



## Call 877-649-BUCS (2827) or visit www.buccaneers.com today for seat locations

To immediately and permanently remove your fax number from our opt-in compiled database, please call 877-272-7614.   Removaltech@FaxQom.com

| From: | Brooke Buczkowski |
|---|---|
| To: | Michael Addison; mark.mester@lw.com; danieliavcohen209@gmail.com |
| Cc: | Barbara.Buti@lw.com; Juliana Wilkin |
| Subject: | Buccaneers Ltd Partnership TCPA vs. - REF# 1340013089 |
| Date: | Wednesday, May 11, 2016 6:19:30 PM |
| Attachments: | Andersen Wayne Mediation [1078].pdf |
| | Fee Agreement.pdf |
| | Mediation Agreement.pdf |

Dear Counsel:

Your mediation is scheduled for **Friday, May 20, 2016**, beginning at **9:00 a.m.** for **8** hours with **Hon. Wayne R. Andersen (Ret.)**.

Attached please find the JAMS mediation and fee agreements, as well as the fee schedule for Judge Andersen.  Please carefully review the attached documents and share with your clients, paying particular attention to our cancelation/continuance and pre-payment policies.  ***Please note that this case is being scheduled after the cancelation deadline.***

**In order to ensure that your mediation proceeds as scheduled, please sign & email both the fee and mediation agreement to Juliana Wilkin (jwilkin@jamsadr.com) by no later than *May 13, 2016*.**  An invoice for your share of the fees (if applicable) will follow under separate cover.

Please submit any pre-mediation position statements or other relevant information to Judge Andersen by no later than ***May 18, 2016***.  Judge Andersen does not have specific requirements as to content or format of pre-mediation submissions.  We suggest that the parties confer and come to an agreement about what they will submit to him prior to the mediation and whether or not that information will be exchanged.

**Please email your submissions to wra1991@aol.com**, with a copy to me at bbuczkowski@jamsadr.com.  If your submission contains exhibits, please bookmark the file containing the exhibits or attach each exhibit to your email as a separate PDF for easy navigation.  If cases are cited, please provide links to or copies of those cases.  Once the judge has reviewed your pre-mediation submissions, he may contact you individually to follow up.

**A note regarding submissions:** Unless instructed otherwise, Judge Andersen will thoroughly review all documents provided to him, and he will bill accordingly.  Please feel free to supplement your submission with a cover letter providing guidance on how Judge Andersen might best focus and limit his reading.

Thank you, and please contact me if you have any questions.

Best,


Brooke

**EXHIBIT 9**



**Brooke Buczkowski**
Senior Case Manager

JAMS
71 S. Wacker Drive
Suite 3090
Chicago, IL  60606
bbuczkowski@jamsadr.com
Ph. 312-655-9191
Fax 312-655-0644

**JAMSconnect online mediation is
effective, flexible and affordable. Contact
us at 1.844.WebJAMS for more info.**

# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF FLORIDA
## TAMPA DIVISION

CIN-Q AUTOMOBILES, INC., and )
MEDICAL & CHIROPRACTIC CLINIC, )
INC., Florida corporations, individually )
and as the representatives of a class of )
similarly-situated persons, )
)
                          **Plaintiffs,** )
   **v.** )
)
BUCCANEERS LIMITED )
PARTNERSHIP and JOHN DOES 1-10, )
)
                       **Defendants.** )
)

**Case No. 8:13-cv-01592-AEP**

**Magistrate Judge Anthony E. Porcelli**

## NOTICE OF PENDENCY OF RELATED ACTION

Pursuant to Local Rule 1.04(d), Defendant Buccaneers Limited Partnership

("Buccaneers") hereby provide notice of the pendency of a related action or proceeding.  On or

about May 6, 2016, a putative class action was filed in the Circuit Court of the 13th Judicial

Circuit in and for Hillsborough County, Florida captioned <u>Technology Training Associates, Inc.</u>

<u>v. Buccaneers Limited Partnership, et al.,</u> Case No. 16-CA-004333 (filed May 6, 2016 Cir. Court

Hillsborough County, Fla.) and asserting claims for violation of the Telephone Consumer

Protection Act, 47 U.S.C. § 227, based upon the same facsimile advertisements allegedly sent by

the Buccaneers between 2009 and 2010 that are at issue in this case.

Dated:  May 12, 2016

                                      Respectfully submitted,

                                      /s/  Kathleen P. Lally
                                      One of the attorneys for Defendant
                                      Buccaneers Limited Partnership

**EXHIBIT 10**

Mark S. Mester (admitted *pro hac vice*)
Kathleen P. Lally (admitted *pro hac vice*)
LATHAM & WATKINS LLP
330 North Wabash Avenue, Suite 2800
Chicago, Illinois 60611
Telephone:  (312) 876-7700
Facsimile:  (312) 993-9767
E-mail:    mark.mester@lw.com
           kathleen.lally@lw.com


David S. Cohen (admitted *pro hac vice*)
BUCCANEERS LIMITED PARTNERSHIP
One Buccaneer Place
Tampa, Florida 33607
Telephone:  (813) 870-2700
Facsimile:  (813) 554-1351
E-mail:    dcohen@buccaneers.nfl.com

Barry A. Postman (FBN:  991856)
Justin C. Sorel (FBN:  0016256)
COLE, SCOTT & KISSANE, P.A.
222 Lakeview Avenue, Suite 120
West Palm Beach, Florida 33401
Telephone:  (561) 383-9200
Facsimile  (561) 683-8977
E-mail:  barry.postman@csklegal.com
         justin.sorel@csklegal.com


David C. Borucke (FBN:  39195)
COLE, SCOTT & KISSANE, P.A.
4301 West Boy Scout Boulevard, Suite 400
Tampa, Florida 33607
Telephone:  (813) 289-9300
Facsimile:  (813) 286-2900
E-mail:  david.borucke@csklegal.com

2

## CERTIFICATE OF SERVICE

I hereby certify that on May 12, 2016 I electronically filed the foregoing with the Clerk

of the Court by using the CM/ECF system.

/s/  Kathleen P. Lally
One of the attorneys for Defendant
Buccaneers Limited Partnership

## SERVICE LIST

Michael C. Addison, Esq.
ADDISON & HOWARD, P.A.
400 North Tampa Street, Suite 1100
Tampa, Florida 33602-4714
Telephone:  (813) 223-2000
Facsimile:  (813) 228-6000
E-mail: m@mcalaw.net

Brian J. Wanca, Esq.
Ross M. Good, Esq.
Glenn L. Hara, Esq.
Ryan M. Kelly, Esq.
Wallace C. Solberg, Esq.
George K. Lang, Esq.
ANDERSON & WANCA
3701 Algonquin Road, Suite 760
Rolling Meadows, Illinois 60008
Telephone:  (847) 368-1500
Facsimile:  (847) .368-1501
E-mail:   bwanca@andersonwanca.com
          rgood@andersonwanca.com
          ghara@andersonwanca.com
          rkelly@andersonwanca.com
          wsolberg@andersonwanca.com
          glang@andersonwanca.com

From : bbuczkowski@jamsadr.com
To : Michael Addison
Sent : 5/12/2016 12:11PM
Subject : Email from Brooke - Buccaneers Ltd Partnership TCPA vs. - REF# 1340013089

Mr. Addison,

Thank you for your call. Please disregard the invitation that I emailed yesterday. It was sent to you in error.

Thank you,

Brooke

cid:image005.jpg@0
1D03EE3.1F6B2C00

Brooke Buczkowski
Senior Case Manager

JAMS
71 S. Wacker Drive
Suite 3090
Chicago, IL 60606
bbuczkowski@jamsadr.com
Ph. 312-655-9191
Fax 312-655-0644

**JAMSconnect** online mediation is effective,
flexible and affordable. Contact us at
1.844.WebJAMS for more info.

---

**From:** Brooke Buczkowski
**Sent:** Wednesday, May 11, 2016 5:19 PM
**To:** 'm@mcalaw.net'; 'mark.mester@lw.com'; 'danieljaycohen209@gmail.com'
**Cc:** 'Barbara.Buti@lw.com'; Juliana Wilkin
**Subject:** Buccaneers Ltd Partnership TCPA vs. - REF# 1340013089

Dear Counsel:

Your mediation is scheduled for **Friday, May 20, 2016,** beginning at**9:00 a.m.** for 8 hours with **Hon. Wayne R. Andersen (Ret.).**

Attached please find the JAMS mediation and fee agreements, as well as the fee schedule for Judge Andersen. Please carefully review the attached documents and share with your clients, paying particular attention to our cancelation/continuance and pre-payment policies. *Please note that this case is being scheduled after the cancelation deadline.*

<u>**In order to ensure that your mediation proceeds as scheduled, please sign & email both the fee and mediation agreement to Juliana Wilkin (jwilkin@jamsadr.com) by no later than**</u>*May 13, 2016.* An invoice for your share of the fees (if applicable) will follow under separate cover.

