UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

MEDICAL & CHIROPRACTIC CLINIC,
INC.,

    Plaintiff,

v.                                                    Case No: 8:16-cv-1477-T-36TBM

DAVID M. OPPENHEIM and BOCK LAW
FIRM, LLC,

    Defendants.
_____/

## **ORDER**

This matter comes before the Court upon Defendant Bock Law Firm's Motion for Leave to Conduct Limited Jurisdictional Discovery (Doc. 28). In the motion, the Defendant seeks to take a deposition of Plaintiff's affiant, Michele Zakrzewski, regarding, *inter alia,* the amounts that Plaintiff claims are "in controversy" in this action (Doc. 28 at ¶ 7). Plaintiff opposes this motion (Doc. 28 at ¶ 9). The Court, having considered Defendant's submission and being fully advised in the premises, will now DENY the Motion.

    **I.**    **PROCEDURAL BACKGROUND**

On June 8, 2016, Defendant Bock Law Firm filed a Notice of Removal based on federal question and diversity jurisdiction pursuant to 28 U.S.C. §§1331 and 1332, alleging that Plaintiff's claims involved breaches of fiduciary duties that stem from an *underlying* Telephone Consumer Protection Act ("TCPA") complaint (8:13cv1592-AEP), that the amount in controversy exceeded $75,000.00 and that the parties were fully diverse in citizenship (Doc. 1). Defendant David M. Oppenheim consented to the removal (Doc. 4). Upon review of the notice of removal and complaint (Doc. 2), the Court issued an Order To Show Cause why this action

should not be remanded to state court for lack of jurisdiction (Doc. 22). Plaintiff responded to the Order To Show Cause by filing a Motion to Shorten Time For Defendants to Respond to Order To Show Cause (Doc. 25). In its motion, Plaintiff admitted, through the declaration of its president, that the amount in controversy exceeds $75,000. On June 23, 2016, Defendant Bock Law Firm filed a Motion for Leave to Conduct Limited Jurisdictional Discovery (Doc. 28). Specifically, the Defendant seeks to take a deposition of Plaintiff's affiant, Michele Zakrzewski, regarding, *inter alia*, the amounts that Plaintiff claims are "in controversy" in this action (Doc. 28 at ¶ 7). On June 23, 2016, by Endorsed Order, the Court determined that there appeared to be no dispute among the parties that the amount in controversy exceeds $75,000, as evidenced by the declaration of Michele Zakrzewski, President of Medical & Chiropractic Clinic, Inc., and acknowledged by Defendant Bock Law Firm in its Response to Plaintiff's Motion to Shorten Time (Doc. 25 at Exh. A and Doc. 27). The Court noted that the only remaining issue involved whether the lawsuit involves citizens of different states. *See* Doc. 29.

## II. LEGAL STANDARD

As established by the Eleventh Circuit, allowing a defendant to discover the factual basis of jurisdiction post-removal is impermissible because it "would clog the federal judicial machinery, frustrating the limited nature of federal jurisdiction by encouraging defendants to remove, at best, prematurely, and at worst, in cases in which they will never be able to establish jurisdiction." *Lowery v. Alabama Power Co.*, 483 F.3d 1184, 1217 (11th Cir. 2007). Thus, post-removal jurisdictional discovery is rarely allowed.

Additionally, Rule 26, Fed. R. Civ. P., in general, prohibits discovery from any source before the parties have conferred as required by Rule 26(f). Likewise, the Local Rules of this Court

prohibit discovery from any source before the case management meeting. *See* Rule 3.05(c)(2)(b), Local Rules of the Middle District of Florida.

### III. DISCUSSION

Defendant Bock Law Firm is attempting to rely upon post-removal discovery to establish the basis for subject matter jurisdiction. See *Lowery v. Alabama Power Co.*, 483 F.3d 1184, 1217 (11th Cir. 2007). Here, no such discovery is needed as to the amount in controversy. Defendant Bock Law Firm alleged in its Notice of Removal (Doc. 1) and Response to Plaintiff's Motion to Shorten Time (Doc. 27) that the amount in controversy exceeds $75,000, the jurisdictional threshold. The Plaintiff has now provided proof, in good faith, that the amount in controversy has been satisfied (Doc. 25 at Exh. A). And while "[t]he party invoking the court's jurisdiction bears the burden of proving, by a preponderance of the evidence, facts supporting the existence of federal jurisdiction," *McCormick v. Aderholt*, 293 F.3d 1254, 1257 (11th Cir. 2002), the Court accepts that the amount in controversy has been met in this case. Thus, conducting limited discovery on the jurisdictional issue of the amount in controversy would be a waste of time and resources. Defendant Bock Law Firm's motion will be denied. Accordingly, it is

**ORDERED:**

1. Defendant Bock Law Firm's Motion for Leave to Conduct Limited Jurisdictional Discovery (Doc. 28) is **DENIED**.

DONE AND ORDERED in Tampa, Florida on June 24, 2016.

*Charlene Edwards Honeywell*
Charlene Edwards Honeywell
United States District Judge

Copies to:
Counsel of Record and Unrepresented Parties, if any