**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF
FLORIDA
TAMPA DIVISION**

| | | |
|---|---|---|
| MEDICAL & CHIROPRACTIC CLINIC, INC., | ) | No. 8:16-cv-01477-CEH-TBM |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| DAVID M. OPPENHEIM, an individual, and | ) | |
| BOCK LAW FIRM, LLC d/b/a BOCK, HATCH, | ) | |
| LEWIS & OPPENHEIM, LLC, | ) | |
| | ) | |
| Defendants. | ) | |

**DEFENDANTS' JOINT MOTION TO DISMISS PURSUANT TO RULE 12 (B) (6) AND
THE FIRST FILED ACTION DOCTRINE OR, IN THE ALTERNATIVE, TO STAY**

NOW COME defendants David M. Oppenheim, *pro se*, and Bock Law Firm, LLC, through undersigned counsel, and jointly move for dismissal pursuant to Fed. R. Civ. P. 12 (b) (6) and the first-filed action doctrine, or, in the alternative, for an order staying this case. As discussed at length in Defendants' memorandum:

1. The action should be dismissed because Plaintiff does not and cannot state a claim for breach of fiduciary duty because the interests of Plaintiff and of the Bock Law Firm plaintiffs are not materially adverse.

2. Plaintiff is not entitled to injunctive relief because the event it seeks to enjoin has already occurred.

3. Plaintiff fails to allege that it has been harmed in any way or that its interests are not fully protected by its ability to act in the class actions pending before Judge Porcelli.

4. The action should be dismissed or stayed because it is duplicative of the actions pending before Judge Porcelli.

WHEREFORE, defendants respectfully request that the Court dismiss Plaintiff's complaint or stay the action pending resolution of the class actions before Judge Porcelli.

Respectfully submitted,

**DAVID M. OPPENHEIM**                          **BOCK LAW FIRM, LLC**

By: _____                     By: /s/ Phillip A. Bock
                                                     One of its attorneys

David M. Oppenheim                               Phillip A. Bock
6805 N. Wolcott Ave                              Fla. Bar No. 93895
Chicago, IL 60626                                Daniel J. Cohen (admitted *pro hac vice*)
david@classlawyers.com                               [TRIAL COUNSEL]
                                                 Jonathan B. Piper (admitted *pro hac vice*)
                                                 Bock Law Firm, LLC
                                                 134 N. La Salle St., Ste. 1000
                                                 Chicago, IL 60602
                                                 Telephone:  312/658-5500
                                                 Fax:  312-658-5555

                                                 phil@classlawyers.com

**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION**

| | |
|---|---|
| MEDICAL & CHIROPRACTIC CLINIC, INC.,     ) | |
|     ) | |
|     Plaintiff,     ) | |
|     ) | |
|     v.     ) | No. 8:16-cv-01477-CEH-TBM |
|     ) | |
| DAVID M. OPPENHEIM, an individual, and     ) | |
| BOCK LAW FIRM, LLC d/b/a BOCK, HATCH,     ) | |
| LEWIS & OPPENHEIM, LLC,     ) | |
|     ) | |
|     Defendants.     ) | |

**MEMORANDUM IN SUPPORT OF DEFENDANTS' JOINT MOTION
TO DISMISS PURSUANT TO RULE 12(B)(6) AND THE FIRST FILED
ACTION DOCTRINE OR, IN THE ALTERNATIVE, TO STAY**

NOW COME defendants David M. Oppenheim, *pro se*, and Bock Law Firm, LLC,

through undersigned counsel, and jointly move for dismissal pursuant to Fed. R. Civ. P. 12 (b)

(6) and the first-filed action doctrine, or, in the alternative, for an order staying this case.

This is one of three actions currently pending in this Court related to claims under the

Telephone Consumer Protection Act against Buccaneers Limited Partnership ("Buccaneers"). In

addition to this action are two class actions, *Cin-Q Automobiles, Inc. and Medical &*

*Chiropractic Clinic, Inc. v. Buccaneers Limited Partnership*, Case No. 8:13-cv-01592-AEP (the

"Medical Action") and *Technology Training Associates, Inc. v. Buccaneers Limited Partnership*,

Case No. 8:16-cv-01622-AEP (the "Technology Action").

