IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

| | | |
|---|---|---|
| MEDICAL & CHIROPRACTIC CLINIC, INC., | ) | No. 8:16-cv-01477-CEH-TBM |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| DAVID M. OPPENHEIM, an individual, and | ) | |
| BOCK LAW FIRM, LLC d/b/a BOCK, HATCH, | ) | |
| LEWIS & OPPENHEIM, LLC, | ) | |
| | ) | |
| Defendants. | ) | |

## DECLARATION OF DAVID M. OPPENHEIM

I, David M. Oppenheim, declare under penalty of perjury that the foregoing is true and correct:

1. I am a lawyer and licensed only in Illinois.

2. I obtained my bachelor's degree from Yale University in May 1999 and my J.D. from Harvard Law School in May 2002.

3. I worked as an employee of Anderson + Wanca in Rolling Meadows, IL from July 15, 2009 to April 8, 2016. I was never an owner or shareholder in Anderson + Wanca, and I was not a signatory to any retainer agreement at the firm.

4. Since approximately 2009, my law practice has focused exclusively on class action related matters, including TCPA class actions and insurance coverage actions regarding TCPA class actions.

5. I understand the rules and laws governing class action practice, in particular Rule 23.

6. I began employment as an attorney at Bock Law Firm, LLC ("BLF") on April 11, 2016. I am not a partner, owner, or shareholder in the firm.

1

7. I resigned from Anderson + Wanca on April 8, 2016, after informing Mr. Wanca of my intention to resign and begin employment with BLF, and being told by him that he did not wish me to continue employment during the traditional "2 weeks notice" period.

8. I do not know any private or privileged or secret information about Plaintiff, Medical & Chiropractic Clinic, Inc. Rather, I know the company only as a named plaintiff in a lawsuit seeking to represent a putative class.

9. I have not disclosed or discussed any private or privileged or secret matter regarding Plaintiff with any person at BLF.

10. I never sought *pro hac vice* status in the Federal Action.

11. As an employee of Anderson + Wanca, I worked diligently as an attorney involved in the mediations of the Federal Action.

12. I am informed and believe that all mediation efforts with the Buccaneers ended in an impasse after I left Anderson + Wanca.

13. I spoke with Ms. Zakrewski on two occasions and never outside the presence of Ryan Kelly and Ross Good. At no point, did she relay any secret, confidential, strategic communications or information. I've never discussed anything with any other of Plaintiff's employees.

14. At Paragraph 19 of the Verified Complaint, Plaintiff alleges that I "represented Medical & Chiropractic as its attorney in the Federal Action," but I did not appear for any party in the Federal Action. I was involved only in the mediation process, not in court proceedings, and I represented the interests of the entire class, not Plaintiff's

2

individual interests, if Plaintiff has any interests separate, distinct or different from the rest of the class.

15. In reference to Paragraph 24 of the Verified Complaint, if Plaintiff had its own "case strategy, discovery, analysis, and settlement strategy" separate or apart from that of the entire putative class, then I never knew it and never disclosed it to any person.

16. At Paragraph 25 of the Verified Complaint, Plaintiff alleges that I "was granted full authority to settle … at the mediations." That is false. Brian Wanca, the sole owner of Anderson + Wanca, never granted me "full authority" to settle a Buccaneers class action (or any other case) without his approval. I never discussed my authority to settle with Ms. Zakrewski or in her presence.

17. Plaintiff alleges I "had discussions with Michele Zakrewski" regarding the Federal Action before the February 2015 mediation (¶ 26), an "in-person discussion" with her regarding Plaintiff's legal position for the February mediation session (¶ 27), and "further discussions" regarding Plaintiff's legal position after the mediation session (¶ 30). Those allegations are false. If Plaintiff had a legal position separate and apart, or different and distinct, from the rest of the class, then I never knew it, I never discussed it with Plaintiff, and I never disclosed it to anybody.

18. I recall a dinner with Ryan Kelly, Ross Good, Ms. Zakrewski and myself the night before the February mediation, and spending the day in the mediation itself. I do not believe I have ever had a one on one conversation about anything with Ms. Zakrewski. Nor do I believe I have seen or spoken to her at any other time.

19. At Paragraph 35 of the Verified Complaint, Plaintiff alleges that I "had further discussions" with Michele Zakrewski regarding Plaintiff's "legal position after the

3

August mediation." That is false. I did not have any such conversations. Further, if Plaintiff had a legal position separate and apart, or different and distinct, from the rest of the class, then I never knew it, I never discussed it with Plaintiff, and I never disclosed it to anybody.

20. I represented the entire class in these negotiations, and any representation that I provided to Medical & Chiropractic or Cin-Q, if any, was as counsel for the entire putative class, not as their private or individual attorney.

21. To the best of my knowledge, information, and belief, I have never known anything about Plaintiff that is unique to Plaintiff, and I never acquired any information unique to Plaintiff and relevant or material in any way to the Federal Action. Nor have I ever disclosed any such information to any person.

22. I have never provided any legal or strategic assistance to BLF regarding any Buccaneers class action litigation.

23. At Paragraph 40 of the Verified Complaint, Plaintiff alleges that I "had access to privileged and confidential information regarding Medical & Chiropractic, Cin-Q, and the Class." I never had any access to any privileged or confidential information unique to Plaintiff or Cin-Q. I had access only to information about the entire class, not about either plaintiff. As far as I knew then and know now, there is no relevant or material information unique to Plaintiff.

24. At Paragraph 88 of the Verified Complaint, Plaintiff alleges that I owed "an undivided duty of loyalty to represent Medical & Chiropractic's interests," but that is false because I represented Plaintiff only in the context of a class action about fax advertisements and, as such, I represented the entire class, not Plaintiff. My duty of

loyalty was to the class, and to Plaintiff only as a member of the class, and although I was never aware and am not aware of any way in which Plaintiff's interests differed or diverged from those of the absent class, in the event of any such difference or divergence, by law my overriding loyalty would have been to the class.

25. To the best of my knowledge, information, and belief, Plaintiff has no interest that is "materially adverse" to any other member of the putative class in the Federal Action, including Technology Training.

26. Prior to my resignation from Anderson + Wanca, I never discussed with any person at BLF the filing of another putative class action against the Buccaneers.

27. On May 7, 2016, after filing the case, Mr. Bock informed me that the firm had filed a class action against the Buccaneers and that, as a precautionary measure, I was completely screened off the case and forbidden from discussing the matter with anybody and forbidden from reviewing any of the file materials.

28. Prior to that date, Mr. Bock had not told me the firm was planning to file a class action against the Buccaneers.

29. To date, and only out of an abuse of caution, I have diligently avoided discussing the Technology Training case or the Buccaneers litigation with any person at BLF, except to the extent necessary to prepare my defense of this action, and even then I have not discussed anything privileged, confidential, or secret about Plaintiff.

30. I have not performed any work on the Technology Training case.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on: June 27, 2016

_____
David M. Oppenheim

6