# EXHIBIT 1

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

| | |
|---|---|
| CIN-Q AUTOMOBILES, INC., and MEDICAL & CHIROPRACTIC CLINIC, INC., Florida corporations, individually and as the representatives of a class of similarly-situated persons,<br><br>Plaintiffs,<br><br>v.<br><br>BUCCANEERS LIMITED PARTNERSHIP and JOHN DOES 1-10,<br><br>Defendants. | Case No. 8:13-cv-01592-AEP<br><br>Magistrate Judge Anthony E. Porcelli |

## DECLARATION OF MARK S. MESTER

I, Mark S. Mester, declare and state as follows:

1. I am an attorney admitted to practice law in the State of Illinois and have been admitted pro hac vice in the above-captioned case. I am a partner with the law firm of Latham & Watkins LLP and lead counsel for Defendant Buccaneers Limited Partnership (the "Buccaneers"). This declaration is based upon my first-hand knowledge. If called upon to do so, I could and would testify competently thereto.

2. I have been handling consumer class actions on a continuous basis since 1988. I have, in turn, been lead counsel in over three hundred (300) consumer and employment class actions to date, and I am currently serving as Lead Counsel in two (2) separate multi-district litigation actions (i.e., In re National Collegiate Athletic Association Student-Athlete Concussion Injury Litigation, Case No. 1:13-cv-09116 (N.D. Ill.); and In re Navistar MaxxForce Engines Marketing, Sales Practices and Product Liability Litigation, Case No. 1:14-cv-10318 (N.D. Ill.)). Although I have handled many class actions over the years, I have never before been accused of engaging in a reverse auction, and I have not engaged in a reverse auction here.

3. On August 31, 2015, I attended a full-day mediation in the above-captioned case before Judge Wayne R. Andersen (Ret.) of JAMS. A settlement was not reached at that time, but the parties continued negotiations through Judge Andersen by email, telephone and otherwise over the course of the next eight (8) months. I was personally involved in those negotiations and served as lead counsel for the Buccaneers in the mediation.

4. During the course of negotiations, numerous proposals and counter-proposals were made by Plaintiffs' counsel and the Buccaneers. The majority of those proposals and counter-proposals were in writing and communicated by way of email, though several were also made orally. <u>All</u> negotiations and <u>all</u> exchanges of offers and counter-offers, however, occurred in the context of the prior mediation, and <u>no</u> settlement negotiations between Plaintiffs' counsel and the Buccaneers occurred <u>outside</u> the context of the prior mediation.

5. After the mediation had ended, Plaintiffs' counsel requested that Judge Andersen provide a report to the Court. The initial draft of that report, which Judge Andersen shared with counsel for all of the parties, contained background information regarding the mediation. Over the Buccaneers' objections, however, Plaintiffs' counsel insisted that Judge Andersen only make the summary report that he did, which report was then filed with the Court and attached to Plaintiffs' opposing memorandum. See Opposition to Motion for Settlement Conference (Dkt. #219); Mediator's Notice of Impasse (Dkt. #218).

6. Since the August 31, 2015 mediation, I have not spoken to David Oppenheim in person, by telephone or otherwise. I likewise have only sent three (3) emails to Mr. Oppenheim since the commencement of the prior mediation in August of 2015, all of which had Judge Andersen as the primary recipient. I would be happy to submit those emails to the Court for <u>in camera</u> inspection.

7. I likewise have had no communications whatsoever with Mr. Oppenheim (phone, email, text, fax, etc.) in the four (4) weeks prior to the announcement of his departure from the Wanca firm or at any time following his departure from the Wanca firm.

8. On May 6, 2016, a competing class case was filed in Circuit Court of the Thirteenth Judicial Circuit in and for Hillsborough County, Florida, viz. Technology Training Associates, Inc. v. Buccaneers Limited Partnership, Case No. 16-CA 004333. Shortly after that case was filed, I was contacted by telephone at approximately 3:54 p.m. CDT on Friday, May 6, 2016 by Daniel Cohen, one of the lawyers who had filed the case. Prior to that contact, however, I had absolutely no contact whatsoever with Mr. Cohen nor have I ever litigated against or with the Bock & Hatch firm, with which I understand Mr. Cohen is affiliated. Indeed, the first time that I ever communicated with Mr. Cohen was on May 6, 2016.

9. During this phone call, Mr. Cohen indicated that he was aware of and had reviewed the motion for a settlement conference filed by the Buccaneers in this case. He further indicated that he was also aware of the fact that Plaintiffs' counsel had opposed the Buccaneers' motion and that they had filed a notice of impasse from Judge Andersen. Mr. Cohen then asked if the Buccaneers would have any interest in an early mediation of the new case. I responded that the Buccaneers certainly remained interested in reaching a settlement that was fair, reasonable and adequate, but that I would, of course, need to discuss this request with my client.

10. To my knowledge, the Buccaneers were never served with the Complaint in Technology Training.

4

  11. No settlement has been reached to date in any case addressing faxes allegedly sent by the Buccaneers in 2009 and 2010.

  I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

  Executed on May 24, 2016 in Chicago, Illinois.

            Respectfully submitted,

            */s/ Mark S. Mester*
            Mark S. Mester