IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

| | |
|---|---|
| MEDICAL & CHIROPRACTIC CLINIC, INC., | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) ) No. 8:16-cv-01477-CEH-TBM |
| DAVID M. OPPENHEIM, an individual, and BOCK LAW FIRM, LLC d/b/a BOCK, HATCH, LEWIS & OPPENHEIM, LLC, | ) ) ) ) ) |
| Defendants. | ) |

**DEFENDANT BOCK LAW FIRM, LLC'S RESPONSE
TO THE COURT'S ORDER TO SHOW CAUSE [ECF 22]**

Defendant, Bock Law Firm, LLC d/b/a Bock, Hatch, Lewis and Oppenheim, LLC ("Bock Law Firm"), responds to the Order to Show Cause the Court entered on June 21, 2016 [ECF 22], and the Court's related Order granting in part Plaintiff's motion to shorten time entered by the Court on June 23, 2016 [ECF 29], as follows:

### I. Introduction

The Court has questioned the basis for its subject matter jurisdiction over this action under the diversity jurisdiction provisions of 28 U.S.C. § 1332. ECF 22.

This action was originally filed by plaintiff, Medical & Chiropractic Clinic, Inc. ("Medical"), in the Circuit Court for the Thirteenth Judicial Circuit in and for Hillsborough County, Florida. ECF 2. Defendants removed the action to this Court by filing a notice of removal on June 8, 2016. ECF 1. Medical is a "Florida corporation with its principal place of business in Hillsborough County, Florida." ECF 2, ¶ 2. Bock

1

Law Firm "is an Illinois limited liability corporation with its principal place of business in Illinois." *Id.* at ¶ 4. Defendant David M. Oppenheim ("Oppenheim") "is an individual who resides in Illinois." *Id.* at 3; ECF 1, ¶ 5.

The Court questioned whether it has diversity jurisdiction, and in particular whether Defendants could show (1) the amount in controversy exceeded $75,000, and (2) complete diversity of citizenship between Medical and Defendants. ECF 22. Medical moved to expedite the briefing and agreed the amount in controversy exceeds $75,000. ECF 25-1, ¶ 4.

The Court then identified the remaining issue as "whether the lawsuit is between citizens of different states," and stated, "The identity of the members of the Bock Law Firm and their citizenship should be readily known to Defendant Bock Law Firm." ECF 29. The sole member of the Bock Law Firm is Phillip A. Bock, P.C. ("Bock, P.C."), which is an Illinois professional corporation with its principal place of business in Illinois. *See* Declaration of Phillip A. Bock, attached hereto as Exhibit 1. Because the sole member of Bock Law Firm is a citizen of Illinois, there is complete diversity, and the Court has subject matter jurisdiction over this action. 28 U.S.C. § 1332(a)(1)

## II. Facts

Bock Law Firm is an Illinois limited liability company. Exhibit 1, ¶ 4. Its only member is Bock, P.C., an Illinois professional corporation. *Id.* at ¶¶ 5, 7. Bock, P.C. conducts no business other than Bock Law Firm. *Id.* at 8. Bock Law Firm is engaged in the practice of law and employs attorneys, all of whom are licensed to practice law in Illinois. *Id.* at ¶ 4. Bock Law Firm and Bock, P.C. maintain their books, records,

and bank accounts in Illinois, file their taxes in Illinois, and maintain an office only in Illinois. *Id.* at ¶¶ 9-11. Bock, P.C. and Bock Law Firm's only office is located at 134 N. La Salle Street, Suite 1000, Chicago, Illinois, 60602. *Id.* at ¶¶ 10-11. Bock Law Firm has a post office box to receive mail in Miami Beach, Florida, but has no office in the State of Florida. *Id.* at ¶ 10. Bock, P.C. has no office other than its office at 134 N. La Salle in Chicago Illinois. *Id.* at ¶ 11.

