UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

MEDICAL & CHIROPRACTIC CLINIC,
INC.,

    Plaintiff,

v.     Case No: 8:16-cv-1477-T-36TBM

DAVID M. OPPENHEIM and BOCK LAW
FIRM, LLC,

    Defendants.
_____/

# ORDER

This matter comes before the Court upon the Plaintiff Medical & Chiropractic Clinic's Amended Motion for Temporary Restraining Order ("TRO") and Preliminary Injunction (Doc. 5). In the motion, the Plaintiff seeks to enjoin the Defendants, and any other person or entity acting in concert or participation with any of the Defendants, from representing any entity in a matter, settlement, or case alleging class-wide allegations substantially related to the Federal Action (8:13-cv-1592-T-AEP) (Doc. 5 at p. 23). The Court, having considered the parties' submissions and being fully advised in the premises, will now DENY the Motion to the extent it seeks a temporary restraining order, but will reserve its ruling to the extent the Motion seeks preliminary injunctive relief.

    **I.**    **BACKGROUND**

On June 8, 2016, Defendant Bock Law Firm filed a Notice of Removal based on federal question and diversity jurisdiction pursuant to 28 U.S.C. §§1331 and 1332, alleging that Plaintiff's claims involved breaches of fiduciary duties that stem from an *underlying* Telephone Consumer Protection Act ("TCPA") complaint (8:13-cv-1592-T-AEP), that the amount in controversy

exceeded $75,000.00 and that the parties were fully diverse in citizenship (Doc. 1). Defendant David M. Oppenheim consented to the removal (Doc. 4). Upon review of the notice of removal and complaint (Doc. 2), the Court issued an Order To Show Cause why this action should not be remanded to state court for lack of jurisdiction (Doc. 22). Plaintiff responded to the Order To Show Cause by filing a Motion to Shorten Time For Defendants to Respond to Order To Show Cause (Doc. 25). In its motion, Plaintiff admitted, through the declaration of its president, that the amount in controversy exceeds $75,000. On June 23, 2016, Defendant Bock Law Firm filed a Motion for Leave to Conduct Limited Jurisdictional Discovery (Doc. 28). Specifically, the Defendant sought to take a deposition of Plaintiff's affiant, Michele Zakrzewski, regarding, *inter alia*, the amounts that Plaintiff claims are "in controversy" in this action (Doc. 28 at ¶ 7). On June 23, 2016, by Endorsed Order, the Court determined that there appeared to be no dispute among the parties that the amount in controversy exceeds $75,000, as evidenced by the declaration of Michele Zakrzewski, President of Medical & Chiropractic Clinic, Inc., and acknowledged by Defendant Bock Law Firm in its Response to Plaintiff's Motion to Shorten Time (Doc. 25 at Exh. A and Doc. 27). The Court noted that the only remaining issue pertained to whether the lawsuit involved citizens of different states. *See* Doc. 29. On June 29, 2016, Defendant Bock Law Firm filed a Response to the Order to Show Cause which demonstrated that diversity of citizenship exists in this case. Thus, the Court determined that it has jurisdiction over this case and discharged the Order to Show Cause (Doc. 39). That same day, the Court scheduled an evidentiary hearing on the Amended Motion for Entry of Temporary Restraining Order and Preliminary Injunction (Doc. 40).

## II. LEGAL STANDARD

"The issuance of a temporary restraining order or preliminary injunctive relief is an extraordinary remedy to be granted only under exceptional circumstances." *Cheng Ke Chen v. Holder*, 783 F. Supp. 2d 1183, 1186 (N.D. Ala. 2011) (citing Samson v. Murray, 415 U.S. 61 (1974)). Pursuant to the Federal Rules of Civil Procedure, a temporary restraining order may be granted without written or oral notice to the adverse party only if "specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition." Fed. R. Civ. P. 65(b)(1)(A). Similarly, the Local Rules of the Middle District of Florida provide that a party seeking a temporary restraining order must show "not only that the moving party is threatened with irreparable injury, but that such injury is so imminent that notice and a hearing on the application for preliminary injunction is impractical if not impossible." M.D. Fla. R. 4.05(b)(2). Finally, before the Court may grant either a temporary restraining order or a preliminary injunction, the moving party must post security "in an amount . . . to pay the costs and damages sustained by any party found to have been wrongfully enjoined or restrained." Fed. R. Civ. P. 65(c).

Here, Plaintiff argues that it is entitled to a temporary restraining order because it has established the elements for preliminary injunctive relief, namely: "(1) a substantial likelihood of success on the merits; (2) that irreparable injury will be suffered if the relief is not granted; (3) that the threatened injury outweighs the harm the relief would inflict on the non-movant; and (4) that the entry of the relief would serve the public interest," *Schiavo ex rel. Schindler v. Schiavo*, 403 F.3d 1223, 1225-26 (11th Cir. 2005). Defendant opposes Plaintiff's request for a temporary restraining order, arguing, *inter alia*, that Plaintiff has not shown a likelihood of success on the merits because the damage alleged is speculative. After careful consideration, the Court finds that

the Plaintiff has failed to demonstrate that it is entitled to the extraordinary remedy of a temporary restraining order.  Since the evidentiary hearing is scheduled to occur within the next fourteen days and the Federal Action (8:13-cv-1592-T-AEP) is stayed at this time, the Plaintiff has failed to set forth an injury which would result before Defendant could be heard in opposition to the Motion.

Accordingly, for the reasons stated above, it is hereby **ORDERED**:

1. Plaintiff's Verified Motion for Temporary Restraining Order and Injunctive Relief (Doc. 5) is **DENIED** to the extent it seeks a temporary restraining order.

2. The Court reserves its ruling to the extent the Motion seeks a preliminary injunction.

**DONE AND ORDERED** in Tampa, Florida on July 7, 2016.

Charlene Edwards Honeywell
United States District Judge

Copies to:
Counsel of Record and Unrepresented Parties, if any