IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

| | | |
|---|---|---|
| MEDICAL & CHIROPRACTIC CLINIC, INC., | ) ) ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | No. 8:16-cv-01477-CEH-TBM |
| DAVID M. OPPENHEIM, *et al.*, | ) ) ) | |
| Defendants. | ) | |

**DEFENDANTS' RESPONSE TO PLAINTIFF'S MOTION
FOR LEAVE TO DISCLOSE UNTIMELY EXPERT REPORT
AND REOPEN DISCOVERY**

On December 4, 2017, eighteen months after the filing of this action, three months after the extended deadline for expert disclosure, forty days after the appellate decision which Plaintiff asserts is the basis of the proffered expert opinion, twenty-one days after the extended discovery cutoff, and only four days before the deadline for dispositive and Daubert motions, Plaintiff asks this Court to reopen discovery to allow an expert witness who purports to instruct the Court on what an appellate decision means. This is inappropriate.

FACTUAL BACKGROUND

On October 13, 2016, the Court entered the Case Management and Scheduling Order. Doc. 70. It provides:

> The parties may not extend deadlines established in this Case Management and Scheduling Order without approval of the Court. … Motions for an extension of other deadlines established in this order, including motions for an extension of the discovery period, are disfavored. The deadline will not be extended absent a showing of good

1

cause. Fed. R. Civ. P. 16(b); Local Rule 3.09(a). **Failure to complete discovery within the time established by this Order shall not constitute cause for continuance**. A motion to extend an established deadline normally will be denied if the motion fails to recite that: 1) the motion is joint or unopposed; 2) the additional discovery is necessary for specified reasons; 3) all parties agree that the extension will not affect the dispositive motions deadline and trial date; 4) **all parties agree that any discovery conducted after the dispositive motions date established in this Order will not be available for summary judgment purposes**; and 5) no party will use the granting of the extension in support of a motion to extend another date or deadline. The filing of a motion for extension of time does not toll the time for compliance with deadlines established by Rule or Order.

*Id.* at 3 (emphasis added).

On February 24, 2017, the Court granted in part Plaintiff's Motion for Continuance of Discovery Deadlines (Doc. 76). Doc. 92. On June 6, 2017, the Court granted the Agreed Motion for a Stay of Pending Deadlines (Doc. 115) based on pending motions to compel. Doc. 118. Finally, after the resolution of the discovery motions, the Court issued an Amended Case Management and Scheduling Order on July 6, 2017. Doc. 122 (the "Amended Scheduling Order").

The Amended Scheduling Order provided that Plaintiff's expert report(s) were to be disclosed by September 8, 2017; Defendant's expert report(s) by October 6, 2017; and dispositive motions, *Daubert*, and *Markman* motions were to be filed by December 8, 2017. *Id.* at 1. The Amended Scheduling Order provides that "[a]ll other provisions of the Case Management and Scheduling Order continue to apply." *Id.* at 2. This includes the quoted text reproduced above. The Court concluded the order by warning "[a]bsent exigent circumstances, it is unlikely that these deadlines will be continued again." *Id.*

2

September 8, 2017, came and went without Plaintiff disclosing any expert witness. Defendants timely disclosed their expert, Timothy Chinaris, on October 6, 2017. *See* Doc. 144-25. Defendants diligently pursued discovery within the deadlines set by the Court's Order, deposing six witnesses (in seven total sessions), in preparation for filing a timely motion for summary judgment. Defendants timely filed their summary judgment motion on December 8, 2017. Doc. 144.

Meanwhile, in the Technology Training class action, Judge Porcelli denied Plaintiff's motion to intervene on March 31, 2017. Case No. 16-cv-1622, Doc. 56. Plaintiff appealed. *Id.*, Doc. 58. On May 30, 2017, Plaintiff filed its appellate brief. 11th Cir. Appeal No. 17-11710. On October 26, 2017, the Eleventh Circuit issued its decision reversing the denial of Plaintiff's motion to intervene in the Technology Training class action, so Plaintiff is or will be a party in that action. *Tech. Training Assocs., Inc. v. Buccaneers Ltd. P'ship*, 874 F.3d 692, 697 (11th Cir. 2017).

