IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

| | | |
|---|---|---|
| MEDICAL & CHIROPRACTIC CLINIC, INC., | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | No. 8:16-cv-01477-CEH-TBM |
| DAVID M. OPPENHEIM, *et al.,* | ) ) ) | |
| Defendants. | ) | |

**DEFENDANTS' RESPONSE TO PLAINTIFF'S
MOTION FOR RETURN OF PRIVILEGED DOCUMENTS**

Defendants Bock Law Firm, LLC ("BLF") and David M. Oppenheim ("Oppenheim"), by counsel, submit the following response to plaintiff Medical & Chiropractic Clinic Inc.'s ("M&C") motion for return of privileged documents (ECF 139).[1]

### I. Preface – A Confounding Issue: M&C's "Unclean Hands"

M&C filed this action seeking equitable relief, but it is axiomatic that equity is not available to benefit a party with unclean hands.

> The guiding doctrine … is the equitable maxim that 'he who comes into equity must come with clean hands.' This maxim is far more than a mere banality. It is a self-imposed ordinance that closes the doors of a court of equity to one tainted with inequitableness or bad faith relative to the matter in which he seeks relief, however improper may have been the behavior of the defendant. * * *

---

[1] As an initial matter, M&C states in its motion that it has produced over 16,000 pages of documents in discovery. Motion, p. 3. Defendants have no idea what M&C is talking about. By Defendants' count based on M&C's Bates labeling, M&C has produced no more than 6,706 pages in discovery, inclusive of MC 0001-5163, and AW MA 0001-1544.

> This maxim necessarily gives wide range to the equity court's use of discretion in refusing to aid the unclean litigant. * * * [O]ne's misconduct need not necessarily have been of such a nature as a crime or as to justify legal proceedings of any character. Any willful act concerning the cause of action which rightfully can be said to transgress equitable standards of conduct is sufficient cause for the invocation of the maxim[.]
>
> Moreover, where a suit in equity concerns the public interest as well as the private interests of the litigants this doctrine assumes even wider and more significant proportions. For if an equity court properly uses the maxim to withhold its assistance in such a case it not only prevents a wrongdoer from enjoying the fruits of his transgression but averts an injury to the public.

*Precision Instr. Mfg. Co. v. Auto. Maint. Mach. Co.*, 324 U.S. 806, 814-15 (1945).[2] *See also U.S. v. Cobb*, Case No. 8:14-cr-123-T-36MAP, 2017 WL 3499257, at *3-4 (M.D. Fla. Aug. 16, 2017) (Honeywell, J.) (denying defendant's equitable motion for return of property based upon finding defendant lacked clean hands).

Here, the record reveals that M&C—and A+W, M&C's counsel in the Cin-Q putative class action and the law firm that is unconditionally financing this action on M&C's behalf—have unclean hands. Perhaps coincidentally, but perhaps not, the very documents that M&C now seeks to "claw back" under a claim of mediation privilege are the documents that demonstrate M&C's (and A+W's) unclean hands.

---

[2]  The *Precision* court held the district court properly applied the unclean hands maxim to deny equitable relief to the holder of a patent who engaged in deceptive and manipulative misconduct in acquiring the subject patent rights and then sought to enforce those rights against others. *Id.* at 815-16.

2

[Page contents redacted]

## II. Introduction

M&C seeks to "claw back" documents that it previously produced, but that it now claims were "inadvertently produced" because the documents allegedly fall under the Buccaneers' unwaived mediation privilege. ECF 139, p. 1 ("inadvertently produced mediation privileged documents"); p. 3 ("four documents partially containing confidential mediation communications were inadvertently produced"). First, M&C argues claw back is required under the terms of the protective order entered in this action (ECF 74, 74-1). ECF 139, pp. 2-3, 6. Second, M&C argues claw back is required under Fed. R. Civ. P. 26 (b) (5) (B). ECF 139, p. 7. Finally, M&C argues claw back is required under Florida's Mediation Confidentiality and Privilege Act ("the MCPA"), Fla. Stat. § 44.403 (1). ECF 139, p. 7. For the reasons set forth below, each of these arguments fails, and M&C's motion should be denied.

