UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**MEDICAL & CHIROPRACTIC CLINIC, INC.,**

    **Plaintiff,**

v.                                          Case No.   8:16-cv-1477-T-36TBM

**DAVID M. OPPENHEIM, et al.,**

    **Defendants.**

                                                      /

**O R D E R**

This cause is before the Court on **Plaintiff Medical & Chiropractic Clinic, Inc.'s [Redacted] Motion to De-Designate the Confidentiality of Certain Bock Hatch Documents** (Doc. 133)[1] and Defendant Bock Law Firm, LLC's response in opposition (Doc. 136), and **Plaintiff Medical & Chiropractic Clinic, Inc.'s Motion for Return of Privileged Documents** (Doc. 139)[2] and Defendants Bock Law Firm, LLC's and David M. Oppenheim's response in opposition (Doc. 153).[3]

By its first motion (Doc. 133), Plaintiff seeks an Order de-designating certain "confidential" documents produced by the Bock Law Firm ("BLF"). Plaintiff identifies these documents as those Bates numbered BLF 131–347, which include text messages and email

---

[1] Pursuant to the Order (Doc. 131) of October 25, 2017, Plaintiff delivered copies of the disputed documents to chambers for in camera inspection.

[2] Exhibits 10 to 16 to this motion have been filed under seal. (*See* S-Doc. 159).

[3] An unredacted version of this response, with exhibits, has been filed under seal. (*See* S-Doc. 158).

communications. Plaintiff seeks to de-designate these documents pursuant to Paragraph 9 of the parties' Agreed Confidentiality and Protective Order (Doc. 74-1) ("Protective Order"), urging that the matters do not meet any of the categories addressed in Paragraph 2 the same.

BLF responds that the documents at issue – documents pertaining to Oppenheim's compensation package, documents that comprise BLF's internal research in furtherance of potential litigation, documents reflecting internal efforts to ensure firm compliance with all ethical obligations in regard to such litigation, and documents reflecting consultations with retained experts to ensure such compliance – should not be stripped of their "confidential" designation. BLF notes that the documents related to Oppenheim's compensation were granted "attorneys' eyes" status by the Court, and urges BLF's activities described above are attorney-client and/or work-product protected. In its view, Plaintiff seeks to de-designate certain of the documents solely to denigrate and embarrass BLF. (Doc. 136).

Upon consideration, Plaintiff's **Motion to De-Designate the Confidentiality of Certain Bock Hatch Documents** (Doc. 133) is **GRANTED in part**. In brief, I find that a number of the documents submitted for in camera review are not "confidential" in contemplation of the parties' agreed Protective Order. By that order, a party could designate documents "Confidential - Subject to Protective Order" and thereby limit the usage and disclosure of such matters. Confidential Information under the Protective Order is defined as:

> (a) information prohibited from disclosure by statute; (b) information that reveals trade secrets; (c) research, technical, commercial or financial information that the party has maintained as confidential; (d) medical information concerning any individual; (e) personal identity information; (f) income tax returns... W-2 forms and 1099 forms; (g)documents protected by the attorney-client or work product privilege or (h) personnel or employment records of a person who is not a party to the case.

(Doc. 74-1 and 2).

In-camera review of the documents reveals that a number of the documents do not meet the agreed terms for confidentiality and should no longer be designated as such. Accordingly, the confidential designation under the parties' Protective Order is hereby lifted as to documents Bates stamped BLF 00131-132, BLF 135-148,[4] BLF 00151-156, BLF 159-161, BLF 00164-00165, BLF 00167-00181, BLF 00183-00204, BLF 00208-00215, BLF 00218, BLF 00222-223, BLF 00225-27, BLF 00232-62, BLF 00264-78, BLF 00313-20, and BLF 00345. Consistent with the Protective Order, matters arguably protected as work product and/or attorney client privileged may, for the time being, retain the confidential designation despite their disclosure.[5]

By its second motion (Doc. 139), Plaintiff seeks an Order requiring BLF and Oppenheim ("Defendants") to return four inadvertently produced documents that fall under the Buccaneers' unwaived mediation privilege and all copies thereof, striking all testimony reflecting the information contained in the privileged documents, and awarding costs and fees incurred in bringing its motion. Plaintiff identifies the documents as:

> MC 0003284 ("Document 1"), which is an email exchange, dated March 15, 2016, between David Oppenheim, Brian Wanca, and Michael Addison discussing detailed settlement proposals from the Tampa Bay Buccaneers;
> AWMA 0001148 ("Document 2"), is an email chain dated August 13, 2015, between Michael Addison, Brian Wanca, and David Oppenheim discussing previous specific settlement offers in the negotiations with the Tampa Bay Buccaneers

---

[4] The Court has previously ruled that for the time being, the exact terms of Oppenheim's compensation with the BLF is a matter for Attorney's Eyes Only.

[5] Candidly, the undersigned sees no reason why Defendants would insist on maintaining the designation given the obvious relevance of these matters to their defensive position in this litigation and disclosure to Plaintiffs. Defendants should not anticipate that the designation be maintained by the Court as the matter moves forward in the litigation.

>MC 0005132-36 ("Document 3"), is an email chain dated December 2-8, 2015, between counsel for the Tampa Bay Buccaneers, the mediator, and counsel for the Cin-Q class discussing settlement specifics in the ongoing mediation; and
>
>MC 0004416 ("Document 4"), is a separate email chain dated August 21, 2015, between attorneys at Anderson + Wanca discussing a specific settlement offer in the mediation.

Plaintiff argues that claw back of these documents is required pursuant to the parties' Protective Order (Doc. 74-1), Federal Rule of Civil Procedure 26(b)(5)(B), and Florida's Mediation Confidentiality and Privilege Act, § 44.403(1), Florida Statutes.

In response, Defendants argue that the motion should be denied because claw back is not required for the reasons urged by Plaintiff and because Plaintiff's motion seeks relief that is fundamentally inequitable under the circumstances. (Doc. 151).

Plaintiff **Medical & Chiropractic Clinic, Inc.'s Motion for Return of Privileged Documents** (Doc. 139) is **GRANTED in part** and **DENIED in part**. The motion **DENIED** with regard to Documents 1, 2, and 4. Defendants are correct that certain other documents produced by Plaintiff reflect similar communications, both with regard to participants and content, and Plaintiff has not requested the return of those documents. As urged by Defendants,

>It is fundamentally unfair and inequitable for M&C to use the mediation privilege as both a shield and a sword—withholding documents under the privilege and/or seeking to claw them back when it serves M&C's purpose to do so, while at the same time intentionally producing other documents as to which the same privilege argument could be made, but not seeking to claw them back, because it presumably serves M&C's purpose to have those documents in the evidentiary record.

(Doc. 151 at 5). Under the circumstances, I agree that allowing Plaintiff to claw back these documents is fundamentally unfair in the circumstances presented.

The motion is **GRANTED in part** as to Document 3.  Those portions of the email chain that contain direct communications with the mediator and/or counsel for the Buccaneers shall be clawed back or redacted out.  However, the communications in the email chain among Michael Addison, Brian Wanca, and David Oppenheim may not be clawed back for the reasons stated above wit regard to Documents 1, 2, and 4.

To the extent not granted, the motion is **DENIED**.

**Done and Ordered** in Tampa, Florida, this 31st day of January 2018.

THOMAS B. McCOUN III
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:
Counsel of record