```
 1                 UNITED STATES DISTRICT COURT
                    MIDDLE DISTRICT OF FLORIDA
 2                        TAMPA DIVISION

 3

 4   TECHNOLOGY TRAINING
     ASSOCIATES, INC., ET AL.,)
 5                            )
                Plaintiff.    )
 6                            )
                  -v-         )
 7                            )
     BUCCANEERS LIMITED        )
 8   PARTNERSHIP,             )    Case No.:
                              )    8:16-CV-1622-T-AEP
 9              Defendant.    )    Tampa, Florida
                              )    January 29, 2018
10   _____)

11

12          TRANSCRIPT OF STATUS CONFERENCE PROCEEDINGS

13         BEFORE THE HONORABLE ANTHONY E. PORCELLI

14             UNITED STATES MAGISTRATE JUDGE

15

16   Appearances:

17   Phillip Bock, Esq.
     Daniel Cohen, Esq.
18   Bock, Hatch, Lewis & Oppenheim, LLC
     134 North La Salle Street, Suite 1000
19   Chicago, Illinois  60602
     On behalf of Larry E. Schwanke
20   On behalf of Technology Training Associates
     (312)658-5500
21

22   Mark Mester, Esq.
     Kathleen Lally, Esq.
23   Latham & Watkins, LLP
     330 North Wabash Avenue, Suite 2800
24   Chicago, Illinois  60611
     (312)876-7700
25   On behalf of Buccaneers Limited Partnership
```

```
 1   Appearances:  (continued)

 2   Joseph H. Varner, Esq.
     Holland & Knight, LLP - Tampa
 3   1000 North Tampa Street, Ste 4100
     PO Box 1288
 4   Tampa, Florida  33601
     (813)227-8500
 5   On behalf of Buccaneers Limited Partnership

 6   David S. Cohen, Esq.
     Tampa Bay Buccaneers
 7   1 Buccaneer Place
     Tampa, Florida  33607
 8   (813)870-2700
     On behalf of Buccaneers Limited Partnership
 9
     Michael Addison
10   Addison Law Office, P.A.
     1304 Alicia Avenue
11   Tampa, Florida  33604
     (813)223-2000
12   On behalf of Intervenor Cin-Q Automobiles, Inc.
     On behalf of Intervenor Medical & Chiropractic Clinic, Inc.
13
     Ross Good, Esq.
14   Anderson & Wanca
     3701 Algonquin Road, Ste 760
15   Rolling Meadows, Illinois  60008
     On behalf of Intervenor Cin-Q Automobiles, Inc.
16   On behalf of Intervenor Medical & Chiropractic Clinic, Inc.

17
     Proceedings digitally recorded and transcribed by:
18
     Reporter              Nikki L. Peters, RPR, CRR, CRC
19   (813)301-5448         Official U.S. Court Reporter
                           801 N. Florida Avenue
20                         Tampa, Florida 33602

21

22

23

24

25
```

```
 1                    P R O C E E D I N G S

 2            (10:03 a.m.)

 3            THE COURT:  All right.  Let's call the case,

 4    please.

 5            THE COURTROOM DEPUTY:  The Court calls Case Number

 6    8:16-cv-1622-T-AEP, Technology Training Associates, et al.,

 7    v. Buccaneers Limited Partnership, et al.

 8            Counsel, please state your name for the record,

 9    beginning with counsel for the plaintiff.

10            MR. DANIEL COHEN:  Daniel Cohen and Phillip Bock

11    for the plaintiffs.

12            THE COURT:  Thank you.  Good morning.

13            MR. DANIEL COHEN:  Good morning.

14            MR. GOOD:  For the intervenor, Ross Good and

15    Michael Addison.

16            THE COURT:  Thank you.  Good morning.

17            MR. MESTER:  Good morning, Your Honor.  Mark

18    Mester, Kate Lally, for Buccaneers.

19            THE COURT:  All right.  Thank you all.

20            MR. VARNER:  Good morning, Your Honor.  Joe Varner

21    for the Buccaneers, and also David Cohen, Buccaneers, is

22    here.

23            THE COURT:  Good to see you.  Thank you.

24            All right.  I want to thank everyone for their

25    time.  I scheduled this based on the 11th Circuit remand,
```

1   and I wanted to discuss where we're going to go from here.

2   As an initial matter, it appears, based upon the remand, the

3   Court should vacate Document No. 56, which was my order

4   denying the motion to intervene, and scheduling, and

5   accepting with a conditional acceptance of the class in the

6   settlement as proposed by the plaintiffs.  But I wanted to

7   give everyone an opportunity to be heard on that matter as

8   to what they think, procedurally, is the next step.  And so

9   what I'm going to do is start with the plaintiffs.

10          And, Mr. Cohen, Mr. Bock, I don't know who wants

11   to address it, but I'll give you an opportunity as to what

12   your position is.

13          MR. BOCK:  Thanks, Judge.

14          Judge, it's our position that the Eleventh Circuit

15   remand order legally requires the Court to vacate that

16   portion of the order denying the motion to intervene and

17   granting intervention.  It is far less clear that that order

18   requires the Court to also set aside and vacate its order of

19   preliminary approval of the class action settlement.  And we

20   think that is an unnecessary step.  But it still leaves open

21   the question that the Court asks, what is the procedural

22   path going forward?

23          We stand by the settlement in all respects.  We

24   stand by the way the settlement was reached.  And we welcome

25   the discovery in both directions, both the intervenor's

1  discovery from defendant and the Technology plaintiffs, as

2  well as our discovery from the intervenors.  And it would be

3  our position that at this stage of the game all privileges

4  are waived in both -- all the mediation privileges are

5  waived in both directions.  Because you can't get at the

6  issue of whether there was a reverse auction without knowing

7  what happened in both settlement contexts.

8          THE COURT:  Mr. Bock, I want to make sure I

9  understand.  By granting the motion to intervene, and then

10  my reading of the case, it appears, in essence, that the

11  Eleventh Circuit is stating that I should allow the

12  intervenors to be heard before considering the settlement.

13  So why would I not set aside the order conditionally

14  accepting the settlement and the class?

15          MR. BOCK:  To be clear, I don't think there's

16  anything that absolutely precludes the Court from doing so.

17  I guess what I'm saying is, we're at a certain stage of

18  proceedings, and the Eleventh Circuit has indicated these

19  intervenors have met a Rule 24 minimal burden, warranting

20  intervention being allowed.  I guess I would go back to if

21  the Court had granted intervention in the first instance,

22  would the Court not still have proceeded to grant, or

23  consider and presumably grant, the motion for preliminary

24  approval, and the intervenors would simply have a party

25  status in the case as opposed to merely an objector status?

1  And the Court would still be put to the question of -- or

2  forced to decide when the Court was going to hear the

3  intervenor's objection?  And that actually takes us all the

4  way back to the first status conference we had where the

5  Court asked the question, and then requested some briefing

6  after the hearing, of what should be the procedural

7  sequence.  Should we hear the Cin-Q plaintiff's charge of

8  reverse auction now or should we simply defer that to the

9  final fairness hearing?  You may recall, Your Honor, that

10  our position was you certainly can hear it now.  But,

11  logistically, there may be other objectors who want to make

12  that same argument at final fairness, and so Your Honor will

13  have to hear it twice.  Your Honor would hear the same --

14        THE COURT:  But isn't that what I ruled on before

15  and the Eleventh Circuit said, no, that it was too much at

16  stake given the procedural posture, and obviously

17  questioning counsel's conduct in the case as to whether it

18  was an important enough issue to take up prior to a fairness

19  hearing at the end?

20        MR. BOCK:  I don't read the Eleventh Circuit's

21  decision as mandating what the path forward procedurally and

22  sequentially is in this case except that the first thing

23  that would need to happen would be the Court granting

24  intervention.  And then I believe the immediate next step

25  would be for the intervenors to clarify expressly that they

1    consent to Your Honor's jurisdiction over the case.  I think

2    there is fairly solid case law that can be construed to

3    suggest that under the circumstances and the history of this

4    case they have, at the very least, impliedly, through

5    conduct, consented to Your Honor's jurisdiction.  But the

6    case law is also clear that if, in fact, their conduct was

7    not sufficient to constitute consent, then, going forward,

8    they reserve the right, at the end of everything, on an

9    appeal, to argue that they actually didn't consent and

10   Your Honor didn't have jurisdiction.

11           So it seems, procedurally and sequentially, that

12   that would be an important second step after granting

13   intervention.  But I didn't read the Eleventh Circuit case

14   as deciding what the next step for Your Honor is,

15   sequentially, in resolving the issues.

16           But I also want to be clear.  This accusation of

17   reverse auction, of collusion, of bad faith, it has just

18   persisted too long.  And so to the extent that we argued at

19   the first status conference that, logistically, you could

20   hear the reverse auction accusation now, but it would be

21   more reasonable, logical, to hear it at the end, we retract

22   that.  We think that it is totally appropriate for the Court

23   to get to the heart of that issue.  And so we endorse the

24   idea that after intervention is granted and consent is given

25   to Your Honor's jurisdiction by the intervenors, we move to

1    appropriate discovery, back and forth, and briefing, and an

2    evidentiary hearing, and we get to the bottom of this on

3    both sides.

