UNITED STATES DISTRICT COURT FOR THE MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

MEDICAL & CHIROPRACTIC CLINIC, INC.,

    Plaintiff,

vs.                                          Case No. 16-cv-1477

DAVID M. OPPENHEIM, an individual, and BOCK LAW FIRM, LLC d/b/a BOCK, HATCH, LEWIS, & OPPENHEIM, LLC,

    Defendants.

_____/

**PLAINTIFF MEDICAL & CHIROPRACTIC CLINIC, INC.'S RESPONSE TO BOCK HATCH'S OBJECTION TO, AND REQUEST FOR DISTRICT COURT RECONSIDERATION OF, MAGISTRATE JUDGE MCCOUN'S JANUARY 31, 2018 ORDER ON PLAINTIFF'S MOTION TO DE-DESIGNATE CONFIDENTIALITY OF DOCUMENT PRODUCTION**

Plaintiff Medical & Chiropractic Clinic, Inc. ("M&C"), by and through its attorneys Foley & Lardner LLP, hereby responds to Defendant Bock Law Firm, LLC's ("Bock Hatch") Objection To, And Request For District Court Reconsideration Of, Magistrate Judge McCoun's January 31, 2018 Order On Plaintiff's Motion To De-Designate Confidentiality of Document Production (the "Objection") as follows:

**INTRODUCTION**

Through its Objection, Bock Hatch does not make a single new argument. Instead, it re-hashes arguments that the Magistrate rejected in granting, in part, M&C's Motion to Compel. Bock Hatch's reaches well beyond the scope of Protective Order taking a position inconsistent with this Court's Orders and Bock Hatch's own statements to this Court. The simple fact is that the only information ever contemplated to be attorneys' eyes only by the Court and Bock Hatch was Oppenheim's *specific compensation information*.

When Bock Hatch over-designated documents as attorneys' eyes only for the sole purpose of avoiding embarrassment, M&C challenged the designations consistent with the Protective Order. (Dkt. 133). Specifically, M&C challenged Bock Hatch's confidentiality designations for the De-Designated Documents[1] because they do not contain Oppenheim's *specific compensation information* and are not covered by any of the enumerated categories in the Protective Order. The Magistrate granted M&C's motion in part and properly de-designated the documents. (Dkt. 161 at 2-3).[2]

## ARGUMENT

I. **Bock Hatch's Own Testimony And The Magistrate's Comments Show The Parties Contemplated Attorneys' Eyes Only Protection Only For Documents With *Specific Compensation Information*.**

The Magistrate held a hearing on M&C's Motion to Compel on February 24, 2017. (Dkt. 89). There, Bock Hatch stated in reference to Oppenheim's compensation information: "If the court is inclined to order the release of *specific numerals*, we would ask for the attorneys-eyes-only protection." (Dkt. 94 at 22:7-9). The Court reiterated its skepticism of the attorneys' eyes only designation "because [attorneys' eyes only designations] end up getting overused typically and it just generates more discovery disputes." *Id.* at 72:11-13. The Court similarly made this statement while considering Oppenheim's *specific compensation information* in documents that Oppenheim was prepared to hand over to M&C that same day in court. *Id.* at 63:24-64:9; 72:11-22. M&C was willing to accept those documents with an attorneys' eyes only designation under

---

[1] The "De-Designated Documents" refer only to those documents Bock Hatch challenged in its Motion: BLF 131-132, BLF 135-137, BLF 140-148, BLF 151-155, BLF 159-161, BLF 164-165, BLF 167-168, BLF 171-176, BLF 180-181, BLF 205-208, and BLF 211-215. (Dkt. 166 at 3). These are some, but not all, of the documents the Court ordered de-designated. (Dkt. 161 at 3).

[2] M&C previously submitted all of the documents it sought to de-designate for *in camera* inspection per the Magistrate's Order. (Dkt. 131). A review of the actual documents at issue will confirm that the Magistrate's Order should be upheld. If the Court does not have the Magistrate's file to view the documents, Bock Hatch should provide the Court with the underlying documents at issue in its Objection.

