UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

MEDICAL & CHIROPRACTIC CLINIC,
INC.,

    Plaintiff,

v.                                                          Case No: 8:16-cv-1477-T-36CPT

DAVID M. OPPENHEIM and BOCK LAW
FIRM, LLC,

    Defendants.
_____/

# **ORDER**

This cause comes before the Court upon Plaintiff's Unopposed Motion to Seal Unredacted Summary Judgment Exhibits (Doc. 140), Defendants' Unopposed Motion to Seal Summary Judgment Filings (Doc. 143), Plaintiff's Unopposed Motion to Seal Unredacted Response to Summary Judgment and Exhibits (Doc. 147), and Plaintiff's Unopposed Motion to Seal Portions of the Parties' Joint Stipulation of Facts (Doc. 175). By their motions, the parties seek to file under seal various summary judgment filings and exhibits. Specifically, it appears[1] from a comparison of the redacted and unredacted filings and exhibits that the parties generally seek to file under seal those documents which include or refer to certain retainer agreements, joint partnership agreements, and information related to Defendant David Oppenheim's compensation. In addition,

---

[1] The parties do not describe in their motions what kinds of information or what categories of documents they seek to file under seal. Moreover, many of the exhibits the parties seek to file under seal include whole documents with information that is clearly non-sensitive, thereby leaving the Court to speculate as to what information the parties may consider so sensitive to warrant filing under seal.

1

the parties seek to file under seal those documents that refer to certain mediation-privileged[2] discussions in separate class action lawsuits. Doc. 195, p. 6.

Upon consideration, the Court will deny-in-part and grant-in-part the motions. As indicated in the Case Management and Scheduling Order (Doc. 70), motions to seal are disfavored and will be denied unless they comply with Local Rule 1.09. Middle District of Florida Local Rule 1.09 requires that a motion to seal include, among other things, "the reason that sealing each item is necessary" and "the reason that a means other than sealing is unavailable or unsatisfactory to preserve the interest advanced by the movant in support of the seal." Local Rule 1.09(a).

Here, the motions all suffer the same defects: they (1) wholly fail to explain why means other than sealing are unavailable or unsatisfactory and (2) fail to adequately explain why sealing each item is necessary. The only argument advanced in support of the necessity of sealing is that the relevant documents were deemed confidential pursuant to the parties' agreed confidentiality and protective order.[3] However, just because the parties have designated documents produced in discovery as "confidential" does not mean that they should be sealed. Doc. 70, p. 6; Local Rule 1.09.

As discussed at the April 2, 2018 hearing on the parties' cross-motions for summary judgement, the Court is concerned with limiting the public's common law right of access to court operations and to inspect and copy public records and documents. "[T]he courts of this country recognize a general right to inspect and copy . . . judicial records and documents." *Nixon v. Warner*

---

[2] Fla. Stat. § 44.405. "State law governs the existence of a privilege in diversity cases." *Bowdler v. State Farm Mut. Auto Ins. Co.,* No. 2:13–cv–539–FtM–38CM, 2014 WL 2003114, at *3 (M.D. Fla. May 14, 2014).

[3] *See* Docs. 140, 147, 175 (stating sealing is "necessary in these circumstances to protect the proprietary and privacy interests at stake if documents and deposition testimony and material designated as 'confidential' under the Protective Order were to be made publicly available"); Doc. 143 (stating "Defendants intend to use documents in support of their respective positions on summary judgment that have been designated as 'confidential' under the Agreed Confidentiality and Protective Order"); Doc. 147 ("Certain paragraphs in the Joint Stipulation directly quote documents that qualify as Confidential Information under this matter's Protective Order. As such, they cannot be publicly filed.").

*Communications, Inc.*, 435 U.S. 589, 597 (1978); *see also Romero v. Drummond Co., Inc.*, 480 F.3d 1234, 1245 (11th Cir. 2007). In some limited circumstances, a court has the discretion to permit materials to be filed under seal. *Romero*, 480 F.3d at 1246. However, such relief is to be granted only upon a showing of "good cause," which requires balancing the asserted right of access against the party's interest in keeping the information confidential. *See id.* (describing balancing considerations).

Upon careful consideration, the Court finds good cause to file under seal only those specific portions of documents, if any, to which the statutory mediation privilege applies. Fla. Stat. § 44.405.[4] The Court finds the parties have not established good cause to file under seal any other documents or portions of documents, and the parties have failed to overcome the presumption in favor of public right of access to these documents.

According, it is hereby **ORDERED**:

1. Plaintiff's Unopposed Motion to Seal Unredacted Summary Judgment Exhibits (Doc. 140) is **GRANTED-IN-PART** and **DENIED-IN-PART.**

2. Defendants' Unopposed Motion to Seal Summary Judgment Filings (Doc. 143) is **GRANTED-IN-PART** and **DENIED-IN-PART.**

3. Plaintiff's Unopposed Motion to Seal Unredacted Response to Summary Judgment and Exhibits (Doc. 147) is **GRANTED-IN-PART** and **DENIED-IN-PART.**

---

[4] Pursuant to Florida Statute § 44.405, "all mediation communications shall be confidential" and "mediation participant[s] shall not disclose a mediation communication to a person other than another mediation participant or a participant's counsel." A "mediation communication" is defined as "an oral or written statement, or nonverbal conduct intended to make an assertion, by or to a mediation participant made during the course of a mediation, or prior to mediation if made in furtherance of a mediation." *Id.* § 44.403(1). *See also Bowdler,* 2014 WL 2003114, at *3 (holding that a party's internal analysis of communications that occurred at mediation did not fall within the statutory definition of "mediation communications" and was not mediation-privileged).

4. Plaintiff's Unopposed Motion to Seal Portions of the Parties' Joint Stipulation of Facts (Doc. 175) is **GRANTED-IN-PART** and **DENIED-IN-PART.**

5. The parties are permitted to file under seal or by redaction the specific portions of documents, if any, to which the statutory mediation privilege applies. The motions are otherwise **DENIED, without prejudice.** The remaining documents, or parts thereof, shall be filed un-redacted on or before June 18, 2018.

**DONE AND ORDERED** in Tampa, Florida on June 11, 2018.

*Charlene Edwards Honeywell*
Charlene Edwards Honeywell
United States District Judge

Copies to:
Counsel of Record and Unrepresented Parties, if any