WM MA 0000051

## RETAINER AGREEMENT

*Attorney/Client Privilege – **DO NOT PRODUCE***

BY THIS AGREEMENT, **DEVITO ORTHODONTICS, P.A.** ("Client"), hereby retains Anderson + Wanca and Addison & Howard, P.A. ("Plaintiff's Counsel") to represent Client regarding any and all claims that the Client may have, or similarly situated individuals (the "Class") may have, against **BUCCANEERS LIMITED PARTNERSHIP** and any related entities ("Defendant"), in connection with the sending of unsolicited advertisements by fax.

**The Action.** Client understands and agrees that this action will be brought on behalf of the Client, individually, and also as a representative of a proposed class of similarly-situated claimants, against the above identified Defendants. Plaintiff's Counsel agree to represent the Client with their best efforts; communicate regularly with the Client; and not to negotiate any settlement of the individual or class action without consulting with the Client.

Client agrees to appear to provide testimony at deposition and trial, as necessary, and to provide relevant documents and information to Plaintiff's Counsel. Client will not discuss, negotiate, enter into or make any settlement and give any release to Defendants unless Plaintiff's Counsel are present to advise and participate in such settlement discussions pursuant to the terms of this agreement.

**Fees and Costs.** The fees payable to Plaintiff's Counsel for this representation shall be contingent on recovery by the Client and/or the Class against Defendants and will be payable solely from the parties against whom the claims are brought, or from any recovery or benefits obtained/provided for the Client and the class. Client understands that Plaintiff's Counsel will advance all costs and expenses incurred in connection with the above-described representation. Client further understands that the costs that are advanced will be deducted from any recovery in this lawsuit after the deduction of the contingent fee percentage recited above. Client assigns to Plaintiff's Counsel all rights conferred by applicable statutes and rules to recover attorneys fees and costs from the Defendants. Unless Client prevails in whole or in part in obtaining relief against one or more of the Defendants, or as otherwise ordered by a Court, **Client will not have to pay any fees or expenses of prosecution to Plaintiff's Counsel or any other attorneys.**

If the Court ultimately certifies a class action, the attorneys' fees for Plaintiff's Counsel and all other attorneys representing the Client and/or the Class will be as ordered by the Court. The amount of fees sought by Plaintiff's Counsel and the amount awarded by the Court will be determined by factors such as the time and labor required, novelty and complexity of the questions presented, significance and responsibility involved in the representation, and the results obtained, the experience and ability of the attorneys. If permitted by the forum in which the lawsuit is pending, Plaintiff's Counsel may seek up to 1/3 of the total recovery obtained in the event of a settlement, trial, or appeal or, in the alternative, such other amount that is determined or approved by the Court as appropriate and just under all of the circumstances. If the attorneys' fee is not required to be determined by the Court for any reason, the total attorneys' fee payable to Plaintiff's Counsel and all other counsel representing the Client will be 1/3 of the

Stein v. Buccaneers
Retainer Agreement – Devito Orthodontics

total recovery obtained, plus costs and expenses. In addition, Plaintiff's Counsel shall seek payment of all reasonable costs and expenses advanced in connection with the above-described representation. Client agrees that Plaintiff may seek, and a Court may award, such costs to be paid out of any amount recovered by the Class. In any event, the fees and costs sought and approved will be payable solely from the parties against whom the claims are brought or from any recovery or benefits obtained/provided for the Client and the class.

In the event that the class is not certified, Client agrees to pay attorneys' fees equal to one third of the total amount recovered by Client on an individual basis.

If any costs and expenses advanced by Plaintiff's Counsel are separately awarded to or recovered by Client, either by order of the Court or other neutral third party, or as designated in any settlement, Plaintiff's Counsel will be entitled to receive those costs and expenses. If the terms of this agreement ever result in any attorneys' fees that exceed the maximum allowable under law, the fees will be reduced to that level permissible under applicable law. Similarly, if any other provision of this agreement ever is adjudged illegal or unenforceable, the remaining terms of this agreement shall remain in full force and effect.

If a settlement is reached based upon deferred payments of any kind, the attorneys' fees shall be computed based upon the present cash value of such settlement and such fees, and all costs will be paid from the initial payment(s) due under the deferred payment arrangement. In the alternative, Plaintiff's Counsel may, at their discretion, elect to receive payment of any attorneys' fees awarded in a proportional manner at the time that each deferred payment is received.

Plaintiff's Counsel agree that any agreement among counsel as to the division of fees and costs among them is in writing on page 3. By signing this agreement, Client has provided its/his written consent.

The undersigned client has, before signing this contract, received and read the statement of client's rights for contingency fees attached as Addendum A and understands each of the rights set forth therein. The undersigned client has signed the statement and received a signed copy to refer to while being represented by the undersigned attorney(s).

**Class Representative.** Client understands that as a class representative plaintiff, client will be required to act in the best interests of the class as a whole. Client also understands that, as a class representative plaintiff, it is subject to the rights and responsibilities set forth in Addendum B to this Retainer Agreement.

Client also understands the need for continuity of his position as plaintiff in this class action, and agrees that it will continue in that capacity until such time, if any, as the entire class action is resolved, subject to approval of the Court, or the Client is deemed by Plaintiff's Counsel or the Court to be an improper class representative.

**Other Attorneys.** Client agrees that Plaintiff's Counsel may affiliate with other law firms to assist with this representation, shall notify Client of such affiliation, and shall provide

WW MA 0000052

AW MA 000053

07/30/2015  14:23   8138544111          DEVITO ORTHODONTICS          PAGE  01/01

Stein v. Buccaneers
Retainer Agreement – Devito Orthodontics

Client with such other attorney's agreement to the terms of the this Retainer Agreement, and shall obtain Client's written consent to such retention.  Client agrees that 16% of the fees awarded by the Court shall be paid jointly to *Siprut PC and James M. Thomas Law Firm*; 28% of the fees to *Addison & Howard, P.A.* and the remaining 56% of the fees to *Anderson + Wanca*.

Client agrees that he is not now and has not ever been represented by any other attorney with regard to the claims against Defendants other than Siprut PC and James M. Thomas Law Firm through the date of this agreement.  By signing this contract, client cancels and terminates the prior agreement with Siprut PC and James M. Thomas Law Firm.  This contract controls the handling of this matter going forward.

**Cancellation.** This contract may be cancelled by written notification to the attorney at any time within 3 business days of the date the contract was signed, as shown below, and if cancelled the client shall not be obligated to pay any fees to the attorney for the work performed during that time. If the attorney has advanced funds to others in representation of the client, the attorney is entitled to be reimbursed for such amounts as the attorney has reasonably advanced on behalf of the client.

Dated: 7/30/15

on behalf of Devito Orthodontics, P.A.

The Retainer Agreement is accepted by the undersigned law firms:

Dated: _____

**Anderson + Wanca**
By: _____
Brian J. Wanca
*Admitted to practice in Illinois but not in Florida*

**Addison & Howard, P.A.**
By: _____
Michael C. Addison
*Admitted to practice in Florida*

**Siprut PC**
By: _____
Joseph J. Siprut

**James M. Thomas Law Firm**
By: _____
James M. Thomas

Stein v. Buccaneers
Retainer Agreement – Devito Orthodontics

## ADDENDUM A

### STATEMENT OF CLIENT'S RIGHTS
### FOR CONTINGENCY FEES

Before you, the prospective client, arrange a contingent fee agreement with a lawyer, you should understand this statement of your rights as a client. This statement is not a part of the actual contract between you and your lawyer, but, as a prospective client, you should be aware of these rights:

1. There is no legal requirement that a lawyer charge a client a set fee or a percentage of money recovered in a case. You, the client, have the right to talk with your lawyer about the proposed fee and to bargain about the rate or percentage as in any other contract. If you do not reach an agreement with 1 lawyer you may talk with other lawyers.

2. Any contingent fee contract must be in writing and you have 3 business days to reconsider the contract. You may cancel the contract without any reason if you notify your lawyer in writing within 3 business days of signing the contract. If you withdraw from the contract within the first 3 business days, you do not owe the lawyer a fee although you may be responsible for the lawyer's actual costs during that time. If your lawyer begins to represent you, your lawyer may not withdraw from the case without giving you notice, delivering necessary papers to you, and allowing you time to employ another lawyer. Often, your lawyer must obtain court approval before withdrawing from a case. If you discharge your lawyer without good cause after the 3-day period, you may have to pay a fee for work the lawyer has done.

3. Before hiring a lawyer, you, the client, have the right to know about the lawyer's education, training, and experience. If you ask, the lawyer should tell you specifically about the lawyer's actual experience dealing with cases similar to yours. If you ask, the lawyer should provide information about special training or knowledge and give you this information in writing if you request it.

4. Before signing a contingent fee contract with you, a lawyer must advise you whether the lawyer intends to handle your case alone or whether other lawyers will be helping with the case. If your lawyer intends to refer the case to other lawyers, the lawyer should tell you what kind of fee sharing arrangement will be made with the other lawyers. If lawyers from different law firms will represent you, at least 1 lawyer from each law firm must sign the contingent fee contract.

5. If your lawyer intends to refer your case to another lawyer or counsel with other lawyers, your lawyer should tell you about that at the beginning. If your lawyer takes the case and later decides to refer it to another lawyer or to associate with other lawyers, you should sign a new contract that includes the new lawyers. You, the client, also have the right to consult with each lawyer working on your case and each lawyer is legally responsible to represent your interests and is legally responsible for the acts of the other lawyers involved in the case.

6. You, the client, have the right to know in advance how you will need to pay the expenses and the legal fees at the end of the case. If you pay a deposit in advance for costs, you may ask reasonable questions about how the money will be or has been spent and how much of it remains unspent. Your lawyer should give a reasonable estimate about future necessary costs. If your lawyer agrees to lend or advance you money to prepare or research the case, you have the right to know periodically how much money your lawyer has spent on your behalf. You also have the right to decide, after consulting with your lawyer, how much money is to be spent to prepare a case. If you pay the expenses, you have the right to decide how much to spend. Your lawyer should also inform you whether the fee will be based on the gross amount recovered or on the amount recovered minus the costs.

AM MA 000005ʇ

WW MA 0000055

CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER

Stein v. Buccaneers
Retainer Agreement – Devito Orthodontics

7. You, the client, have the right to be told by your lawyer about possible adverse consequences if you lose the case. Those adverse consequences might include money that you might have to pay to your lawyer for costs and liability you might have for attorney's fees, costs, and expenses to the other side.

8. You, the client, have the right to receive and approve a closing statement at the end of the case before you pay any money. The statement must list all of the financial details of the entire case, including the amount recovered, all expenses, and a precise statement of your lawyer's fee. Until you approve the closing statement your lawyer cannot pay any money to anyone, including you, without an appropriate order of the court. You also have the right to have every lawyer or law firm working on your case sign this closing statement.

9. You, the client, have the right to ask your lawyer at reasonable intervals how the case is progressing and to have these questions answered to the best of your lawyer's ability.

10. You, the client, have the right to make the final decision regarding settlement of a case. Your lawyer must notify you of all offers of settlement before and after the trial. Offers during the trial must be immediately communicated and you should consult with your lawyer regarding whether to accept a settlement. However, you must make the final decision to accept or reject a settlement.