Please submit any pre-mediation position statements or other relevant information to Judge Andersen by no later than*May 18, 2016.* Judge Andersen does not have specific requirements as to content or format of pre-

**EXHIBIT 11**

mediation submissions. We suggest that the parties confer and come to an agreement about what they will submit to him prior to the mediation and whether or not that information will be exchanged.

**Please email your submissions to wra1991@aol.com**, with a copy to me at bbuczkowski@jamsadr.com. If your submission contains exhibits, please bookmark the file containing the exhibits or attach each exhibit to your email as a separate PDF for easy navigation. If cases are cited, please provide links to or copies of those cases. Once the judge has reviewed your pre-mediation submissions, he may contact you individually to follow up.

**A note regarding submissions:** Unless instructed otherwise, Judge Andersen will thoroughly review all documents provided to him, and he will bill accordingly. Please feel free to supplement your submission with a cover letter providing guidance on how Judge Andersen might best focus and limit his reading.

Thank you, and please contact me if you have any questions.

Best,

Brooke

 cid:image005.jpg@0 1D03EE3.1F6B2C00

**Brooke Buczkowski**
Senior Case Manager

JAMS
71 S. Wacker Drive
Suite 3090
Chicago, IL 60606
bbuczkowski@jamsadr.com
Ph. 312-655-9191
Fax 312-655-0644

**JAMSconnect online mediation is effective, flexible and affordable. Contact us at 1.844.WebJAMS for more info.**

# BOCK, HATCH, LEWIS & OPPENHEIM, LLC

134 N. La Salle St., Ste. 1000
Chicago, IL 60602
312-658-5501 (phone) 312-658-5555 (fax)

P.O. Box 416474
Miami Beach, FL 33141
305-239-8726 (phone or fax)

Michele Williams
Dr. Gregory L. Williams
5346 8th St.
Zephyrhills, FL 33542

May 5, 2016

### Re:   Our law firm can help you stop fax advertisements

Dear Michele Williams:

Are you tired of receiving fax advertisements? They tie up your phone lines and equipment, and waste your time, paper, and toner. Federal laws regulate fax advertising to protect you and your business. They are not limited to vacation offers, business loan offers, or other "junk" faxes, but apply equally to all faxes "advertising the commercial availability or quality of any property, goods, or services." 47 U.S. Code § 227 (a) (5). Companies you've done business with in the past might be sending you illegal faxes, fax ads you've agreed to receive are sometimes illegal, and the laws protect not only your traditional, standalone fax machine but also your computerized fax program.

We can help. Our law firm has spent more than 13 years fighting fax ads and winning compensation for our clients. Federal law provides a *minimum* $500 recovery for each unlawful fax and the judge can increase that amount up to $1,500. (The same relief is available for claims about text messages to your cell phone and robocalls to your home.) Our office pursues these claims through the class action process for you and all others that received the advertiser's faxes. If you are the "class representative" in a successful class action, we would ask the judge to award you additional money as compensation for stepping forward and assisting us on behalf of the other class members/fax recipients.

How do we move forward? Send us the faxes you receive and we will investigate them and recommend a course of action. (Fax them to 312-658-5555, e-mail to help@faxlawyers.com, or "Upload Documents" at www.faxlawyers.com.) Legal claims about fax ads are viable for 4 years, so that pile of faxes in your office is worth our time reviewing. Let us know and we will send you a postage-prepaid label so you can forward them to us at our expense. We get paid only if your case is settled or won in court and we are paid only from the funds we recover. We will not bill you and you will not pay us out of pocket. Our written retainer agreement will explain this and our respective responsibilities should we both agree to create an attorney-client relationship.

We look forward to hearing from you.

Sincerely,

*Phillip A. Bock*

Phillip A. Bock

---

For a no-cost consultation, write your information and fax to 312-658-5555 or e-mail to phil@faxlawyers.com:

Contact person: _____

Phone number: _____   E-mail address: _____

Bock, Hatch, Lewis & Oppenheim, LLC
134 N. La Salle St., Ste. 1000
Chicago, IL 60602-1233



S SUBURBAN IL 604

06 MAY 2016 PM 10 L

**Advertisement**

Dr. Gregory L. Williams
5346 8th St.
Zephyrhills, FL 33542

33542-433646

IN THE CIRCUIT COURT OF THE
13TH JUDICIAL CIRCUIT IN AND FOR
HILLSBOROUGH COUNTY, FLORIDA
GENERAL JURISDICTION DIVISION

TECHNOLOGY TRAINING ASSOCIATES, )
INC., a Florida Corporation, individually and )
as the representative of a class of similarly- )
situated persons, )
         )
                 Plaintiff, )
v. )
         )
BUCCANEERS LIMITED PARTNERSHIP, )
a Foreign Limited Partnership and JOHN )
DOES 1- 12, )
         )
               Defendants. )

Case No. 16-CA 004333

Class Representation

### CIN-Q AUTOMOBILES, INC. AND
### MEDICAL & CHIROPRACTIC CLINIC, INC.'S MOTION TO INTERVENE

Movants-Proposed Intervenors Cin-Q Automobiles, Inc. ("Cin-Q") and Medical &

Chiropractic Clinic, Inc. ("Medical & Chiropractic") (collectively, "Movants"), pursuant to Fla.

R. Civ. P. 1.230, hereby seek to intervene in this action in order to file their Motion to Stay or in

the Alternative Strike Class Allegations and Disqualify Counsel, attached as Exhibit A. In

support Movants state the following and submit the attached Memorandum of Law:

         1.         This action is a "copycat" of *Cin-Q Autos., Inc. v. Buccaneers Ltd. P'Ship*, No.

No. 13-cv-1592 (M.D. Fla.), a putative class action that has been pending before Magistrate

Judge Anthony E. Porcelli in the United States District Court for the Middle District of Florida

since June 15, 2013 (the "Federal Action"). Movants are the named plaintiffs in the Federal

Action, and Buccaneers Limited Partnership ("BLP") is the named Defendant.

         2.         The operative Second Amended Complaint in the Federal Action, filed January 3,

2014, is attached as Exhibit 1 to the proposed Motion to Stay, Strike, or Disqualify. Like the

Class Action Complaint filed in this case on May 6, 2016, the class definition in the SAC is "[a]ll

**EXHIBIT 13**

persons from July 1, 2009, to present who were sent facsimile advertisements offering group

tickets or individual game tickets for the Tampa Bay Buccaneers games and which did not

display the opt out language required by 47 C.F.R. 64.1200." (SAC ¶ 25). Thus, the cases

involve the same putative class suing the same defendant over the same fax advertisements.

3.      These actions even share one of the same plaintiff's attorneys, David M.

Oppenheim, who until recently was employed by Anderson + Wanca, the law firm that, together

with undersigned counsel, Michael C. Addison, has prosecuted the Federal Action against BLP

for the past three years. Mr. Oppenheim left Anderson + Wanca on April 8, 2016, to form Bock,

Hatch, Lewis & Oppenheim, LLC, which filed this action on behalf of a new plaintiff less than a

month later.

4.      In the nearly three years since the Federal Action was filed, the parties vigorously

litigated the case through fact discovery, class discovery, and expert discovery, as well as cross-

motions for summary judgment (and related motions for reconsideration), motions for

interlocutory appeal, motions to bifurcate, etc. The docket sheet of activity in the Federal Action,

spanning 222 entries, is attached as Exhibit 2 to the Motion to Stay, Strike, or Disqualify.

5.      The parties also engaged in two full-day mediation sessions in an attempt to reach

a class-action settlement, in which Mr. Oppenheim personally appeared on behalf of Movants,

and which were ultimately unsuccessful.

6.      Finally, on March 25, 2016, Movants filed their Motion for Class Certification in

the Federal Action pursuant to Magistrate Judge Porcelli's scheduling order. The Motion for

Class Certification (without exhibits) is attached as Exhibit 3 to the proposed Motion to Stay,

Strike, or Disqualify. BLP's response is due June 13, 2016, after receiving a six-week extension

from Magistrate Judge Porcelli on April 20, 2016.