Both of the class actions are assigned to Magistrate Judge Porcelli.[1] This action

represents an end run attempt by one of the potential class plaintiffs (and its counsel) to eliminate

the competition without having to press its claims in the class actions themselves. Ultimately,

---

[1] This Court recently denied Defendant Bock Law Firm, LLC d/b/a Bock, Hatch, Lewis & Oppenheim, LLC's ("Bock Firm") motion to transfer this action to Judge Porcelli as well because Plaintiff did not consent to magistrate jurisdiction. (Doc. 21).

however, how the actions proceed against the Buccaneers, and whether any settlement is approved under Federal Civil Rule of Civil Procedure 23(e), will be litigated in the class actions and determined by Judge Porcelli. At most, this action represents an attempt to usurp that prerogative from Judge Porcelli and get a second bite at the apple after Plaintiff failed to get Judge Porcelli to grant it similar injunctive relief by motion in the Medical Action (Medical Action, Doc. 233 (entered May 26, 2016)).

As such, this case fails to state a claim for multiple reasons. The allegations fail to state a claim because, even if taken as true,[2] they do not and cannot establish crucial elements of a claim for breach of fiduciary duty (or aiding and abetting such a breach). At its core, the Complaint asserts that (1) there is a conflict between a lawyer's representation of one class member (and potential class representative) and another class member (and potential class representative), and (2) an attorney for a class owes duties to the class representative as opposed to the class. Neither of these propositions holds true—and Plaintiff's own pleadings in the Medical Action belie them.

Moreover, the alleged harm Plaintiff asserts it will incur from a class settlement of which it disapproves is incompatible with Rule 23. Plaintiff asserts that a settlement in the Technology Action could (1) result in a smaller recovery for Plaintiff than it could otherwise obtain, and (2) possibly cost it an incentive award. But Rule 23 gives Plaintiff an unqualified right to opt out of a settlement and pursue its own claim. As for an "incentive award," such awards are not part of a litigant's claim and no class representative is automatically entitled to an incentive award. Rather, such awards are discretionary with the court overseeing a class action. Plaintiff does not and cannot allege how its ability to petition Judge Porcelli for an incentive award for its services

---

[2] Defendants acknowledge that allegations are taken as true for purposes of a motion to dismiss. The allegations here are not true, as discussed in the contemporaneously-filed response to Plaintiff's motion for a temporary restraining order, and Defendants discuss them as though they are true only because the Rules require such treatment in a motion to dismiss.

on behalf of the class is any different in a settlement of the Technology Action as it would be in the event of a settlement or judgment in the Medical Action.

Further, the action fails to allege any damage, other than the "costs and fees" of bringing this lawsuit. Doc. 2, ¶¶ 96, 104.   The only harm allegedly suffered (or being suffered) by Plaintiff is a hypothetical loss of a discretionary incentive award. *Id*., ¶¶ 95, 103.  But Plaintiff has every chance to secure an incentive award from Judge Porcelli out of the Settlement Fund created as part of the settlement if that Court determines that Plaintiff so qualifies.   Nothing counsel does or does not do impacts that determination, which is fully in the discretion of Judge Porcelli.  Moreover, injunctive relief can never lie where what is sought to be enjoined—in this case a classwide settlement with the Buccaneers—has already occurred.

Finally, as noted at length, these issues are part-and-parcel of the class actions, both of which are more comprehensive than this action. All of the claims and issues the Complaint raises can and will be addressed in the other actions. There can be no question that at least the Medical Action was filed well before this action. Therefore, the Court should dismiss or stay based on the first-filed doctrine.

## RELEVANT BACKGROUND AND ALLEGATIONS

The Medical Action was filed in this Court in 2013. Complaint, Doc. 2, ¶ 10. No class has been certified in that action. It remains pending.

While at the Wanca firm, Oppenheim did some work on the Medical Action related to classwide mediations. *Id.*, ¶¶ 17-40. The potential class representatives in the Medical Action appeared at one of the mediations; they did not appear at the other. *Id.*, ¶¶ 28, 33. Oppenheim did not, however, enter an appearance in the Medical Action, *see* Medical Action Docket, and is not alleged to have had any further involvement with that action.

On March 25, 2016, Plaintiff filed its motion for Class Certification in the Medical Action. Medical Action, Doc. 207. As part of that motion, Plaintiff took the position that its interests were aligned with those of the other class members. In particular, its brief notes, "Rule 23(a)(4) adequacy aims to prevent 'conflicts of interest between the named parties and the class they seek to represent.'" *Id.*, p. 22, *quoting Amchem Prods., Inc. v. Windsor*, 521 U.S. 591, 625 (1997). The brief takes the position that Plaintiff meets that standard. *Id.*

On or about April 11, 2016, Oppenheim joined the Bock Firm. *See* Complaint, Doc. 2, ¶ 49. Plaintiff's Complaint does not and cannot allege that Oppenheim disclosed any confidential information with respect to Plaintiff to anyone else at the Bock Firm. On May 6, 2016, Technology Training Associates, with the Bock Firm as counsel, filed an action against the Buccaneers in Florida state court. *Id.*, ¶ 57 and Exhibit 8 thereto. The Complaint does not and cannot allege that Oppenheim had any knowledge of or participation in that filing. On May 13, 2016, Plaintiff and the Wanca Firm moved to intervene in the state court action. *Id.*, ¶ 75. That action was voluntarily dismissed on May 18, 2016. *Id.*, ¶ 82.