The office is staffed by Illinois-licensed lawyers employed by Bock Law Firm, open for business on a daily basis, and is the only place of business from which Bock Law Firm and Bock, P.C. regularly operate. *Id.* at ¶ 10-11. The office in Chicago is the "actual center of direction, control, and coordination" of Bock Law Firm and Bock, P.C. *Id.* at ¶ 12.

Bock, P.C. is a citizen of the State of Illinois because that is the State where it was created, keeps its records, files its taxes, and where it operates its only office and business as Bock Law Firm. *Id.* at ¶¶ 4-13.

### III. Argument

Defendant Bock Law firm is an Illinois limited liability company and, as such, it is a citizen of every state in which its members reside. *Rolling Greens MHP, L.P. v. Comcast SCH Holdings L.L.C.*, 374 F.3d 1020, 1022 (11th Cir. 2004) ("a limited liability company is a citizen of any state of which a member of the company is a citizen"). The only member of Bock Law Firm is Bock, P.C., a professional corporation incorporated in Illinois and with its sole regular place of business in Illinois. Exhibit 1, ¶ 11.

For purposes of federal jurisdiction, a corporation is a citizen of the state where it is incorporated and where it has its "principal place of business." 28 U.S.C. § 1332. "[A] professional corporation is to be treated like other corporations for purposes of determining the presence or absence of diversity jurisdiction." *Hewlett-Packard Fin. Servs. Co. v. Brevard Cty. Clerk of the Circuit Court*, No. 6:14-CV-60-ORL-36DAB, 2014 WL 1464410, at *6 (M.D. Fla. Apr. 15, 2014) (quoting *Cote v. Wadel,* 796 F.2d 981, 983 (7th Cir. 1986)). Thus, the citizenships of the shareholders of a professional corporation are not relevant to the citizenship of the corporation. *Id.*; see also *Underwriters at Lloyd's, London v. Osting-Schwinn*, 613 F.3d 1079, 1086 (11th Cir. 2010). This is true even if the corporation has only one shareholder. *See, e.g., Sweet Pea Marine, Ltd. v. APJ Marine, Inc.*, 411 F.3d 1242, 1248 (11th Cir. 2005) (district court found the principal place of corporation was the Cayman Islands even though sole shareholder was in Colorado).

"[E]very corporation has one and only one principal place of business." *J.A. Olson Co. v. City of Winona, Miss.*, 818 F.2d 401, 406 (5th Cir. 1987). The "principal place of business" of a corporation is determined by where its "nerve center" is located. *Hertz Corp. v. Friend*, 559 U.S. 77, 97 (2010). *Hertz* describes the nerve center as:

> [T]he place where a corporation's officers direct, control, and coordinate the corporation's activities. It is the place that Courts of Appeals have called the corporation's "nerve center." And in practice it should normally be the place where the corporation maintains its headquarters—provided that the headquarters is the actual center of direction, control, and coordination, *i.e.,* the "nerve center," and not simply an office where the corporation holds its board meetings (for example, attended by directors and officers who have traveled there for the occasion).

4

559 U.S. at 92-93.

The location of the sole shareholder of a corporation is not *ipso facto* the principal place of business of the corporation. *See, e.g., Sweet Pea Marine, Ltd. v. APJ Marine, Inc.*, 411 F.3d 1242, 1248 (11th Cir. 2005). And the nerve center test does not reach through the corporate form looking to identify the home of the economic tsar who ultimately dominates the entity in question:

> [T]he nerve center test does not search for the locus of its parent corporation, nor of those having the ultimate controlling interests. *The test, in other words, does not search out the home of the economic tsar who ultimately dominates, through other corporations or otherwise, the entity in question.* Rather, so long as the entity's corporate form is entitled to credibility, *the nerve center test looks for the localized nerve center from which the corporation in issue is directly run.* If this were not so, every independently incorporated, wholly owned subsidiary which is part of a large conglomerate would be treated (for diversity jurisdiction purposes) as a mere division of a large company rather than a separate corporation.