When the Eleventh Circuit issued its decision, there remained nearly three weeks before the discovery cutoff set in the Amended Scheduling Order. During this time, the parties participated in four depositions. Nonetheless, Plaintiff gave no indication, either to the Court or to Defendants, that it would seek to disclose a late expert report.

It was not until November 29, 2017—nine days before the *Daubert* and *Markman* dispositive motion deadline—that Plaintiff first approached Defendants about its intention to submit a motion to allow a late expert report (at that time, Plaintiff refused to provide the proposed expert report or divulge the specific proposed

opinions). 11/29/17 Email, attached as Ex. 1. Following a meet-and-confer with counsel for Defendants, Plaintiff filed its motion on December 4, 2017.

The proposed expert report (Doc. 137-1) does not address the distinction, raised by the Court in its Order denying Plaintiff's motion for preliminary injunction, between counsel's duties to the underlying class (which are at issue in the class action but not in this case) and counsel's special or unique duties, if any, specific to Plaintiff. Doc. 71 at 6-7 ("Plaintiff is likely to establish the existence of a fiduciary duty to the class, [but] it is questionable whether Plaintiff is likely to establish the existence of a special fiduciary duty to Plaintiff, different from the fiduciary duty to all of the class members"). Rather, the proposed expert report merely purports to opine on the meaning of the Eleventh Circuit's *Tech. Training Assocs.* decision itself, and that case is pending before Magistrate Judge Porcelli. Doc. 137-1.

## ARGUMENT

### I.  Plaintiff has failed to show either good cause or excusable neglect to support of its untimely motion.

Rule 16 (b) (4) and Local Rule 3.09 (a) permit the Court to extend a discovery deadline only for "good cause." *Fisher v. SP One, Ltd.*, 559 Fed. Appx. 873, 878 (11th Cir. 2014). Furthermore, because Plaintiff's motion was filed and served after the expiration of the deadline, it is also required to demonstrate "excusable neglect." Fed. R. Civ. P. 6 (b) (1) (B); *Federal Trade Comm'n v. Lalonde*, 545 Fed. Appx. 825, 834 (11th Cir. 2013). Holding litigants to established scheduling deadlines is not an abuse of discretion. *Josendis v. Wall to Wall Residence Repairs, Inc.*, 662 F.3d 1292, 1307

(11th Cir. 2011). Neither good cause nor excusable neglect has been demonstrated by Plaintiff here.

Plaintiff proffers the October 26, 2017, decision by the Eleventh Circuit in the class case—a decision which speaks only in terms of duties owed to the class, not to Plaintiff individually—as the basis for its 11th-hour motion to disclose an expert witness. But (1) the predicate facts on which the Eleventh Circuit based its decision were known to Plaintiff well before the decision was issued, and certainly as of the time when Plaintiff filed its appellate brief on May 30, 2017; and (2) the decision was issued over a month before Plaintiff sought leave to disclose its expert on the eve of the dispositive motion deadline. Plaintiff did not and does not have good cause for waiting as it did.

Nor can Plaintiff establish excusable neglect. Excusable neglect is determined by reference to the following: (1) the danger of prejudice to the non-movant; (2) the length of the delay and the impact on judicial proceedings; (3) the reason for the delay, including whether it was within the reasonable control of the movant; and (4) whether the movant acted in good faith. *Ashmore v. Sec'y, Dept. of Transp.*, 503 Fed. Appx. 685-86 (11th Cir. 2013) (court did not abuse discretion in denying motion to extend discovery deadline where movant had not propounded discovery requests until one day before deadline). Of "primary importance [is] the absence of prejudice to the nonmoving party and [] the interest of efficient judicial administration." *Id.*, *citing Cheney v. Anchor Glass Container Corp.*, 71 F.3d 848, 850 (11th Cir.1996). Plaintiff has not established any of these factors here.

Contrary to Plaintiff's assertion, Defendants are prejudiced by the untimely disclosure. With respect to the first factor, the non-moving party is "prejudiced by additional discovery" where it has "already filed its motion for summary judgment." *Ashmore*, 503 Fed. Appx. at 686. As noted, the motion was filed only four days prior to the deadline and while Defendants were preparing their summary judgment motion.