The Court should also deny M&C's motion because it seeks relief that is fundamentally inequitable under the circumstances. In particular, M&C has played self-servingly fast and loose with the Court's Order granting in part BLF's motion to compel discovery, but denying the motion as it relates to mediation-privileged documents. (ECF 120). The four documents that M&C seeks to claw back are but a few of many similar documents produced by M&C. If M&C's assertion that the four documents at issue are mediation privileged is correct, then so are many other documents produced by M&C but M&C doesn't seek their return.

It is fundamentally unfair and inequitable for M&C to use the mediation privilege as both a shield and a sword—withholding documents under the privilege and/or seeking to claw them back when it serves M&C's purpose to do so, while at the same time intentionally producing other documents as to which the same privilege argument could be made, but not seeking to claw them back, because it presumably serves M&C's purpose to have those documents in the evidentiary record. Privilege is not a game, and M&C's blatant gamesmanship should not be rewarded.

### III. Response To M&C's Arguments

A.     M&C's reliance on the protective order is misguided.

M&C's first argument—and presumably what it perceives to be its strongest argument—is that its designation of the subject documents as "confidential" under the protective order, once it realized its "inadvertent" disclosure, required Defendants to acquiesce in M&C's attempted claw back. Motion at p. 6. That argument is so fundamentally misguided it borders on absurd. Under the protective order, a designation of confidentiality triggers only protection against disclosure of designated documents outside this litigation or into the public sector (as by public record filing). It has no bearing upon or relationship to the issue of claw back for documents inadvertently produced notwithstanding privilege. Indeed, the protective order does not address the issue of claw back at all.

Not surprisingly, M&C designated the documents in question as "confidential" under the protective order when they were produced, not later when M&C supposedly recognized its supposed "inadvertence" and belatedly decided it wished it had not produced the documents at all. Its invocation of the protective order as a basis for invoking claw-back rights now is simply apples and oranges. On this argument, M&C loses.

B.   **M&C's reliance on Rule 26 (b) (5) (B) is misguided.**

M&C second argument—that Defendants' refusal to acquiesce in its attempted claw back violates Fed. R. Civ. P. 26 (b) (5) (B)—is equally misguided. Curiously, M&C cites to Rule 26 (b) (5) (B) without any consideration of Fed. R. Evid. 501 (b), which provides:

> The following provisions apply, in the circumstances set out, to disclosure of a communication or information covered by the attorney-client privilege or work-product protection.
>
> \*          \*          \*
>
> b.   Inadvertent Disclosure. When made in a federal proceeding …, the disclosure does not operate as a waiver in a federal … proceeding <u>if</u>:
>
>   1.   the <u>disclosure is *inadvertent*</u>;
>
>   2.   <u>the holder of the privilege or protection took *reasonable steps to prevent disclosure*</u>; and
>
>   3.   <u>the holder *promptly* took reasonable steps to rectify the error</u>, including (if applicable) following Federal Rule of Civil Procedure 26 (b) (5) (B).

Fed. R. Civ. P. 501 (b) (emphasis added). M&C did not satisfy Rule 501 (b).

6

M&C says its disclosure of the four documents identified in its motion was "inadvertent," but provides no *evidence* to support that conclusory assertion; indeed, M&C does not even assert *facts* to support that assertion. Rule 501 (b) (1). M&C says *nothing* about *any* "reasonable steps" that it took to prevent disclosure. Rule 501 (b) (2). And other than referencing its claw-back letters—which themselves fail to satisfy Rule 501 (b) (1) and (2)—and citing to Rule 26 (b) (5) (B), M&C did not *promptly* take *reasonable* steps to rectify its claimed error, but instead inexplicably waited months after Defendants advised M&C of its production of the first such document.