4           The only question that remains is, does Your Honor

5    actually have to set aside or vacate the preliminary

6    approval order or can that just sit in abeyance?  The class

7    is not going to receive notice until Your Honor has

8    determined whether there was reverse auction.  If Your Honor

9    felt or concluded at the end of the discovery and the

10   briefing and the evidentiary hearing that there was a

11   reverse auction, I have no doubt Your Honor would then

12   vacate the preliminary approval order and our case would be

13   over.  If Your Honor alternatively concluded the evidence

14   did not support the occurrence of a reverse auction, or

15   collusion, or bad faith, then it would seem unnecessary for

16   Your Honor to have set aside the preliminary approval order

17   or to issue a new preliminary approval order.  Your Honor

18   has considered all those factors, and Your Honor's order is

19   reasonable and well-founded unless it turns out there was

20   collusion and a reverse auction.  We don't think Your Honor

21   will find that.  And it just seems to set up an unnecessary

22   step to vacate an order without knowing there was a reason

23   to do so.

24           THE COURT:  All right.  Thank you.

25           MR. BOCK:  Thank you, Judge.

1          THE COURT:  Mr. Addison, Mr. Good, who's going to

2     address the matter?

3          UNIDENTIFIED SPEAKER:  Mr. Addison is.

4          THE COURT:  All right.  Mr. Addison.

5          MR. ADDISON:  Your Honor, at this point we

6     recognize from the Eleventh Circuit opinion the intervention

7     is to be approved.  And I understand from Your Honor's

8     comments you've already done that on the record.

9          The second step, as far as we're concerned, is the

10    vacation of the preliminary approval order and the

11    decertification of the settlement class.  It would really

12    serve no purpose to have gone forward and made those

13    decisions while we were kept from participating as a

14    intervenor, to then be allowed to intervene from the

15    appellate court, and then be told, well, never mind, you're

16    now an intervenor, but whatever happened before, when you

17    weren't an intervenor, is going to go forward as if you were

18    already here.  So it does seem that it's appropriate, in

19    light of the Eleventh Circuit's comments, to go back to

20    square one.

21          And it's ironic that Your Honor's order contained

22    various deadlines for things to happen going forward with

23    that preliminary approval settlement order, including notice

24    and various deps that were supposed to be taken, which, for

25    some reason, the settling parties didn't do, and, as I

1   understand it, didn't notify the Court or anybody else that

2   they just weren't going to do it either.  So maybe it's

3   fortuitous, in our circumstance, that they didn't because

4   now there won't be the confusion that, oh, gee, there was a

5   settlement, we're waiving, now there's not a settlement, now

6   maybe there will be another settlement.  They left the slate

7   clean, I think, in derogation of Your Honor's order.  But,

8   nevertheless, we should be going back and scratching off

9   what was done in this preliminary order and basically start

10  over with us participating as intervenors, as real parties

11  in interest.

12          We would also want to put on record an ore tenus

13  motion in the event Your Honor were to do that to go ahead

14  and certify the class for the Cin-Q plaintiffs.  Because we

15  had a motion to certify that was pending and briefed by the

16  plaintiffs in our case before it was stayed.  The Buccaneers

17  had a deadline to respond.  They asked for an extension of

18  that deadline, I think, twice, but never did respond.  And

19  so as far as we're concerned, our briefing is unchallenged

20  and they've now theoretically tried to negotiate a

21  settlement, which calls for a certification of a class,

22  which, to us, is an implicit acknowledgment that this is a

23  case that should be a class, and it should be certified.

24  And if Your Honor were to do that, we would request that the

25  Anderson + Wanca and Addison Law Office firms be named lead

1    counsel for that class so that we can then set about the

2    process of setting the case for trial. Because other than

3    the expert depositions, which we've made available to the

4    Buccaneers for many, many months, and they've never taken,

5    that's the last bit of discovery that needs to be done with

6    respect to the case to proceed to trial. So that's where we

7    are on this sequence of events and the steps that ought to

8    happen as far as we're concerned.

9         THE COURT: What is the position -- because,

10   procedurally, given my jurisdiction, there is a unique

11   matter by the intervention. What is the position if

12   Document No. 20 is granted, that is the motion to intervene,

13   which I think is the directive of the Eleventh Circuit? Is

14   there going to be consent to my jurisdiction in that matter

15   for --

16        MR. ADDISON: Yes, Your Honor. Yes. That's not

17   going to be a problem. It hadn't even occurred to me until

18   Mr. Cohen raised it. But certainly Your Honor has both

19   cases by consent of all the parties. And we're intervening

20   into a case. So it's appropriate that we confirm that

21   consent, as well, on behalf of the intervenors.

22        THE COURT: All right. Anything else?

23        UNIDENTIFIED SPEAKER: No, sir.

24        MR. ADDISON: In the alternative, we would like

25   some time to brief our motion and address the position to

1    the Court.

2         THE COURT:  The motion regarding --

3         MR. ADDISON:  If we're allowed to intervene, we

4    want to have --

5         THE COURT:  I understand.

6         MR. ADDISON:  -- file our motion --

7         THE COURT:  I understand.

8         MR. ADDISON:  -- and supply the Court with a

9    memorandum of law.

10        THE COURT:  All right.  Mr. Mester, do you want to

11   address any of these issues?

12        MR. MESTER:  Yes, Your Honor.  Thank you.

13        Your Honor, the Eleventh Circuit has twice left

14   undisturbed your granting of preliminary approval, first on

15   the 23F petition that M&C plaintiff filed that was denied.

16   And, secondly, on the appeal, on the intervention issue,

17   where the Eleventh Circuit, to be sure, overruled the

18   determination that M&C isn't entitled to intervene but left

19   everything else as it is.  So I don't think there's any

20   reason or basis for setting aside your entire order.  I

21   agree that, obviously, the portion of the order that relates

22   to the intervention issue needs to be set aside.  And as I

23   understand Your Honor's comments, it has been or will be.

24        But I think to take us back to where we started --

25   and as counsel just alluded to -- the request for

1   intervention is circumscribed under Rule 24 by the proposed

2   pleading or motion that was attached to that motion, and

3   that was the motion to strike the class allegations.  That

4   can be addressed without setting aside everything else in

5   the case, and I don't think there's any reason to do so.  So

6   it seems to us that the appropriate step at this point would

7   be to do that, though we certainly agree with counsel for

8   TTA that we need to address that -- the question of waiver

9   and the ability of the parties to bring into the record all

10  the evidence that's there to rebut that allegation of a

11  reverse auction which appears to be persisting.

12          THE COURT:  All right.  Thank you.

13          MR. BOCK:  Your Honor, may I be heard very

14  briefly?

15          THE COURT:  Yes.

16          MR. BOCK:  Phillip Bock.

17          Mr. Addison made the point that he felt the Court

18  should, at this time, grant the motion for certification in

19  the Cin-Q case.  Our position would be that the stay in the

20  Cin-Q case should remain in place until this Court has

21  resolved the issues that will determine whether this

22  settlement goes forward.

23          Mr. Addison also suggested that this Court should

24  appoint Cin-Q's counsel as lead counsel in this case.  And

25  the problem I have with that is, Your Honor may recall at

1    the first status conference you asked if there was a way we

2    could work together, and I said, well, the problem is, we

3    have a settlement, and they want to take this settlement, so

4    I don't see how that's workable.  And Your Honor pointed

5    that same question at Mr. Addison.  He said:  Is that what

6    you want to do?  And he said:  Yes, we will not support this

7    settlement.  So when -- the procedural posture of this case

8    is that we have a settlement, and we're seeking to get it

9    finally approved.  To appoint someone as lead counsel whose

10   stated goal is to taint that settlement would seem

11   illogical.

12           And then the final point I'd make, Your Honor,

13   it's my recollection that the settlement agreement, that the

14   Technology Training plaintiffs reached with the Buccaneers

15   provided that the parties would seek preliminary approval,

16   and if it was granted that would be fine, it would proceed

17   along the final fairness path.  But, if preliminary approval

18   was denied, that might provide a basis for one or both

19   parties to terminate the settlement agreement.  So I

20   wouldn't want to have a situation -- and I'm not suggesting

21   the Buccaneers would want to find themselves back in the

22   Cin-Q morass.  But I wouldn't want a situation where a

23   procedural move done just to keep a clean record going

24   forward actually ended up negating the possibility of going

25   forward.

1      Thank you, Judge.

2          THE COURT:  Before you step down, I have a

3      question.  In reviewing the Eleventh Circuit opinion, there

4      are quotations in communications with no citations to the

5      record anywhere.  And I've reviewed those statements to the

6      record that was before me, and I don't think that was ever

7      before me.

8          MR. BOCK:  We provided Your Honor, at the last

9      hearing, the last in-person hearing -- I recall starting the

10     hearing with two email chains.  And they were essentially

11     identical email chains in the beginning, and they diverged

12     toward the end.  And so we felt we needed to provide both of

13     them.  And you may recall I told Your Honor:  "I don't

14     believe we've done anything wrong, but if anybody conducted

15     discovery and they found something that they thought would

16     be a smoking gun, this would be it."  And I said, "I

17     promised you candor."  And I handed those to you.  And,

18     really, the hearing and the evidentiary questioning of

19     Mr. Oppenheim and Mr. Bock flowed from there.  So it is my

20     recollection those quotations are in those emails.