2

the condition that acceptance would not "prejudice [M&C's] rights to ask that that designation be changed." *Id.* at 72:19-22. Additionally, both Oppenheim and Bock Hatch did not object to M&C disclosing information that generally discussed Oppenheim's compensation but fell short of revealing exact amounts. *Id.* at 81:22-83:13.

The Magistrate did not take a position contrary to his previous Orders. Instead, Bock Hatch inappropriately parses the Magistrate's Orders to shift its position to attempt to keep non-confidential documents not only confidential, but attorneys' eyes only. In reality, the "related to" language in the Magistrate's original order and "exact terms" language in its latest Order are of no consequence. The Magistrate made clear that only *specific compensation information* would be protected, and that any document Bock Hatch designated as attorneys' eyes only could be challenged and de-designated.

II.     **The De-Designated Documents Do Not Contain Specific Compensation Information Qualifying For Attorneys' Eyes Only Protection, Much Less A "Confidential" Designation.**

As it did in its brief submitted to the Magistrate, Bock Hatch latches onto the words "related to" in an attempt to argue that essentially any document having anything to do with the hiring of Oppenheim should be considered attorneys' eyes only. Dkt. 136 at 3-4. This is an improper and inconsistent interpretation of the testimony made before the Magistrate and the Magistrate's ruling on M&C's Motion to Compel.

Initially, the Court skeptically permitted Bock Hatch's attorneys' eyes only designations "subject to reconsideration on a subsequent motion." (Dkt. 93 at 4). M&C then challenged Bock Hatch's attorneys' eyes only designations for the De-Designated Documents in its Motion to Compel. (Dkt. 133). In response, Bock Hatch made the same argument it now makes in its Objection: "[T]he Court separately and independently granted 'attorneys' eyes only' status to Defendants' document production *relating to* Oppenheim's compensation package." (Dkt. 136 at

3

4837-1998-9342.3

2-4). The Magistrate held a hearing on the motion as described *infra*. In the resulting Order, the Magistrate rejected Bock Hatch's "related to" argument while noting that the Magistrate previously ruled the attorneys' eyes only designations were permitted only "for the time being." (Dkt. 161 at 3 n.4). In de-designating these documents, the Magistrate refused to apply its Order on M&C's Motion to Compel and the Protective Order as broadly as Bock Hatch desired. The Court should reject Bock Hatch's additional bite at the apple and affirm the Magistrate's ruling that Bock Hatch's confidentiality designations were too expansive.

In addition, the Protective Order states that documents that contain "financial information that the party has maintained as confidential" may qualify as "Confidential." (Dkt. 73-1 at 1). The De-Designated Documents do not meet this threshold. As outlined in M&C's Motion to De-Designate, the De-Designated documents contain general discussions about Oppenheim's hiring. They do not contain specific financial information that Bock Hatch has maintained as confidential. *See* Dkt. 133 at 5-6.

**III.   Embarrassment Is Not Grounds For Attorneys' Eyes Only Protection.**

The emptiness of Bock Hatch's argument for attorneys' eyes only protection is belied by their expressed fear of embarrassment. Bock Hatch first made their embarrassment argument in response to M&C's Motion to Compel. (Dkt. 136 at 4). The Magistrate properly rejected this argument ordering the production of Oppenheim's compensation information. (Dkt. 161 at 4-5). Now, in a copied and pasted argument from its response, Bock Hatch again argues the documents may cause embarrassment. *Compare* Dkt. 136 at 4 *with* Dkt. 166 at 4 ¶9. Not only is this argument duplicative of Bock Hatch's previous submission, Bock Hatch's hiring of Oppenheim is undeniably a central fact and issue in this matter. But for that hiring, this lawsuit would not exist. The same discussions do not qualify as "Confidential" as defined by the Protective Order, and they do not qualify for attorneys' eyes only protection under the mutually

4

expressed understanding between the parties. The Court rejected Bock Hatch's embarrassment argument before, and it should reject it again here.