11. If at any time you, the client, believe that your lawyer has charged an excessive or illegal fee, you have the right to report the matter to The Florida Bar, the agency that oversees the practice and behavior of all lawyers in Florida. For information on how to reach The Florida Bar, call 850/561-5600, or contact the local bar association. Any disagreement between you and your lawyer about a fee can be taken to court and you may wish to hire another lawyer to help you resolve this disagreement. Usually fee disputes must be handled in a separate lawsuit, unless your fee contract provides for arbitration. You can request, but may not require, that a provision for arbitration (under Chapter 682, Florida Statutes, or under the fee arbitration rule of the Rules Regulating The Florida Bar) be included in your fee contract.

CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER

MM MA 0000056

Stein v. Buccaneers
Retainer Agreement – Devito Orthodontics

## ADDENDUM B

### RIGHTS AND RESPONSIBILITIES
### OF THE CLASS REPRESENTATIVE

 To assist you in understanding your role as class representatives, we briefly set forth below a description of your rights and responsibilities. Please contact us at any time to further clarify any of these points or if you have any questions whatsoever.

 1.     **You are Suing As Class Representatives**. As such, you represent the interests of all class members who have been affected by the challenged conduct.

 2.     **Duty As Class Representatives.** As class representatives, the Court requires that you adequately and fairly represent the class. This is your duty. Here is how you are expected to accomplish that duty:

 a.     You must be generally familiar with the litigation.

 (1)  This does not mean you must know every aspect of this litigation. We will keep you informed of major events, and this will satisfy your duty. You should read the complaint and understand it generally. You should know who the parties are. You should know why you are suing.

 (2)  You may and should confer with us at any time you feel it is appropriate to do so.

 b.     You must vigorously prosecute the litigation.

 This basically means you will authorize your attorneys to do what is necessary to successfully prosecute this case on behalf of the class. You have done so, and we are vigorously pursuing this case.

 c.     You must hire lawyers experienced in class action litigation.

 Your lawyers have national experience in class actions. The lawyers in our firm have participated in numerous class action cases.

 3.     **Responsibility for Costs**. Costs include such items as filing fees, photocopies, transcript costs, and the cost of notices, if necessary. All costs are being advanced by your counsel, and you are not responsible for their payment. Repayment of costs is contingent upon a successful outcome; typically, in such cases, the costs are paid (pursuant to an order of the presiding judge) from the amounts recovered from the Defendants.

 4.     **Notice to the Class.**  You may be responsible for providing notice to the class, depending on whether the rules of the Court or the judge require such notice. We will undertake

Stein v. Buccaneers
Retainer Agreement – Devito Orthodontics

this task on your behalf and advance all costs. Notice is usually accomplished by mailing a copy
to identifiable class members and publishing a copy in newspapers.


5.      **No Special Treatment**. You have not been promised any special treatment other
than the treatment that may be awarded to other class members. If successful, we may ask the
judge to award you additional compensation for the extra time and effort you expend as class
representatives. We cannot guarantee that the judge will award any such amounts but, in our
experience, judges often will do so.

6.      **Attorneys' Fees**. You have no obligation to pay any of our attorneys' fees
(payment for our legal services) unless we obtain a recovery for you, in which case you have
agreed to pay us 1/3 of the recovery received by you or the amount designated by the court or in
any settlement. As explained in the retainer agreement, our fees for the work done for the class
must be approved by the Court and are dependent upon a recovery. You will be provided with
notice of our fee request, and you will have the opportunity to discuss it with us and object to our
request if you choose to do so. In the unlikely event the Court were to award the Defendants'
fees or costs, we will pay these to the extent permitted by law.

7.      **Settlement**. If this case does not go to trial, any settlement must be approved by
the Court. You are entitled to object to the settlement if you do not agree with our
recommendation to settle. We will consult with you before recommending a settlement.

8.      **Judicial Approval**. In prosecuting a class action, all of our actions are subject to
judicial approval and courts take their role seriously. Thus, we are subject to scrutiny that other
lawyers, including Defendants' counsel, never receive. Our actions will always be of the highest
professional caliber.

CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER

WM MA 0000068

## RETAINER AGREEMENT

*Attorney/Client Privilege – **DO NOT PRODUCE***

BY THIS AGREEMENT, **STEVEN J. MELILLI, D.C., P.A.** ("Client"), hereby retains Anderson + Wanca and Addison & Howard, P.A. ("Plaintiff's Counsel") to represent Client regarding any and all claims that the Client may have, or similarly situated individuals (the "Class") may have, against **BUCCANEERS LIMITED PARTNERSHIP** and any related entities ("Defendant"), in connection with the sending of unsolicited advertisements by fax.

**The Action.** Client understands and agrees that this action will be brought on behalf of the Client, individually, and also as a representative of a proposed class of similarly-situated claimants, against the above identified Defendants. Plaintiff's Counsel agree to represent the Client with their best efforts; communicate regularly with the Client; and not to negotiate any settlement of the individual or class action without consulting with the Client.

Client agrees to appear to provide testimony at deposition and trial, as necessary, and to provide relevant documents and information to Plaintiff's Counsel. Client will not discuss, negotiate, enter into or make any settlement and give any release to Defendants unless Plaintiff's Counsel are present to advise and participate in such settlement discussions pursuant to the terms of this agreement.

**Fees and Costs.** The fees payable to Plaintiff's Counsel for this representation shall be contingent on recovery by the Client and/or the Class against Defendants and will be payable solely from the parties against whom the claims are brought, or from any recovery or benefits obtained/provided for the Client and the class. Client understands that Plaintiff's Counsel will advance all costs and expenses incurred in connection with the above-described representation. Client further understands that the costs that are advanced will be deducted from any recovery in this lawsuit after the deduction of the contingent fee percentage recited above. Client assigns to Plaintiff's Counsel all rights conferred by applicable statutes and rules to recover attorneys fees and costs from the Defendants. Unless Client prevails in whole or in part in obtaining relief against one or more of the Defendants, or as otherwise ordered by a Court, **Client will not have to pay any fees or expenses of prosecution to Plaintiff's Counsel or any other attorneys.**

If the Court ultimately certifies a class action, the attorneys' fees for Plaintiff's Counsel and all other attorneys representing the Client and/or the Class will be as ordered by the Court. The amount of fees sought by Plaintiff's Counsel and the amount awarded by the Court will be determined by factors such as the time and labor required, novelty and complexity of the questions presented, significance and responsibility involved in the representation, and the results obtained, the experience and ability of the attorneys. If permitted by the forum in which the lawsuit is pending, Plaintiff's Counsel may seek up to 1/3 of the total recovery obtained in the event of a settlement, trial, or appeal or, in the alternative, such other amount that is determined or approved by the Court as appropriate and just under all of the circumstances. If the attorneys' fee is not required to be determined by the Court for any reason, the total attorneys' fee payable to Plaintiff's Counsel and all other counsel representing the Client will be 1/3 of the

Stein v. Buccaneers
Retainer Agreement - Melilli

total recovery obtained, plus costs and expenses. In addition, Plaintiff's Counsel shall seek payment of all reasonable costs and expenses advanced in connection with the above-described representation. Client agrees that Plaintiff may seek, and a Court may award, such costs to be paid out of any amount recovered by the Class. In any event, the fees and costs sought and approved will be payable solely from the parties against whom the claims are brought or from any recovery or benefits obtained/provided for the Client and the class.

In the event that the class is not certified, Client agrees to pay attorneys' fees equal to one third of the total amount recovered by Client on an individual basis.

If any costs and expenses advanced by Plaintiff's Counsel are separately awarded to or recovered by Client, either by order of the Court or other neutral third party, or as designated in any settlement, Plaintiff's Counsel will be entitled to receive those costs and expenses. If the terms of this agreement ever result in any attorneys' fees that exceed the maximum allowable under law, the fees will be reduced to that level permissible under applicable law. Similarly, if any other provision of this agreement ever is adjudged illegal or unenforceable, the remaining terms of this agreement shall remain in full force and effect.

If a settlement is reached based upon deferred payments of any kind, the attorneys' fees shall be computed based upon the present cash value of such settlement and such fees, and all costs will be paid from the initial payment(s) due under the deferred payment arrangement. In the alternative, Plaintiff's Counsel may, at their discretion, elect to receive payment of any attorneys' fees awarded in a proportional manner at the time that each deferred payment is received.

Plaintiff's Counsel agree that any agreement among counsel as to the division of fees and costs among them is in writing on page 3. By signing this agreement, Client has provided its/his written consent.

The undersigned client has, before signing this contract, received and read the statement of client's rights for contingency fees attached as Addendum A and understands each of the rights set forth therein. The undersigned client has signed the statement and received a signed copy to refer to while being represented by the undersigned attorney(s).

**Class Representative.** Client understands that as a class representative plaintiff, client will be required to act in the best interests of the class as a whole. Client also understands that, as a class representative plaintiff, it is subject to the rights and responsibilities set forth in Addendum B to this Retainer Agreement.

Client also understands the need for continuity of his position as plaintiff in this class action, and agrees that it will continue in that capacity until such time, if any, as the entire class action is resolved, subject to approval of the Court, or the Client is deemed by Plaintiff's Counsel or the Court to be an improper class representative.

**Other Attorneys.** Client agrees that Plaintiff's Counsel may affiliate with other law firms to assist with this representation, shall notify Client of such affiliation, and shall provide

AM MA 0000069

CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER

Aug. 7. 2015  6:14PM   melilli chiro                    No. 7686   P. 3

Stein v. Buccaneers
Retainer Agreement - Melilli

Client with such other attorney's agreement to the terms of the this Retainer Agreement, and
shall obtain Client's written consent to such retention.  Client agrees that 16% of the fees
awarded by the Court shall be paid jointly to *Siprut PC and James M. Thomas Law Firm;* 28%
of the fees to *Addison & Howard, P.A.* and the remaining 56% of the fees to *Anderson +
Wanca.*

Client agrees that he is not now and has not ever been represented by any other attorney
with regard to the claims against Defendants other than Siprut PC and James M. Thomas Law
Firm through the date of this agreement.  By signing this contract, client cancels and terminates
the prior agreement with Siprut PC and James M. Thomas Law Firm.  This contract controls the
handling of this matter going forward.

**Cancellation.** This contract may be cancelled by written notification to the attorney at
any time within 3 business days of the date the contract was signed, as shown below, and if
cancelled the client shall not be obligated to pay any fees to the attorney for the work performed
during that time. If the attorney has advanced funds to others in representation of the client, the
attorney is entitled to be reimbursed for such amounts as the attorney has reasonably advanced
on behalf of the client

Dated: 8-7-15

on behalf of Steven J. Melilli, D.C., P.A.

The Retainer Agreement is accepted by the undersigned law firms:

Dated: _____

Anderson + Wanca
By: _____
Brian J. Wanca
*Admitted to practice in Illinois but not in Florida*

Addison & Howard, P.A.
By: _____
Michael C. Addison
*Admitted to practice in Florida*

Siprut PC
By: _____
Joseph J. Siprut

James M. Thomas Law Firm
By: _____
James M. Thomas

CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER

WM MA 0000001

Stein v. Buccaneers
Retainer Agreement - Melilli

## ADDENDUM A

### STATEMENT OF CLIENT'S RIGHTS
### FOR CONTINGENCY FEES

Before you, the prospective client, arrange a contingent fee agreement with a lawyer, you should understand this statement of your rights as a client. This statement is not a part of the actual contract between you and your lawyer, but, as a prospective client, you should be aware of these rights:

1. There is no legal requirement that a lawyer charge a client a set fee or a percentage of money recovered in a case. You, the client, have the right to talk with your lawyer about the proposed fee and to bargain about the rate or percentage as in any other contract. If you do not reach an agreement with 1 lawyer you may talk with other lawyers.