2

7.      On May 6, 2016, well before BLP's extended deadline to respond to the motion for class certification, Mr. Oppenheim's new firm filed this case. On May 12, 2016, as discussed in greater detail below, Mr. Addison learned that BLP and Mr. Oppenheim's new firm had arranged a mediation to negotiate a class-action settlement in this case, rather than the Federal Action. This is commonly referred to in class-action litigation as a "reverse auction," where a defendant "picks the most ineffectual class lawyers to negotiate a settlement with the hope that the district court will approve a weak settlement that will preclude other claims against the defendant." *In re Checking Account Overdraft Litig.*, 859 F. Supp. 2d 1313, 1322 (S.D. Fla. 2012) (quoting *Reynolds v. Beneficial Nat'l Bank*, 288 F.3d 277, 280–85 (7th Cir. 2002)).

8.      On May 12, 2016, after Mr. Addison learned of the upcoming mediation and inquired of the JAMS office concerning the scheduling of same involving the same mediator who had conducted the mediation on August 31, 2015 in the Federal Action in Chicago, BLP filed a Notice of Pendency of Related Action in the Federal Action disclosing that this action had been filed on May 6, 2016. (Ex. 4 to Motion to Stay, Strike, or Disqualify).

WHEREFORE, for the reasons stated in the attached Memorandum of Law, Movants now seek to intervene as of right in order to seek a stay of this proceeding pending resolution of the Federal Action or in the alternative strike the class allegations and disqualify Plaintiff's counsel.

3

## Memorandum of Law

### I.     Standards for Intervention by Right.

Under Fla. R. Civ. P. 1.230, "[a]nyone claiming an interest in pending litigation may at any time be permitted to assert a right by intervention, but the intervention shall be in subordination to, and in recognition of, the propriety of the main proceeding, unless otherwise ordered by the court in its discretion." In the class-action context, even prior to class certification, unnamed class members have "an interest" in the action sufficient to intervene as of right "in order to pursue objectives the original named class representatives fail to pursue, or to protect interests adverse to or incompatible with interests that the original named class representatives are pursuing, or if their representation is otherwise inadequate." *Litvak v. Scylla Properties, LLC*, 946 So.2d 1165, 1172–73 (Fla. 1st DCA 2006). "An order denying a motion to intervene is final as to and appealable by the movant." *Whitburn, LLC v. Wells Fargo Bank, N.A.*, ___ So.3d ____ , 2015 WL 9258474, at *4 n.1 (Fla. 2d DCA Dec. 18, 2015) (quoting *Litvak*, 946 So.2d at 1172), *aff'd Whitburn, LLC v. Wells Fargo Bank, N.A.*, ___ So.3d ___ , 2016 WL 166641 (Fla. 2d DCA Jan. 15, 2016).

### II.    Movants easily satisfy the standards for intervention as of right because their interests are at risk in this action and they are not adequately represented.

#### A.     Movants have compelling interests at stake in this action.

Under federal law, Movants have a concrete personal interest in being appointed class representatives in the Federal Action by prevailing on their pending Motion for Class Certification. *See U.S. Parole Comm'n v. Geraghty*, 445 U.S. 388, 402–04 (1980) (holding proposed class representative has "a 'personal stake' in obtaining class certification" in the nature of a private attorney general, and that this stake alone satisfies standing requirements, independent of the plaintiff's individual claim); *Deposit Guaranty Nat'l Bank v. Roper*, 445 U.S.

4

326, 336 (1980) (holding putative class representative has a personal stake in "shift[ing] part of the costs of litigation" to the rest of the class, even if the plaintiff's individual claim is mooted by tender of full individual relief and entry of individual judgment).

Florida courts agree that, at least where a motion for class certification is pending, the named plaintiff in a putative class action has a personal interest in being appointed class representative, even if the plaintiff voluntarily settles its individual claims. *Echevarria, McCalla, Raymer, Barrett & Frappier v. Cole*, 896 So. 2d 773, 777 (Fla. DCA 1st 2004), *rev'd in part on other grounds*, 950 So. 2d 380, 384 (Fla. 2007). The Eleventh Circuit recently held in *Stein v. Buccaneers Ltd. P'ship*, 772 F.3d 698, 704 (11th Cir. 2014), that the putative class representative's interest is the same, regardless whether a motion for class certification is pending. Movants also have a concrete interest in obtaining an incentive award for their service to the class in the Federal Action. *See Espenscheid v. DirectSat USA, LLC*, 688 F.3d 872, 874–76 (7th Cir. 2012).

This action is designed to undermine Movants' interests by reaching a classwide settlement in this action before Magistrate Judge Porcelli can decide Movants' pending motion for class certification in the Federal Action. All indications are that this action is the result of a "reverse auction," in which BLP has selected the plaintiff's counsel with which it would prefer to negotiate, with the hope of obtaining approval of "a weak settlement that will preclude other claims against the defendant." *In re Checking Account Overdraft Litig.*, 859 F. Supp. 2d at 1322. As argued in the Motion to Stay, Strike, or Disqualify, this Court should refuse to participate in such a process. For purposes of this Motion to Intervene, however, the Court need only rule that Movants have a right to intervene in this case to protect their interests.

**B.      Movants' interests are not adequately represented.**

Plaintiff in this action is represented by the law firm of Bock, Hatch, Lewis & Oppenheim, LLC, including David M. Oppenheim. *See* http://bockhatchllc. com/attorneys/ (last visited May 12, 2016).[1] Until April 8, 2016, Mr. Oppenheim was employed by the law firm of Anderson + Wanca, which represents Movants in the Federal Action with undersigned counsel Michael C. Addison.

As explained by Michele Zakrewski, the representative of Movant Medical & Chiropractic, in his capacity as an attorney at Anderson + Wanca, Mr. Oppenheim represented Movants at two prior mediation sessions with the Hon. Wayne R. Andersen (Ret.) at JAMS. (Affidavit of Michele Zakrewski ¶ 4 , attached as Exhibit 5 to Motion to Stay, Strike, or Disqualify). Those negotiations were unsuccessful, and Judge Andersen declared an impasse. (Ex. B).

On May 11, 2016, a "case manager" at JAMS sent an email to BLP's counsel (Mark Mester, at Latham & Watkins LLP), as well as "danieljaycohen209@gmail.com" stating that a mediation in the "Buccaneers Ltd Partnership TCPA" matter was "scheduled for **Friday, May 20, 2016**" with Judge Andersen. (Ex. C). Although his name is not listed on the firm's website, Daniel J. Cohen is an attorney associated with Bock, Hatch, Lewis & Oppenheim, LLC. *See, e.g.*, *Palm Beach Golf Ctr.-Boca, Inc. v. John G. Sarris, D.D.S., P.A.*, 781 F.3d 1245, 1248 (11th Cir. 2015) (listing counsel for appellant as "Daniel J. Cohen, Bock & Hatch, LLC"). The case manager also sent this email to Mr. Addison.

On May 12, 2016, Mr. Addison called the JAMS case manager to inquire about this mediation session of which he was unaware (and to ask who "danieljaycohen" is), and the case

---

[1] The signature block on the Class Action Complaint states Plaintiff's counsel is "Bock & Hatch, LLC," which is the former name of the firm, before Mr. Oppenheim joined.

manager said Mr. Addison was included on the email by mistake. (Affidavit of Michael C. Addison ¶ 5, attached as Exhibit D). Mr. Addison asked if there was some other "Buccaneers Ltd Partnership TCPA" matter scheduled for mediation on May 20, 2016, and the case manager said she could not disclose that information. (*Id.* ¶ 5). Later the same day, BLP filed a Notice of Pendency of Related Action in the Federal Action disclosing that this action had been filed May 6, 2016. (Ex. 4 to Motion to Stay, Strike, or Disqualify).

Thus, it appears that, following Mr. Oppenheim's departure from Anderson + Wanca, his new firm reached an agreement with BLP to file a new lawsuit and then negotiate a classwide settlement in the new case. This is commonly referred to in class-action litigation as a "reverse auction," where a class defendant "picks the most ineffectual class lawyers to negotiate a settlement with the hope that the district court will approve a weak settlement that will preclude other claims against the defendant." *In re Checking Account Overdraft Litig.*, 859 F. Supp. 2d at 1322.

Movants are obviously not adequately represented in this matter, since it appears to be designed to undermine the class action they have prosecuted for the past nearly three years, and to preclude their opportunity to act as class representatives, to spread their costs of litigation, and to obtain an incentive award. The precise details of how and when BLP and Bock, Hatch, Lewis & Oppenheim, LLC reached this arrangement are currently unknown to undersigned counsel and will likely be the subject of further investigation before Magistrate Judge Porcelli in the Federal Action. For purposes of this motion to intervene, however, Movants submit they have adequately established that their interests are not being adequately represented in this action and that they have a compelling interest in the matter, justifying intervention under Fla. R. Civ. P. 1.230. *See Litvak*, 946 So. 2d at 1173.