On May 16, 2016, Plaintiff filed a motion in the Medical Action to enjoin the Buccaneers from proceeding in the state court action in which it was a named defendant. *Id.*, ¶ 76; Medical Action Doc. 215. On May 26, 2016, following a hearing the previous day, Judge Porcelli denied that motion as moot. Medical Action Docs. 232-34. It has not been refiled.

On June 1, 2016, Plaintiff filed the instant action in state court. Doc. 2. The Complaint cites and relies on Florida Rule 4-1.10. *Id.*, ¶¶ 47, 90. That Rule applies to situations where the interests of a former client are "materially adverse" to the interests of a client of a lawyer's new firm. *Id.* The Complaint makes no attempt to allege that the interests of Medical with respect to its claims against the Buccaneers are materially adverse to those of other class members with the

same claims against the Buccaneers. Indeed, the only harm alleged is that Plaintiff could "lose the ability to act as class representative, and could lose the financial and other incentives in acting as the lead class representative." *Id.*, ¶ 95.

On June 8, 2016, Defendants removed the action to this Court. Doc. 1. On June 16, 2016, the Bock firm filed a motion to transfer this case as related to the Medical Action pending before Judge Porcelli. Doc. 16. Plaintiff refused to consent to this motion and did not consent to magistrate judge jurisdiction. For that reason, the Court denied the motion to transfer, without prejudice, on June 21, 2016. Doc. 21.

On June 16, 2016, Technology and the Bock Firm, as class counsel, reached a classwide settlement agreement with the Buccaneers following two full-day mediation sessions with mediator Peter Grilli. *See* Buccaneers' Motion to Stay, Doc. 237 in the Medical Action, at p. 3 and Ex. 3 thereto. On June 20, 2016, the Technology Action was filed in this Court. Technology Action, Doc. 1. It was assigned to Judge Porcelli as the magistrate judge. Following the parties' consent, the Technology Action has been fully reassigned to Judge Porcelli. Technology Action, Doc. 13.

Also on June 20, 2016, the Wanca Firm filed a motion to transfer the Technology Action as a related case, consolidate it with the Medical Action, and appoint the Wanca firm as interim counsel for the class and all class plaintiffs. *See* Consolidation and Appointment Motion, Technology Action, Doc. 8. The Consolidation and Appointment Motion does not assert that the interests of Plaintiff here are materially adverse to those of the plaintiffs in the Technology Action. Instead, the Consolidation and Appointment Motion asserts, "the claims in each of these cases are asserted on behalf of essentially the same class … the cases will involve the same evidentiary proofs; and the claims will require disposition of substantially the same issues of

law." *Id.*, pp. 11-12. It goes on to request that Plaintiff's counsel, including the Wanca Firm, be appointed class counsel and represent the whole class, including the clients of the Bock Firm. *Id.*, p. 19, ¶ D. It does not explain how it could possibly do so if the interests of Medical and the clients of the Bock Firm are, in fact, materially adverse, as Plaintiff asserts here.

On June 22, 2016, plaintiffs in the Technology Action filed a Motion for Preliminary Approval of Class Action Settlement. Technology Action, Doc. 18. The motion attaches the Settlement Agreement, which provides for the Buccaneers making available a settlement fund of $19,500,000.00—one of the largest such funds ever recovered in a TCPA action. Technology Action, Doc. 18-1, p. 12.

Judge Porcelli set a status conference on June 27, 2016, to address both the Medical Action and the Technology Action, and presumably the Motion for Preliminary Approval and the Consolidation and Appointment Motion. Technology Action, Doc. 10; Medical Action, Doc. 238. At this morning's joint status conference (in both the Medical Action and the Technology Action), Judge Porcelli indicated an intention to proceed in the Technology Action in a manner that will ultimately address and resolve Plaintiff's allegation that the proposed settlement is the result of a reverse auction, and in the meantime, the Court granted a motion the Buccaneers filed in the Medical Action seeking to stay that case pending the outcome of the motions for preliminary and final settlement approval filed in the Technology Action. Presumably, a formal Order in these regards will issue soon.