*Bond v. Veolia Water Indianapolis, LLC*, 571 F. Supp. 2d 905, 914 (S.D. Ind. 2008) (emphasis in original) (quoting *Topp v. Compair, Inc.*, 814 F.2d 830, 835 (1st Cir. 1987)). Thus, in those instances where some "major policy decisions" of a litigant corporation may in fact be made by a parent corporation or individual sole owner that is a citizen of a state other than where the litigant corporation maintains its headquarters and accomplishes all of its administrative functions, the nerve center test does not focus on the location of that parent corporation or individual sole owner from which the major policy decision emanated, but instead focuses on the location

5

where "the management and implementation of those decisions and policies were effectuated." *Topp, supra,* 814 F.2d at 838.[1]

"The nerve center is normally the headquarters." *Leon v. First Liberty Ins. Corp.*, 903 F. Supp. 2d 1319, 1322-23 (M.D. Fla. 2012). "Usually, the headquarters is a single place that the public considers the corporation's main place of business." *Id.* at 1323. "A district court's finding as to a corporation's principal place of business ("PPB") for purposes of establishing diversity jurisdiction … is a question of fact and cannot be overturned unless it was clearly erroneous." *Sweet Pea, supra,* 411 F.3d at 1247.

Under the nerve center test, Bock, P.C. is a citizen of Illinois because that is where it has its only office and "headquarters"; that is "the actual center of direction, control, and coordination" of its business; that is where major policy decisions are managed, implemented and effectuated; and that is "the single place that the public considers [its] main place of business." *Id.* This is particularly clear in this case because Bock, P.C. has no office location outside of Illinois, so if it can have "one and only one principal place of business," it must be Illinois. *J.A. Olson Co.*, 818 F.2d at 406. Because Bock, P.C. is a citizen of Illinois and is the only member of Bock Law

---

[1] *See also id.* at 835, n. 4: "We recognize, of course, that the analysis we prescribe may be accused of overlooking the 'real' nerve center, in that only those who control the parent of the corporation in question may, in truth, 'call the shots.' Perhaps the term 'nerve center' is confusing: what is sought, except in rare circumstances where the corporate veil is properly disregarded, is the operational center of the corporation in question, giving proper regard to the corporate identity, not necessarily the ultimate 'nerve center,' in the sense of the place where the real power resides."

6

Firm, Bock Law Firm is also a citizen of Illinois only, and there is complete diversity between the Defendants as citizens of Illinois and Plaintiff who is a citizen of Florida.

## IV. Conclusion

For the foregoing reasons, the Court should find that Phillip A. Bock, P.C. is a citizen of Illinois; and because it is the only member of Bock Law Firm, Bock Law Firm is also a citizen of Illinois. Therefore, there is complete diversity of citizenship between the Plaintiff and Defendants in this action and the Court has subject matter jurisdiction under 28 U.S.C. § 1332.

Dated: June 29, 2016

                              Respectfully submitted,

                              BOCK LAW FIRM, LLC

                              By:  /s/ Phillip A. Bock
                                      One of its attorneys

Phillip A. Bock
Fla. Bar No. 93895
Daniel J. Cohen (admitted *pro hac vice*)
Jonathan B. Piper (admitted *pro hac vice*)
Bock Law Firm, LLC
134 N. La Salle St., Ste. 1000
Chicago, IL 60602
Telephone: 312/658-5500
Fax: 312-658-5555

## CERTIFICATE OF SERVICE

I hereby certify that on June 29, 2016, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system.

            By: /s/ Phillip A. Bock
              One of its attorneys

            Phillip A. Bock (FL# 0093895)
            Bock Law Firm, LLC
            134 N. La Salle St., Ste. 1000
            Chicago, IL 60602
            Telephone: 312/658-5500
            Fax: 312/658-5555

## SERVICE LIST

Christopher L. Griffin
FOLEY & LARDNER LLP
100 North Tampa Street, Suite 2700
Tampa, FL 33602
E-mail: cgriffin@foley.com

David M. Oppenheim
134 N. La Salle St., Ste. 1000
Chicago, IL 60602
E-mail: david@classlawyers.com