Pointing to the time between summary judgment (if the cross-motions are denied) and trial, Plaintiff argues that Defendants will have plenty of time to depose the proffered expert (and presumably to file a *Daubert* motion). This argument is disingenuous because the expert disclosure deadlines were timed to impact not some future trial, but rather the filing of summary judgment motions. Indeed, Plaintiff cites and relies on its untimely expert report in its summary judgment motion (Doc. 142 at 3-4). And the deadline for Defendants to file a *Daubert* motion challenging this proposed expert's testimony has already passed. Plainly, Defendants would be prejudiced by the granting of Plaintiff's motion.

With respect to the second and third factors, as noted above, the facts underpinning the Eleventh Circuit's October decision in *Tech. Training Assocs.* were well known to Plaintiff many months before the disclosure deadline. And as discussed below, the decision's only holding is that "[t]he movants have met the 'minimal' burden of showing that plaintiffs' representation of their interests 'may be' inadequate." 874 F.3d at 697. It did not purport to make factual findings. *Id., generally.* It did not reverse the preliminary approval of the Technology Training

6

action settlement. *Id.* And it did not hold either that the settlement is inadequate or that Bock Law Firm is inadequate as class counsel. *Id.* Rather, it remanded the case to Magistrate Judge Porcelli for further proceedings. Its only instruction on remand was for "the district court to grant the movants' motion to intervene as of right." 874 F.3d at 698.

Plaintiff does not and cannot explain why the same expert could not have proffered the same opinion based on the same underlying facts, and same Rules of Professional Conduct, prior to October 26, 2017. Nor does Plaintiff make any attempt to explain its radio silence with respect to its alleged newfound desire for an expert witness for over a month following the issuance of the *Tech. Training Assocs.* decision while the parties were heavily engaged in discovery and the period for discovery ticked to a close.

Finally, the fourth factor also weighs against Plaintiff's motion. The sequence of events described above—as well as Plaintiff's and its proffered expert's misrepresentation of the *Tech. Training Assocs.* intervention decision as having made findings of fact or somehow changed the law, when it did neither—belies any notion that Plaintiff has acted in good faith. Plaintiff has deliberately sandbagged Defendant (and the Court) in an apparent effort to evade or forestall summary judgment against it. Plaintiff's motion should therefore be denied.

II. **The Court should deny Plaintiff's motion because the "expert" opinion it offers is little more than an attempt to invade the Court's province as interpreter of the law, and it does so erroneously.**

It has long been well established that it is not appropriate for an expert "witness to give *legal* conclusions." *Owen v. Kerr-McGee Corp.*, 698 F.2d 236, 240 (5th Cir. 1983) (emphasis in original), *citing United States v. Fogg,* 652 F.2d 551, 557 (5th Cir. 1981), *cert. denied,* 456 U.S. 905 (1982); *United States v. Milton,* 555 F.2d 1198, 1203 (5th Cir. 1977); McCormick, Evidence § 12 (1972). Yet, Plaintiff now proffers an untimely expert report purporting to opine on the meaning of a recent court opinion, and expressly attempts to justify its untimeliness on the timing of that decision. But if an "expert" interpretation of an appellate precedent is not "giving a legal conclusion," Defendants do not know what would be.

Moreover, as discussed in Defendants' brief in support of their motion for summary judgment, the Eleventh Circuit decision at issue does not and cannot impact the issues in this case. The Eleventh Circuit held that Plaintiff (and Cin-Q) satisfied the requirements for intervention under Fed. R. Civ. P. 24, and reversed that portion of Judge Porcelli's order denying intervention. *Tech. Training Assocs.*, 874 F.3d at 697 ("The movants have met the 'minimal' burden of showing that plaintiffs' representation of their interests 'may be' inadequate"). The Eleventh Circuit did not reverse the settlement approval, or make findings of fact, but merely granted Plaintiff entrance into the Technology Training action as an intervening party, where it presumably will attempt to argue the settlement is insufficient and resulted from Bock Law Firm "underbidding" them. Technology Training will argue

the settlement is fair and reasonable, and saved the class from the litigation risk to which Plaintiff and its attorneys subjected it.