How does M&C explain its production of the first such document in the first place? It doesn't. How does M&C explain how and why it continued to produce documents that it now claims are mediation privileged, and supposedly were "inadvertently" disclosed, after having been advised of the production of the first such document? It doesn't. How does M&C justify its months-long delay in filing the current motion? It doesn't. For this reason, reading Fed. R. Civ. P. 26 (b) (5) (B) and Fed. R. Evid. 501 (b) together, M&C is not entitled to claw-back relief.³ *Amobi v. Dist. of Columbia D.O.C.*, 262

---

³ Defendants are truly at a loss to understand M&C's argument regarding its "Document 4," Bates-labeled MC 4416. M&C says that when Defendants specifically brought that document to its attention in a conversation about other, similar documents that M&C might be withholding, the discussion related to M&C's assessment that the document was not work-product protected, not to M&C's assessment of whether the document was subject to the mediation privilege. Motion, p. 5. But the point is that Defendants specifically brought that document, which M&C now claims was "inadvertently" disclosed, to M&C's attention, meaning M&C's counsel looked at it months ago. Having a full and fair opportunity to review

F.R.D. 45, 55 (D. D.C. 2009) (observing defendant's argument that 55-day delay in seeking to protect itself from finding of waiver was "prompt" was "a debatable proposition in itself"); *Victor Stanley, Inc. v. Creative Pipe, Inc.*, 250 F.R.D. 251, 263 (D. Md. 2008) (observing "any order issued now by the court to attempt to redress these disclosures would be the equivalent of closing the barn door after the animals have already run away," and in finding waiver, "the only 'injustice' in this matter is that done by defendants to themselves").

C.     M&C's reliance on the MCPA is misguided.

M&C's reliance on the MCPA is truly a mystery. First, it is unclear why M&C presupposes that the MCPA applies at all. The August 31, 2015 mediation with the Honorable Wayne Anderson (ret.), held in Chicago, Illinois, was not court-ordered and so did not fall under the provisions of the MCPA at all.[4] Second, the MCPA recognizes a mediation privilege, but it does not address the situation at hand. M&C cites the MCPA as if its applicability to the documents in question is self-proving; it is not. Finally, and more importantly, M&C references the MCPA as if it answers the question of how

---

the document at that time, M&C did not then take the position that the document was subject to the mediation privilege and should be clawed back. M&C's current claw-back motion is just a self-serving machination to get back something it wishes it had never revealed in the first place. That is not a basis for judicial relief.

[4] ███████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████. *See* Email from Michael Addison to Cin-Q co-counsel, attached as Ex. A.

to resolve the current situation, in which M&C claims that it disclosed the subject documents "inadvertently" despite all evidence to the contrary; it does not. So even assuming for the sake of argument that the documents were privileged under the MCPA, that would not resolve the claw-back issue presented by M&C's motion.

### IV. M&C's Selective Invocation Of Privilege Is Untenable

M&C's motion implies that the four documents it now seeks to claw back are the only such documents that it produced in discovery. They are not. For example, M&C also produced the following documents:

- MC 0004520 (internal email among M&C counsel regarding settlement offers and demands in the mediation process): ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇ Ex. B. Why isn't M&C seeking to claw back this document?

- MC 0004498 (Email between M&C counsel and the mediator): ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇ Ex. C. Why isn't M&C seeking to claw back this document?

These documents are only exemplary. An August 23, 2017, correspondence from defense counsel to M&C's counsel identified numerous other documents produced by M&C that were of a similar quality. Ex. D, Aug. 23, 2017 Ltr. From Mr. Blonien to M&C Counsel, p. 2.

On their face, these documents share the same essential characteristics that M&C attributes to the four documents that it seeks to

claw back in its motion, but inexplicably, M&C is unconcerned about its production of those documents. In other words, M&C is selectively invoking the mediation privilege when doing so suits its interests, and is otherwise unconcerned with its obligation to protect the Buccaneers' interest in preserving the privilege. This sword-and-shield use of the privilege is self-serving and untenable.

In *Minnesota Specialty Crops, Inc. v. Minnesota Wild Hockey Club, L.P.*, 210 F.R.D. 673 (D. Minn. 2002), the court rejected the defendant's selective invocation of attorney-client privilege. The defendant had invoked an advice-of-counsel defense, and had disclosed some otherwise attorney-client communications that it perceived as helpful to its defense, but then stood on the privilege as to other communications. The court found this sword-and-shield use of the privilege impermissible:

> Fairness dictates that a party may not use the attorney-client privilege as both a sword and a shield," and therefore, parties asserting the advice-of- counsel defense "may not selectively disclose privileged communications that it considers helpful while claiming privilege on damaging communications relating to the same subject.
>
> \*          \*          \*
>
> [P]rivilege impedes a fair adversarial presentation of the facts when it is invoked to avoid disclosure of anything other than a necessarily biased presentation of the relevant facts.
>
> \*          \*          \*
>
> [P]rivilege should not be wielded as a sword to advance the holder's interest, while depriving the opponent of the bases upon which the strategic considerations are premised.