21         THE COURT:  So your position is that these

22     statements, although they don't cite to the record, were in

23     the emails provided to the Court?

24         MR. BOCK:  Judge, I haven't gone back and checked,

25     but that is definitely my recollection.  Because those were

1    the two emails.

2            THE COURT:  Well, let me rephrase it this way.

3    Was there anything provided to the Eleventh Circuit, in any

4    way evidence to the Eleventh Circuit, that was beyond the

5    record here?

6            MR. BOCK:  Not that I'm aware of.

7            THE COURT:  All right.

8            MR. GOOD:  Your Honor, this is Ross Good.  May I

9    briefly be heard on that?

10           THE COURT:  You may.

11           MR. GOOD:  Your Honor, I filed a declaration after

12   that deposition -- after Your Honor conducted that hearing,

13   in which I provided a fuller picture of the emails that

14   Mr. Cohen is referring to.  I think that might be what

15   Your Honor is referring to right now.

16           THE COURT:  Mr. Mester.

17           MR. MESTER:  Thank you, Your Honor.  Our position

18   certainly is there was a great deal of information provided

19   to the Eleventh Circuit that was not properly part of the

20   record on appeal.

21           THE COURT:  And am I wrong that these statements

22   are beyond what was in the record before me?

23           MR. MESTER:  At the time of your hearing, you are

24   correct.  After your hearing, I believe they were put in as

25   part of my declaration.  And, again, just so Your Honor

1   understands where they came from, they obviously came from

2   discovery and the other action that is pending in front of

3   Judge Honeywell.  That is where all the documentation came

4   from.

5          THE COURT:  And those communications, were they

6   additional emails provided -- beyond the chain of emails

7   that were provided to the Court during the evidentiary

8   hearing?

9          MR. MESTER:  Absolutely, yes, Your Honor.  In

10  addition to those, we plan on raising information regarding

11  other emails that came from that case, including all of the

12  mediation communications that Your Honor questioned the

13  plaintiffs about, that they did not inform Your Honor that

14  they had all the mediation communications from the Cin-Q

15  action.  And by "they," I refer to Mr. Oppenheim Of Bock,

16  Hatch, Lewis, & Oppenheim.  He took them.  He took 9,550

17  pages of documents that came from the mediations in the

18  Cin-Q action to Bock, Hatch, Lewis & Oppenheim.  That is in

19  front of Judge Honeywell and was not in front of Your Honor

20  at the time of the hearing.

21         THE COURT:  All right.  Thank you.

22         MR. MESTER:  Thank you.

23         UNIDENTIFIED SPEAKER:  Judge, I don't know if

24  you --

25         THE COURT:  There's no need to respond.

1    So let me explain something to everyone down the

2 path that you are asking the Court to go.  Because I want

3 everyone to go with open eyes as to what they're requesting.

4 Because I'm not sure that's karma (ph).

5    I'm troubled, and I was troubled initially, upon

6 reading that Eleventh Circuit opinion, given the

7 representations to the Court.  Because that was the explicit

8 purpose of that proceeding.  Now, obviously, I make no

9 findings as to what those communications may mean.  But, as

10 I see it, what I would fully expect is an argument just

11 based on that alone, and the representations to the Court,

12 and what was in these communications, that counsel is not

13 fit to be cause counsel, regardless of how I certify a class

14 or what settlement or no settlement is accepted.  Coupled

15 with that, what is the elephant in the room that has been

16 telegraphed many times to this Court, at points of obvious

17 hints to the Court, that if the Court was to set aside the

18 mediation privilege, the Court would find that the

19 settlements were nearly identical outside attorneys' fees,

20 which I would expect that counsel should be set aside for

21 putting their fees first, with quotations that the Eleventh

22 Circuit found disturbing, "setting record highs for fees."

23    The bottom line is, I will tell you however we

24 proceed, it is going to be the Court's intent to get to the

25 answer to all of those questions.  And what I sit here and

1   wonder is:  Am I going to be in a situation where I'm going

2   to have a class with no counsel?  And what would be the next

3   step?

4           I say all this because I'm going to grant the

5   motion to intervene.  I'll direct within seven days of the

6   Court's entry of an order granting the motion to intervene

7   that consent be filed.  After the consent is filed, I will

8   take up whether the class certification conditional

9   settlement should be set aside, and that we go forward with

10  the intervention matters.

11          What would be logical to me is that there be a

12  suggested schedule for purposes of any additional discovery

13  necessary, which, to be blunt, I would not anticipate much

14  given the discovery that has taken place in the Judge

15  Honeywell case.  But, if any, a discovery period, and then a

16  scheduling period for the pleadings.  What would also be

17  necessary, based upon what I am anticipating, is an

18  evidentiary hearing on these issues.

19          So, procedurally, that's where I see we're going.

20  But I forecast all that because it seems to me, when I

21  started, in the very beginning, asking questions about what

22  we have here -- and given where we're at and how entrenched

23  the parties are, I doubt we'll get forward with any other

24  types of compromises and settlements between the parties.

25  But I suggest that to you one more time before you pursue

1   the path that we are going down.  Because I'm not sure where

2   it's going to take us.  All I know is there have been hints

3   from both sides as to there are serious things the Court

4   should be concerned about.  Particularly, each side is

5   indicating that Counsel is unfit to go forward as

6   representative of the class.  And so it would be the Court's

7   intent then, based upon what is filed, to take those matters

8   up.

9           So what I am going to do is direct -- after I

10  grant the motion, as I stated, after the consent is filed,

11  that the parties, within 14 days, provide the Court with the

12  scheduling, that is if any discovery is necessary, and then

13  as well as a pleading scheduling, and then a request for the

14  evidentiary hearing, and then we'll set it.

15          I will take under advisement the request regarding

16  setting aside the class and if it's really necessary.

17  Because the bottom line is nothing is going forward with the

18  class, whether it's certified or not, until we resolve these

19  matters.  And so this takes priority over anything else.

20          All right.  Any questions about that?  On behalf

21  of the plaintiff?

22          UNIDENTIFIED SPEAKER:  No, Your Honor.

23          THE COURT:  All right.  Mr. Addison, Mr. Good, any

24  questions?

25          UNIDENTIFIED SPEAKER:  The only question I have

1  relates to the comment that Mr. Cohen made about the

2  mediation privilege being waived.  It was my understanding

3  in various negotiations that were going on that the

4  Buccaneers had not agreed to waive the mediation privilege

5  at all.  And I'm wondering before Your Honor were to

6  consider that issue, we'd need to have everybody say they're

7  waiving it and not just asking, will you waive it, but not

8  say that they will.  So --

9          THE COURT:  Well, we can certainly hear, if they

10  want to be heard on that today.  But what I would just

11  anticipate is that's going to be part of the pleadings

12  themselves.

13          Mr. Mester, do you want to make any comment on it?

14          MR. MESTER:  Your Honor, we certainly do for

15  purposes of this case.  That issue arose in a case we're not

16  a party to.

17          UNIDENTIFIED SPEAKER:  What does that mean?

18          THE COURT:  Yeah.  So what does that mean?

19          MR. MESTER:  I'm sorry, Your Honor.  We weren't

20  prepared to waive it in a case we're not a party to, the one

21  before Judge Honeywell, but we certainly are in this case.

22          THE COURT:  To waive the privilege?

23          MR. MESTER:  Yes, Judge.

24          THE COURT:  All right.

25          UNIDENTIFIED SPEAKER:  Thank you.

1        THE COURT:  So we'll see what the pleadings state

2   and take it up.  If that's at least the condition, I'm going

3   to have the Court address that matter.

4        Mr. Mester?

5        MR. MESTER:  I apologize, Your Honor.

6        THE COURT:  That's all right.

7        MR. MESTER:  Just so we're clear, I assume from

8   Mr. Addison's comments that he, likewise, is.  He hasn't

9   been until now, but I assume he is now.

10        THE COURT:  Is that correct?

11        MR. ADDISON:  We disagree with the assertion that

12   we have been unwilling to until now.  But it is correct that

13   we have been and are willing to waive it.  And that should

14   go to -- Your Honor, to intervenor's arguments about what

15   the mediation privilege will show.

16        THE COURT:  All right.  Then let me just note

17   again I'll give you 14 days to provide the Court with a

18   proposed schedule regarding if you think any discovery is

19   necessary and a pleading schedule.  And, to be clear, the

20   pleading schedule is going to be the intervenor filing their

21   motion and then any appropriate responses to that.  Because

22   of the difficulty in your scheduling, it would be my intent,

23   before we go step by step, is to just schedule hearings

24   based upon dates that you agree to.  And so if you also want

25   to consider any status hearings to make sure, if there's a

1  discovery period, that there are no issues, I would

2  encourage you to do that as well.

3        All right.  Anything else we need to take up at

4  this time?