IV. **The Protective Order Permits Parties To Make Confidentiality Designations That May Later Be Challenged, And M&C's Motion To Compel Gave Bock Hatch Notice Of The Challenge To Their Designations.**

The parties' Protective Order is clear: only documents that fall within one of the listed categories may be designated as Confidential by the producing party. (Dkt. 73-1 at 1). It is also clear the parties further agreed that "confidentiality designation[s]" can be challenged through judicial intervention after the movant "has complied with the meet and confer requirements of this procedure." *Id.* at 5-6. The Protective Order further states that "Nothing in this Order or any action or agreement of a party under this Order limits the Court's power to make orders concerning the disclosure of documents produced in discovery or trial." *Id.* at 7-8. The Magistrate also established that attorneys' eyes only designations were "subject to reconsideration on a subsequent motion." (Dkt. 93 at 4. *See also* Dkt. 94 at 72:16-18).

Bock Hatch's assertion that M&C sought reconsideration "without prior notice to [Bock Hatch] that the scope of the prior ruling was even at issue" is incorrect and improper. (Dkt. 166 at 3 ¶6). As reflected in M&C's Motion to Compel, M&C and Bock Hatch engaged in extended discussions over a two-week period where M&C laid out its position in detail challenging Bock Hatch's designations. (Dkt. 133 at 2-4). M&C satisfied its meet and confer requirements under the Protective Order and the Local Rule. (Dkt. 73-1 at 4). Bock Hatch did not contest whether a valid meet and confer had taken place. M&C subsequently filed its Motion to De-Designate challenging the "confidentiality designations" Bock Hatch made in response to the Magistrate's Order on M&C's Motion to Compel. (Dkt. 133). M&C's procedure challenging the designations was proper under the Protective Order and provided Bock Hatch with notice.

5

## CONCLUSION

Bock Hatch's Objection is nothing the Court has not seen before. Bock Hatch again attempts to stretch the Magistrate's Orders and the Protective Order beyond their limits, and the Court should again reject these arguments. M&C properly challenged the De-Designated Documents, and the Magistrate properly granted M&C's Motion. The De-Designated Documents do not qualify for attorneys' eyes only protection, much less Confidential protection. The Magistrate's Order should not be disturbed.

WHEREFORE, M&C respectfully requests that this Court deny Bock Hatch's Objection.

Dated: February 28, 2018

Respectfully submitted,

/s/ Lauren M. Loew

Adam R. Alaee
aalaee@foley.com
FOLEY & LARDNER LLP
100 North Tampa Street, Suite 2700
Tampa, FL  33602-5810
P.O. Box 3391
Tampa, FL 33601-3391
Telephone:  813.229.2300
Facsimile:  813.221.4210

Jeffrey A. Soble (Ill. Bar No. 6238138)
jsoble@foley.com
Admitted Pro Hac Vice
Lauren M. Loew (Ill. Bar No. 6293248)
lloew@foley.com
Admitted Pro Hac Vice
FOLEY & LARDNER LLP
321 N. Clark St., Suite 2800
Chicago, IL 60654
Telephone:  312.832.4500
Facsimile:  312.832.4700

Attorneys for Medical & Chiropractic Clinic, Inc.

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on February 28, 2018, the foregoing was filed via ECF and served on all counsel of record:

**Barry Blonien**
Blonien Legal Counsel
1718 Adams St.
Madison, WI 53711
608-620-5357
Email: barry@blonienlegal.com
*Attorney for David Oppenheim*

**Christopher Stephen Polaszek**
The Polaszek Law Firm, PLLC
3407 W Kennedy Blvd
Tampa, FL 33609
813-574-7678
Email: chris@polaszeklaw.com
*Attorney for Bock Law Firm, LLC*

**Phillip Bock**
Bock & Hatch, LLC
Suite 1000
134 N La Salle St
Chicago, IL 60602
312-658-5500
Email: phil@bockhatchllc.com
*Attorney for Bock Law Firm, LLC and David Oppenheim*

**Daniel J. Cohen**
Bock Law Firm, LLC
134 N. LaSalle St Ste 1000
Chicago, IL 60602
312-658-5500
Fax: 312-658-5555
Email: danieljaycohen209@gmail.com
*Attorney for Bock Law Firm, LLC*

**Jonathan B. Piper**
Bock Law Firm, LLC
134 N. LaSalle St Ste 1000
Chicago, IL 60602
312-658-5500
Fax: 312-658-5555
Email: jon@classlawyers.com
*Attorney for Bock Law Firm, LLC*

    /s/Lauren M. Loew
    Attorney