2. Any contingent fee contract must be in writing and you have 3 business days to reconsider the contract. You may cancel the contract without any reason if you notify your lawyer in writing within 3 business days of signing the contract. If you withdraw from the contract within the first 3 business days, you do not owe the lawyer a fee although you may be responsible for the lawyer's actual costs during that time. If your lawyer begins to represent you, your lawyer may not withdraw from the case without giving you notice, delivering necessary papers to you, and allowing you time to employ another lawyer. Often, your lawyer must obtain court approval before withdrawing from a case. If you discharge your lawyer without good cause after the 3-day period, you may have to pay a fee for work the lawyer has done.

3. Before hiring a lawyer, you, the client, have the right to know about the lawyer's education, training, and experience. If you ask, the lawyer should tell you specifically about the lawyer's actual experience dealing with cases similar to yours. If you ask, the lawyer should provide information about special training or knowledge and give you this information in writing if you request it.

4. Before signing a contingent fee contract with you, a lawyer must advise you whether the lawyer intends to handle your case alone or whether other lawyers will be helping with the case. If your lawyer intends to refer the case to other lawyers, the lawyer should tell you what kind of fee sharing arrangement will be made with the other lawyers. If lawyers from different law firms will represent you, at least 1 lawyer from each law firm must sign the contingent fee contract.

5. If your lawyer intends to refer your case to another lawyer or counsel with other lawyers, your lawyer should tell you about that at the beginning. If your lawyer takes the case and later decides to refer it to another lawyer or to associate with other lawyers, you should sign a new contract that includes the new lawyers. You, the client, also have the right to consult with each lawyer working on your case and each lawyer is legally responsible to represent your interests and is legally responsible for the acts of the other lawyers involved in the case.

6. You, the client, have the right to know in advance how you will need to pay the expenses and the legal fees at the end of the case. If you pay a deposit in advance for costs, you may ask reasonable questions about how the money will be or has been spent and how much of it remains unspent. Your lawyer should give a reasonable estimate about future necessary costs. If your lawyer agrees to lend or advance you money to prepare or research the case, you have the right to know periodically how much money your lawyer has spent on your behalf. You also have the right to decide, after consulting with your lawyer, how much money is to be spent to prepare a case. If you pay the expenses, you have the right to decide how much to spend. Your lawyer should also inform you whether the fee will be based on the gross amount recovered or on the amount recovered minus the costs.

CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER

WM MA 0000062

Stein v. Buccaneers
Retainer Agreement - Melilli

7. You, the client, have the right to be told by your lawyer about possible adverse consequences if you lose the case. Those adverse consequences might include money that you might have to pay to your lawyer for costs and liability you might have for attorney's fees, costs, and expenses to the other side.

8. You, the client, have the right to receive and approve a closing statement at the end of the case before you pay any money. The statement must list all of the financial details of the entire case, including the amount recovered, all expenses, and a precise statement of your lawyer's fee. Until you approve the closing statement your lawyer cannot pay any money to anyone, including you, without an appropriate order of the court. You also have the right to have every lawyer or law firm working on your case sign this closing statement.

9. You, the client, have the right to ask your lawyer at reasonable intervals how the case is progressing and to have these questions answered to the best of your lawyer's ability.

10. You, the client, have the right to make the final decision regarding settlement of a case. Your lawyer must notify you of all offers of settlement before and after the trial. Offers during the trial must be immediately communicated and you should consult with your lawyer regarding whether to accept a settlement. However, you must make the final decision to accept or reject a settlement.

11. If at any time you, the client, believe that your lawyer has charged an excessive or illegal fee, you have the right to report the matter to The Florida Bar, the agency that oversees the practice and behavior of all lawyers in Florida. For information on how to reach The Florida Bar, call 850/561-5600, or contact the local bar association. Any disagreement between you and your lawyer about a fee can be taken to court and you may wish to hire another lawyer to help you resolve this disagreement. Usually fee disputes must be handled in a separate lawsuit, unless your fee contract provides for arbitration. You can request, but may not require, that a provision for arbitration (under Chapter 682, Florida Statutes, or under the fee arbitration rule of the Rules Regulating The Florida Bar) be included in your fee contract.

CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER

AW MA 0000063

Stein v. Buccaneers
Retainer Agreement - Melilli

## **ADDENDUM B**

### **RIGHTS AND RESPONSIBILITIES**
### **OF THE CLASS REPRESENTATIVE**

To assist you in understanding your role as class representatives, we briefly set forth below a description of your rights and responsibilities.  Please contact us at any time to further clarify any of these points or if you have any questions whatsoever.

1.      **You are Suing As Class Representatives**. As such, you represent the interests of all class members who have been affected by the challenged conduct.

2.      **Duty As Class Representatives.**  As class representatives, the Court requires that you adequately and fairly represent the class.  This is your duty.  Here is how you are expected to accomplish that duty:

a.      You must be generally familiar with the litigation.

(1)  This does not mean you must know every aspect of this litigation.  We will keep you informed of major events, and this will satisfy your duty. You should read the complaint and understand it generally.  You should know who the parties are.  You should know why you are suing.

(2)  You may and should confer with us at any time you feel it is appropriate to do so.

b.      You must vigorously prosecute the litigation.

This basically means you will authorize your attorneys to do what is necessary to successfully prosecute this case on behalf of the class. You have done so, and we are vigorously pursuing this case.

c.      You must hire lawyers experienced in class action litigation.

Your lawyers have national experience in class actions.  The lawyers in our firm have participated in numerous class action cases.

3.      **Responsibility for Costs**.  Costs include such items as filing fees, photocopies, transcript costs, and the cost of notices, if necessary.  All costs are being advanced by your counsel, and you are not responsible for their payment.  Repayment of costs is contingent upon a successful outcome; typically, in such cases, the costs are paid (pursuant to an order of the presiding judge) from the amounts recovered from the Defendants.

4.      **Notice to the Class**.  You may be responsible for providing notice to the class, depending on whether the rules of the Court or the judge require such notice.  We will undertake

AW MA 0000064

CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER

Stein v. Buccaneers
Retainer Agreement - Melilli

this task on your behalf and advance all costs. Notice is usually accomplished by mailing a copy
to identifiable class members and publishing a copy in newspapers.

5. **No Special Treatment**. You have not been promised any special treatment other
than the treatment that may be awarded to other class members. If successful, we may ask the
judge to award you additional compensation for the extra time and effort you expend as class
representatives. We cannot guarantee that the judge will award any such amounts but, in our
experience, judges often will do so.

6. **Attorneys' Fees**. You have no obligation to pay any of our attorneys' fees
(payment for our legal services) unless we obtain a recovery for you, in which case you have
agreed to pay us 1/3 of the recovery received by you or the amount designated by the court or in
any settlement. As explained in the retainer agreement, our fees for the work done for the class
must be approved by the Court and are dependent upon a recovery. You will be provided with
notice of our fee request, and you will have the opportunity to discuss it with us and object to our
request if you choose to do so. In the unlikely event the Court were to award the Defendants'
fees or costs, we will pay these to the extent permitted by law.

7. **Settlement**. If this case does not go to trial, any settlement must be approved by
the Court. You are entitled to object to the settlement if you do not agree with our
recommendation to settle. We will consult with you before recommending a settlement.

8. **Judicial Approval**. In prosecuting a class action, all of our actions are subject to
judicial approval and courts take their role seriously. Thus, we are subject to scrutiny that other
lawyers, including Defendants' counsel, never receive. Our actions will always be of the highest
professional caliber.

ΜΜ ΜΑ 0000065

CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER

## RETAINER AGREEMENT

*Attorney/Client Privilege* – **DO NOT PRODUCE**

BY THIS AGREEMENT, **JONATHAN HALL** ("Client"), hereby retains Anderson + Wanca and Addison & Howard, P.A. ("Plaintiff's Counsel") to represent Client regarding any and all claims that the Client may have, or similarly situated individuals (the "Class") may have, against **BUCCANEERS LIMITED PARTNERSHIP** and any related entities ("Defendant"), in connection with the sending of unsolicited advertisements by fax.

**The Action.** Client understands and agrees that this action will be brought on behalf of the Client, individually, and also as a representative of a proposed class of similarly-situated claimants, against the above identified Defendants. Plaintiff's Counsel agree to represent the Client with their best efforts; communicate regularly with the Client; and not to negotiate any settlement of the individual or class action without consulting with the Client.

Client agrees to appear to provide testimony at deposition and trial, as necessary, and to provide relevant documents and information to Plaintiff's Counsel. Client will not discuss, negotiate, enter into or make any settlement and give any release to Defendants unless Plaintiff's Counsel are present to advise and participate in such settlement discussions pursuant to the terms of this agreement.

**Fees and Costs.** The fees payable to Plaintiff's Counsel for this representation shall be contingent on recovery by the Client and/or the Class against Defendants and will be payable solely from the parties against whom the claims are brought, or from any recovery or benefits obtained/provided for the Client and the class. Client understands that Plaintiff's Counsel will advance all costs and expenses incurred in connection with the above-described representation. Client further understands that the costs that are advanced will be deducted from any recovery in this lawsuit after the deduction of the contingent fee percentage recited above. Client assigns to Plaintiff's Counsel all rights conferred by applicable statutes and rules to recover attorneys fees and costs from the Defendants. Unless Client prevails in whole or in part in obtaining relief against one or more of the Defendants, or as otherwise ordered by a Court, **Client will not have to pay any fees or expenses of prosecution to Plaintiff's Counsel or any other attorneys.**

If the Court ultimately certifies a class action, the attorneys' fees for Plaintiff's Counsel and all other attorneys representing the Client and/or the Class will be as ordered by the Court. The amount of fees sought by Plaintiff's Counsel and the amount awarded by the Court will be determined by factors such as the time and labor required, novelty and complexity of the questions presented, significance and responsibility involved in the representation, and the results obtained, the experience and ability of the attorneys. If permitted by the forum in which the lawsuit is pending, Plaintiff's Counsel may seek up to 1/3 of the total recovery obtained in the event of a settlement, trial, or appeal or, in the alternative, such other amount that is determined or approved by the Court as appropriate and just under all of the circumstances. If the attorneys' fee is not required to be determined by the Court for any reason, the total attorneys' fee payable to Plaintiff's Counsel and all other counsel representing the Client will be 1/3 of the

Stein v. Buccaneers
Retainer Agreement – Jonathan Hall

total recovery obtained, plus costs and expenses. In addition, Plaintiff's Counsel shall seek payment of all reasonable costs and expenses advanced in connection with the above-described representation. Client agrees that Plaintiff may seek, and a Court may award, such costs to be paid out of any amount recovered by the Class. In any event, the fees and costs sought and approved will be payable solely from the parties against whom the claims are brought or from any recovery or benefits obtained/provided for the Client and the class.

In the event that the class is not certified, Client agrees to pay attorneys' fees equal to one third of the total amount recovered by Client on an individual basis.