7

## Conclusion

For the foregoing reasons, Movants Cin-Q Automobiles, Inc. and Medical & Chiropractic

Clinic, Inc. seek leave to intervene in this matter as of right to file the attached Motion to Stay or

in the Alternative Strike Class Allegations and Disqualify Plaintiff's Counsel.

ANDERSON + WANCA,
3701 ALGONQUIN ROAD, SUITE 500
ROLLING MEADOWS, IL 60008
TEL: (847) 368-1500

AND

ADDISON & HOWARD, P. A.
400 N. Tampa St., Suite 1100
Tampa, Florida 33602-4714
Tel: (813) 223-2000
Fax: (813) 228-6000
Attorneys for Intervenors


/s/ Michael C. Addison
Michael C. Addison
Florida Bar No. 0145579
m@mcalaw.net

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true copy of the foregoing has been furnished by ☒Email or
☐United States mail or ☐telecopier or ☐hand delivery to the person listed below on May 13,
2016.


/s/ Michael C. Addison
Michael C. Addison

8

Philip Bock, Esq.
David Oppenheim, Esq.
Bock, Hatch, Lewis & Oppenheim, LLC
134 N. La Salle St., Ste. 1000
Chicago, IL 60602
312-658-5501 direct
312-658-5555 fax
Attorneys for Technology Training Associates,
Inc.

Mark Mester, Esq.
Kathleen Lally, Esq.
Lathem & Watkins
330 N. Wabash Ave.
Suite 2800
Chicago, Illinois 60611
312-876-7623 direct

9

# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# TAMPA DIVISION

| | |
|---|---|
| CIN-Q AUTOMOBILES, INC. and MEDICAL & CHIROPRACTIC CLINIC, INC., individually and as representatives of a class of similarly-situated persons, ) ) ) ) | |
| Plaintiffs, ) ) | Civil Action No.: 8:13-CV-01592-AEP |
| v. ) ) | |
| BUCCANEERS LIMITED PARTNERSHIP and JOHN DOES 1-10, ) ) ) | |
| Defendants. ) | |

### PLAINTIFFS' MOTION TO ENJOIN DEFENDANT
### FROM PROCEEEDING IN COMPETING CASE

Plaintiffs, Cin-Q Automobiles, Inc. and Medical & Chiropractic Clinic, Inc., hereby move the Court for the following relief:

(1) An order, pursuant to the All Writs Act, 28 U.S.C. § 1651, and the "first-to-file rule," enjoining Defendant Buccaneers Limited Partnership ("BLP") from proceeding with a "reverse auction" settlement in *Technology Training Assocs., Inc. v. Buccaneers Ltd. P'Ship*, No. 16-CA-004333, a "copycat" action filed May 6, 2016, in the Circuit Court of the 13th Judicial Circuit in Hillsborough County, Florida, purporting to assert claims on behalf of the same class as this action, against the same defendant, involving the same fax advertisements.

(2) An order immediately certifying Classes A, B, and C proposed in Plaintiffs' Motion for Class Certification, filed March 25, 2016 (Doc. 207), subject to any appropriate alteration or amendment following BLP's response to that motion on June 13, 2016, and ruling that the Court will not entertain any request from BLP for any further extension of time to respond to that motion beyond the 11 weeks the Court has already allowed.

Plaintiffs submit the attached Memorandum of Law in support.

**EXHIBIT 14**

# MEMORANDUM OF LAW

## Introduction

BLP and its counsel have engineered a scheme in an attempt to circumvent this Court's authority to adjudicate this matter. After nearly three years of hard-fought litigation, wherein this Court has overseen extensive discovery and ruled on several substantive motions, including BLP's motion to dismiss and cross-motions for summary judgment, and *after* Plaintiffs filed their opening brief in support of class certification, BLP is attempting to negotiate a class-wide settlement in a case filed in Florida state court *ten days ago*. That case, *Technology Training*, was filed by the law firm of Bock, Hatch, Lewis & Oppenheim, LLC, which was formed by David M. Oppenheim, who until April 8, 2016, was associated with Anderson + Wanca and who represented Plaintiffs in this action in mediation sessions with BLP before the Hon. Judge Wayne R. Andersen (Ret.). BLP and Mr. Oppenheim's new firm scheduled a mediation with Judge Andersen within one week of the filing the *Technology Training* case, a fact Plaintiffs in this case became aware of only after Plaintiffs' counsel Michael C. Addison was inadvertently copied on an email regarding the scheduled May 20, 2016 mediation.

By colluding with Mr. Oppenheim's new firm to file a new case and mediate a classwide settlement within a week, BLP is effectively seeking to use a "reverse auction" to usurp this Court's authority to adjudicate this action. Allowing BLP to proceed with this scheme would establish a dangerous precedent: it will encourage other defendants to shop around for the most favorable settlement terms and, when they find partners in other venues willing to settle for inadequate consideration, to undermine ongoing litigation pending in this Court. To prevent that outcome, Plaintiff respectfully requests that the Court immediately (1) enjoin BLP from further proceedings in the later-filed *Technology Training* action; and (2) certify Classes A, B, and C

2

proposed in Plaintiffs' motion for class certification, subject to any appropriate alteration or amendment under Rule 23(c)(1)(C) after BLP files its response to that motion on June 13, 2016.

## Background

This action was filed June 18, 2013, by Plaintiff Cin-Q Automobiles, Inc., alleging BLP sent unsolicited advertisements by facsimile in violation of the Telephone Consumer Protection Act of 1991 ("TCPA") and its implementing regulations, including the FCC regulations requiring "opt-out notice" on all fax advertisements. (Doc. 1). Over the following nearly three years, the parties and the Court have invested massive resources into this litigation. The parties have conducted over a dozen depositions in Florida, Philadelphia, Colorado, Texas, and Canada.[1] The parties have hired expert witnesses and disclosed their reports and rebuttal reports. The Court has been called upon to decide numerous disputes in overseeing discovery. (*E.g.*, Order, Doc. 121 (Apr. 8, 2014) (ruling on five discovery motions)).

The Court has also ruled on several substantive motions. On July 16, 2013, BLP filed its motion to dismiss, arguing Plaintiff failed to adequately allege BLP was "vicariously liable" for the fax campaigns. (Doc. 17). On October 23, 2013, the Court denied the motion to dismiss, holding Plaintiff adequately alleged BLP is the "sender" under 47 C.F.R. § 64.1200(f)(10) because it "authorized FaxQom to send the facsimile advertisements on its behalf" and its "goods or services were advertised in the facsimile at issue." (Doc. 41 at 4, 5–6).

---

[1] To date, the following have been deposed: (i) in Florida – Karolyn Sheekey (2/17/14), Brian Sheekey (12/26/13), Craig Cinque (2/14/14), Michele Zakrewski (2/12/14), Ben Milson (5/2/14), Manuel Alvare (5/29/14), Brian Ford (5/29/14), and Gregory Williams (10/13/15); (ii) in Philadelphia – Ian Jenkins (6/8/15), David Canfield (12/10/15), and Stephen K. Schurer (2/18/14 no show); (iii) in Canada – Jonathon Nelson (1/16/14), and Stefani Pelowich (3/9/15); in Colorado – Darren Morgan (3/24/14), and Jason Layton (3/24/14); (iv) California – Matt Kaiser (3/25/14); and (v) in Texas – Michael Clement (3/10/14).

3

On October 11, 2013, Plaintiff filed a motion for leave to file a Second Amended Complaint adding Medical & Chiropractic Clinic, Inc., as a Plaintiff. (Doc. 37). BLP vigorously opposed the motion (Doc. 43), which the Court granted on January 3, 2014, holding "no reason exists to deny Plaintiff leave to file a second amended complaint adding M&C as a plaintiff." (Doc. 68 at 2). Plaintiffs filed the Second Amended Complaint the same day. (Doc. 70).

On May 27, 2014, the parties filed cross-motions for summary judgment on BLP's "vicarious liability" defense. (Docs. 129, 138). Over the next several months, the parties filed response briefs (Docs. 143 & 144), and numerous citations of supplemental authority as proceedings unfolded in the Eleventh Circuit in *Palm Beach Golf Ctr.-Boca, Inc. v. Sarris*, 771 F.3d 1274 (11th Cir. 2014), including the FCC's submission of an amicus brief on whether "vicarious liability" applies to the TCPA's fax-advertising rules, and the Eleventh Circuit's decision ultimately agreeing with the FCC that the "sender" is directly liable (Docs. 146, 147, 148), as well as other Eleventh Circuit and district court decisions (Docs. 155–60).