## ARGUMENT

### I.    RELEVANT LEGAL STANDARDS.

Dismissal under Federal Rule of Civil Procedure 12(b)(6) is proper where a plaintiff cannot assert a plausible claim. *Aschcroft v. Iqbal,* 556 U.S. 662, 678-679 (2009). "[A] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the

reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678. A sufficient complaint "demands more than an unadorned, the defendant-unlawfully-harmed-me accusation." *Iqbal,* 556 U.S. at 678. Although, for the purposes of a motion to dismiss, the court must accept as true the factual allegations in the complaint, it is not "bound to accept as true a legal conclusion couched as a factual allegation." *Id.* at 678-679. Indeed, a "pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.' Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-557 (2007)). The federal pleading standard "does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions." *Id.* at 679. "[F]actual allegations must be enough to raise a right of relief above the speculative level." *Twombly*, 550 U.S. at 555.

To state a claim for breach of fiduciary duty, a plaintiff must allege three elements: the existence of a fiduciary duty; a breach of that duty; and plaintiff's damages proximately caused by the breach. *See Gracey v. Eaker*, 837 So.2d 348, 353 (Fla. 2002). As discussed below, Plaintiff has not established, and cannot establish, the second or third elements.

## II.     AS PLAINTIFF HAS ACKNOWLEDGED IN OTHER CONTEXTS, THE INTERESTS OF PLAINTIFF AND THAT OF THE TECHNOLOGY PLAINTIFFS ARE NOT MATERIALLY ADVERSE, SO THERE IS NO CONFLICT AND NO BREACH OF FIDUCIARY DUTY.

The Complaint asserts claims for breach of fiduciary duty and for aiding and abetting such breach. All claims stem from the argument that representation of one class representative is "materially adverse" to representing another class representative against a common defendant. This proposition is absurd on its face, and is belied both by relevant case law and by the actions and filings of Plaintiff and its counsel in the Class Actions.

As noted, all of Plaintiff's claims are based on the Florida and Illinois versions of Model Rule of Professional Conduct 1.9. Complaint, ¶¶ 41-47, *quoting* F.S.A. Bar Rule 4-1.9 and Illinois Rule of Professional Responsibility 1.9. This rule imposes three requirements on attorneys who switch firms. Such attorneys may not:

> (a) represent another person in the same or a substantially related matter in which that person's interests are materially adverse to the interests of the former client unless the former client gives informed consent;

> (b) use information relating to the representation to the disadvantage of the former client except as these rules would permit or require with respect to a client or when the information has become generally known; or

> (c) reveal information relating to the representation except as these rules would permit or require with respect to a client.

F.S.A. Bar Rule 4-1.9.

The Complaint does not allege any violation of subsections (b) or (c). While it conclusorily alleges that Oppenheim possessed confidential information relating to Plaintiff, it does not allege that any such information was used or divulged. Rather the claim is for an alleged violation of Rule 1.9(a), and the related provision in Rule 1.10 that "[w]hen a lawyer becomes associated with a firm, the firm may not knowingly represent a person in the same or a substantially related matter in which that lawyer, or a firm with which the lawyer was associated, had previously represented a client whose interests are materially adverse to that person and about whom the lawyer had acquired information protected by rules 4-1.6 and 4-1.9(b) and (c) that is material to the matter." Complaint, ¶¶ 89-90.

Both of these provisions require, as a prerequisite to application, that the interests of the former client must be "materially adverse" to those of the new client. Unsurprisingly, the decisions applying this rule to support disqualification of an attorney or a law firm involve circumstances where an attorney moved from a firm representing a plaintiff to one representing

the defendant in the case, or vice versa. They refer to Rule 1.7 in defining what is "materially adverse." "Rule 1.7 is generally implicated when counsel is representing one client in a lawsuit against another individual who is also the counsel's client. In other words, counsel is, in effect, on both sides of the lawsuit." *In re Commissioner of Banks and Real Estate*, 764 N.E.2d 66, 98 (Ill. App. 2001), *citing Guillen v. City of Chicago,* 956 F. Supp. 1416, 1421 (N.D. Ill. 1997).

Here, the Complaint alleges that Oppenheim worked at the Wanca Firm on behalf of a potential class of plaintiffs against the Buccaneers and then joined the Bock Firm, which is representing the same class of plaintiffs against the Buccaneers. All such plaintiffs share an interest in recovering on their claims against the Buccaneers.[3] Indeed, Plaintiff itself argued that its interests were not in conflict with the other members of the class (including the plaintiffs in the Technology Action) in arguing that it was an adequate class representative. Medical Action, Doc. 207.