Thus, the premise that Plaintiff and its 11th-hour "expert" take for granted—*i.e.*, that the *Tech. Training Assocs.* decision made findings on this issue—is irreconcilable with the action of the appellate court in leaving preliminary approval intact and remanding the case to Judge Porcelli with only the instruction to allow Plaintiff and Cin-Q to intervene. Whether or not the Technology Training action settlement is sufficient, whether it was the product of counsel seeking to maximize fees at the expense of the class, and whether its interests were aligned with the class or with the defendant at the time of negotiation are all issues that will be determined in the Technology Training action going forward. Doc. 71 at 14 ("[A]ny concerns regarding, *inter alia*, the settlement terms, reverse auction, becoming class counsel, class certification and incentive awards can all be addressed during the settlement proceeding.")

Moreover, as further discussed in Defendants' motion for summary judgment, the only fiduciary duty the Eleventh Circuit identifies is the one class counsel owes to the class. *Tech. Training Assocs.*, 874 F.3d at 697-98. The class is not party to this action. Rather, Plaintiff brought this case seeking only to vindicate its individual rights; in particular its chance to obtain an incentive award from any class settlement with the Buccaneers. Plaintiff has pleaded this case as an individual action, not a class action, and the Complaint asserts that Oppenheim owed duties to Plaintiff

9

itself, not duties to the class. Given that it is too late to proffer new expert testimony, it is far too late for Plaintiff to change its entire theory of recovery.

## CONCLUSION

Attempting to avoid summary judgment, Plaintiff proffered an expert report on the eve of the filing of that motion. There is no justified basis for allowing Plaintiff's gambit, and the proffered opinion itself is merely an erroneous legal argument regarding the significance of an Eleventh Circuit decision on Rule 24 intervention. Plaintiff's motion should be denied.

Respectfully submitted,

| DAVID M. OPPENHEIM | BOCK LAW FIRM, LLC |
|---|---|
| By: /s/ Barry J. Blonien | By: /s/ Phillip A. Bock |
| | One of its attorneys |
| Barry Blonien (*pro hac vice*) | |
| Blonien Legal Counsel | Phillip A. Bock |
| 1718 Adams St. | Fla. Bar No. 93895 |
| Madison, WI 53711 | Daniel J. Cohen (*pro hac vice*) |
| Telephone: (608) 620-5357 | [TRIAL COUNSEL] |
| barry@blonienlegal.com | Jonathan B. Piper (*pro hac vice*) |
| | Bock Law Firm, LLC |
| | 134 N. La Salle St., Ste. 1000 |
| | Chicago, IL 60602 |
| | Telephone: 312/658-5500 |
| | Fax: 312-658-5555 |
| | phil@classlawyers.com |
| | |
| | Christopher Stephen Polaszek |
| | The Polaszek Law Firm, PLLC |
| | 3407 W Kennedy Blvd |
| | Tampa, FL 33609 813-574-7678 |
| | Email: chris@polaszeklaw.com |

## CERTIFICATE OF SERVICE

I hereby certify that, on December 18, 2017, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which automatically serves a copy upon all counsel of record registered with the system.

/s/ Phillip A. Bock
Phillip A. Bock (Fla. Bar No. 93895)
P.O. Box 41674
Miami Beach, FL 33141
Telephone: 312-658-5501
Fax: 312-658-5555

## SERVICE LIST

Christopher L. Griffin (FBN 273147)
cgriffin@foley.com
lmiranda@foley.com
FOLEY & LARDNER LLP
100 North Tampa Street, Suite 2700
Tampa, FL 33602-5810
P.O. Box 3391
Tampa, FL 33601-3391
Telephone: 813.229.2300
Facsimile: 813.221.4210

Jeffrey A. Soble (pro hac vice)
jsoble@foley.com
Lauren M. Loew (pro hac vice)
lloew@foley.com
Admitted Pro Hac Vice
FOLEY & LARDNER LLP
321 N. Clark St., Suite 2800
Chicago, IL 60654
Telephone: 312.832.4500
Facsimile: 312.832.4700