10

*Id.* at 675, 677 (internal citations and quotation marks omitted). *See also In re Columbia/HCA Healthcare Corp. Billing Practices Litigation*, 293 F.3d 289 (6th Cir. 2002) (holding "any form of selective waiver … transforms … privilege into merely another brush on an attorney's palette, utilized and manipulated to gain tactical or strategic advantage") (internal citation and quotation marks omitted); *E.E.O.C. v. Midwest Div. – RMC, LLC*, No. 04-00883-CV-W-REL, 2006 WL 6384881, at *3 (W.D. Mo. May 31, 2006) (rejecting plaintiff's "selective invocation" of deliberative process privilege, and holding plaintiff "waived the protection of the … privilege … by allowing [controlled witness] to answer some questions despite instructing him not to answer others on the same subject").

In the case at bar, defense counsel long ago memorialized his concern that M&C's production reflected no rhyme or reason in terms of a clear line of demarcation of that which M&C withheld as privileged or protected from discovery versus that which M&C produced. Ex. D, Aug. 23, 2017 Ltr. From Mr. Blonien to M&C Counsel, p. 2 (identifying numerous other documents produced by M&C that would seem to be covered by M&C's stated view of the mediation privilege, despite the fact that M&C had withheld other, similar documents from its production, and stating, "M&C does not get to pick and choose that way").

It is absolutely incredible that M&C now seeks to claw back a few of the many such documents that it produced just because it perceives those few

11

documents as particularly hurtful to its litigation position, and that M&C attempts to place blame on Defendants. M&C is at fault for the current status of discovery production, and M&C's attempt to blame Defendants is laughable.

Presumably, M&C will argue that neither its inexcusable failure to follow the requirements of Fed. R. Civ. P. 26 (b) (5) (B) and Fed. R. Evid. 501 (b), nor its improper attempt to engage in selective invocation of privilege, should lead to denial of its claw-back motion because the mediation privilege at issue is held by the Buccaneers, and M&C's own misconduct cannot be a basis upon which to trammel the Buccaneers' privilege. But at some point fairness and equity must be given their rightful due. M&C cannot be permitted to disclose and use mediation-privileged documents it perceives as favoring its position in this litigation, while at the same time withholding or clawing back similarly-privileged documents that it recognizes as undermining its position in this litigation. Any other result would be not only unfair and inequitable, it would be plainly and substantially prejudicial to Defendants' ability to defend themselves in this litigation.

## V. Conclusion

For all of the foregoing reasons, Defendants pray this Honorable Court deny Plaintiff's motion for return of privileged documents, and for such other and further relief as the Court may deem just and proper.

Dated: December 22, 2017.                    Respectfully submitted,

**BOCK LAW FIRM, LLC**

By: /s/ Phillip A. Bock
    One of its attorneys

Phillip A. Bock
Fla. Bar No. 93895
Daniel J. Cohen (admitted *pro hac vice*)
Jonathan B. Piper (admitted *pro hac vice*)
Bock Law Firm, LLC
134 N. La Salle St., Ste. 1000
Chicago, IL 60602
Telephone: (312) 658-5500
Fax: (312) 658-5555
phil@classlawyers.com

Christopher S. Polaszek
Florida Bar No. 0116866
THE POLASZEK LAW FIRM, PLLC
3407 W. Kennedy Blvd.,
Tampa, FL 33609
Telephone: (813) 574-7678
E-mail: chris@polaszeklaw.com

## CERTIFICATE OF SERVICE

I hereby certify that, on December 22, 2017, I filed the foregoing using the Court's CM/ECF system, which automatically serves a copy upon each counsel of record.

/s/ Phillip A. Bock
Phillip A. Bock (Fla. Bar No. 93895)
P.O. Box 41674
Miami Beach, FL 33141
Telephone: 312-658-5501
Fax: 312-658-5555