5        UNIDENTIFIED SPEAKER:  No, Your Honor.

6        MR. ADDISON:  Nothing for intervenor, Your Honor.

7        UNIDENTIFIED SPEAKER:  No, Your Honor.  Thank you.

8        THE COURT:  All right.  Appreciate your time.

9  We'll be in recess.  Thank you.

10        (Proceedings concluded at 10:32 a.m.)

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

1                       CERTIFICATE

2          I, Nikki L. Peters, Federal Official Court

3  Reporter, Certified Realtime Reporter, certify that the

4  foregoing is a true and correct transcript of the digital

5  recording of proceedings in the above-entitled matter to the

6  best of my ability.

7      Dated this 6th day of February, 2018.

8

9

                         s/Nikki L. Peters

10       _____

11          Nikki L. Peters, RPR, CRR, CRC

12

13

14

15

16

17

18

19

20

21

22

23

24

25

**MR. ADDISON: [8]**  9/4 11/15
11/23 12/2 12/5 12/7 22/10 23/5
**MR. BOCK: [9]**  4/12 5/14 6/19
8/24 13/12 13/15 15/7 15/23 16/5
**MR. DANIEL COHEN: [2]**  3/9
3/12
**MR. GOOD: [3]**  3/13 16/7 16/10
**MR. MESTER: [11]**  3/16 12/11
16/16 16/22 17/8 17/21 21/13
21/18 21/22 22/4 22/6
**MR. VARNER: [1]**  3/19
**THE COURT: [38]**
**THE COURTROOM DEPUTY:**
**[1]**  3/4
**UNIDENTIFIED SPEAKER: [9]**
9/2 11/22 17/22 20/21 20/24 21/16
21/24 23/4 23/6

**-**

**-v [1]**  1/6

**1**

**1000 [2]**  1/18 2/3
**10:03 [1]**  3/2
**10:32 [1]**  23/10
**11th [1]**  3/25
**1288 [1]**  2/3
**1304 [1]**  2/10
**134 [1]**  1/18
**14 [2]**  20/11 22/17

**2**

**20 [1]**  11/12
**2000 [1]**  2/11
**2018 [2]**  1/9 24/7
**223-2000 [1]**  2/11
**227-8500 [1]**  2/4
**23F [1]**  12/15
**24 [2]**  5/19 13/1
**2700 [1]**  2/8
**2800 [1]**  1/23
**29 [1]**  1/9

**3**

**301-5448 [1]**  2/19
**312 [2]**  1/20 1/24
**330 [1]**  1/23
**33601 [1]**  2/4
**33602 [1]**  2/20
**33604 [1]**  2/11
**33607 [1]**  2/7
**3701 [1]**  2/14

**4**

**4100 [1]**  2/3

**5**

**5448 [1]**  2/19
**5500 [1]**  1/20
**56 [1]**  4/3

**6**

**60008 [1]**  2/15
**60602 [1]**  1/19
**60611 [1]**  1/24
**658-5500 [1]**  1/20
**6th [1]**  24/7

**7**

**760 [1]**  2/14
**7700 [1]**  1/24

**8**

**801 [1]**  2/19
**813 [4]**  2/4 2/8 2/11 2/19
**8500 [1]**  2/4
**870-2700 [1]**  2/8
**876-7700 [1]**  1/24
**8:16-CV-1622-T-AEP [2]**  1/8 3/6

**9**

**9,550 [1]**  17/16

**A**

**a.m [2]**  3/2 23/10
**abeyance [1]**  8/6
**ability [2]**  13/9 24/6
**about [7]**  11/1 17/13 19/21 20/4
20/20 21/1 22/14
**above [1]**  24/5
**above-entitled [1]**  24/5
**absolutely [2]**  5/16 17/9
**acceptance [1]**  4/5
**accepted [1]**  18/14
**accepting [2]**  4/5 5/14
**accusation [2]**  7/16 7/20
**acknowledgment [1]**  10/22
**action [4]**  4/19 17/2 17/15 17/18
**actually [4]**  6/3 7/9 8/5 14/24
**Addison [11]**  2/9 2/10 3/15 9/1 9/3
9/4 10/25 13/17 13/23 14/5 20/23
**Addison's [1]**  22/8
**addition [1]**  17/10
**additional [2]**  17/6 19/12
**address [6]**  4/11 9/2 11/25 12/11
13/8 22/3
**addressed [1]**  13/4
**advisement [1]**  20/15
**AEP [2]**  1/8 3/6
**after [9]**  6/6 7/12 7/24 16/11
16/12 16/24 19/7 20/9 20/10
**again [2]**  16/25 22/17

**agree [3]**  12/21 13/7 22/24
**agreed [1]**  21/4
**agreement [2]**  14/13 14/19
**ahead [1]**  10/13
**al [3]**  1/4 3/6 3/7
**Algonquin [1]**  2/14
**Alicia [1]**  2/10
**all [33]**
**allegation [1]**  13/10
**allegations [1]**  13/3
**allow [1]**  5/11
**allowed [3]**  5/20 9/14 12/3
**alluded [1]**  12/25
**alone [1]**  18/11
**along [1]**  14/17
**already [2]**  9/8 9/18
**also [8]**  3/21 4/18 7/6 7/16 10/12
13/23 19/16 22/24
**alternative [1]**  11/24
**alternatively [1]**  8/13
**although [1]**  15/22
**am [4]**  16/21 19/1 19/17 20/9
**Anderson [2]**  2/14 10/25
**another [1]**  10/6
**answer [1]**  18/25
**ANTHONY [1]**  1/13
**anticipate [2]**  19/13 21/11
**anticipating [1]**  19/17
**any [14]**  12/11 12/19 13/5 16/3
19/12 19/15 19/23 20/12 20/20
20/23 21/13 22/18 22/21 22/25
**anybody [2]**  10/1 15/14
**anything [6]**  5/16 11/22 15/14
16/3 20/19 23/3
**anywhere [1]**  15/5
**apologize [1]**  22/5
**appeal [3]**  7/9 12/16 16/20
**Appearances [2]**  1/16 2/1
**appears [3]**  4/2 5/10 13/11
**appellate [1]**  9/15
**appoint [2]**  13/24 14/9
**Appreciate [1]**  23/8
**appropriate [6]**  7/22 8/1 9/18
11/20 13/6 22/21
**approval [11]**  4/19 5/24 8/6 8/12
8/16 8/17 9/10 9/23 12/14 14/15
14/17
**approved [2]**  9/7 14/9
**are [14]**  5/4 5/4 11/7 15/4 15/20
16/22 16/23 18/2 19/23 20/1 20/3
21/21 22/13 23/1
**argue [1]**  7/9
**argued [1]**  7/18
**argument [2]**  6/12 18/10
**arguments [1]**  22/14
**arose [1]**  21/15

## A

as [37]
aside [11]  4/18 5/13 8/5 8/16 12/20 12/22 13/4 18/17 18/20 19/9 20/16
asked [3]  6/5 10/17 14/1
asking [3]  18/2 19/21 21/7
asks [1]  4/21
assertion [1]  22/11
ASSOCIATES [3]  1/4 1/20 3/6
assume [2]  22/7 22/9
attached [1]  13/2
attorneys' [1]  18/19
auction [9]  5/6 6/8 7/17 7/20 8/8 8/11 8/14 8/20 13/11
Automobiles [2]  2/12 2/15
available [1]  11/3
Avenue [3]  1/23 2/10 2/19
aware [1]  16/6

## B

back [8]  5/20 6/4 8/1 9/19 10/8 12/24 14/21 15/24
bad [2]  7/17 8/15
based [6]  3/25 4/2 18/11 19/17 20/7 22/24
basically [1]  10/9
basis [2]  12/20 14/18
Bay [1]  2/6
be [59]
because [14]  5/5 10/3 10/14 11/2 11/9 15/25 18/2 18/4 18/7 19/4 19/20 20/1 20/17 22/21
been [6]  12/23 18/15 20/2 22/9 22/12 22/13
before [13]  1/13 5/12 6/14 9/16 10/16 15/2 15/6 15/7 16/22 19/25 21/5 21/21 22/23
beginning [3]  3/9 15/11 19/21
behalf [11]  1/19 1/20 1/25 2/5 2/8 2/12 2/12 2/15 2/16 11/21 20/20
being [2]  5/20 21/2
believe [3]  6/24 15/14 16/24
best [1]  24/6
between [1]  19/24
beyond [3]  16/4 16/22 17/6
bit [1]  11/5
blunt [1]  19/13
Bock [9]  1/17 1/18 3/10 4/10 5/8 13/16 15/19 17/15 17/18
both [10]  4/25 4/25 5/4 5/5 5/7 8/3 11/18 14/18 15/12 20/3
bottom [3]  8/2 18/23 20/17
Box [1]  2/3
brief [1]  11/25

briefed [1]  10/15
briefing [4]  6/5 8/11 8/10 10/19
briefly [2]  13/14 16/9
bring [1]  13/9
Buccaneer [1]  2/7
BUCCANEERS [14]  1/7 1/25 2/5 2/6 2/8 3/7 3/18 3/21 3/21 10/16 11/4 14/14 14/21 21/4
burden [1]  5/19