If any costs and expenses advanced by Plaintiff's Counsel are separately awarded to or recovered by Client, either by order of the Court or other neutral third party, or as designated in any settlement, Plaintiff's Counsel will be entitled to receive those costs and expenses. If the terms of this agreement ever result in any attorneys' fees that exceed the maximum allowable under law, the fees will be reduced to that level permissible under applicable law. Similarly, if any other provision of this agreement ever is adjudged illegal or unenforceable, the remaining terms of this agreement shall remain in full force and effect.

If a settlement is reached based upon deferred payments of any kind, the attorneys' fees shall be computed based upon the present cash value of such settlement and such fees, and all costs will be paid from the initial payment(s) due under the deferred payment arrangement. In the alternative, Plaintiff's Counsel may, at their discretion, elect to receive payment of any attorneys' fees awarded in a proportional manner at the time that each deferred payment is received.

Plaintiff's Counsel agree that any agreement among counsel as to the division of fees and costs among them is in writing on page 3.  By signing this agreement, Client has provided its/his written consent.

The undersigned client has, before signing this contract, received and read the statement of client's rights for contingency fees attached as Addendum A and understands each of the rights set forth therein. The undersigned client has signed the statement and received a signed copy to refer to while being represented by the undersigned attorney(s).

**Class Representative.** Client understands that as a class representative plaintiff, client will be required to act in the best interests of the class as a whole.  Client also understands that, as a class representative plaintiff, it is subject to the rights and responsibilities set forth in Addendum B to this Retainer Agreement.

Client also understands the need for continuity of his position as plaintiff in this class action, and agrees that it will continue in that capacity until such time, if any, as the entire class action is resolved, subject to approval of the Court, or the Client is deemed by Plaintiff's Counsel or the Court to be an improper class representative.

**Other Attorneys.** Client agrees that Plaintiff's Counsel may affiliate with other law firms to assist with this representation, shall notify Client of such affiliation, and shall provide

Stein v. Buccaneers
Retainer Agreement – Jonathan Hall

Client with such other attorney's agreement to the terms of the this Retainer Agreement, and shall obtain Client's written consent to such retention.  Client agrees that 16% of the fees awarded by the Court shall be paid jointly to *Siprut PC and James M. Thomas Law Firm*; 28% of the fees to *Addison & Howard, P.A.* and the remaining 56% of the fees to *Anderson + Wanca*.

Client agrees that he is not now and has not ever been represented by any other attorney with regard to the claims against Defendants other than Siprut PC and James M. Thomas Law Firm through the date of this agreement.  By signing this contract, client cancels and terminates the prior agreement with Siprut PC and James M. Thomas Law Firm.  This contract controls the handling of this matter going forward.

**Cancellation.**  This contract may be cancelled by written notification to the attorney at any time within 3 business days of the date the contract was signed, as shown below, and if cancelled the client shall not be obligated to pay any fees to the attorney for the work performed during that time.  If the attorney has advanced funds to others in representation of the client, the attorney is entitled to be reimbursed for such amounts as the attorney has reasonably advanced on behalf of the client.

Dated:  8/7/15

_____
JONATHAN HALL

The Retainer Agreement is accepted by the undersigned law firms:

Dated: _____

**Anderson + Wanca**
By: _____
Brian J. Wanca
*Admitted to practice in Illinois but not in Florida*

**Addison & Howard, P.A.**
By: _____
Michael C. Addison
*Admitted to practice in Florida*

**Siprut PC**
By: _____
Joseph J. Siprut

**James M. Thomas Law Firm**
By: _____
James M. Thomas

Stein v. Buccaneers
Retainer Agreement – Jonathan Hall

## ADDENDUM A

### STATEMENT OF CLIENT'S RIGHTS
### FOR CONTINGENCY FEES

Before you, the prospective client, arrange a contingent fee agreement with a lawyer, you should understand this statement of your rights as a client. This statement is not a part of the actual contract between you and your lawyer, but, as a prospective client, you should be aware of these rights:

1. There is no legal requirement that a lawyer charge a client a set fee or a percentage of money recovered in a case. You, the client, have the right to talk with your lawyer about the proposed fee and to bargain about the rate or percentage as in any other contract. If you do not reach an agreement with 1 lawyer you may talk with other lawyers.

2. Any contingent fee contract must be in writing and you have 3 business days to reconsider the contract. You may cancel the contract without any reason if you notify your lawyer in writing within 3 business days of signing the contract. If you withdraw from the contract within the first 3 business days, you do not owe the lawyer a fee although you may be responsible for the lawyer's actual costs during that time. If your lawyer begins to represent you, your lawyer may not withdraw from the case without giving you notice, delivering necessary papers to you, and allowing you time to employ another lawyer. Often, your lawyer must obtain court approval before withdrawing from a case. If you discharge your lawyer without good cause after the 3-day period, you may have to pay a fee for work the lawyer has done.

3. Before hiring a lawyer, you, the client, have the right to know about the lawyer's education, training, and experience. If you ask, the lawyer should tell you specifically about the lawyer's actual experience dealing with cases similar to yours. If you ask, the lawyer should provide information about special training or knowledge and give you this information in writing if you request it.

4. Before signing a contingent fee contract with you, a lawyer must advise you whether the lawyer intends to handle your case alone or whether other lawyers will be helping with the case. If your lawyer intends to refer the case to other lawyers, the lawyer should tell you what kind of fee sharing arrangement will be made with the other lawyers. If lawyers from different law firms will represent you, at least 1 lawyer from each law firm must sign the contingent fee contract.

5. If your lawyer intends to refer your case to another lawyer or counsel with other lawyers, your lawyer should tell you about that at the beginning. If your lawyer takes the case and later decides to refer it to another lawyer or to associate with other lawyers, you should sign a new contract that includes the new lawyers. You, the client, also have the right to consult with each lawyer working on your case and each lawyer is legally responsible to represent your interests and is legally responsible for the acts of the other lawyers involved in the case.

6. You, the client, have the right to know in advance how you will need to pay the expenses and the legal fees at the end of the case. If you pay a deposit in advance for costs, you may ask reasonable questions about how the money will be or has been spent and how much of it remains unspent. Your lawyer should give a reasonable estimate about future necessary costs. If your lawyer agrees to lend or advance you money to prepare or research the case, you have the right to know periodically how much money your lawyer has spent on your behalf. You also have the right to decide, after consulting with your lawyer, how much money is to be spent to prepare a case. If you pay the expenses, you have the right to decide how much to spend. Your lawyer should also inform you whether the fee will be based on the gross amount recovered or on the amount recovered minus the costs.

Stein v. Buccaneers
Retainer Agreement – Jonathan Hall

7. You, the client, have the right to be told by your lawyer about possible adverse consequences if you lose the case. Those adverse consequences might include money that you might have to pay to your lawyer for costs and liability you might have for attorney's fees, costs, and expenses to the other side.

8. You, the client, have the right to receive and approve a closing statement at the end of the case before you pay any money. The statement must list all of the financial details of the entire case, including the amount recovered, all expenses, and a precise statement of your lawyer's fee. Until you approve the closing statement your lawyer cannot pay any money to anyone, including you, without an appropriate order of the court. You also have the right to have every lawyer or law firm working on your case sign this closing statement.

9. You, the client, have the right to ask your lawyer at reasonable intervals how the case is progressing and to have these questions answered to the best of your lawyer's ability.

10. You, the client, have the right to make the final decision regarding settlement of a case. Your lawyer must notify you of all offers of settlement before and after the trial. Offers during the trial must be immediately communicated and you should consult with your lawyer regarding whether to accept a settlement. However, you must make the final decision to accept or reject a settlement.

11. If at any time you, the client, believe that your lawyer has charged an excessive or illegal fee, you have the right to report the matter to The Florida Bar, the agency that oversees the practice and behavior of all lawyers in Florida. For information on how to reach The Florida Bar, call 850/561-5600, or contact the local bar association. Any disagreement between you and your lawyer about a fee can be taken to court and you may wish to hire another lawyer to help you resolve this disagreement. Usually fee disputes must be handled in a separate lawsuit, unless your fee contract provides for arbitration. You can request, but may not require, that a provision for arbitration (under Chapter 682, Florida Statutes, or under the fee arbitration rule of the Rules Regulating The Florida Bar) be included in your fee contract.

070000 AW MA

Stein v. Buccaneers
Retainer Agreement – Jonathan Hall

## ADDENDUM B

### RIGHTS AND RESPONSIBILITIES
### OF THE CLASS REPRESENTATIVE

To assist you in understanding your role as class representatives, we briefly set forth below a description of your rights and responsibilities. Please contact us at any time to further clarify any of these points or if you have any questions whatsoever.

1.      **You are Suing As Class Representatives**. As such, you represent the interests of all class members who have been affected by the challenged conduct.

2.      **Duty As Class Representatives.** As class representatives, the Court requires that you adequately and fairly represent the class. This is your duty. Here is how you are expected to accomplish that duty:

    a.      You must be generally familiar with the litigation.

            (1) This does not mean you must know every aspect of this litigation. We will keep you informed of major events, and this will satisfy your duty. You should read the complaint and understand it generally. You should know who the parties are. You should know why you are suing.

            (2) You may and should confer with us at any time you feel it is appropriate to do so.

    b.      You must vigorously prosecute the litigation.

            This basically means you will authorize your attorneys to do what is necessary to successfully prosecute this case on behalf of the class. You have done so, and we are vigorously pursuing this case.

    c.      You must hire lawyers experienced in class action litigation.

            Your lawyers have national experience in class actions. The lawyers in our firm have participated in numerous class action cases.

3.      **Responsibility for Costs**. Costs include such items as filing fees, photocopies, transcript costs, and the cost of notices, if necessary. All costs are being advanced by your counsel, and you are not responsible for their payment. Repayment of costs is contingent upon a successful outcome; typically, in such cases, the costs are paid (pursuant to an order of the presiding judge) from the amounts recovered from the Defendants.

4.      **Notice to the Class**.   You may be responsible for providing notice to the class, depending on whether the rules of the Court or the judge require such notice. We will undertake

AW MA 0000071

Stein v. Buccaneers
Retainer Agreement – Jonathan Hall

this task on your behalf and advance all costs. Notice is usually accomplished by mailing a copy to identifiable class members and publishing a copy in newspapers.

5. **No Special Treatment**. You have not been promised any special treatment other than the treatment that may be awarded to other class members. If successful, we may ask the judge to award you additional compensation for the extra time and effort you expend as class representatives. We cannot guarantee that the judge will award any such amounts but, in our experience, judges often will do so.

6. **Attorneys' Fees**. You have no obligation to pay any of our attorneys' fees (payment for our legal services) unless we obtain a recovery for you, in which case you have agreed to pay us 1/3 of the recovery received by you or the amount designated by the court or in any settlement. As explained in the retainer agreement, our fees for the work done for the class must be approved by the Court and are dependent upon a recovery. You will be provided with notice of our fee request, and you will have the opportunity to discuss it with us and object to our request if you choose to do so. In the unlikely event the Court were to award the Defendants' fees or costs, we will pay these to the extent permitted by law.

7. **Settlement**. If this case does not go to trial, any settlement must be approved by the Court. You are entitled to object to the settlement if you do not agree with our recommendation to settle. We will consult with you before recommending a settlement.

8. **Judicial Approval**. In prosecuting a class action, all of our actions are subject to judicial approval and courts take their role seriously. Thus, we are subject to scrutiny that other lawyers, including Defendants' counsel, never receive. Our actions will always be of the highest professional caliber.

CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER

WW MA 0000072

# RETAINER AGREEMENT

*Attorney/Client Privilege – **DO NOT PRODUCE***

BY THIS AGREEMENT, **CHARLES R. HATLEY, INC.** ("Client"), hereby retains Anderson + Wanca and Addison & Howard, P.A. ("Plaintiff's Counsel") to represent Client regarding any and all claims that the Client may have, or similarly situated individuals (the "Class") may have, against **BUCCANEERS LIMITED PARTNERSHIP** and any related entities ("Defendant"), in connection with the sending of unsolicited advertisements by fax.

**The Action.** Client understands and agrees that this action will be brought on behalf of the Client, individually, and also as a representative of a proposed class of similarly-situated claimants, against the above identified Defendants. Plaintiff's Counsel agree to represent the Client with their best efforts; communicate regularly with the Client; and not to negotiate any settlement of the individual or class action without consulting with the Client.

Client agrees to appear to provide testimony at deposition and trial, as necessary, and to provide relevant documents and information to Plaintiff's Counsel. Client will not discuss, negotiate, enter into or make any settlement and give any release to Defendants unless Plaintiff's Counsel are present to advise and participate in such settlement discussions pursuant to the terms of this agreement.

**Fees and Costs.** The fees payable to Plaintiff's Counsel for this representation shall be contingent on recovery by the Client and/or the Class against Defendants and will be payable solely from the parties against whom the claims are brought, or from any recovery or benefits obtained/provided for the Client and the class. Client understands that Plaintiff's Counsel will advance all costs and expenses incurred in connection with the above-described representation. Client further understands that the costs that are advanced will be deducted from any recovery in this lawsuit after the deduction of the contingent fee percentage recited above. Client assigns to Plaintiff's Counsel all rights conferred by applicable statutes and rules to recover attorneys fees and costs from the Defendants. Unless Client prevails in whole or in part in obtaining relief against one or more of the Defendants, or as otherwise ordered by a Court, **Client will not have to pay any fees or expenses of prosecution to Plaintiff's Counsel or any other attorneys.**

If the Court ultimately certifies a class action, the attorneys' fees for Plaintiff's Counsel and all other attorneys representing the Client and/or the Class will be as ordered by the Court. The amount of fees sought by Plaintiff's Counsel and the amount awarded by the Court will be determined by factors such as the time and labor required, novelty and complexity of the questions presented, significance and responsibility involved in the representation, and the results obtained, the experience and ability of the attorneys. If permitted by the forum in which the lawsuit is pending, Plaintiff's Counsel may seek up to 1/3 of the total recovery obtained in the event of a settlement, trial, or appeal or, in the alternative, such other amount that is determined or approved by the Court as appropriate and just under all of the circumstances. If the attorneys' fee is not required to be determined by the Court for any reason, the total attorneys' fee payable to Plaintiff's Counsel and all other counsel representing the Client will be 1/3 of the

Stein v. Buccaneers
Retainer Agreement – Charles R. Hatley, Inc.

total recovery obtained, plus costs and expenses. In addition, Plaintiff's Counsel shall seek payment of all reasonable costs and expenses advanced in connection with the above-described representation. Client agrees that Plaintiff may seek, and a Court may award, such costs to be paid out of any amount recovered by the Class. In any event, the fees and costs sought and approved will be payable solely from the parties against whom the claims are brought or from any recovery or benefits obtained/provided for the Client and the class.

In the event that the class is not certified, Client agrees to pay attorneys' fees equal to one third of the total amount recovered by Client on an individual basis.

If any costs and expenses advanced by Plaintiff's Counsel are separately awarded to or recovered by Client, either by order of the Court or other neutral third party, or as designated in any settlement, Plaintiff's Counsel will be entitled to receive those costs and expenses. If the terms of this agreement ever result in any attorneys' fees that exceed the maximum allowable under law, the fees will be reduced to that level permissible under applicable law. Similarly, if any other provision of this agreement ever is adjudged illegal or unenforceable, the remaining terms of this agreement shall remain in full force and effect.

If a settlement is reached based upon deferred payments of any kind, the attorneys' fees shall be computed based upon the present cash value of such settlement and such fees, and all costs will be paid from the initial payment(s) due under the deferred payment arrangement. In the alternative, Plaintiff's Counsel may, at their discretion, elect to receive payment of any attorneys' fees awarded in a proportional manner at the time that each deferred payment is received.

Plaintiff's Counsel agree that any agreement among counsel as to the division of fees and costs among them is in writing on page 3.   By signing this agreement, Client has provided its/his written consent.

The undersigned client has, before signing this contract, received and read the statement of client's rights for contingency fees attached as Addendum A and understands each of the rights set forth therein. The undersigned client has signed the statement and received a signed copy to refer to while being represented by the undersigned attorney(s).

**Class Representative.** Client understands that as a class representative plaintiff, client will be required to act in the best interests of the class as a whole.  Client also understands that, as a class representative plaintiff, it is subject to the rights and responsibilities set forth in Addendum B to this Retainer Agreement.

Client also understands the need for continuity of his position as plaintiff in this class action, and agrees that it will continue in that capacity until such time, if any, as the entire class action is resolved, subject to approval of the Court, or the Client is deemed by Plaintiff's Counsel or the Court to be an improper class representative.

**Other Attorneys.** Client agrees that Plaintiff's Counsel may affiliate with other law firms to assist with this representation, shall notify Client of such affiliation, and shall provide

CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER

AW MA 000074

Stein v. Buccaneers
Retainer Agreement – Charles R. Hatley, Inc.

Client with such other attorney's agreement to the terms of the this Retainer Agreement, and shall obtain Client's written consent to such retention. Client agrees that 16% of the fees awarded by the Court shall be paid jointly to *Siprut PC and James M. Thomas Law Firm*; 28% of the fees to *Addison & Howard, P.A.* and the remaining 56% of the fees to *Anderson + Wanca*.

Client agrees that he is not now and has not ever been represented by any other attorney with regard to the claims against Defendants other than Siprut PC and James M. Thomas Law Firm through the date of this agreement. By signing this contract, client cancels and terminates the prior agreement with Siprut PC and James M. Thomas Law Firm. This contract controls the handling of this matter going forward.

**Cancellation.** This contract may be cancelled by written notification to the attorney at any time within 3 business days of the date the contract was signed, as shown below, and if cancelled the client shall not be obligated to pay any fees to the attorney for the work performed during that time. If the attorney has advanced funds to others in representation of the client, the attorney is entitled to be reimbursed for such amounts as the attorney has reasonably advanced on behalf of the client

Dated: 8-3-15

on behalf of Charles R. Hatley, Inc.
(formerly known as American Professional Pest
Control Services, Inc.)

The Retainer Agreement is accepted by the undersigned law firms:

Dated: _____

Anderson + Wanca
By: _____
Brian J. Wanca
*Admitted to practice in Illinois but not in Florida*

Addison & Howard, P.A.
By: _____
Michael C. Addison
*Admitted to practice in Florida*

Siprut PC
By: _____
Joseph J. Siprut

James M. Thomas Law Firm
By: _____
James M. Thomas

MM MA 0000075

Stein v. Buccaneers
Retainer Agreement – Charles R. Hatley, Inc.

## ADDENDUM A

### STATEMENT OF CLIENT'S RIGHTS
### FOR CONTINGENCY FEES

Before you, the prospective client, arrange a contingent fee agreement with a lawyer, you should understand this statement of your rights as a client. This statement is not a part of the actual contract between you and your lawyer, but, as a prospective client, you should be aware of these rights:

1. There is no legal requirement that a lawyer charge a client a set fee or a percentage of money recovered in a case. You, the client, have the right to talk with your lawyer about the proposed fee and to bargain about the rate or percentage as in any other contract. If you do not reach an agreement with 1 lawyer you may talk with other lawyers.

2. Any contingent fee contract must be in writing and you have 3 business days to reconsider the contract. You may cancel the contract without any reason if you notify your lawyer in writing within 3 business days of signing the contract. If you withdraw from the contract within the first 3 business days, you do not owe the lawyer a fee although you may be responsible for the lawyer's actual costs during that time. If your lawyer begins to represent you, your lawyer may not withdraw from the case without giving you notice, delivering necessary papers to you, and allowing you time to employ another lawyer. Often, your lawyer must obtain court approval before withdrawing from a case. If you discharge your lawyer without good cause after the 3-day period, you may have to pay a fee for work the lawyer has done.

3. Before hiring a lawyer, you, the client, have the right to know about the lawyer's education, training, and experience. If you ask, the lawyer should tell you specifically about the lawyer's actual experience dealing with cases similar to yours. If you ask, the lawyer should provide information about special training or knowledge and give you this information in writing if you request it.

4. Before signing a contingent fee contract with you, a lawyer must advise you whether the lawyer intends to handle your case alone or whether other lawyers will be helping with the case. If your lawyer intends to refer the case to other lawyers, the lawyer should tell you what kind of fee sharing arrangement will be made with the other lawyers. If lawyers from different law firms will represent you, at least 1 lawyer from each law firm must sign the contingent fee contract.

5. If your lawyer intends to refer your case to another lawyer or counsel with other lawyers, your lawyer should tell you about that at the beginning. If your lawyer takes the case and later decides to refer it to another lawyer or to associate with other lawyers, you should sign a new contract that includes the new lawyers. You, the client, also have the right to consult with each lawyer working on your case and each lawyer is legally responsible to represent your interests and is legally responsible for the acts of the other lawyers involved in the case.

6. You, the client, have the right to know in advance how you will need to pay the expenses and the legal fees at the end of the case. If you pay a deposit in advance for costs, you may ask reasonable questions about how the money will be or has been spent and how much of it remains unspent. Your lawyer should give a reasonable estimate about future necessary costs. If your lawyer agrees to lend or advance you money to prepare or research the case, you have the right to know periodically how much money your lawyer has spent on your behalf. You also have the right to decide, after consulting with your lawyer, how much money is to be spent to prepare a case. If you pay the expenses, you have the right to decide how much to spend. Your lawyer should also inform you whether the fee will be based on the gross amount recovered or on the amount recovered minus the costs.

CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER

Stein v. Buccaneers
Retainer Agreement – Charles R. Hatley, Inc.

7. You, the client, have the right to be told by your lawyer about possible adverse consequences if you lose the case. Those adverse consequences might include money that you might have to pay to your lawyer for costs and liability you might have for attorney's fees, costs, and expenses to the other side.

8. You, the client, have the right to receive and approve a closing statement at the end of the case before you pay any money. The statement must list all of the financial details of the entire case, including the amount recovered, all expenses, and a precise statement of your lawyer's fee. Until you approve the closing statement your lawyer cannot pay any money to anyone, including you, without an appropriate order of the court. You also have the right to have every lawyer or law firm working on your case sign this closing statement.

9. You, the client, have the right to ask your lawyer at reasonable intervals how the case is progressing and to have these questions answered to the best of your lawyer's ability.

10. You, the client, have the right to make the final decision regarding settlement of a case. Your lawyer must notify you of all offers of settlement before and after the trial. Offers during the trial must be immediately communicated and you should consult with your lawyer regarding whether to accept a settlement. However, you must make the final decision to accept or reject a settlement.