On December 17, 2014, the Court ruled on the parties' cross-motions for summary judgment, denying both motions in a 22-page Order & Memorandum. *Cin-Q Auto., Inc. v. Buccaneers Ltd. P'ship*, 2014 WL 7224943 (M.D. Fla. Dec. 17, 2014). Plaintiff subsequently moved to reconsider or certify questions for interlocutory review (Doc. 170), and BLP moved to bifurcate and proceed to trial on Plaintiff's individual claims before deciding class certification (Doc. 169). On May 5, 2015, following oral argument, the Court denied the motions for reconsideration, for interlocutory appeal, and for bifurcation and individual trial. *Cin-Q Auto., Inc. v. Buccaneers Ltd. P'ship*, 2015 WL 2092810 (M.D. Fla. May 5, 2015). As it stands today, the docket sheet in this action spans 222 entries.

4

In addition to the litigation before this Court, for much of the past year, the parties attempted to negotiate a classwide settlement, including engaging in full-day mediation sessions on February 13, 2015, and August 31, 2015. Plaintiffs were represented at those mediations by David M. Oppenheim, an attorney at Anderson + Wanca, the law firm that, together with Mr. Addison, has prosecuted this action over the past nearly three years. Although the mediation sessions were unsuccessful, negotiations continued through countless telephone calls and emails, often handled on Plaintiffs' side by Mr. Oppenheim, all under the supervision of the mediator, Hon. Wayne R. Andersen (Ret.) at JAMS.

On March 25, 2016, Plaintiffs filed their Motion for Class Certification (Doc. 207) in accordance with the Court's order granting the parties' second joint motion to extend time. (Doc. 202). The Court granted BLP's request for six weeks to file a response, by May 6, 2016, which Plaintiffs did not oppose. (Doc. 202).

On April 8, 2016, Mr. Oppenheim left Anderson + Wanca to form Bock, Hatch, Lewis & Oppenheim, LLC. On April 20, 2016, BLP made an oral request for an additional five-week extension of time to file its response to the motion for class certification, giving BLP a total of 11 weeks for its response. Plaintiffs did not object and the Court granted BLP its requested extension to June 13, 2016. (Doc. 216).

On May 2, 2016, Judge Andersen declared an impasse in the mediation negotiations. (Doc. 218). On May 6, 2016, Mr. Oppenheim's new firm, Bock, Hatch, Lewis & Oppenheim, LLC, filed a "copycat" action in Florida state court captioned *Technology Training Assocs., Inc. v. Buccaneers Ltd. P'Ship*, Case No. 16-CA-004333 (Cir. Ct. Hillsborough Cty., Fla.).[2] The *Technology Training* Complaint is attached as <u>Exhibit A</u>. Like the operative Second Amended

---

[2] The signature block on the Complaint states it was filed by "Bock & Hatch, LLC," which is the former name of the firm, before Mr. Oppenheim joined.

5

Complaint in this action, the class definition in the *Technology Training* Complaint covers all persons or entities sent fax advertisements for Tampa Bay Buccaneers tickets "from July 1, 2009, to present" that failed to include an "opt-out notice" complying with the FCC regulations. (*Technology Training* Compl. ¶ 14). Neither BLP nor Mr. Oppenheim's firm notified Plaintiffs' counsel of this filing.

On May 11, 2016, at approximately 6:20 p.m., a case manager at JAMS sent an email to BLP's counsel, Mark Mester, as well as "danieljaycohen209@gmail.com," stating that a mediation in the "Buccaneers Ltd Partnership TCPA" matter was "scheduled for **Friday, May 20, 2016**" with Judge Andersen. (Exhibit B). Although his name is not listed on the firm's website, Daniel J. Cohen is an attorney associated with Bock, Hatch, Lewis & Oppenheim, LLC. *See, e.g.*, *Palm Beach Golf Ctr.-Boca, Inc. v. John G. Sarris, D.D.S., P.A.*, 781 F.3d 1245, 1248 (11th Cir. 2015) (listing counsel for appellant as "Daniel J. Cohen, Bock & Hatch, LLC"). The case manager also sent this email to Mr. Addison.

The next morning, May 12, 2016, Mr. Addison called the JAMS case manager to inquire about this mediation session of which he was unaware (and to ask who "danieljaycohen" is), and the case manager said Mr. Addison may have been included on the email by mistake. (Affidavit of Michael C. Addison ¶ 5, attached as Exhibit C). Mr. Addison asked if there was some other "Buccaneers Ltd Partnership TCPA" matter scheduled for mediation on May 20, 2016, and the case manager said she could not disclose that information. (*Id.* ¶ 5).

At 10:55 a.m. on May 12, 2016, BLP filed a Notice of Pendency of Related Action pursuant to Local Rule 1.04(d),[3] disclosing that the *Technology Training* action had been filed

---

[3] Local Rule 1.04(d) states that all counsel of record "have a continuing duty promptly to inform the Court and counsel of the existence of . . . any similar or related case or proceeding pending before any other court or administrative agency."

six days earlier, on May 6, 2016, and that the claims in that case are "based upon the same facsimile advertisements allegedly sent by the Buccaneers between 2009 and 2010 that are at issue in this case." (Doc. 222). At 12:11 p.m., the JAMS case manager sent Mr. Addison another email stating he should disregard the invitation from the previous day, confirming that it had been sent to him in error. (Addison Aff. ¶ 7).

On May 13, 2016, Plaintiffs filed a motion to intervene in the *Technology Training* action, which is attached as <u>Exhibit D</u> . Plaintiffs argued to the Florida court that it had apparently been drawn into a "reverse auction," where a class-action defendant runs to the lowest bidder to secure friendly settlement terms. *In re Checking Account Overdraft Litig.*, 859 F. Supp. 2d 1313, 1322 (S.D. Fla. 2012). Plaintiffs explained that they sought to intervene as of right to file their motion to (1) stay the *Technology Training* action pending resolution of this action or (2) in the alternative, strike the class allegations as barred by the statute of limitations and disqualify Bock, Hatch, Lewis & Oppenheim, LLC from the representation due to its conflict with Plaintiffs in this action, who are Mr. Oppenheim's former clients.

On May 16, 2016, Judge Mark R. Wolfe, the state-court judge assigned the *Technology Training* action, set Plaintiffs' Motion to Intervene for a hearing in chambers on Thursday, May 18, 2016, which Plaintiffs' counsel promptly gave notice of to BLP's counsel and attorneys at Bock, Hatch, Lewis & Oppenheim, LLC. Plaintiffs now bring this Motion before this Court in order to preserve the integrity of these proceedings.

## <u>Argument</u>

I.  **Under the All Writs Act, the Court should enjoin BLP, its attorneys, or anyone acting in concert with them, from proceeding in any fashion in *Technology Training* case.**

This Court has authority under the All Writs Act, 28 U.S.C. § 1651, to enjoin BLP, its counsel, as well as Technology Training and its counsel, from proceeding with the *Technology*

*Training* case. The All Writs Act provides: "the Supreme Court and all courts established by this Act of Congress may issue all writs necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law." *Id*. The All Writs Act confers "extraordinary powers" upon federal courts. *In re Checking Overdraft Litig*., 859 F. Supp. 2d 1313, 1322 (S.D. Fla. 2012). The Supreme Court has stated that "a federal court may avail itself of all auxiliary writs as aids in the performance of its duties, when the use of such historic aids is calculated in its sound judgment to achieve the ends of the justice entrusted to it." *In re Managed Care Litig*., 236 F. Supp. 2d 1336, 1339 (S.D. Fla. 2002) (citing *United States v. New York Tel. Co*., 434 U.S. 159 (1977) (quoting *Adams v. United States ex rel. McCann*, 317 U.S. 269 (1942)).

The All Writs Act "is a codification of the federal courts' traditional, inherent power to protect the jurisdiction they already have, derived from some other source." *In re Bayshore Ford Truck Sales, Inc*., 471 F.3d 1233, 1256 (11th Cir. 2006) (quoting *Klay v. United Healthgroup, Inc*., 376 F.3d 1092, 1099 (11th Cir. 2004)). It allows federal courts "to protect their respective jurisdictions," and "to safeguard not only ongoing proceedings, but potential future proceedings, as well as already-issued orders and judgments." *Id.* (citations omitted). While proceedings are pending, "a court may enjoin almost any conduct 'which, left unchecked, would have . . . the practical effect of diminishing the court's power to bring the litigation to a natural conclusion.'" *Klay*, 376 F.3d at 1102.