Even after filing this action, Plaintiff and its counsel filed a motion seeking to do *precisely what Plaintiff asserts Oppenheim and the Bock Firm are not allowed to do*: Plaintiff filed a motion seeking to consolidate the two class actions and requesting that the Wanca Firm be named Class Counsel representing both Plaintiff *and the Technology Plaintiffs*. Technology

---

[3] As noted above, the Complaint does not and cannot allege that Oppenheim had prior knowledge of or involvement in the Bock Firm's efforts on behalf of the Technology Plaintiffs against the Buccaneers. As a precautionary matter, Oppenheim has been screened consistent with Illinois Rule of Professional Conduct 1.10 (e). The Illinois rule does not impute conflicts to a lawyer's new firm if "the personally disqualified lawyer is timely screened from any participation in the matter and is apportioned no part of the fee therefrom." *Id.* Because both the Bock Firm and the Wanca Firm are Illinois law firms, Mr. Oppenheim is an Illinois attorney, and Mr. Oppenheim's representation of Plaintiff in connection with the Medical Action did not involve a Florida admission, Illinois law should govern the question. However, that is a question to be reached later if necessary, but it should not be necessary. As discussed, there is no conflict between one plaintiff class member and another with respect to the pursuit of a class action.

Action, Doc. 8, p. 19, ¶ D. But if representation of one member of a plaintiff class precludes representation of another, how could Plaintiff make such a motion?

The simple answer is that such representation is not barred because the interests of one class member are not adverse to the interests of another for purposes of the rules of professional responsibility. The Florida Appellate Court has held that representation of a codefendant is not "materially adverse" to representation of another codefendant where the case against the plaintiff was the same. *Anderson Trucking Service, Inc. v. Gibson*, 884 So.2d 1046, 1051-52 (Fla. App. 2004) ("the interests of Minchew and ICE and Anderson are consistent for the purpose of establishing that Minchew did not commit a wrongful act"). Likewise, here, the interests of Plaintiff and the Technology Plaintiffs are the same for the purpose of establishing that the Buccaneers *did* commit wrongful acts.

Moreover, the duty of class counsel or potential class counsel in a class action, above all, is to the class members as a whole—as opposed to any particular named plaintiff. "Class counsel's duty to the class as a whole frequently diverges from the opinion of either the named plaintiff or other objectors." *Walsh v. Great Atl. & Pac. Tea Co.*, 726 F.2d 956, 964 (3d Cir. 1983); *see also Kincade v. General Tire & Rubber Co.*, 635 F.2d 501, 508 (5th Cir. 1981) (holding "'client' in a class action consists of numerous unnamed class members as well as the class representatives," which can force class counsel to act in what she or he perceives to be in the "'best interests of the class as a whole'").

The duty owed to class clients differs significantly from the duty owed in an individual representation case. *Parker v. Anderson*, 667 F.2d 1204, 1211–12 (5th Cir. 1981), cert. denied, 459 U.S. 828 (1982). Further "[t]he compelling obligation of class counsel in class action litigation is to the group which makes up the class." *Id*. at 1211. To that end, Class Counsel must

act in a way that best represents the interests of "the entire class and is not dependent on the special desires of the named plaintiffs." *Id. See Allapattah DFC Class Action Settlement Fund v. U.S.*, 2010 WL 6430699, at *8 (S.D. Fla. 2010) (holding that, as a matter of federal and state law, class counsel owe a duty to *all* class members throughout the litigation); *Piambino v. Bailey*, 757 F.2d 1112, 1139 (11th Cir. 1985) (noting that class counsel have a "heavy fiduciary responsibility to their clients – especially to those who are absent and those in the minority whose interests are at odds with the named plaintiffs and their group"); *Pettway v. American Cast Iron Pipe Co.*, 576 F.2d 1157, 1176 (5th Cir. 1978) (holding that, "when a potential conflict arises between the named plaintiffs and the rest of the class, the class attorney must not allow decisions on behalf of the class to rest exclusively with the named plaintiffs. In such a situation, the attorney's duty to the class requires him to point out conflicts to the court so that the court may take appropriate steps to protect the interests of absentee class members."); *Kincade*, 635 F.2d at 508 ("Because of the unique nature of the attorney-client relationship in a class action, the cases cited by appellants holding that an attorney cannot settle his individual client's case without the authorization of the client are simply inapplicable.").