## C

call [1]  3/3
calls [2]  3/5 10/21
came [5]  17/1 17/1 17/3 17/11 17/17
can [6]  6/10 7/2 8/6 11/1 13/4 21/9
can't [1]  5/5
candor [1]  15/17
case [29]
cases [1]  11/19
cause [1]  18/13
certain [1]  5/17
certainly [7]  6/10 11/18 13/7 16/18 21/9 21/14 21/21
CERTIFICATE [1]  24/1
certification [3]  10/21 13/18 19/8
certified [3]  10/23 20/18 24/3
certify [4]  10/14 10/15 18/13 24/3
chain [1]  17/6
chains [2]  15/10 15/11
charge [1]  6/7
checked [1]  15/24
Chicago [2]  1/19 1/24
Chiropractic [2]  2/12 2/16
Cin [10]  2/12 2/15 6/7 10/14 13/19 13/20 13/24 14/22 17/14 17/18
Cin-Q [9]  2/12 2/15 6/7 10/14 13/19 13/20 14/22 17/14 17/18
Cin-Q's [1]  13/24
Circuit [16]  3/25 4/14 5/11 5/18 6/15 7/13 9/6 11/13 12/13 12/17 15/3 16/3 16/4 16/19 18/6 18/22
Circuit's [2]  6/20 9/19
circumscribed [1]  13/1
circumstance [1]  10/3
circumstances [1]  7/3
citations [1]  15/4
cite [1]  15/22
clarify [1]  6/25
class [16]  4/5 4/19 5/14 8/6 9/11 10/14 10/21 10/23 11/1 13/3 18/13 19/2 19/8 20/6 20/16 20/18
clean [2]  10/7 14/23
clear [6]  4/17 5/15 7/6 7/16 22/7 22/19

Clinic [2]  2/12 2/16
Cohen [8]  1/17 2/6 3/10 3/21 4/10 11/18 16/14 21/1
collusion [3]  7/17 8/15 8/20
comment [2]  21/1 21/13
comments [4]  9/8 9/19 12/23 22/8
communications [6]  15/4 17/5 17/12 17/14 18/9 18/12
compromises [1]  19/24
concerned [4]  9/9 10/19 11/8 20/4
concluded [3]  8/9 8/13 23/10
condition [1]  22/2
conditional [2]  4/5 19/8
conditionally [1]  5/13
conduct [3]  6/17 7/5 7/6
conducted [2]  15/14 16/12
conference [4]  1/12 6/4 7/19 14/1
confirm [1]  11/20
confusion [1]  10/4
consent [10]  7/1 7/7 7/9 7/24 11/14 11/19 11/21 19/7 19/7 20/10
consented [1]  7/5
consider [3]  5/23 21/6 22/25
considered [1]  8/18
considering [1]  5/12
constitute [1]  7/7
construed [1]  7/2
contained [1]  9/21
contexts [1]  5/7
continued [1]  2/1
correct [4]  16/24 22/10 22/12 24/4
could [2]  7/19 14/2
counsel [13]  3/8 3/9 11/1 12/25 13/7 13/24 13/24 14/9 18/12 18/13 18/20 19/2 20/5
counsel's [1]  6/17
Coupled [1]  18/14
court [36]
Court's [3]  18/24 19/6 20/6
CRC [2]  2/18 24/10
CRR [2]  2/18 24/10
cv [2]  1/8 3/6

## D

Daniel [2]  1/17 3/10
Dated [1]  24/7
dates [1]  22/24
David [2]  2/6 3/21
day [1]  24/7
days [3]  19/5 20/11 22/17
deadline [2]  10/17 10/18
deadlines [1]  9/22
deal [1]  16/18
decertification [1]  9/11
decide [1]  6/2
deciding [1]  7/14

## D

**decision [1]** 6/21
**decisions [1]** 9/13
**declaration [2]** 16/11 16/25
**defendant [2]** 1/9 5/1
**defer [1]** 6/8
**definitely [1]** 15/25
**denied [2]** 12/15 14/18
**denying [2]** 4/4 4/16
**deposition [1]** 16/12
**depositions [1]** 11/3
**deps [1]** 9/24
**derogation [1]** 10/7
**determination [1]** 12/18
**determine [1]** 13/21
**determined [1]** 8/8
**did [3]** 8/14 10/18 17/13
**didn't [6]** 7/9 7/10 7/13 9/25 10/1
  10/3
**difficulty [1]** 22/22
**digital [1]** 24/4
**digitally [1]** 2/17
**direct [2]** 19/5 20/9
**directions [2]** 4/25 5/5
**directive [1]** 11/13
**disagree [1]** 22/11
**discovery [14]** 4/25 5/1 5/2 8/1
  8/9 11/5 15/15 17/2 19/12 19/14
  19/15 20/12 22/18 23/1
**discuss [1]** 4/1
**DISTRICT [2]** 1/1 1/1
**disturbing [1]** 18/22
**diverged [1]** 15/11
**DIVISION [1]** 1/2
**do [14]** 4/9 8/23 9/25 10/2 10/13
  10/24 12/10 13/5 13/7 14/6 20/9
  21/13 21/14 23/2
**Document [2]** 4/3 11/12
**documentation [1]** 17/3
**documents [1]** 17/17
**does [4]** 8/4 9/18 21/17 21/18
**doing [1]** 5/16
**don't [11]** 4/10 5/15 6/20 8/20
  12/19 13/5 14/4 15/6 15/13 15/22
  17/23
**done [5]** 9/8 10/9 11/5 14/23
  15/14
**doubt [2]** 8/11 19/23
**down [3]** 15/2 18/1 20/1
**during [1]** 17/7

## E

**each [1]** 20/4
**either [1]** 10/2
**elephant [1]** 18/15

**Eleventh [17]** 4/14 5/11 5/18 6/15
  6/20 7/13 9/6 9/19 11/13 12/13
  12/17 15/3 16/3 16/4 16/19 18/6
  18/21
**else [6]** 10/1 11/22 12/19 13/4
  20/19 23/3
**email [2]** 15/10 15/11
**emails [7]** 15/20 15/23 16/1 16/13
  17/6 17/6 17/11
**encourage [1]** 23/2
**end [5]** 6/19 7/8 7/21 8/9 15/12
**ended [1]** 14/24
**endorse [1]** 7/23
**enough [1]** 6/18
**entire [1]** 12/20
**entitled [2]** 12/18 24/5
**entrenched [1]** 19/22
**entry [1]** 19/6
**Esq [7]** 1/17 1/17 1/22 1/22 2/2
  2/6 2/13
**essence [1]** 5/10
**essentially [1]** 15/10
**et [3]** 1/4 3/6 3/7
**even [1]** 11/17
**event [1]** 10/13
**events [1]** 11/7
**ever [1]** 15/6
**everybody [1]** 21/6
**everyone [4]** 3/24 4/7 18/1 18/3
**everything [3]** 7/8 12/19 13/4
**evidence [3]** 8/13 13/10 16/4
**evidentiary [6]** 8/2 8/10 15/18
  17/7 19/18 20/14
**except [1]** 6/22
**expect [2]** 18/10 18/20
**expert [1]** 11/3
**explain [1]** 18/1
**explicit [1]** 18/7
**expressly [1]** 6/25
**extension [1]** 10/17
**extent [1]** 7/18
**eyes [1]** 18/3

## F

**fact [1]** 7/6
**factors [1]** 8/18
**fairly [1]** 7/2
**fairness [4]** 6/9 6/12 6/18 14/17
**faith [2]** 7/17 8/15
**far [4]** 4/17 9/9 10/19 11/8
**February [1]** 24/7
**Federal [1]** 24/2
**fees [3]** 18/19 18/21 18/22
**felt [3]** 8/9 13/17 15/12
**file [1]** 12/6
**filed [6]** 12/15 16/11 19/7 19/7

20/7 20/10
**filing [1]** 22/20
**final [4]** 6/9 6/12 14/12 14/17
**finally [1]** 14/9
**find [3]** 8/21 14/21 18/18
**findings [1]** 18/9
**fine [1]** 14/16
**firms [1]** 10/25
**first [7]** 5/21 6/4 6/22 7/19 12/14
  14/1 18/21
**fit [1]** 18/13
**FLORIDA [7]** 1/1 1/9 2/4 2/7
  2/11 2/19 2/20
**flowed [1]** 15/19
**forced [1]** 6/2
**forecast [1]** 19/20
**foregoing [1]** 24/4
**forth [1]** 8/1
**fortuitous [1]** 10/3
**forward [13]** 4/22 6/21 7/7 9/12
  9/17 9/22 13/22 14/24 14/25 19/9
  19/23 20/5 20/17
**found [2]** 15/15 18/22
**founded [1]** 8/19
**front [3]** 17/2 17/19 17/19
**fuller [1]** 16/13
**fully [1]** 18/10