11. If at any time you, the client, believe that your lawyer has charged an excessive or illegal fee, you have the right to report the matter to The Florida Bar, the agency that oversees the practice and behavior of all lawyers in Florida. For information on how to reach The Florida Bar, call 850/561-5600, or contact the local bar association. Any disagreement between you and your lawyer about a fee can be taken to court and you may wish to hire another lawyer to help you resolve this disagreement. Usually fee disputes must be handled in a separate lawsuit, unless your fee contract provides for arbitration. You can request, but may not require, that a provision for arbitration (under Chapter 682, Florida Statutes, or under the fee arbitration rule of the Rules Regulating The Florida Bar) be included in your fee contract.

CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER

AW MA 0000077

Stein v. Buccaneers
Retainer Agreement – Charles R. Hatley, Inc.

## ADDENDUM B

## RIGHTS AND RESPONSIBILITIES
## OF THE CLASS REPRESENTATIVE

To assist you in understanding your role as class representatives, we briefly set forth below a description of your rights and responsibilities. Please contact us at any time to further clarify any of these points or if you have any questions whatsoever.

1.    **You are Suing As Class Representatives**. As such, you represent the interests of all class members who have been affected by the challenged conduct.

2.    **Duty As Class Representatives.** As class representatives, the Court requires that you adequately and fairly represent the class. This is your duty. Here is how you are expected to accomplish that duty:

a.    You must be generally familiar with the litigation.

(1) This does not mean you must know every aspect of this litigation. We will keep you informed of major events, and this will satisfy your duty. You should read the complaint and understand it generally. You should know who the parties are. You should know why you are suing.

(2) You may and should confer with us at any time you feel it is appropriate to do so.

b.    You must vigorously prosecute the litigation.

This basically means you will authorize your attorneys to do what is necessary to successfully prosecute this case on behalf of the class. You have done so, and we are vigorously pursuing this case.

c.    You must hire lawyers experienced in class action litigation.

Your lawyers have national experience in class actions. The lawyers in our firm have participated in numerous class action cases.

3.    **Responsibility for Costs**. Costs include such items as filing fees, photocopies, transcript costs, and the cost of notices, if necessary. All costs are being advanced by your counsel, and you are not responsible for their payment. Repayment of costs is contingent upon a successful outcome; typically, in such cases, the costs are paid (pursuant to an order of the presiding judge) from the amounts recovered from the Defendants.

4.    **Notice to the Class**. You may be responsible for providing notice to the class, depending on whether the rules of the Court or the judge require such notice. We will undertake

AM MA 0000078

Stein v. Buccaneers
Retainer Agreement – Charles R. Hatley, Inc.

this task on your behalf and advance all costs. Notice is usually accomplished by mailing a copy to identifiable class members and publishing a copy in newspapers.

5.    **No Special Treatment**. You have not been promised any special treatment other than the treatment that may be awarded to other class members. If successful, we may ask the judge to award you additional compensation for the extra time and effort you expend as class representatives. We cannot guarantee that the judge will award any such amounts but, in our experience, judges often will do so.

6.    **Attorneys' Fees**. You have no obligation to pay any of our attorneys' fees (payment for our legal services) unless we obtain a recovery for you, in which case you have agreed to pay us 1/3 of the recovery received by you or the amount designated by the court or in any settlement. As explained in the retainer agreement, our fees for the work done for the class must be approved by the Court and are dependent upon a recovery. You will be provided with notice of our fee request, and you will have the opportunity to discuss it with us and object to our request if you choose to do so. In the unlikely event the Court were to award the Defendants' fees or costs, we will pay these to the extent permitted by law.

7.    **Settlement**. If this case does not go to trial, any settlement must be approved by the Court. You are entitled to object to the settlement if you do not agree with our recommendation to settle. We will consult with you before recommending a settlement.

8.    **Judicial Approval**. In prosecuting a class action, all of our actions are subject to judicial approval and courts take their role seriously. Thus, we are subject to scrutiny that other lawyers, including Defendants' counsel, never receive. Our actions will always be of the highest professional caliber.

CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER

WM WA 000079

## RETAINER AGREEMENT

*Attorney/Client Privilege – **DO NOT PRODUCE***

BY THIS AGREEMENT, **DONALD WHITE** ("Client"), hereby retains Anderson + Wanca and Addison & Howard, P.A. ("Plaintiff's Counsel") to represent Client regarding any and all claims that the Client may have, or similarly situated individuals (the "Class") may have, against **BUCCANEERS LIMITED PARTNERSHIP** and any related entities ("Defendant"), in connection with the sending of unsolicited advertisements by fax.

**The Action.** Client understands and agrees that this action will be brought on behalf of the Client, individually, and also as a representative of a proposed class of similarly-situated claimants, against the above identified Defendants. Plaintiff's Counsel agree to represent the Client with their best efforts; communicate regularly with the Client; and not to negotiate any settlement of the individual or class action without consulting with the Client.

Client agrees to appear to provide testimony at deposition and trial, as necessary, and to provide relevant documents and information to Plaintiff's Counsel. Client will not discuss, negotiate, enter into or make any settlement and give any release to Defendants unless Plaintiff's Counsel are present to advise and participate in such settlement discussions pursuant to the terms of this agreement.

**Fees and Costs.** The fees payable to Plaintiff's Counsel for this representation shall be contingent on recovery by the Client and/or the Class against Defendants and will be payable solely from the parties against whom the claims are brought, or from any recovery or benefits obtained/provided for the Client and the class. Client understands that Plaintiff's Counsel will advance all costs and expenses incurred in connection with the above-described representation. Client further understands that the costs that are advanced will be deducted from any recovery in this lawsuit after the deduction of the contingent fee percentage recited above. Client assigns to Plaintiff's Counsel all rights conferred by applicable statutes and rules to recover attorneys fees and costs from the Defendants. Unless Client prevails in whole or in part in obtaining relief against one or more of the Defendants, or as otherwise ordered by a Court, **Client will not have to pay any fees or expenses of prosecution to Plaintiff's Counsel or any other attorneys.**

If the Court ultimately certifies a class action, the attorneys' fees for Plaintiff's Counsel and all other attorneys representing the Client and/or the Class will be as ordered by the Court. The amount of fees sought by Plaintiff's Counsel and the amount awarded by the Court will be determined by factors such as the time and labor required, novelty and complexity of the questions presented, significance and responsibility involved in the representation, and the results obtained, the experience and ability of the attorneys. If permitted by the forum in which the lawsuit is pending, Plaintiff's Counsel may seek up to 1/3 of the total recovery obtained in the event of a settlement, trial, or appeal or, in the alternative, such other amount that is determined or approved by the Court as appropriate and just under all of the circumstances. If the attorneys' fee is not required to be determined by the Court for any reason, the total attorneys' fee payable to Plaintiff's Counsel and all other counsel representing the Client will be 1/3 of the

Stein v. Buccaneers
Retainer Agreement – Donald White

total recovery obtained, plus costs and expenses. In addition, Plaintiff's Counsel shall seek payment of all reasonable costs and expenses advanced in connection with the above-described representation. Client agrees that Plaintiff may seek, and a Court may award, such costs to be paid out of any amount recovered by the Class. In any event, the fees and costs sought and approved will be payable solely from the parties against whom the claims are brought or from any recovery or benefits obtained/provided for the Client and the class.

In the event that the class is not certified, Client agrees to pay attorneys' fees equal to one third of the total amount recovered by Client on an individual basis.

If any costs and expenses advanced by Plaintiff's Counsel are separately awarded to or recovered by Client, either by order of the Court or other neutral third party, or as designated in any settlement, Plaintiff's Counsel will be entitled to receive those costs and expenses. If the terms of this agreement ever result in any attorneys' fees that exceed the maximum allowable under law, the fees will be reduced to that level permissible under applicable law. Similarly, if any other provision of this agreement ever is adjudged illegal or unenforceable, the remaining terms of this agreement shall remain in full force and effect.

If a settlement is reached based upon deferred payments of any kind, the attorneys' fees shall be computed based upon the present cash value of such settlement and such fees, and all costs will be paid from the initial payment(s) due under the deferred payment arrangement. In the alternative, Plaintiff's Counsel may, at their discretion, elect to receive payment of any attorneys' fees awarded in a proportional manner at the time that each deferred payment is received.

Plaintiff's Counsel agree that any agreement among counsel as to the division of fees and costs among them is in writing on page 3. By signing this agreement, Client has provided its/his written consent.

The undersigned client has, before signing this contract, received and read the statement of client's rights for contingency fees attached as Addendum A and understands each of the rights set forth therein. The undersigned client has signed the statement and received a signed copy to refer to while being represented by the undersigned attorney(s).

**Class Representative.** Client understands that as a class representative plaintiff, client will be required to act in the best interests of the class as a whole. Client also understands that, as a class representative plaintiff, it is subject to the rights and responsibilities set forth in Addendum B to this Retainer Agreement.

Client also understands the need for continuity of his position as plaintiff in this class action, and agrees that it will continue in that capacity until such time, if any, as the entire class action is resolved, subject to approval of the Court, or the Client is deemed by Plaintiff's Counsel or the Court to be an improper class representative.

**Other Attorneys.** Client agrees that Plaintiff's Counsel may affiliate with other law firms to assist with this representation, shall notify Client of such affiliation, and shall provide

CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER

WM MA 0000081

Stein v. Buccaneers
Retainer Agreement—Donald White

Client with such other attorney's agreement to the terms of the this Retainer Agreement, and
shall obtain Client's written consent to such retention. Client agrees that 16% of the fees
awarded by the Court shall be paid jointly to *Siprut PC and James M. Thomas Law Firm;* 28%
of the fees to *Addison & Howard, P.A.* and the remaining 56% of the fees to *Anderson +
Wanca.*

Client agrees that he is not now and has not ever been represented by any other attorney
with regard to the claims against Defendants other than Siprut PC and James M. Thomas Law
Firm through the date of this agreement. By signing this contract, client cancels and terminates
the prior agreement with Siprut PC and James M. Thomas Law Firm. This contract controls the
handling of this matter going forward.

**Cancellation.** This contract may be cancelled by written notification to the attorney at
any time within 3 business days of the date the contract was signed, as shown below, and if
cancelled the client shall not be obligated to pay any fees to the attorney for the work performed
during that time. If the attorney has advanced funds to others in representation of the client, the
attorney is entitled to be reimbursed for such amounts as the attorney has reasonably advanced
on behalf of the client

Dated: 7-30-15                                    _____
                                                 DONALD WHITE

The Retainer Agreement is accepted by the undersigned law firms:

Dated: _____

Anderson + Wanca
By: _____
Brian J. Wanca
*Admitted to practice in Illinois but not in Florida*

Addison & Howard, P.A.
By: _____
Michael C. Addison
*Admitted to practice in Florida*

Siprut PC
By: _____
Joseph J. Siprut

James M. Thomas Law Firm
By: _____
James M. Thomas

CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER

WM MA 0000082

Stein v. Buccaneers
Retainer Agreement – Donald White

## ADDENDUM A

### STATEMENT OF CLIENT'S RIGHTS
### FOR CONTINGENCY FEES

Before you, the prospective client, arrange a contingent fee agreement with a lawyer, you should understand this statement of your rights as a client. This statement is not a part of the actual contract between you and your lawyer, but, as a prospective client, you should be aware of these rights:

1. There is no legal requirement that a lawyer charge a client a set fee or a percentage of money recovered in a case. You, the client, have the right to talk with your lawyer about the proposed fee and to bargain about the rate or percentage as in any other contract. If you do not reach an agreement with 1 lawyer you may talk with other lawyers.