Significantly, the All Writs Act authorizes a court to enjoin not only parties to the action, but non-parties as well. *In re Lease Oil Antitrust Litig*., 48 F. Supp. 2d 699, 704 (S.D. Tex. 1998). In those circumstances, the Supreme Court has stated that "[t]he power conferred by the Act extends, under appropriate circumstances, to persons who, though not parties to the original action or engaged in wrongdoing, are in a position to frustrate the implementation of a court

8

order or the proper administration of justice, and encompasses even those who have not taken any affirmative action to hinder justice." *Id*. (citing *United States v. New York Tel. Co*., 98 S. Ct. 364, 373 (1977)).

As to ongoing state-court proceedings, the broad authority of the All Writs Act is tempered by the Anti-Injunction Act, 28 U.S.C. § 2283, which provides: "A court of the United States may not grant an injunction to stay proceedings in a State court except as expressly authorized by Act of Congress, or where necessary in aid of its jurisdiction, or to protect or effectuate its judgments." *In re Bayshore Truck Sales*, 471 F.3d at 1249.[4] The Eleventh Circuit has stated that a district court's authority to enter an injunction under the All Writs Act and the Anti-Injunction Act "merges into a single question: Does the Injunction meet the requirements of an exception to the Anti-Injunction Act?" *Burr & Foreman v. Blair*, 470 F.3d 1019, 1030 (11th Cir. 2006). If the answer is yes, a district court must still decide whether, in its sound discretion, to exercise that authority. *In re Bayshore Ford*, 470 F.3d at 1250.

The "necessary in aid of jurisdiction" exception exists "to prevent a state court from so interfering with a federal court's consideration or disposition of a case as to seriously impair the federal court's flexibility and authority to decide that case. *Juris v. Inamed Corp*., 685 F.3d 1294, 1338-39 (11th Cir. 2012) (citing *Atl. Coast Line R.R. v. Bhd. of Locomotive Eng'rs*, 398 U.S. 281, 295 (1970)). "Ordinarily, a federal court may issue an injunction 'in aid of its jurisdiction' in only two circumstances: (1) the district court has exclusive jurisdiction over the action because

---

[4] The Eleventh Circuit has stated that "on its face," the Anti-Injunction Act could be interpreted as preventing only injunctions issued directly to the state court, and would thus be inapplicable where the motion to enjoin is asserted against the parties and their attorneys rather than the state court proceeding. *See Burr & Forman v. Blair*, 470 F.3d 1019, 1028 n.28 (11th Cir. 2006). However, "[c]ourts have not interpreted the Act this way, and "it is settled that the prohibition of § 2283 cannot be evaded by addressing the order to the parties." *Id*. (citing *Atl. Coast Line R. Co. v. Bhd of Locomotive Eng'rs*, 398 U.S. 281, 287 (1970); *Klay*, 376 F.3d at 1102 n. 14).

9

it had been removed from state court; or (2) the state court entertains an *in rem* action involving a res over which the district court has been exercising jurisdiction in an *in rem* action." *Id.* at 1339 (quoting *In re Ford Truck Sales*, 471 F.3d at 1250-51).

Significantly, the Eleventh Circuit has recognized a "narrow" exception to this general rule, allowing the "in aid of its jurisdiction" exception to be used to enjoin parallel state proceedings that jeopardize complex and lengthy litigation, finding that such litigation is the virtual equivalent of a res. *Juris*, 685 F.3d at 1339. In *Battle v. Liberty Nat'l Life Ins. Co.*, 877 F.2d 877, 881 (11th Cir. 1989), a complex and lengthy class action, the Eleventh Circuit stated that "[t]he contention that the 'necessary in aid of jurisdiction' exception applies only to in rem proceedings where a res is involved is not supported by case law," and further, that:

> It makes sense to consider this case, involving years of litigation and mountains of paperwork, as similar to a res to be administered. As the district court stated, "any state court judgment would destroy the settlement worked out over seven years, nullify this court's work in refining its Final Judgment over the last ten years, add substantial confusion in the minds of a large segment of the state's population, and subject the parties to added expense and conflicting orders." *Battle v. Liberty Nat'l Life Ins. Co.*, 660 F. Supp. 1449, 1457 (N.D. Ala. 1987). This lengthy, complicated case is the "virtual equivalent of a res." *Id.* (quoting *In re Baldwin-United Corp.*, 770 F.2d 328, 337 (2d Cir. 1985).

*Battle*, 877 F.2d at 882.

The Eleventh Circuit reiterated its "virtual equivalent of a res" jurisprudence four years later in *Wesch v. Folsom*, 6 F.3d 1465 (11th Cir. 1993), a case involving an Alabama congressional redistricting plan administered by a three-judge court. After the court entered final judgment adopting the plan, a class action was filed in an Alabama state court on behalf of substantially the same plaintiffs asserting substantially the same claims as those before the district court. *Id.* at 1468-69. The district court enjoined the state court proceedings in aid of its jurisdiction and to effectuate its judgment, and the Eleventh Circuit affirmed. Relying on its reasoning in Battle, the Court concluded that the federal case should be treated as a res for Anti-

<div align="center">10</div>

Injunction purposes because like the district court in *Battle* "the three-judge district court . . . invested a great deal of time and other resources in the arduous task of reapportioning Alabama's congressional districts." *Id*. at 1471. The Court further noted that "both *Battle* and *Wesch* involved class actions," and the subsequent state court cases asserted substantially similar claims to those already decided. *Id*.

And in *Juris*, in holding that the Anti-Injunction Act did not bar the district court from enjoining a California state court action, and that the injunction was permissible because it was necessary "in aid of its jurisdiction" and "to protect or effectuate its judgments," the Eleventh Circuit held:

> The lengthy, complicated case was likewise the "virtual equivalent of a res." The district court has spent countless hours managing the highly complex multidistrict litigation, and it was only after years of extended settlement negotiations that the parties were able to resolve the claims of over 40,000 Inamed breast implant recipients. Moreover, the district court, like that in *Battle*, retained exclusive jurisdiction to review, interpret, and enforce the Inamed class settlement. The district court has continually exercised that jurisdiction in interpreting the Inamed settlement agreement and supervising the escrow agent charged with administering the settlement fund. Admittedly, "*Battle* and *Wesch* offer little guidance as to how the parallel federal and state proceedings were sufficiently similar to an in rem proceeding so as to warrant an injunction." Burr & Forman v. Blair, 470 F.3d 1019, 1032-33 (11th Cir. 2006). However, we agree with Judge Proctor that this "paradigmatically complex" litigation "presumptively satisfies this standard."

*Id*. at 1339-40.

Here too, the instant case should be treated as "the virtual equivalent of a res." Although the Eleventh Circuit has offered "little guidance" on the question, the case has been "paradigmatically complex" in both the exhaustive time and effort the parties have invested in discovery and the complex legal issues the Court has been called upon to decide, particularly with respect to the parties competing arguments for "vicarious liability" and "direct" liability. Although the case is not an MDL proceeding, it is a consolidated action with another putative

11

class action that has been heavily litigated for nearly three years, and the evidence gathered in discovery shows the scope of the class is expansive, covering nearly 350,000 fax transmissions to over 100,000 unique fax numbers. The "complex" litigation exception should apply here, and the Anti-Injunction Act should not act as a bar to an injunction to preserve this Court's power to adjudicate this case.

In addition, two district court cases from the Southern District of Florida are instructive, and although these cases do not involve the Anti-Injunction Act, they do involve application of the All Writs Act and the first-filed rule, discussed *infra*. In *In re Managed Care Litig.*, 236 F. Supp. 2d 1336, 1338 (S.D. Fla. 2002), defendant Cigna was simultaneously defending a case in the *Managed Care* MDL and a narrower Illinois state class action. The Illinois state court litigation moved into federal court as a result of the maneuverings of CIGNA and the state court plaintiffs in an attempt to avoid the *Managed Care* MDL. *Id.* at 1338-39. The parties then immediately moved for preliminary approval of a class settlement. *Id.* The district court in *Managed Care* invoked the All Writs Act to halt the class settlement, noting that although the powers under the All Writs Act are narrowly circumscribed, it "frequently enables a court to issue preliminary orders which will quell a threat to the proper exercise of its jurisdiction." *Id.* at 1440. The district court stated that "[s]everal district courts have determined that a federal court's inherent power under the All Writs Act allows it to enter an injunction which would have preclusive effect on a state court's action, where the possibility existed that the defendants would attempt to reach an inadequate or collusive settlement in the state court proceeding and 'settle on the cheap.'" *Id.* (citing *In re Lease Oil Antitrust Litig.*, 48 F. Supp. 2d 699 (S.D. Tex. 1998); *Reynolds v. Beneficial Nat'l Bank*, 288 F.3d 277 (7th Cir. 2002)).