"Because the client in a class action consists of numerous class members, in addition to the class representatives, and because the class itself often speaks in several voices, all that can be expected of class counsel is that he seek to protect the best interests of the class as a whole." *Blanchard v. EdgeMark Fin. Corp.*, 175 F.R.D. 293, 307 (N.D. Ill. 1997). "This duty may require class counsel to take actions which are in derogation of the express desires and contrary to the best interest of the class representatives in order to protect the interests of the plaintiff class." *Id.*

Indeed, in *Pettway v. American Cast Iron Pipe Co.*, 576 F.2d 1157, 1176 (5th Cir. 1978) the Fifth Circuit held that "when a potential conflict arises between the named plaintiffs and the rest of the class, the class attorney must not allow decisions on behalf of the class to rest exclusively with the named plaintiffs. In such a situation, the attorney's duty to the class requires him to point out conflicts to the court so that the court may take appropriate steps to protect the interests of absentee class members." In other words, if there were some conflict between Plaintiff and the other class members—including the Technology Plaintiffs—far from being obligated to keep it confidential, class counsel would be obligated to disclose it to the Court.

This Court recently rejected an attempt by a putative class representative to maximize its incentive award at the expense of the class. *See Palmer v. Dynamic Recovery Solutions, LLC*, 2016 WL 2348704, *10 (M.D. Fla. May 4, 2016) (Byron, J.). Yet, that is precisely what Plaintiff seeks here. Class Counsel in the Technology Action has obtained $19.5 million for the class, plus other valuable relief. Judge Porcelli will evaluate and determine whether that effort is fair, reasonable, and adequate under Rule 23 and prevailing precedent. But Plaintiff asks this Court to stop everything in its tracks because it wants an incentive award.

Ultimately, Oppenheim represented the entire class in the work he did at the Wanca Firm. *See Piambino*; *Allapattah*. That included the Technology Plaintiffs. Neither he nor the Bock Firm representing them now, in pursuit of relief for the class, is "materially adverse" to the interests of their fellow class member, Plaintiff. Presumably, that is why the Wanca Firm had no qualms about asking Judge Porcelli to make them counsel for a consolidated case including the Technology case. But it is fatal to Plaintiff's claims herein.

## III.   PLAINTIFF'S CLAIM FOR INJUNCTIVE RELIEF FAILS.

As discussed at greater length in Defendants' response to Plaintiff's motion for temporary restraining order, this suit improperly seeks preemptively prospective injunctive relief for

damages that, to the extent articulated at all, can be satisfied through a money judgment following completion of the class settlement process. It is well established that "injunctive relief may not be used to enforce money damages." *APR Energy, LLC v. First Inv. Group Corp.*, 88 F. Supp. 3d 1300, 1313 (M.D. Fla. 2015). "[A]n injury is irreparable only if it cannot be undone through monetary remedies." *Claughton v. Donner*, 771 F. Supp. 1200, 1204 (S.D. Fla. 1991), *citing Deerfield Medical Center v. Deerfield Beach,* 661 F.2d 328 (5th Cir.1981); *Spiegel v. Houston,* 636 F.2d 997 (5th Cir. 1981). "The ability of a plaintiff to recover money damages as an adequate remedy for losses suffered precludes a finding of irreparable harm." *FHR TB, LLC v. TB Isle Resort, LP.*, 865 F. Supp. 2d 1172, 1212 (S.D. Fla. 2011), *citing Loveridge v. Pendleton Woolen Mills, Inc.,* 788 F.2d 914, 917 (2d Cir. 1986).

Here, the only basis proffered for the proposed injunctive relief is that a settlement led by other members of the class than Plaintiff might cost Plaintiff an incentive award. But Plaintiff does not and cannot explain why it cannot later sue for the value of such alleged lost incentive award. Indeed, as discussed below, Plaintiff does not and cannot explain how all of its interests cannot be vindicated through the settlement approval process set to commence before Judge Porcelli—including but not limited to Plaintiff petitioning Judge Porcelli for an incentive award.

Moreover, the thing Plaintiff seeks to enjoin—a classwide settlement with the Buccaneers—has already occurred. As noted, the class settlement was finalized and submitted to Judge Porcelli for approval or disapproval. Technology Action, Doc. 18-1. Plaintiff therefore cannot state a claim for injunctive relief. *See, e.g., Alabama v. U.S. Army Corps of Engineers*, 424 F.3d 1117, 1133 (11th Cir. 2005). As the Eleventh Circuit explained:

> [A]n injunction is limited to prospective relief. Preliminary injunctive relief derives from the necessity to restrain or compel conduct in those extraordinary situations where irreparable injury might result from delay or inaction. Indeed, preventing irreparable harm in the future is the sine

qua non of injunctive relief. Thus, a preliminary injunction is completely at odds with a sanction for past conduct that may be addressed by adequate remedies at law. The sole function of an action for injunction is to forestall future violations. It is so unrelated to punishment or reparations for those past that its pendency or decision does not prevent concurrent or later remedy for past violations by indictment or action for damages by those injured.