## G

**game [1]** 5/3
**gee [1]** 10/4
**get [6]** 5/5 7/23 8/2 14/8 18/24
  19/23
**give [3]** 4/7 4/11 22/17
**given [6]** 6/16 7/24 11/10 18/6
  19/14 19/22
**go [11]** 4/1 5/20 9/17 9/19 10/13
  18/2 18/3 19/9 20/5 22/14 22/23
**goal [1]** 14/10
**goes [1]** 13/22
**going [28]**
**gone [2]** 9/12 15/24
**Good [11]** 2/13 3/12 3/13 3/14
  3/16 3/17 3/20 3/23 9/1 16/8 20/23
**grant [5]** 5/22 5/23 13/18 19/4
  20/10
**granted [4]** 5/21 7/24 11/12 14/16
**granting [6]** 4/17 5/9 6/23 7/12
  12/14 19/6
**great [1]** 16/18
**guess [2]** 5/17 5/20
**gun [1]** 15/16

## H

**had [6]** 5/21 6/4 10/15 10/17
  17/14 21/4

## H

**hadn't [1]**  11/17
**handed [1]**  15/17
**happen [3]**  6/23 9/22 11/8
**happened [2]**  5/7 9/16
**has [10]**  5/18 7/17 8/7 8/18 11/18
12/13 12/23 13/20 18/15 19/14
**hasn't [1]**  22/8
**Hatch [3]**  1/18 17/16 17/18
**have [24]**  5/19 5/22 5/24 6/13 7/4
7/10 8/5 8/11 8/16 9/12 12/4 13/25
14/3 14/8 14/20 15/2 19/2 19/22
20/2 20/25 21/6 22/3 22/12 22/13
**haven't [1]**  15/24
**he [8]**  13/17 14/5 14/6 17/16 17/16
22/8 22/8 22/9
**hear [8]**  6/2 6/7 6/10 6/13 6/13
7/20 7/21 21/9
**heard [5]**  4/7 5/12 13/13 16/9
21/10
**hearing [16]**  6/6 6/9 6/19 8/2 8/10
15/9 15/9 15/10 15/18 16/12 16/23
16/24 17/8 17/20 19/18 20/14
**hearings [2]**  22/23 22/25
**heart [1]**  7/23
**here [6]**  3/22 4/1 9/18 16/5 18/25
19/22
**highs [1]**  18/22
**hints [2]**  18/17 20/2
**history [1]**  7/3
**Holland [1]**  2/2
**Honeywell [4]**  17/3 17/19 19/15
21/21
**Honor [47]**
**Honor's [8]**  7/1 7/5 7/25 8/18 9/7
9/21 10/7 12/23
**HONORABLE [1]**  1/13
**how [3]**  14/4 18/13 19/22
**however [1]**  18/23

## I

**I'd [1]**  14/12
**I'll [3]**  4/11 19/5 22/17
**I'm [12]**  4/9 5/17 14/20 16/6 18/4
18/5 19/1 19/4 20/1 21/5 21/19
22/2
**I've [1]**  15/5
**idea [1]**  7/24
**identical [2]**  15/11 18/19
**Illinois [3]**  1/19 1/24 2/15
**illogical [1]**  14/11
**immediate [1]**  6/24
**implicit [1]**  10/22
**impliedly [1]**  7/4
**important [2]**  6/18 7/12

**in-person [1]**  15/9
**INC [5]**  1/4 2/12 2/12 2/15 2/16
**including [2]**  9/23 17/11
**indicated [1]**  5/18
**indicating [1]**  20/5
**inform [1]**  17/13
**information [2]**  16/18 17/10
**initial [1]**  4/2
**initially [1]**  18/5
**instance [1]**  5/21
**intent [3]**  18/24 20/7 22/22
**interest [1]**  10/11
**intervene [9]**  4/4 4/16 5/9 9/14
11/12 12/3 12/18 19/5 19/6
**intervening [1]**  11/19
**intervenor [10]**  2/12 2/12 2/15
2/16 3/14 9/14 9/16 9/17 22/20
23/6
**intervenor's [3]**  4/25 6/3 22/14
**intervenors [8]**  5/2 5/12 5/19 5/24
6/25 7/25 10/10 11/21
**intervention [12]**  4/17 5/20 5/21
6/24 7/13 7/24 9/6 11/11 12/16
12/22 13/1 19/10
**ironic [1]**  9/21
**is [79]**
**isn't [2]**  6/14 12/18
**issue [8]**  5/6 6/18 7/23 8/17 12/16
12/22 21/6 21/15
**issues [5]**  7/15 12/11 13/21 19/18
23/1
**it [49]**
**it's [9]**  4/14 9/18 9/21 10/2 11/20
14/13 20/2 20/16 20/18
**its [1]**  4/18

## J

**January [1]**  1/9
**Joe [1]**  3/20
**Joseph [1]**  2/2
**JUDGE [12]**  1/14 4/13 4/14 8/25
15/1 15/24 17/3 17/19 17/23 19/14
21/21 21/23
**jurisdiction [6]**  7/1 7/5 7/10 7/25
11/10 11/14
**just [13]**  7/17 8/6 8/21 10/2 12/25
14/23 16/25 18/10 21/7 21/10 22/7
22/16 22/23

## K

**karma [1]**  18/4
**Kate [1]**  3/18
**Kathleen [1]**  1/22
**keep [1]**  14/23
**kept [1]**  9/13
**Knight [1]**  2/2

**know [3]**  4/10 17/23 20/2
**knowing [2]**  5/6 8/22

## L

**La [1]**  1/18
**Lally [2]**  1/22 3/18
**Larry [1]**  1/19
**last [3]**  11/5 15/8 15/9
**Latham [1]**  1/23
**law [5]**  2/10 7/2 7/6 10/25 12/9
**lead [3]**  10/25 13/24 14/9
**least [2]**  7/4 22/2
**leaves [1]**  4/20
**left [3]**  10/6 12/13 12/18
**legally [1]**  4/15
**less [1]**  4/17
**let [3]**  16/2 18/1 22/16
**Let's [1]**  3/3
**Lewis [3]**  1/18 17/16 17/18
**light [1]**  9/19
**like [1]**  11/24
**likewise [1]**  22/8
**LIMITED [5]**  1/7 1/25 2/5 2/8 3/7
**line [2]**  18/23 20/17
**LLC [1]**  1/18
**LLP [2]**  1/23 2/2
**logical [2]**  7/21 19/11
**logistically [2]**  6/11 7/19
**long [1]**  7/18

## M

**made [4]**  9/12 11/3 13/17 21/1
**MAGISTRATE [1]**  1/14
**make [6]**  5/8 6/11 14/12 18/8
21/13 22/25
**mandating [1]**  6/21
**many [3]**  11/4 11/4 18/16
**Mark [2]**  1/22 3/17
**matter [8]**  4/2 4/7 9/2 11/11 11/14
22/3 24/5
**matters [3]**  19/10 20/7 20/19
**may [8]**  6/9 6/11 13/13 13/25
15/13 16/8 16/10 18/9
**maybe [2]**  10/2 10/6
**me [9]**  11/17 15/6 15/7 16/2 16/22
18/1 19/11 19/20 22/16
**Meadows [1]**  2/15
**mean [3]**  18/9 21/17 21/18
**mediation [7]**  5/4 17/12 17/14
18/18 21/2 21/4 22/15
**mediations [1]**  17/17
**Medical [2]**  2/12 2/16
**memorandum [1]**  12/9
**merely [1]**  5/25
**Mester [6]**  1/22 3/18 12/10 16/16
21/13 22/4

## M

met [1] 5/19
Michael [2] 2/9 3/15
MIDDLE [1] 1/1
might [2] 14/18 16/14
mind [1] 9/15
minimal [1] 5/19
months [1] 11/4
morass [1] 14/22
more [2] 7/21 19/25
morning [5] 3/12 3/13 3/16 3/17 3/20
motion [18] 4/4 4/16 5/9 5/23 10/13 10/15 11/12 11/25 12/2 12/6 13/2 13/2 13/2 13/13 13/18 19/5 19/6 20/10 22/21
move [2] 7/25 14/23
Mr. [23] 4/10 4/10 5/8 9/1 9/1 9/3 9/4 11/18 12/10 13/17 13/23 14/5 15/19 15/19 16/14 16/16 17/15 20/23 20/23 21/1 21/13 22/4 22/8
Mr. Addison [7] 9/1 9/3 9/4 13/17 13/23 14/5 20/23
Mr. Addison's [1] 22/8
Mr. Bock [3] 4/10 5/8 15/19
Mr. Cohen [4] 4/10 11/18 16/14 21/1
Mr. Good [2] 9/1 20/23
Mr. Mester [4] 12/10 16/16 21/13 22/4
Mr. Oppenheim [2] 15/19 17/15
much [2] 6/15 19/13
my [11] 4/3 5/10 11/10 11/14 14/13 15/19 15/25 16/25 21/2 22/22 24/6

## N

name [1] 3/8
named [1] 10/25
nearly [1] 18/19
necessary [5] 19/13 19/17 20/12 20/16 22/19
need [5] 6/23 13/8 17/25 21/6 23/3
needed [1] 15/12
needs [2] 11/5 12/22
negating [1] 14/24
negotiate [1] 10/20
negotiations [1] 21/3
never [3] 9/15 10/18 11/4
nevertheless [1] 10/8
new [1] 8/17
next [4] 4/8 6/24 7/14 19/2
Nikki [4] 2/18 24/2 24/9 24/10
no [15] 1/8 4/3 6/15 8/11 9/12 11/23 15/4 17/25 18/8 18/14 19/2