2. Any contingent fee contract must be in writing and you have 3 business days to reconsider the contract. You may cancel the contract without any reason if you notify your lawyer in writing within 3 business days of signing the contract. If you withdraw from the contract within the first 3 business days, you do not owe the lawyer a fee although you may be responsible for the lawyer's actual costs during that time. If your lawyer begins to represent you, your lawyer may not withdraw from the case without giving you notice, delivering necessary papers to you, and allowing you time to employ another lawyer. Often, your lawyer must obtain court approval before withdrawing from a case. If you discharge your lawyer without good cause after the 3-day period, you may have to pay a fee for work the lawyer has done.

3. Before hiring a lawyer, you, the client, have the right to know about the lawyer's education, training, and experience. If you ask, the lawyer should tell you specifically about the lawyer's actual experience dealing with cases similar to yours. If you ask, the lawyer should provide information about special training or knowledge and give you this information in writing if you request it.

4. Before signing a contingent fee contract with you, a lawyer must advise you whether the lawyer intends to handle your case alone or whether other lawyers will be helping with the case. If your lawyer intends to refer the case to other lawyers, the lawyer should tell you what kind of fee sharing arrangement will be made with the other lawyers. If lawyers from different law firms will represent you, at least 1 lawyer from each law firm must sign the contingent fee contract.

5. If your lawyer intends to refer your case to another lawyer or counsel with other lawyers, your lawyer should tell you about that at the beginning. If your lawyer takes the case and later decides to refer it to another lawyer or to associate with other lawyers, you should sign a new contract that includes the new lawyers. You, the client, also have the right to consult with each lawyer working on your case and each lawyer is legally responsible to represent your interests and is legally responsible for the acts of the other lawyers involved in the case.

6. You, the client, have the right to know in advance how you will need to pay the expenses and the legal fees at the end of the case. If you pay a deposit in advance for costs, you may ask reasonable questions about how the money will be or has been spent and how much of it remains unspent. Your lawyer should give a reasonable estimate about future necessary costs. If your lawyer agrees to lend or advance you money to prepare or research the case, you have the right to know periodically how much money your lawyer has spent on your behalf. You also have the right to decide, after consulting with your lawyer, how much money is to be spent to prepare a case. If you pay the expenses, you have the right to decide how much to spend. Your lawyer should also inform you whether the fee will be based on the gross amount recovered or on the amount recovered minus the costs.

AW MA 0000083

Stein v. Buccaneers
Retainer Agreement – Donald White

7. You, the client, have the right to be told by your lawyer about possible adverse consequences if you lose the case. Those adverse consequences might include money that you might have to pay to your lawyer for costs and liability you might have for attorney's fees, costs, and expenses to the other side.

8. You, the client, have the right to receive and approve a closing statement at the end of the case before you pay any money. The statement must list all of the financial details of the entire case, including the amount recovered, all expenses, and a precise statement of your lawyer's fee. Until you approve the closing statement your lawyer cannot pay any money to anyone, including you, without an appropriate order of the court. You also have the right to have every lawyer or law firm working on your case sign this closing statement.

9. You, the client, have the right to ask your lawyer at reasonable intervals how the case is progressing and to have these questions answered to the best of your lawyer's ability.

10. You, the client, have the right to make the final decision regarding settlement of a case. Your lawyer must notify you of all offers of settlement before and after the trial. Offers during the trial must be immediately communicated and you should consult with your lawyer regarding whether to accept a settlement. However, you must make the final decision to accept or reject a settlement.

11. If at any time you, the client, believe that your lawyer has charged an excessive or illegal fee, you have the right to report the matter to The Florida Bar, the agency that oversees the practice and behavior of all lawyers in Florida. For information on how to reach The Florida Bar, call 850/561-5600, or contact the local bar association. Any disagreement between you and your lawyer about a fee can be taken to court and you may wish to hire another lawyer to help you resolve this disagreement. Usually fee disputes must be handled in a separate lawsuit, unless your fee contract provides for arbitration. You can request, but may not require, that a provision for arbitration (under Chapter 682, Florida Statutes, or under the fee arbitration rule of the Rules Regulating The Florida Bar) be included in your fee contract.

CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER

WM MA 0000084

Stein v. Buccaneers
Retainer Agreement – Donald White

## ADDENDUM B

## RIGHTS AND RESPONSIBILITIES
## OF THE CLASS REPRESENTATIVE

To assist you in understanding your role as class representatives, we briefly set forth below a description of your rights and responsibilities. Please contact us at any time to further clarify any of these points or if you have any questions whatsoever.

1.    **You are Suing As Class Representatives.** As such, you represent the interests of all class members who have been affected by the challenged conduct.

2.    **Duty As Class Representatives.** As class representatives, the Court requires that you adequately and fairly represent the class. This is your duty. Here is how you are expected to accomplish that duty:

   a.    You must be generally familiar with the litigation.

      (1) This does not mean you must know every aspect of this litigation. We will keep you informed of major events, and this will satisfy your duty. You should read the complaint and understand it generally. You should know who the parties are. You should know why you are suing.

      (2) You may and should confer with us at any time you feel it is appropriate to do so.

   b.    You must vigorously prosecute the litigation.

      This basically means you will authorize your attorneys to do what is necessary to successfully prosecute this case on behalf of the class. You have done so, and we are vigorously pursuing this case.

   c.    You must hire lawyers experienced in class action litigation.

      Your lawyers have national experience in class actions. The lawyers in our firm have participated in numerous class action cases.

3.    **Responsibility for Costs.** Costs include such items as filing fees, photocopies, transcript costs, and the cost of notices, if necessary. All costs are being advanced by your counsel, and you are not responsible for their payment. Repayment of costs is contingent upon a successful outcome; typically, in such cases, the costs are paid (pursuant to an order of the presiding judge) from the amounts recovered from the Defendants.

4.    **Notice to the Class.** You may be responsible for providing notice to the class, depending on whether the rules of the Court or the judge require such notice. We will undertake

CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER

Stein v. Buccaneers
Retainer Agreement – Donald White

this task on your behalf and advance all costs. Notice is usually accomplished by mailing a copy
to identifiable class members and publishing a copy in newspapers.


5. **No Special Treatment**. You have not been promised any special treatment other
than the treatment that may be awarded to other class members. If successful, we may ask the
judge to award you additional compensation for the extra time and effort you expend as class
representatives. We cannot guarantee that the judge will award any such amounts but, in our
experience, judges often will do so.

6. **Attorneys' Fees**. You have no obligation to pay any of our attorneys' fees
(payment for our legal services) unless we obtain a recovery for you, in which case you have
agreed to pay us 1/3 of the recovery received by you or the amount designated by the court or in
any settlement. As explained in the retainer agreement, our fees for the work done for the class
must be approved by the Court and are dependent upon a recovery. You will be provided with
notice of our fee request, and you will have the opportunity to discuss it with us and object to our
request if you choose to do so. In the unlikely event the Court were to award the Defendants'
fees or costs, we will pay these to the extent permitted by law.

7. **Settlement**. If this case does not go to trial, any settlement must be approved by
the Court. You are entitled to object to the settlement if you do not agree with our
recommendation to settle. We will consult with you before recommending a settlement.

8. **Judicial Approval**. In prosecuting a class action, all of our actions are subject to
judicial approval and courts take their role seriously. Thus, we are subject to scrutiny that other
lawyers, including Defendants' counsel, never receive. Our actions will always be of the highest
professional caliber.

## RETAINER AGREEMENT

*Attorney/Client Privilege – **DO NOT PRODUCE***

BY THIS AGREEMENT, **JEFFREY M. STEIN, D.D.S., M.S.D., P.A.** ("Client"), hereby retains Anderson + Wanca and Addison & Howard, P.A. ("Plaintiff's Counsel") to represent Client regarding any and all claims that the Client may have, or similarly situated individuals (the "Class") may have, against **BUCCANEERS LIMITED PARTNERSHIP** and any related entities ("Defendant"), in connection with the sending of unsolicited advertisements by fax.

**The Action.** Client understands and agrees that this action will be brought on behalf of the Client, individually, and also as a representative of a proposed class of similarly-situated claimants, against the above identified Defendants. Plaintiff's Counsel agree to represent the Client with their best efforts; communicate regularly with the Client; and not to negotiate any settlement of the individual or class action without consulting with the Client.

Client agrees to appear to provide testimony at deposition and trial, as necessary, and to provide relevant documents and information to Plaintiff's Counsel. Client will not discuss, negotiate, enter into or make any settlement and give any release to Defendants unless Plaintiff's Counsel are present to advise and participate in such settlement discussions pursuant to the terms of this agreement.

**Fees and Costs.** The fees payable to Plaintiff's Counsel for this representation shall be contingent on recovery by the Client and/or the Class against Defendants and will be payable solely from the parties against whom the claims are brought, or from any recovery or benefits obtained/provided for the Client and the class. Client understands that Plaintiff's Counsel will advance all costs and expenses incurred in connection with the above-described representation. Client further understands that the costs that are advanced will be deducted from any recovery in this lawsuit after the deduction of the contingent fee percentage recited above. Client assigns to Plaintiff's Counsel all rights conferred by applicable statutes and rules to recover attorneys fees and costs from the Defendants. Unless Client prevails in whole or in part in obtaining relief against one or more of the Defendants, or as otherwise ordered by a Court, **Client will not have to pay any fees or expenses of prosecution to Plaintiff's Counsel or any other attorneys.**

If the Court ultimately certifies a class action, the attorneys' fees for Plaintiff's Counsel and all other attorneys representing the Client and/or the Class will be as ordered by the Court. The amount of fees sought by Plaintiff's Counsel and the amount awarded by the Court will be determined by factors such as the time and labor required, novelty and complexity of the questions presented, significance and responsibility involved in the representation, and the results obtained, the experience and ability of the attorneys. If permitted by the forum in which the lawsuit is pending, Plaintiff's Counsel may seek up to 1/3 of the total recovery obtained in the event of a settlement, trial, or appeal or, in the alternative, such other amount that is determined or approved by the Court as appropriate and just under all of the circumstances. If the attorneys' fee is not required to be determined by the Court for any reason, the total attorneys'

CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER

MM MA 0000087

Stein v. Buccaneers
Retainer Agreement – Jeffrey M. Stein, DDS, MSD

fee payable to Plaintiff's Counsel and all other counsel representing the Client will be 1/3 of the total recovery obtained, plus costs and expenses. In addition, Plaintiff's Counsel shall seek payment of all reasonable costs and expenses advanced in connection with the above-described representation. Client agrees that Plaintiff may seek, and a Court may award, such costs to be paid out of any amount recovered by the Class. In any event, the fees and costs sought and approved will be payable solely from the parties against whom the claims are brought or from any recovery or benefits obtained/provided for the Client and the class.

In the event that the class is not certified, Client agrees to pay attorneys' fees equal to one third of the total amount recovered by Client on an individual basis.

If any costs and expenses advanced by Plaintiff's Counsel are separately awarded to or recovered by Client, either by order of the Court or other neutral third party, or as designated in any settlement, Plaintiff's Counsel will be entitled to receive those costs and expenses. If the terms of this agreement ever result in any attorneys' fees that exceed the maximum allowable under law, the fees will be reduced to that level permissible under applicable law. Similarly, if any other provision of this agreement ever is adjudged illegal or unenforceable, the remaining terms of this agreement shall remain in full force and effect.