In enjoining the settlement attempts outside the MDL, the district court held:

12

Admittedly, in most instances, the issuance of an injunction would be in order to *protect* a settlement. Here, instead this Court seeks to *prevent* a settlement. This Court is well aware of the strong public interest favoring settlements. However, it cannot turn a blind eye to the underhanded maneuvers CIGNA took to obtain this settlement agreement. CIGNA snookered both this Court and Judge Murphy in Illinois in an obvious attempt to avoid this Court's jurisdiction. CIGNA settled the claims of this Court's Plaintiff class and yet seeks approval from another judge in Illinois without informing that judge, apparently, of the proceedings in this case.

Additionally, CIGNA makes no mention, in its discussion on whether an injunction would be "agreeable to the usages and principles of the law" of the entire spirit of and rationale behind the JPML and the MDL Rules. How CIGNA can, with a straight face, argue to this Court that its maneuvering is agreeable to the usages and principles of law, is incredulous.

*Id.* at 1340.

Similarly, in *In re Checking Account Overdraft Litig.*, 859 F. Supp. 2d 1313, 1316 (S.D. Fla. 2012), plaintiff filed a motion to enjoin a "copycat" action after defendant (BancorpSouth) attempted to stay the case based on an order it had obtained granting preliminary approval of a proposed class action settlement in the Southern District of Arkansas (*Thomas v. BancorpSouth*) approximately two years after the original litigation was filed. Relying on the All Writs Act, and on the district court's opinion in *Managed Care*, the court enjoined defendant BancorpSouth's "efforts to settle a copycat case and thereby deprive this Court of its ability to adjudicate the long-standing class claims pending against it in MDL 2036." *Id.* at 1322. In so holding, the court rejected Bancorp's argument that *Managed Care* was inapplicable because the court had yet to certify a class in the second filed case, stating: "[w]hile it is true that had already certified a class in Managed Care when the attempted non-MDL settlement came to light, that distinguishing fact alone neither prevents this Court from applying the All Writs Act nor justifies a different result based on the facts now known to this Court." *Id.* at 1223. The *In re Checking Overdraft* court also agreed with Judge Moreno's refusal to "condone" the "settlement maneuvers" of CIGNA in

13

*Managed Care*, finding such maneuvers would directly undermine the court's authority to manage the litigation. *Id.*

In the case at bar, Plaintiffs respectfully submit that this Court, like the district courts in *Managed Care* and *In re Checking Overdraft*, should not "turn a blind eye to the underhanded maneuvers" of BLP, Technology Training, and their counsel. As set forth above, BLP did not file its Notice of Pendency of Related Action (Doc. 222) until it had been caught through the inadvertent JAMS email to Michael Addison, in derogation of Local Rule 1.04(d). A fair reading of the circumstances in this case make clear that BLP is attempting to engineer a reverse auction during the extraordinary 11-week period it obtained from the Court for its response to Plaintiffs' motion for class certification. On the other side, that Technology Training's counsel seeks to settle a case as involved and hard-fought as this one, while having done nothing but file a copycat complaint in state court and set up a mediation, raises serious problems, especially considering that Mr. Oppenheim represented Plaintiffs in this matter and less than a month after his departure to Bock, Hatch, Lewis & Oppenheim, LLC, the *Technology Training* state court complaint was filed and set for mediation before Judge Andersen.

To borrow from Judge Moreno, BLP, its counsel, and Technology Training and its counsel cannot "with a straight face, argue to this Court that its maneuvering is agreeable to the usages and principles of law." *Managed Care*, 236 F. Supp. 2d at 1340; All Writs Act, 28 U.S.C. § 1651. Each of these parties, and all those acting in concert with them, should be enjoined from participating in any fashion whatsoever in the *Technology Training* case.

14

II.   **Under the first-filed-rule, the Court should enjoin BLP from participating in the** *Technology Training* **action.**

This case was filed nearly three years prior to the May 6, 2016, filing of the *Technology*

*Training* case, and is thus "first-filed." The "first-to file rule" developed as a doctrine of federal

comity. *In re Checking Overdraft*, 859 F. Supp. 2d at 1324. Competing lawsuits involving the

same parties and the same issues in separate jurisdictions waste judicial resources and can lead to

conflicting results. *Id.* "In the absence of compelling circumstances, the court initially seized of a

controversy should be the one to decide the case." *Merrill Lynch, Pierce, Fenner & Smith, Inc. v.*

*Haydu*, 675 F.2d 1169, 1174 (11th Cir. 1982). The Eleventh Circuit follows the "first-to-file-

rule." *Manual v. Convergys Corp.*, 430 F.3d 1132, 1135-36 (11th Cir. 2005) ("[W]here two

actions involving overlapping issues and parties are pending in two federal courts, there is a

strong presumption across federal circuits that favors the forum of the first-filed under the first-

filed-rule.").

"The 'first-to-file rule' not only determines which court may decide the merits of

substantially similar issues, but also establishes which court decides whether the second suit filed

must be dismissed, stayed or transferred and consolidated." *In re Checking Overdraft*, 859 F.

Supp.2d at 1325 (citation omitted). In applying the first-filed rule, the district court in *In re*

*Checking Overdraft* stated:

> This Court concludes that it cannot sit idly by and allow *Thomas* to proceed.
> Allowing *Thomas* to move forward would create a dangerous precedent. It would
> effectively encourage other defendants in MDL 2036 to follow the *Thomas*
> parties' lead, by cooperating with counsel who file substantially similar cases
> outside of MDL 2036 against banks that are already defending cases in MDL
> 2036, with the intent of settling those cases outside MDL 2036 and thereby
> undermining the ongoing litigation against such bank(s) in MDL 2036. In the
> Court's view, the actions of the *Thomas* parties, in particular BancorpSouth which
> has long been subject to this Court's jurisdiction, exhibit a direct attempt to
> undermine this Court's authority granted by the JPML. Thus, an injunction shall
> also issue under the "first-to-file rule."

15

*Id.*

  The federal policy in favor of the first-filed rule is even stronger in a class action because competing class actions are a disservice to putative class members. The primary reason for this is that competing class actions can create a "reverse auction" opportunity for the defendant. A reverse auction is:

> [A] practice whereby the defendant in a series of class actions picks the most ineffectual class lawyers to negotiate a settlement with in the hope that the district court will approve a weak settlement that will preclude other claims against the defendant .... The ineffectual lawyers are happy to sell out a class they anyway can't do much for in exchange for generous attorneys' fees, and the defendants are happy to pay generous attorneys' fees since all they care about is the bottom line-the sum of the settlement and the attorneys' fees-and not the allocation of money between the two categories of expense.

*Figueroa v. Sharper Image Corp.*, 517 F. Supp. 2d 1292, 1306-07 (S.D. Fla. 2007) (citing *Reynolds v. Beneficial Nat'l Bank*, 288 F.3d 277, 282 (7th Cir. 2002)).

  There can be little doubt that a reverse auction is exactly what is going on here. The only thing Training Associates has accomplished is filing a copycat complaint and setting a mediation. Other than Mr. Oppenheim's representation of Plaintiffs in the instant case at the mediations mentioned above, counsel for Technology Training have done nothing. *See Sides v. Simmons*, 2007 WL 3344405, at *4 (S.D. Fla. Nov. 7, 2004) (warning that "to permit both state and federal suits to go forward would lead to forum shopping"); *Sini v. Citibank, N.A.*, 990 F. Supp. 2d 1370, 1379 (S.D. Fla. 2014) (warning that "a party may try to accelerate or stall action in one case in an effort to win a ruling from 'the more favorable forum.'")

  Here, BLP has sought an extraordinarily long period of nearly three months to respond to Plaintiff's motion for class certification. As a professional courtesy, Plaintiffs did not object to the extension, but during the extra time granted by this Court, BLP was apparently negotiating with counsel for Technology Training to settle this case in another forum. BLP's request was

16

gamesmanship, pure and simple, in an effort to delay this Court from deciding class certification before BLP could shop around for a cheap settlement.

In *Haydu*, 675 F.2d at 1174, the Eleventh Circuit stated: "In absence of compelling circumstances, the court initially seized of a controversy should be the one to decide the case . . . It should make no difference whether the competing courts are both federal courts or a state and federal court with undisputed concurrent jurisdiction." Plaintiffs are cognizant of subsequent district court opinions disagreeing with this assertion, arguing that the first-filed rule applies only where both actions are filed in federal court. *See, e.g.*, *Sini*, 990 F. Supp. 2d at 1375. However, as stated in *GEICO Gen. Ins. Co. v. Lacayo*, 2015 WL 4464020, at *4 (S.D. Fla. July 21, 2015), it is "unsettled" in the Eleventh Circuit whether the first-filed rule applies to only competing claims filed in separate federal courts or whether it also extends to competing claims filed in federal and state courts. Plaintiffs respectfully submit that the circumstances in this case call for the application of the first-filed rule.