*Id.* (citing and quoting *Dombrowski v. Pfister,* 380 U.S. 479, 485 (1965); *United Bonding Ins. Co. v. Stein,* 410 F.2d 483, 486–87 (3d Cir. 1969); *N.E. Fla. Chapter of Ass'n of Gen. Contractors of Amer. v. City of Jacksonville,* 896 F.2d 1283, 1285 (11th Cir. 1990); *United States v. Or. State Med. Soc.,* 343 U.S. 326, 333 (1952)) (internal citations and quotations omitted).

Like the case at bar, *Alabama* involved an attempt to stop a settlement. *Id.* ("In their brief to this Court, the plaintiffs describe their injury as follows: Rather than receiving notice of the proposed settlement 94 days prior to the Corps' signature on the document, Alabama and Florida were not informed of the Settlement Agreement until after it was fully executed…."). The Eleventh Circuit rejected the states' request for an injunction against the already-executed settlement: "Where the harm to the movant's interests has already occurred, that harm is neither imminent nor irreparable at law and is not the appropriate subject matter for injunctive relief." *Id.* at 1134.

## IV.   THERE ARE NO DAMAGES BECAUSE PLAINTIFF HAS EVERY OPPORTUNITY TO OPT OUT OF, OBJECT TO, OR SEEK AN INCENTIVE AWARD FROM THE COURT IN THE SETTLEMENT.

Because the action's overarching pursuit of an injunction is inappropriate due to an award of money damages ultimately being an adequate remedy, the Court is left with a preemptive complaint filed before any such damages were fixed or actually suffered. The only possible damages identified by the Complaint are a potential bad deal for Plaintiff in a settlement and a potential to recover an "incentive award" from a future class action settlement. As noted above,

since the complaint's filing, a classwide settlement has been reached in which the Buccaneers have agreed to make available $19,500,000.00 for the benefit of the Class (the "Settlement Fund"). Technology Action, Doc. 18-1. That agreement provides that the Technology Plaintiffs would request from the Court incentive awards from the Settlement Fund. The Agreement in no way prevents Plaintiff here from making the same request. Likewise, if the relief available to Plaintiff for its individual claim is unsatisfactory, it has every right to object on that basis or to opt out and pursue its own claim.

Moreover, if Plaintiff wishes to receive an incentive award, it is imperative upon it to seek it from Judge Porcelli in the settlement approval process. An incentive award is not something any plaintiff has a right or an entitlement to. *See, e.g., Palmer, supra*, 2016 WL 2348704, *8-10. Although incentive awards are "fairly typical," they are not guaranteed to anyone for being a class representative. *Id.* at *8 (citing *Rodriguez v. West Publ'g Corp.*, 563 F.3d 948, 958-59 (9th Cir. 2009)). The *Palmer* and *Rodriguez* courts cited a study in which only 28% of class actions settled surveyed involved a grant of incentive awards. *Id.*

"In analyzing the propriety of an incentive award, courts consider (1) the financial loss or risk of financial loss the plaintiff assumed by becoming a litigant, (2) any notoriety which accompanied being named in the lawsuit, (3) the time and effort the plaintiff expended in assisting the prosecution of the case, (4) the degree to which the class benefitted from the plaintiff's litigation activities, (5) incentive awards granted in similar cases, and (6) the ratio of the incentive award to each class member's expected pro rata recovery." *Id.* at *9 (citing *In re AOL Time Warner ERISA Litig.*, No. 02 Cv. 8853 (SWK), 2007 WL 314511, at *2 (S.D. N.Y. Oct. 26, 2007); *Perry v. FleetBoston Fin. Corp.*, 229 F.R.D. 105, 118 (E.D. Pa. 2005)). "Incentive awards are also regularly approved where the plaintiff achieved substantial benefits

for the class. Substantial benefits include large class settlement funds, significant awards to individual class members, and injunctive relief or the defendant's agreement to stop engaging in the conduct which caused the plaintiff to file suit." *Id.* (citing cases).

Moreover, there is no limitation on the discretion of a court overseeing a class action preventing it from awarding an incentive award to a class member other than the named plaintiff if such a person meets the above criteria. Indeed, in *Americana Art China Co. v. Foxfire Printing & Packaging*, Case No. 08-cv-6992 (N.D. Ill. June 19, 2013) (Order attached as Exhibit A), a case in which both the Wanca Firm and the Bock Firm were involved, the Court awarded an incentive award to a former class representative as part of a class settlement. *Id.* at p. 7.