20/22 23/1 23/5 23/7

## No. [1] 11/12

No. 20 [1] 11/12
North [3] 1/18 1/23 2/3
not [23] 5/13 5/22 7/7 8/7 8/14 10/5 11/16 14/6 14/20 16/6 16/19 17/13 17/19 18/4 18/12 19/13 20/1 20/18 21/4 21/7 21/7 21/15 21/20
note [1] 22/16
nothing [2] 10/17 23/6
notice [2] 8/7 9/23
notify [1] 10/1
now [13] 6/8 6/10 7/20 9/16 10/4 10/5 10/5 10/20 16/15 18/8 22/9 22/9 22/12
Number [1] 3/5

## O

objection [1] 6/3
objector [1] 5/25
objectors [1] 6/11
obvious [1] 18/16
obviously [4] 6/16 12/21 17/1 18/8
occurred [1] 11/17
occurrence [1] 8/14
off [1] 10/8
Office [2] 2/10 10/25
Official [2] 2/19 24/2
oh [1] 10/4
one [4] 9/20 14/18 19/25 21/20
only [2] 8/4 20/25
open [2] 4/20 18/3
opinion [3] 9/6 15/3 18/6
Oppenheim [5] 1/18 15/19 17/15 17/16 17/18
opportunity [2] 4/7 4/11
opposed [1] 5/25
order [20] 4/3 4/15 4/16 4/17 4/18 5/13 8/6 8/12 8/16 8/17 8/18 8/22 9/10 9/21 9/23 10/7 10/9 12/20 12/21 19/6
ore [1] 10/12
other [5] 6/11 11/2 17/2 17/11 19/23
ought [1] 11/7
our [12] 4/14 5/2 5/3 6/10 8/12 10/3 10/16 10/19 11/25 12/6 13/19 16/17
out [1] 8/19
outside [1] 18/19
over [4] 7/1 8/13 10/10 20/19
overruled [1] 12/17

## P

P.A [1] 2/10
pages [1] 17/17

part [3] 16/19 16/25 21/11
participating [2] 9/13 10/10
Particularly [1] 20/4
parties [9] 9/25 10/10 11/19 13/9 14/15 14/19 19/23 19/24 20/11
PARTNERSHIP [5] 1/8 1/25 2/5 2/8 3/7
party [5] 5/24 21/16 21/20
path [5] 4/22 6/21 14/17 18/2 20/1
pending [2] 10/15 17/2
period [3] 19/15 19/16 23/1
persisted [1] 7/18
persisting [1] 13/11
person [1] 15/9
Peters [4] 2/18 24/2 24/9 24/10
petition [1] 12/15
ph [1] 18/4
Phillip [3] 1/17 3/10 13/16
picture [1] 16/13
place [3] 2/7 13/20 19/14
plaintiff [4] 1/5 3/9 12/15 20/21
plaintiff's [1] 6/7
plaintiffs [8] 3/11 4/6 4/9 5/1 10/14 10/16 14/14 17/13
plan [1] 17/10
pleading [4] 13/2 20/13 22/19 22/20
pleadings [3] 19/16 21/11 22/1
please [2] 3/4 3/8
PO [1] 2/3
point [4] 9/5 13/6 13/17 14/12
pointed [1] 14/4
points [1] 18/16
PORCELLI [1] 1/13
portion [2] 4/16 12/21
position [10] 4/12 4/14 5/3 6/10 11/9 11/11 11/25 13/19 15/21 16/17
possibility [1] 14/24
posture [2] 6/16 14/7
precludes [1] 5/16
preliminary [12] 4/19 5/23 8/5 8/12 8/16 8/17 9/10 9/23 10/9 12/14 14/15 14/17
prepared [1] 21/20
presumably [1] 5/23
prior [1] 6/18
priority [1] 20/19
privilege [5] 18/18 21/2 21/4 21/22 22/15
privileges [2] 5/3 5/4
problem [3] 11/17 13/25 14/2
procedural [5] 4/21 6/6 6/16 14/7 14/23
procedurally [5] 4/8 6/21 7/11 11/10 19/19

**P**

**proceed [3]** 11/6 14/16 18/24
**proceeded [1]** 5/22
**proceeding [1]** 18/8
**proceedings [5]** 1/12 2/17 5/18 23/10 24/5
**process [1]** 11/2
**promised [1]** 15/17
**properly [1]** 16/19
**proposed [3]** 4/6 13/1 22/18
**provide [4]** 14/18 15/12 20/11 22/17
**provided [8]** 14/15 15/8 15/23 16/3 16/13 16/18 17/6 17/7
**purpose [2]** 9/12 18/8
**purposes [2]** 19/12 21/15
**pursue [1]** 19/25
**put [3]** 6/1 10/12 16/24
**putting [1]** 18/21

**Q**

**Q's [1]** 13/24
**question [8]** 4/21 6/1 6/5 8/4 13/8 14/5 15/3 20/25
**questioned [1]** 17/12
**questioning [2]** 6/17 15/18
**questions [4]** 18/25 19/21 20/20 20/24
**quotations [3]** 15/4 15/20 18/21

**R**

**raised [1]** 11/18
**raising [1]** 17/10
**reached [2]** 4/24 14/14
**read [2]** 6/20 7/13
**reading [2]** 5/10 18/6
**real [1]** 10/10
**really [3]** 9/11 15/18 20/16
**Realtime [1]** 24/3
**reason [4]** 8/22 9/25 12/20 13/5
**reasonable [2]** 7/21 8/19
**rebut [1]** 13/10
**recall [4]** 6/9 13/25 15/9 15/13
**receive [1]** 8/7
**recess [1]** 23/9
**recognize [1]** 9/6
**recollection [3]** 14/13 15/20 15/25
**record [12]** 3/8 9/8 10/12 13/9 14/23 15/5 15/6 15/22 16/5 16/20 16/22 18/22
**recorded [1]** 2/17
**recording [1]** 24/5
**refer [1]** 17/15
**referring [2]** 16/14 16/15
**regarding [4]** 12/2 17/10 20/15

22/18
**regardless [1]** 18/15
**relates [2]** 12/21 21/1
**remain [1]** 13/20
**remains [1]** 8/4
**remand [3]** 3/25 4/2 4/15
**rephrase [1]** 16/2
**Reporter [4]** 2/18 2/19 24/3 24/3
**representations [2]** 18/7 18/11
**representative [1]** 20/6
**request [4]** 10/24 12/25 20/13 20/15
**requested [1]** 6/5
**requesting [1]** 18/3
**requires [2]** 4/15 4/18
**reserve [1]** 7/8
**resolve [1]** 20/18
**resolved [1]** 13/21
**resolving [1]** 7/15
**respect [1]** 11/6
**respects [1]** 4/23
**respond [3]** 10/17 10/18 17/25
**responses [1]** 22/21
**retract [1]** 7/21
**reverse [9]** 5/6 6/8 7/17 7/20 8/8 8/11 8/14 8/20 13/11
**reviewed [1]** 15/5
**reviewing [1]** 15/3
**right [19]** 3/3 3/19 3/24 7/8 8/24 9/4 11/22 12/10 13/12 16/7 16/15 17/21 20/20 20/23 21/24 22/6 22/16 23/3 23/8
**Road [1]** 2/14
**Rolling [1]** 2/15
**room [1]** 18/15
**Ross [3]** 2/13 3/14 16/8
**RPR [2]** 2/18 24/10
**Rule [2]** 5/19 13/1
**ruled [1]** 6/14

**S**

**s/Nikki [1]** 24/9
**said [5]** 6/15 14/2 14/5 14/6 15/16
**Salle [1]** 1/18
**same [3]** 6/12 6/13 14/5
**say [3]** 19/4 21/6 21/8
**saying [1]** 5/17
**schedule [5]** 19/12 22/18 22/19 22/20 22/23
**scheduled [1]** 3/25
**scheduling [5]** 4/4 19/16 20/12 20/13 22/22
**Schwanke [1]** 1/19
**scratching [1]** 10/8
**second [2]** 7/12 9/9
**secondly [1]** 12/16

see [5] 3/23 14/4 18/10 19/19 22/1
**seek [1]** 14/15
**seeking [1]** 14/8
**seem [3]** 8/15 9/18 14/10
**seems [4]** 7/11 8/21 13/6 19/20
**sequence [2]** 6/7 11/7
**sequentially [3]** 6/22 7/11 7/15
**serious [1]** 20/3
**serve [1]** 9/12
**set [11]** 4/18 5/13 8/5 8/16 8/21 11/1 12/22 18/17 18/20 19/9 20/14
**setting [5]** 11/2 12/20 13/4 18/22 20/16
**settlement [24]** 4/6 4/19 4/23 4/24 5/7 5/12 5/14 9/11 9/23 10/5 10/5 10/6 10/21 13/22 14/3 14/3 14/7 14/8 14/10 14/13 14/19 18/14 18/14 19/9
**settlements [2]** 18/19 19/24
**settling [1]** 9/25
**seven [1]** 19/5
**should [15]** 4/3 5/11 6/6 6/7 6/8 10/8 10/23 10/23 13/18 13/20 13/23 18/20 19/9 20/4 22/13
**show [1]** 22/15
**side [1]** 20/4
**sides [2]** 8/3 20/3
**simply [2]** 5/24 6/8
**sir [1]** 11/23
**sit [2]** 8/6 18/25
**situation [3]** 14/20 14/22 19/1
**slate [1]** 10/6
**smoking [1]** 15/16
**so [34]**
**solid [1]** 7/2
**some [3]** 6/5 9/25 11/25
**someone [1]** 14/9
**something [2]** 15/15 18/1
**sorry [1]** 21/19
**square [1]** 9/20
**stage [2]** 5/3 5/17
**stake [1]** 6/16
**stand [2]** 4/23 4/24
**start [2]** 4/9 10/9
**started [2]** 12/24 19/21
**starting [1]** 15/9
**state [2]** 3/8 22/1
**stated [2]** 14/10 20/10
**statements [3]** 15/5 15/22 16/21
**STATES [2]** 1/1 1/14
**stating [1]** 5/11
**status [7]** 1/12 5/25 5/25 6/4 7/19 14/1 22/25
**stay [1]** 13/19
**stayed [1]** 10/16
**Ste [2]** 2/3 2/14