If a settlement is reached based upon deferred payments of any kind, the attorneys' fees shall be computed based upon the present cash value of such settlement and such fees, and all costs will be paid from the initial payment(s) due under the deferred payment arrangement. In the alternative, Plaintiff's Counsel may, at their discretion, elect to receive payment of any attorneys' fees awarded in a proportional manner at the time that each deferred payment is received.

Plaintiff's Counsel agree that any agreement among counsel as to the division of fees and costs among them is in writing on page 3.  By signing this agreement, Client has provided its/his written consent.

The undersigned client has, before signing this contract, received and read the statement of client's rights for contingency fees attached as Addendum A and understands each of the rights set forth therein. The undersigned client has signed the statement and received a signed copy to refer to while being represented by the undersigned attorney(s).

**Class Representative.** Client understands that as a class representative plaintiff, client will be required to act in the best interests of the class as a whole.  Client also understands that, as a class representative plaintiff, it is subject to the rights and responsibilities set forth in Addendum B to this Retainer Agreement.

Client also understands the need for continuity of his position as plaintiff in this class action, and agrees that it will continue in that capacity until such time, if any, as the entire class action is resolved, subject to approval of the Court, or the Client is deemed by Plaintiff's Counsel or the Court to be an improper class representative.

**Other Attorneys.** Client agrees that Plaintiff's Counsel may affiliate with other law

08/13/2015   09:14    7277894929       DR. JEFF STEIN       PAGE 04

Stein v. Buccaneers
Retainer Agreement – Jeffrey M. Stein, DDS, MSD

firms to assist with this representation, shall notify Client of such affiliation, and shall provide Client with such other attorney's agreement to the terms of the this Retainer Agreement, and shall obtain Client's written consent to such retention. Client agrees that 16% of the fees awarded by the Court shall be paid jointly to *Siprut PC and James M. Thomas Law Firm;* 28% of the fees to *Addison & Howard, P.A.* and the remaining 56% of the fees to *Anderson + Wanca.*

Client agrees that he is not now and has not ever been represented by any other attorney with regard to the claims against Defendants other than Siprut PC and James M. Thomas Law Firm through the date of this agreement. By signing this contract, client cancels and terminates the prior agreement with Siprut PC and James M. Thomas Law Firm. This contract controls the handling of this matter going forward.

**Cancellation.** This contract may be cancelled by written notification to the attorney at any time within 3 business days of the date the contract was signed, as shown below, and if cancelled the client shall not be obligated to pay any fees to the attorney for the work performed during that time. If the attorney has advanced funds to others in representation of the client, the attorney is entitled to be reimbursed for such amounts as the attorney has reasonably advanced on behalf of the client

Dated:   8/12/15                                       
on behalf of Jeffrey M. Stein, D.D.S., M.S.D., P.A.

The Retainer Agreement is accepted by the undersigned law firms:

Dated: _____

Anderson + Wanca
By: _____
Brian J. Wanca
*Admitted to practice in Illinois but not in Florida*

Addison & Howard, P.A.
By: _____
Michael C. Addison
*Admitted to practice in Florida*

Siprut PC
By: _____
Joseph J. Siprut

James M. Thomas Law Firm
By: _____
James M. Thomas

Stein v. Buccaneers
Retainer Agreement – Jeffrey M. Stein, DDS, MSD

## ADDENDUM A

### STATEMENT OF CLIENT'S RIGHTS
### FOR CONTINGENCY FEES

Before you, the prospective client, arrange a contingent fee agreement with a lawyer, you should understand this statement of your rights as a client. This statement is not a part of the actual contract between you and your lawyer, but, as a prospective client, you should be aware of these rights:

1. There is no legal requirement that a lawyer charge a client a set fee or a percentage of money recovered in a case. You, the client, have the right to talk with your lawyer about the proposed fee and to bargain about the rate or percentage as in any other contract. If you do not reach an agreement with 1 lawyer you may talk with other lawyers.

2. Any contingent fee contract must be in writing and you have 3 business days to reconsider the contract. You may cancel the contract without any reason if you notify your lawyer in writing within 3 business days of signing the contract. If you withdraw from the contract within the first 3 business days, you do not owe the lawyer a fee although you may be responsible for the lawyer's actual costs during that time. If your lawyer begins to represent you, your lawyer may not withdraw from the case without giving you notice, delivering necessary papers to you, and allowing you time to employ another lawyer. Often, your lawyer must obtain court approval before withdrawing from a case. If you discharge your lawyer without good cause after the 3-day period, you may have to pay a fee for work the lawyer has done.

3. Before hiring a lawyer, you, the client, have the right to know about the lawyer's education, training, and experience. If you ask, the lawyer should tell you specifically about the lawyer's actual experience dealing with cases similar to yours. If you ask, the lawyer should provide information about special training or knowledge and give you this information in writing if you request it.

4. Before signing a contingent fee contract with you, a lawyer must advise you whether the lawyer intends to handle your case alone or whether other lawyers will be helping with the case. If your lawyer intends to refer the case to other lawyers, the lawyer should tell you what kind of fee sharing arrangement will be made with the other lawyers. If lawyers from different law firms will represent you, at least 1 lawyer from each law firm must sign the contingent fee contract.

5. If your lawyer intends to refer your case to another lawyer or counsel with other lawyers, your lawyer should tell you about that at the beginning. If your lawyer takes the case and later decides to refer it to another lawyer or to associate with other lawyers, you should sign a new contract that includes the new lawyers. You, the client, also have the right to consult with each lawyer working on your case and each lawyer is legally responsible to represent your interests and is legally responsible for the acts of the other lawyers involved in the case.

6. You, the client, have the right to know in advance how you will need to pay the expenses and the legal fees at the end of the case. If you pay a deposit in advance for costs, you may ask reasonable questions about how the money will be or has been spent and how much of it remains unspent. Your lawyer should give a reasonable estimate about future necessary costs. If your lawyer agrees to lend or advance you money to prepare or research the case, you have the right to know periodically how much money your lawyer has spent on your behalf. You also have the right to decide, after consulting with your lawyer, how much money is to be spent to prepare a case. If you pay the expenses, you have the right to decide how much to spend. Your lawyer should also inform you whether the fee will be based on the gross amount recovered or on the amount recovered minus the costs.

Stein v. Buccaneers
Retainer Agreement – Jeffrey M. Stein, DDS, MSD

7. You, the client, have the right to be told by your lawyer about possible adverse consequences if you lose the case. Those adverse consequences might include money that you might have to pay to your lawyer for costs and liability you might have for attorney's fees, costs, and expenses to the other side.

8. You, the client, have the right to receive and approve a closing statement at the end of the case before you pay any money. The statement must list all of the financial details of the entire case, including the amount recovered, all expenses, and a precise statement of your lawyer's fee. Until you approve the closing statement your lawyer cannot pay any money to anyone, including you, without an appropriate order of the court. You also have the right to have every lawyer or law firm working on your case sign this closing statement.

9. You, the client, have the right to ask your lawyer at reasonable intervals how the case is progressing and to have these questions answered to the best of your lawyer's ability.

10. You, the client, have the right to make the final decision regarding settlement of a case. Your lawyer must notify you of all offers of settlement before and after the trial. Offers during the trial must be immediately communicated and you should consult with your lawyer regarding whether to accept a settlement. However, you must make the final decision to accept or reject a settlement.

11. If at any time you, the client, believe that your lawyer has charged an excessive or illegal fee, you have the right to report the matter to The Florida Bar, the agency that oversees the practice and behavior of all lawyers in Florida. For information on how to reach The Florida Bar, call 850/561-5600, or contact the local bar association. Any disagreement between you and your lawyer about a fee can be taken to court and you may wish to hire another lawyer to help you resolve this disagreement. Usually fee disputes must be handled in a separate lawsuit, unless your fee contract provides for arbitration. You can request, but may not require, that a provision for arbitration (under Chapter 682, Florida Statutes, or under the fee arbitration rule of the Rules Regulating The Florida Bar) be included in your fee contract.

MM MM 0000091

Stein v. Buccaneers
Retainer Agreement – Jeffrey M. Stein, DDS, MSD

## ADDENDUM B

### RIGHTS AND RESPONSIBILITIES
### OF THE CLASS REPRESENTATIVE

To assist you in understanding your role as class representatives, we briefly set forth below a description of your rights and responsibilities. Please contact us at any time to further clarify any of these points or if you have any questions whatsoever.

1.     **You are Suing As Class Representatives.** As such, you represent the interests of all class members who have been affected by the challenged conduct.

2.     **Duty As Class Representatives.** As class representatives, the Court requires that you adequately and fairly represent the class. This is your duty. Here is how you are expected to accomplish that duty:

a.     <u>You must be generally familiar with the litigation.</u>

(1)  This does not mean you must know every aspect of this litigation. We will keep you informed of major events, and this will satisfy your duty. You should read the complaint and understand it generally. You should know who the parties are. You should know why you are suing.

(2)  You may and should confer with us at any time you feel it is appropriate to do so.

b.     <u>You must vigorously prosecute the litigation.</u>

This basically means you will authorize your attorneys to do what is necessary to successfully prosecute this case on behalf of the class. You have done so, and we are vigorously pursuing this case.

c.     <u>You must hire lawyers experienced in class action litigation.</u>

Your lawyers have national experience in class actions. The lawyers in our firm have participated in numerous class action cases.

3.     **Responsibility for Costs.** Costs include such items as filing fees, photocopies, transcript costs, and the cost of notices, if necessary. All costs are being advanced by your counsel, and you are not responsible for their payment. Repayment of costs is contingent upon a successful outcome; typically, in such cases, the costs are paid (pursuant to an order of the presiding judge) from the amounts recovered from the Defendants.

4.     **Notice to the Class.** You may be responsible for providing notice to the class, depending on whether the rules of the Court or the judge require such notice. We will undertake

CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER

AW MA 0000092

Stein v. Buccaneers
Retainer Agreement – Jeffrey M. Stein, DDS, MSD

this task on your behalf and advance all costs. Notice is usually accomplished by mailing a copy to identifiable class members and publishing a copy in newspapers.

5.      **No Special Treatment**. You have not been promised any special treatment other than the treatment that may be awarded to other class members. If successful, we may ask the judge to award you additional compensation for the extra time and effort you expend as class representatives. We cannot guarantee that the judge will award any such amounts but, in our experience, judges often will do so.

6.      **Attorneys' Fees**. You have no obligation to pay any of our attorneys' fees (payment for our legal services) unless we obtain a recovery for you, in which case you have agreed to pay us 1/3 of the recovery received by you or the amount designated by the court or in any settlement. As explained in the retainer agreement, our fees for the work done for the class must be approved by the Court and are dependent upon a recovery. You will be provided with notice of our fee request, and you will have the opportunity to discuss it with us and object to our request if you choose to do so. In the unlikely event the Court were to award the Defendants' fees or costs, we will pay these to the extent permitted by law.

7.      **Settlement**. If this case does not go to trial, any settlement must be approved by the Court. You are entitled to object to the settlement if you do not agree with our recommendation to settle. We will consult with you before recommending a settlement.

8.      **Judicial Approval**. In prosecuting a class action, all of our actions are subject to judicial approval and courts take their role seriously. Thus, we are subject to scrutiny that other lawyers, including Defendants' counsel, never receive. Our actions will always be of the highest professional caliber.