**III.     The Court should certify Classes A, B, and C, subject to any appropriate alteration or amendment under Rule 23(c)(1)(C) following BLP's response on June 13, 2016.**

On March 25, 2016, Plaintiffs timely filed their Motion for Class Certification seeking to certify Classes A, B, and C, which reflect the dates of the three waves of fax broadcasts and the opt-out notice. (Doc. 207). Class certification in a TCPA fax case is not controversial. *See, e.g.*, *Palm Beach Golf Ctr.-Boca, Inc. v. Sarris*, 311 F.R.D. 688 (S.D. Fla. Aug. 5, 2015); *Physicians Healthsource, Inc. v. Doctor Diabetic Supply, LLC*, 2014 WL 7366255 (S.D. Fla. Dec. 24, 2014); *C-Mart, Inc. v. Metro. Life Ins. Co.*, 299 F.R.D. 679 (S.D. Fla. 2014); *A Aventura Chiropractic Ctr., Inc. v. Med Waste Mgmt. LLC*, 2013 WL 3463489 (S.D. Fla. July 3, 2013).

The Court initially granted BLP's request for six weeks to respond to Plaintiffs' motion. It later granted BLP's request for an additional five weeks, making the response due June 13,

17

2016. Two weeks after obtaining that extension, the *Technology Training* action was filed, and within one week after that, BLP and Mr. Oppenheim's new firm agreed to mediate a class settlement before Judge Andersen.

Plaintiffs respectfully submit that BLP does not need, and has never needed, nearly three months to prepare its response to the motion for class certification. This extended response period is in retrospect merely part of BLP's strategy to delay this action long enough to settle with Mr. Oppenheim's new firm and evade a decision on class certification in this Court. Plaintiffs submit one way to remedy this situation is to conditionally certify the Classes now, prior to BLP's response.

Plaintiffs' Motion for Class Certification easily establishes all the elements for certification under Rule 23(b)(3), and the Court should grant it. Under Rule 23(c)(1)(C), an order granting class certification "may be altered or amended" at any time before final judgment. In the unlikely event BLP demonstrates that this case is not properly certified in its response on June 13, 2016, the Court can always modify (or even vacate) the order. The Court should make clear, however, that it will not entertain any further extension of BLP's response date.

<u>Conclusion</u>

This Court has devoted extraordinary time and energy to this case over the past three years, and it should not permit BLP to prevent it from bringing the case to its natural conclusion by running to the lowest bidder in the state court *Technology Training* action. The Court should enjoin BLP, its attorneys, and all persons acting in concert with them from continuing the "reverse auction" process, and it should conditionally certify Classes A, B, and C proposed in Plaintiff's motion for class certification.

18

Date: May 16, 2016                    Respectfully submitted,

                          By:     s/Glenn L. Hara
                                  Glenn L. Hara (pro hac vice)
                                  Ryan J. Kelly, Florida Bar No. 90110
                                  Brian J. Wanca (pro hac vice)
                                  Email: ghara@andersonwanca.com
                                         rkelly@andersonwanca.com
                                         bwanca@andersonwanca.com


                                  **ANDERSON + WANCA**
                                  3701 Algonquin Rd., Suite 500
                                  Rolling Meadows, IL 60008
                                  Tel: (847) 368-1500
                                  Fax: (847) 368-1501


                                  Michael C. Addison, Florida Bar No. 0145579
                                  Email: m@mcalaw.net
                                  **ADDISON & HOWARD, P.A.**
                                  400 N. Tampa St., Suite 1100
                                  Tampa, FL 33602-4714
                                  Tel: (813) 223-2000
                                  Fax: (813) 228-6000

19

CERTIFICATE OF SERVICE

     I hereby certify that on May 16, 2016, I electronically filed the foregoing with thte Clerk of the Court using the CM/ECF system which will send notification of such filing to all attorneys of record.


                       s/Glenn L. Hara

20

# Buccaneers mediation

## Wayne Andersen [wra1991@aol.com]

**Sent:** Tuesday, May 17, 2016 12:29 PM

**To:** m@mcalaw.net; Brooke [bbuczkowski@jamsadr.com]; Mark Mester [MARK.MESTER@lw.com]

**Cc:** Brian Wanca; Wayne Andersen [Wra1991@aol.com]

---

Dear Mr. Addison,

Please be advised that I am not retained to conduct any mediation regarding any of the TCPA cases against the Buccaneers. I see no need to go to court to enjoin any mediation involving the Buccaneers and me because there are none. As you probably know, Mr. Wanca asked me to declare an impasse in the federal mediation, so we've closed that file. I am not involved in or with the state court suit, so I have no knowledge of its status.

Judge Wayne Andersen (ret.)
Mediator & Arbitrator
847.650.6844   mobile

JAMS Chicago
312.655.9191   Brooke Buczkowski
Bbuczkowski@jamsadr.com

**EXHIBIT 15**

**IN THE CIRCUIT COURT OF THE THIRTEENTH JUDICIAL CIRCUIT
IN AND FOR HILLSBOROUGH COUNTY, FLORIDA
GENERAL CIVIL DIVISION**

| | |
|---|---|
| TECHNOLOGY TRAINING ASSOCIATES, INC., a Florida Corporation, individually and as the representative of a class of similarly-situated persons,<br><br>         Plaintiff,<br><br>v.<br><br>BUCCANEERS LIMITED PARTNERSHIP, a Foreign Limited Partnership and JOHN DOES 1-12,<br><br>         Defendants. | Case No. 16-CA-004333<br><br>CLASS REPRESENTATION |

**PLAINTIFF'S NOTICE OF VOLUNTARY DISMISSAL WITHOUT PREJUDICE**

Plaintiff, Technology Training Associates, Inc., a Florida corporation, individually and as the representative of a class of similarly-situated persons, pursuant to Fla. R. Civ. P. 1.420(a)(1), hereby voluntarily dismisses all claims, causes of actions, and prayers for relief against all Defendants, without prejudice.[1]

---

[1] *Pino v. Bank of New York,* 121 So. 3d 23 (Fla. 2013) (a rule 1.420(a)(1) voluntary dismissal is jurisdictional and serves to terminate the litigation, instantaneously divesting the lower court of jurisdiction to entertain further motions or to enter further orders that would otherwise either dispose of the case on the merits or revive the original action); *see also U.S. Bank Nat. Ass'n v. Rivera,* No. 3D15-1415, 2016 WL 1658770, at *2 (3d DCA Apr. 27, 2016) (upon service of the notice of voluntary dismissal, the circuit court is "instantaneously" divested of jurisdiction and does not even have any "inherent power" to do anything more on the case).

**EXHIBIT 16**

Respectfully submitted,

TECHNOLOGY TRAINING ASSOCIATES, INC., a
Florida corporation, individually and as the
representative of a class of similarly-situated persons

By: /s/ Phillip A. Bock
    Plaintiff's attorney

Phillip A. Bock
Florida Bar #0093895

Bock, Hatch, Lewis & Oppenheim, LLC
134 N. La Salle St., Ste. 1000
Chicago, IL 60602
Telephone: 312-658-5501
Facsimile: 312-658-5555

Bock, Hatch, Lewis & Oppenheim, LLC
P.O. Box 416474
Miami Beach, FL 33141

2

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true copy of the foregoing has been furnished by ☒Email or ☐United States mail or ☐telecopier or ☐hand delivery to the persons listed below on May 18, 2016:

**Attorneys for proposed intervenors**
**CIN-Q AUTOMOBILES, INC. AND**
**MEDICAL & CHIROPRACTIC CLINIC, INC.:**

Michael C. Addison
Florida Bar No. 0145579
ADDISON & HOWARD, P. A.
400 N. Tampa St., Suite 1100
Tampa, Florida 33602-4714
Tel: (813) 223-2000
Fax: (813) 228-6000

**m@mcalaw.net**

Ross M. Good
Florida Bar No.: 116405
ANDERSON + WANCA
3701 Algonquin Road, Suite 500
Rolling Meadows, IL 60008
Tel: (847) 368-1500
Fax: (847) 368-1501

**rgood@andersonwanca.com**
**buslit@andersonwanca.com**

**Courtesy copy to:**

Mark S. Mester, Esq.
Kathleen Lally, Esq.
Latham & Watkins, LLP
330 N. Wabash Ave., Suite 2800
Chicago, IL 60611
Tel: 312-876-7623

**Mark.Mester@lw.com**
**Kathleen.Lally@lw.com**

/s/ Phillip A. Bock
Plaintiff's attorney