Any right of Plaintiff to an incentive award for services on behalf of the class can and should be determined by Judge Porcelli. It is a matter of the judge's discretion and is not a function in any way of decisions by Class Counsel to include or not include a particular plaintiff in a class settlement. If anything, the actions of the Bock Firm in obtaining a classwide settlement that includes a large settlement fund from which incentive awards can be drawn puts Plaintiff in a far better position in its quest for an incentive award than it would otherwise be, with no settlement and no class certification after years of litigation.

## V. ALL OF THESE ISSUES ARE CONSUMED WITHIN AND WILL BE LITIGATED WITHIN THE RULE 23 SETTLEMENT APPROVAL PROCESS. THIS COURT SHOULD DISMISS OR STAY PENDING THE OUTCOME OF THAT PROCESS.

Recognizing that all of the issues in this action are wrapped up in the settlement approval process pending before Judge Porcelli, Defendants moved to transfer this case to him. Plaintiff, however, refused to consent to magistrate judge jurisdiction (even though it did in the Medical Action), resulting in this Court being forced to deny the transfer motion. (Doc. 21). There is no question, however, that Judge Porcelli will need to consider the issues raised in the Complaint

herein in evaluating the motions pending before him—Plaintiff's motion to consolidate and appoint the Wanca Firm class counsel and the Technology Plaintiffs' motion for approval of the settlement. Thus, this action is wholly duplicative of those actions. Proceeding here, therefore, is a waste of judicial resources and risks inconsistent rulings.

"Where two actions involving overlapping issues and parties are pending in two federal courts, there is a strong presumption across the federal circuits that favors the forum of the first-filed suit under the first-filed rule. … Moreover, we require that the party objecting to jurisdiction in the first-filed forum carry the burden of proving 'compelling circumstances' to warrant an exception to the first-filed rule." *Manuel v. Convergys Corp.*, 430 F.3d 1132, 1135 (11th Cir. 2005). Ordinarily in this circumstance an appropriate remedy could be to transfer the later filed action (this one) to the judge on the first action (the Medical Action) and consolidate the actions. Plaintiff's consent to magistrate jurisdiction in one action and refusal to so consent in this action eliminates that option, however. Therefore, the Court should either dismiss or stay this action in deference to the actions pending in front of Judge Porcelli, in which all of Plaintiff's claims—such as they are—may be litigated.

## CONCLUSION

Representation of one class member on behalf of a class is in no way materially adverse to the representation of another on behalf of the same class.  Therefore, there can be no breach of fiduciary duty.  Nor are there any damages here since Plaintiff has every ability to seek an incentive award in the class settlement, as she would have if there was a classwide settlement in the Medical Action.  An injunction is moot given that the event seeking to be enjoined—a classwide settlement—has already occurred.  And Plaintiff can and will litigate all of its issues in the class actions, making this case duplicative and superfluous.  For all of these reasons, the

Court should dismiss this action or, in the alternative, stay the action until after Judge Porcelli resolves the class actions.

      Respectfully submitted,

**DAVID M. OPPENHEIM**

By: _____

David M. Oppenheim
6805 N. Wolcott Ave
Chicago, IL 60626
david@classlawyers.com

**BOCK LAW FIRM, LLC**


By:  /s/ Phillip A. Bock
     One of its attorneys

Phillip A. Bock
Fla. Bar No. 93895
Daniel J. Cohen (admitted *pro hac vice*)
    [TRIAL COUNSEL]
Jonathan B. Piper (admitted *pro hac vice*)
Bock Law Firm, LLC
134 N. La Salle St., Ste. 1000
Chicago, IL 60602
Telephone:  312/658-5500
Fax:  312-658-5555

phil@classlawyers.com

## CERTIFICATE OF SERVICE

I hereby certify that on June 27, 2016, I electronically filed the foregoing Motion and Brief with the Clerk of the Court by using the CM/ECF system.

By: /s/ Phillip A. Bock
One of its attorneys

Phillip A. Bock (FL# 0093895)
Bock, Hatch, Lewis & Oppenheim, LLC
134 N. La Salle St., Ste. 1000
Chicago, IL 60602
Telephone:  312/658-5500
Fax:  312/658-5555

## SERVICE LIST

Christopher L. Griffin
FOLEY & LARDNER LLP
100 North Tampa Street, Suite 2700
Tampa, FL 33602
E-mail: cgriffin@foley.com