## S

**step [12]**  4/8 4/20 6/24 7/12 7/14
8/22 9/9 13/6 15/2 19/3 22/23
22/23
**steps [1]**  11/7
**still [3]**  4/20 5/22 6/1
**Street [2]**  1/18 2/3
**strike [1]**  13/3
**sufficient [1]**  7/7
**suggest [2]**  7/3 19/25
**suggested [2]**  13/23 19/12
**suggesting [1]**  14/20
**Suite [2]**  1/18 1/23
**supply [1]**  12/8
**support [2]**  8/14 14/6
**supposed [1]**  9/24
**sure [5]**  5/8 12/17 18/4 20/1 22/25

## T

**taint [1]**  14/10
**take [9]**  6/18 12/24 14/3 19/8 20/2
20/7 20/15 22/2 22/3
**taken [3]**  9/24 11/4 19/14
**takes [2]**  6/3 20/19
**TAMPA [9]**  1/2 1/9 2/2 2/3 2/4
2/6 2/7 2/11 2/20
**TECHNOLOGY [5]**  1/4 1/20 3/6
5/1 14/14
**telegraphed [1]**  18/16
**tell [1]**  18/23
**tenus [1]**  10/12
**terminate [1]**  14/19
**than [1]**  11/2
**thank [16]**  3/12 3/16 3/19 3/23
3/24 8/24 8/25 12/12 13/12 15/1
16/17 17/21 17/22 21/25 23/7 23/9
**Thanks [1]**  4/13
**that [154]**
**that's [10]**  11/5 11/6 11/16 13/10
14/4 18/4 19/19 21/11 22/2 22/6
**their [4]**  3/24 7/6 18/21 22/20
**them [2]**  15/13 17/16
**themselves [2]**  14/21 21/12
**then [17]**  5/9 6/5 6/24 7/7 8/11
8/15 9/14 9/15 11/1 14/12 19/15
20/7 20/12 20/13 20/14 22/16
22/21
**theoretically [1]**  10/20
**there [22]**  5/6 6/11 7/2 8/8 8/10
8/19 8/22 10/4 10/4 10/6 11/10
11/14 13/10 14/1 15/3 15/19 16/3
16/18 19/11 20/2 20/3 23/1
**there's [6]**  5/15 10/5 12/19 13/5
17/25 22/25
**these [7]**  5/18 12/11 15/21 16/21

18/12 19/18 20/18
**they [24]**  4/8 6/25 7/4 7/8 7/9 10/2
10/3 10/6 10/17 14/3 15/10 15/11
15/15 15/15 15/22 16/24 17/1 17/1
17/5 17/13 17/14 17/15 21/8 21/9
**they're [2]**  18/3 21/6
**they've [2]**  10/20 11/4
**thing [1]**  6/22
**things [2]**  9/22 20/3
**think [15]**  4/8 4/20 5/15 7/1 7/22
8/20 10/7 10/18 11/13 12/19 12/24
13/5 15/6 16/14 22/18
**this [29]**
**those [12]**  8/18 9/12 15/5 15/17
15/20 15/20 15/25 17/5 17/10 18/9
18/25 20/7
**though [1]**  13/7
**thought [1]**  15/15
**through [1]**  7/4
**time [8]**  3/25 11/25 13/18 16/23
17/20 19/25 23/4 23/8
**times [1]**  18/16
**today [1]**  21/10
**together [1]**  14/2
**told [2]**  9/15 15/13
**too [2]**  6/15 7/18
**took [2]**  17/16 17/16
**totally [1]**  7/22
**toward [1]**  15/12
**TRAINING [4]**  1/4 1/20 3/6
14/14
**transcribed [1]**  2/17
**transcript [2]**  1/12 24/4
**trial [2]**  11/2 11/6
**tried [1]**  10/20
**troubled [2]**  18/5 18/5
**true [1]**  24/4
**TTA [1]**  13/8
**turns [1]**  8/19
**twice [3]**  6/13 10/18 12/13
**two [2]**  15/10 16/1
**types [1]**  19/24

## U

**U.S [1]**  2/19
**unchallenged [1]**  10/19
**under [3]**  7/3 13/1 20/15
**understand [6]**  5/9 9/7 10/1 12/5
12/7 12/23
**understanding [1]**  21/2
**understands [1]**  17/1
**undisturbed [1]**  12/14
**unfit [1]**  20/5
**unique [1]**  11/10
**UNITED [2]**  1/1 1/14
**unless [1]**  8/19

**unnecessary [3]**  4/20 8/15 8/21
**until [6]**  8/7 11/17 15/20 20/18
22/9 22/12
**unwilling [1]**  22/12
**up [7]**  6/18 8/21 14/24 19/8 20/8
22/2 23/3
**upon [5]**  4/2 18/5 19/17 20/7
22/24
**us [6]**  6/3 10/10 10/22 12/24 13/6
20/2

## V

**vacate [6]**  4/3 4/15 4/18 8/5 8/12
8/22
**vacation [1]**  9/10
**various [3]**  9/22 9/24 21/3
**Varner [2]**  2/2 3/20
**very [3]**  7/4 13/13 19/21

## W

**Wabash [1]**  1/23
**waive [5]**  21/4 21/7 21/20 21/22
22/13
**waived [3]**  5/4 5/5 21/2
**waiver [1]**  13/8
**waiving [2]**  10/5 21/7
**Wanca [2]**  2/14 10/25
**want [16]**  3/24 5/8 6/11 7/16
10/12 12/4 12/10 14/3 14/6 14/20
14/21 14/22 18/2 21/10 21/13
22/24
**wanted [2]**  4/1 4/6
**wants [1]**  4/10
**warranting [1]**  5/19
**was [35]**
**Watkins [1]**  1/23
**way [5]**  4/24 6/4 14/1 16/2 16/4
**we [50]**
**we'd [1]**  21/6
**we'll [4]**  19/23 20/14 22/1 23/9
**we're [14]**  4/1 5/17 9/9 10/5 10/19
11/8 11/19 12/3 14/8 19/19 19/22
21/15 21/20 22/7
**we've [2]**  11/3 15/14
**welcome [1]**  4/24
**well [9]**  5/2 8/19 9/15 11/21 14/2
16/2 20/13 21/9 23/2
**well-founded [1]**  8/19
**were [14]**  9/13 9/17 9/24 10/13
10/24 15/10 15/22 15/25 16/24
17/5 17/7 18/19 21/3 21/5
**weren't [3]**  9/17 10/2 21/19
**what [35]**
**whatever [1]**  9/16
**when [4]**  6/2 9/16 14/7 19/20
**where [12]**  4/1 6/4 11/6 12/17

## W

**where... [8]** 12/24 14/22 17/1 17/3
19/1 19/19 19/22 20/1
**whether [6]** 5/6 6/17 8/8 13/21
19/8 20/18
**which [10]** 4/3 9/24 10/21 10/22
11/3 11/13 13/11 16/13 18/20
19/13
**while [1]** 9/13
**who [2]** 4/10 6/11
**who's [1]** 9/1
**whose [1]** 14/9
**why [1]** 5/13
**will [12]** 6/12 8/21 10/6 12/23
13/21 14/6 18/23 19/7 20/15 21/7
21/8 22/15
**willing [1]** 22/13
**within [2]** 19/5 20/11
**without [3]** 5/6 8/22 13/4
**won't [1]** 10/4
**wonder [1]** 19/1
**wondering [1]** 21/5
**work [1]** 14/2
**workable [1]** 14/4
**would [39]**
**wouldn't [2]** 14/20 14/22
**wrong [2]** 15/14 16/21

## Y

**Yeah [1]** 21/18
**yes [7]** 11/16 11/16 12/12 13/15
14/6 17/9 21/23
**you [44]**
**you're [1]** 9/15
**you've [1]** 9/8
**your [64]**
**Your Honor [41]**
**Your Honor's [6]** 7/1 7/25 8/18
9/21 10/7 12/23