**Cin-Q Autos, Inc. v. Buccaneers Limited Partnership, Case No. 13-cv-1592**
**Principal Terms of Class Settlement**

1.  The parties will seek court approval of the following settlement to resolve all claims regarding the 343,122 unsolicited facsimile advertisements successfully sent by or on behalf of Defendant from July 14, 2009 to June 9, 2010 (the "Class Period").

2.  Defendant will make available a total of $92,000,000.00 (the "Settlement Fund") to pay class member claims, to pay a *cy pres* award if necessary, to pay an incentive payment to each of the class representatives, and to pay attorney's fees and expenses to Class Counsel. Defendant need not segregate funds or otherwise create special accounts to hold the Settlement Fund. Defendant will not relinquish control of any money until payments are due. As described below, if the class member claims total less than an agreed percentage of the Settlement Fund, then that difference will be awarded to charity as a *cy pres* award. Otherwise, Defendant will keep all unclaimed funds.

3.  The Settlement Class will be defined as: "All persons from July 14, 2009 to June 9, 2010 who were sent facsimile advertisements offering group tickets or individual game tickets for the Tampa Bay Buccaneers games and which did not display the opt-out language required by 47 C.F.R. §64.1200."

4.  The Settlement Fund will be distributed on a "claims-made" basis as follows:

    (a)  Payments to claiming class members. Defendant agrees to pay timely claims submitted by members of the Settlement Class. A settlement notice and claim form will be sent to the class members by facsimile. The per-fax, pro rata share of the Settlement Fund before subtracting the payments in Paragraphs (a) and (b) above is $500.00.

    (b)  Incentive award to the class representative. Defendant agrees to pay and will not oppose or appeal a request for an incentive award of $15,000.00 from the Settlement Fund to each of the named plaintiffs for serving as the Class Representatives.

    (c)  Fees and expenses to Class Counsel. Defendant agrees to pay and will not oppose a request by Class Counsel (Brian J. Wanca of Anderson + Wanca and Michael C. Addison of Addison & Howard, P.A) for attorney's fees in an amount equal to 30% of the Settlement Fund ($27,600,000.00), plus reasonable out-of-pocket expenses from the Settlement Fund.

    (d)  Reversion to Defendant. After making all required payments pursuant to this Paragraph 4, Defendant shall keep all unclaimed money in the Settlement Fund.

5.  Defendant will agree to a permanent injunction enjoining violations of the TCPA with language to be agreed upon.

6.  The Settlement Class will broadly release Defendant from claims arising out of or relating to Defendant's advertising faxes during the Class Period (*see* class definition above). The

Term Sheet – page 1

**CONFIDENTIAL- SUBJECT TO PROTECTIVE ORDER**

CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER

EXHIBIT
# 7
11·17·17
depobook.com

OPP001659

MC 0000451

Settlement Class will not release claims regarding advertising faxes sent after the Class Period.

7.   In addition to the Settlement Fund, Defendant shall pay the cost to retain a third party claims administrator who will issue the class notice by facsimile and publication, receive the claim forms, assist class members in completing and submitting forms, and provide a list of accepted and rejected claims to counsel for the parties. The decision of the claims administrator regarding whether a claim is valid is final and binding on the parties. Upon request, the third party claims administrator will provide copies of all claim forms to counsel for the parties.

8.   This term sheet constitutes a binding agreement if accepted. The parties will submit a formal written settlement agreement and other papers necessary to obtain the Court's preliminary and final approval of this settlement. Within 14 days after this term sheet is signed, Plaintiff's counsel will draft and provide such documents for Defendant' review, revisions, and approval. The parties anticipate seeking preliminary approval from the Court within 28 days of signing this term sheet.

**BUCCANEERS LIMITED PARTNERSHIP**

By: _____

Its: _____

Dated: _____

**PLAINTIFF AND THE SETTLEMENT CLASS**

By: _____
    Michael C. Addison
    Brian J. Wanca
    Their Attorneys

Dated: _____

Term Sheet – page 2

# CONFIDENTIAL- SUBJECT TO PROTECTIVE ORDER

OPP001660

CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER

MC 0000452

**PROOF OF CLAIM – Cin-Q Autos, Inc. v. Buccaneers Limited Partnership, Case No. 13-cv-1592**

*You Must Complete All **THREE** Steps to Claim a Share of the Settlement Fund:*

1.  **You Must Provide Your Contact Information.**

    Name: _____

    Company: _____

    Address: _____

    City/State/Zip Code: _____

    Fax Number(s): _____
    [List all numbers.  You may attach a separate sheet.]

2.  **You Must Verify Ownership of the Fax Number(s) Listed in #1 above:**

    (a)   "The fax number(s) identified above or attached to this Proof of Claim was/were mine or my company's from July 14, 2009 to June 9, 2010."

    _____
    (Sign your name here)

    *OR*

    (b)   The fax number(s) identified in No. 1 above or attached to this Proof of Claim was **not**/were **not** mine or my company's throughout the period from July 14, 2009 to June 9, 2010.  Explain when you obtained the fax number(s) identified in No. 1 above or attached to this Proof of Claim:

    _____
    _____
    _____

    _____
    (Sign your name here)

3.  **You Must Return this Claim Form by [90 days]_____, 2015:**

    a.   Fax this Claim Form to:  <u><fax number for claims ></u>

    *OR*

    b.   Mail this Claim Form to:  [CLAIMS ADMINISTRATOR]

    *OR*

    c.   Submit this claim form electronically at **[website]**

Term Sheet – page 3

# CONFIDENTIAL- SUBJECT TO PROTECTIVE ORDER

OPP001661

CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER

MC 0000453

**Cin-Q Autos, Inc. v. Buccaneers Limited Partnership. Case No. 13-cv-1592**
**Principal Terms of Class Settlement**

1.  The parties will seek court approval of the following settlement to resolve all claims regarding the 343,122 unsolicited facsimile advertisements successfully sent by or on behalf of Defendant from July 14, 2009 to June 9, 2010 (the "Class Period").

2.  Defendant will make available a total of $92,000,000.00 (the "Settlement Fund") to pay class member claims, to pay an incentive payment to each of the class representatives, and to pay attorney's fees and expenses to Class Counsel. Defendant need not segregate funds or otherwise create special accounts to hold the Settlement Fund. Defendant will not relinquish control of any money until payments are due. Defendant will keep all unclaimed funds.

3.  The Settlement Class will be defined as: "All persons from July 14, 2009 to June 9, 2010 who were sent facsimile advertisements offering group tickets or individual game tickets for the Tampa Bay Buccaneers games and which did not display the opt-out language required by 47 C.F.R. §64.1200."

4.  The Settlement Fund will be distributed on a "claims-made" basis as follows:

    (a)  <u>Payments to claiming class members</u>. Defendant agrees to pay timely claims submitted by members of the Settlement Class. A settlement notice and claim form will be sent to the class members by facsimile. The per-fax, pro rata share of the Settlement Fund before subtracting the payments in Paragraphs (a) and (b) above is $500.00.

    (b)  <u>Incentive award to the class representative</u>. Defendant agrees to pay and will not oppose or appeal a request for an incentive award of $20,000.00 from the Settlement Fund to each of the named plaintiffs for serving as the Class Representatives.

    (c)  <u>Fees and expenses to Class Counsel</u>. Defendant agrees to pay and will not oppose a request by Class Counsel (Brian J. Wanca of Anderson + Wanca and Michael C. Addison of Addison & Howard, PA) for attorney's fees in an amount equal to 25% of the Settlement Fund ($23,000,000.00), plus reasonable out-of-pocket expenses from the Settlement Fund.

    (d)  <u>Reversion to Defendant</u>. After making all required payments pursuant to this Paragraph 4, Defendant shall keep all unclaimed money in the Settlement Fund.

5.  Defendant will agree to a permanent injunction enjoining violations of the TCPA with language to be agreed upon.

6.  The Settlement Class will broadly release Defendant from claims arising out of or relating to Defendant's advertising faxes during the Class Period (*see* class definition above). The Settlement Class will not release claims regarding advertising faxes sent after the Class Period.

Term Sheet – page 1

**CONFIDENTIAL- SUBJECT TO PROTECTIVE ORDER**

EXHIBIT
#8
11·17·17

OPP004753

7.    In addition to the Settlement Fund, Defendant shall pay the cost to retain a third party claims administrator who will issue the class notice by facsimile and publication, receive the claim forms, assist class members in completing and submitting forms, and provide a list of accepted and rejected claims to counsel for the parties. The decision of the claims administrator regarding whether a claim is valid is final and binding on the parties. Upon request, the third party claims administrator will provide copies of all claim forms to counsel for the parties.

8.    This term sheet constitutes a binding agreement if accepted. The parties will submit a formal written settlement agreement and other papers necessary to obtain the Court's preliminary and final approval of this settlement. Within 14 days after this term sheet is signed, Plaintiff's counsel will draft and provide such documents for Defendant' review, revisions, and approval. The parties anticipate seeking preliminary approval from the Court within 28 days of signing this term sheet.

**BUCCANEERS LIMITED PARTNERSHIP**

By: _____

Its: _____

Dated: _____

**PLAINTIFF AND THE SETTLEMENT CLASS**

By: _____
        Michael C. Addison
        Brian J. Wanca
        Their Attorneys

Dated: _____

Term Sheet – page 2

# CONFIDENTIAL- SUBJECT TO PROTECTIVE ORDER

OPP004754

**PROOF OF CLAIM – Cin-Q Autos, Inc. v. Buccaneers Limited Partnership, Case No. 13-cv-1592**

*You Must Complete All THREE Steps to Claim a Share of the Settlement Fund:*

1.   **You Must Provide Your Contact Information.**

   Name: _____

   Company: _____

   Address: _____

   City/State/Zip Code: _____

   Fax Number(s): _____
   [List all numbers.  You may attach a separate sheet.]

2.   **You Must Verify Ownership of the Fax Number(s) Listed in #1 above:**

   (a)   "The fax number(s) identified above or attached to this Proof of Claim was/were mine or my company's from July 14, 2009 to June 9, 2010."

   _____
   (Sign your name here)

   *OR*

   (b)   The fax number(s) identified in No. 1 above or attached to this Proof of Claim was **not**/were **not** mine or my company's throughout the period from July 14, 2009 to June 9, 2010.  Explain when you obtained the fax number(s) identified in No. 1 above or attached to this Proof of Claim:

   _____
   _____
   _____

   _____
   (Sign your name here)

3.   **You Must Return this Claim Form by [90 days]_____, 2016:**

   a.   Fax this Claim Form to:  <u>&lt;fax number for claims &gt;</u>

      *OR*

   b.   Mail this Claim Form to:  [CLAIMS ADMINISTRATOR]

      *OR*

   c.   Submit this claim form electronically at **[website]**

Term Sheet – page 3

# CONFIDENTIAL- SUBJECT TO PROTECTIVE ORDER

OPP004755

CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER

MC 0003377

**Cin-Q Autos, Inc. v. Buccaneers Limited Partnership, Case No. 13-cv-1592**
**Principal Terms of Class Settlement**

1.      The parties will seek court approval of the following settlement to resolve all claims regarding the 343,122 unsolicited facsimile advertisements successfully sent by or on behalf of Defendant from August 17, 2009 to June 9, 2010 (the "Class Period").

2.      Defendant will make available a total of $257,341,000.00 (the "Settlement Fund") to pay class member claims, to pay a *cy pres* award if necessary, to pay an incentive payment to each of the class representatives, and to pay attorney's fees and expenses to Class Counsel. Defendant need not segregate funds or otherwise create special accounts to hold the Settlement Fund. Defendant will not relinquish control of any money until payments are due. As described below, if the class member claims total less than an agreed percentage of the Settlement Fund, then that difference will be awarded to charity as a *cy pres* award. Otherwise, Defendant will keep all unclaimed funds.

3.      The Settlement Class will be defined as: "All persons from August 17, 2009 to June 9, 2010 who were sent facsimile advertisements offering group tickets or individual game tickets for the Tampa Bay Buccaneers games and which did not display the opt-out language required by 47 C.F.R. §64.1200."

4.      The Settlement Fund will be distributed on a "claims-made" basis as follows:

   (a)      Payments to claiming class members. Defendant agrees to pay timely claims submitted by members of the Settlement Class. A settlement notice and claim form will be sent to the class members by facsimile. The per-fax, pro rata share of the Settlement Fund before subtracting the payments in Paragraphs (a) and (b) above is $750.00.

   (b)      Incentive award to the class representative. Defendant agrees to pay and will not oppose or appeal a request for an incentive award of $15,000.00 from the Settlement Fund to the named plaintiff for serving as the Class Representative.

   (c)      Fees and expenses to Class Counsel. Defendant agrees to pay and will not oppose a request by Class Counsel (Brian J. Wanca of Anderson + Wanca and Michael C. Addison of Addison & Howard, PA) for attorney's fees in an amount equal to 25% of the Settlement Fund ($64,335,250.00), plus reasonable out-of-pocket expenses from the Settlement Fund.

   (d)      *Cy pres* award from a percentage of unclaimed funds. If the payments to Claimants total less than 20% of the Settlement Fund ($51,468,200.00), then that difference (between the total payments to Claimants and 25% of the Settlement Fund) shall be paid as a *cy pres* award to charities recommended by Class Counsel and approved by the Court.

   (e)      Reversion to Defendant and Nationwide. After making all required payments pursuant to this Paragraph 4, Defendant shall keep all unclaimed money in the Settlement Fund.

Term Sheet – page 1

**CONFIDENTIAL- SUBJECT TO PROTECTIVE ORDER**

EXHIBIT
# 9
11-17-17

OPP004756

5.    Defendant will agree to a permanent injunction enjoining violations of the TCPA with language to be agreed upon.

6.    The Settlement Class will broadly release Defendant from claims arising out of or relating to Defendant's advertising faxes during the Class Period (*see* class definition above).  The Settlement Class will not release claims regarding advertising faxes sent after the Class Period.

7.    In addition to the Settlement Fund, Defendant shall pay the cost to retain a third party claims administrator who will issue the class notice by facsimile and publication, receive the claim forms, assist class members in completing and submitting forms, and provide a list of accepted and rejected claims to counsel for the parties.  The decision of the claims administrator regarding whether a claim is valid is final and binding on the parties.  Upon request, the third party claims administrator will provide copies of all claim forms to counsel for the parties.

8.    This term sheet constitutes a binding agreement if accepted.  The parties will submit a formal written settlement agreement and other papers necessary to obtain the Court's preliminary and final approval of this settlement.  Within 14 days after this term sheet is signed, Plaintiff's counsel will draft and provide such documents for Defendant' review, revisions, and approval.  The parties anticipate seeking preliminary approval from the Court within 28 days of signing this term sheet.

**BUCCANEERS LIMITED PARTNERSHIP**

By: _____

Its: _____

Dated: _____

**PLAINTIFF AND THE SETTLEMENT CLASS**

By: _____
        Michael C. Addison
        Brian J. Wanca
        Their Attorneys

Dated: _____

Term Sheet – page 2

# CONFIDENTIAL- SUBJECT TO PROTECTIVE ORDER

OPP004757

CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER                                          MC 0003379

**PROOF OF CLAIM – Cin-Q Autos. Inc. v. Buccaneers Limited Partnership. Case No. 13-cv-1592**

*You Must Complete All THREE Steps to Claim a Share of the Settlement Fund:*

1.  **You Must Provide Your Contact Information.**

    Name: _____

    Company: _____

    Address: _____

    City/State/Zip Code: _____

    Fax Number(s): _____
    
    [List all numbers. You may attach a separate sheet.]

2.  **You Must Verify Ownership of the Fax Number(s) Listed in #1 above:**

    (a)   "The fax number(s) identified above or attached to this Proof of Claim was/were mine or my company's from August 17, 2009 to June 9, 2010."

    _____
    (Sign your name here)

    *OR*

    (b)   The fax number(s) identified in No. 1 above or attached to this Proof of Claim was **not**/were **not** mine or my company's throughout the period from August 17, 2009 to June 9, 2010. Explain when you obtained the fax number(s) identified in No. 1 above or attached to this Proof of Claim: _____

    _____

    _____

    _____
    (Sign your name here)

3.  **You Must Return this Claim Form by [90 days]          , 2014:**

    a.   Fax this Claim Form to:  <fax number for claims >

        *OR*

    b.   Mail this Claim Form to: [CLAIMS ADMINISTRATOR]

        *OR*

    c.   Submit this claim form electronically at **[website]**

Term Sheet – page 3

# CONFIDENTIAL- SUBJECT TO PROTECTIVE ORDER

OPP004758

CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER                    MC 0003380

**Cin-Q Autos, Inc. v. Buccaneers Limited Partnership. Case No. 13-cv-1592**
**Principal Terms of Class Settlement**

1.  The parties will seek court approval of the following settlement to resolve all claims regarding the 343,122 unsolicited facsimile advertisements successfully sent by or on behalf of Defendant from July 14, 2009 to June 9, 2010 (the "Class Period").

2.  Defendant will make available a total of $92,000,000.00 (the "Settlement Fund") to pay class member claims, to pay a *cy pres* award if necessary, to pay an incentive payment to each of the class representatives, and to pay attorney's fees and expenses to Class Counsel. Defendant need not segregate funds or otherwise create special accounts to hold the Settlement Fund. Defendant will not relinquish control of any money until payments are due. As described below, if the class member claims total less than an agreed percentage of the Settlement Fund, then that difference will be awarded to charity as a *cy pres* award. Otherwise, Defendant will keep all unclaimed funds.

3.  The Settlement Class will be defined as: "All persons from July 14, 2009 to June 9, 2010 who were sent facsimile advertisements offering group tickets or individual game tickets for the Tampa Bay Buccaneers games and which did not display the opt-out language required by 47 C.F.R. §64.1200."

4.  The Settlement Fund will be distributed on a "claims-made" basis as follows:

    (a)  Payments to claiming class members. Defendant agrees to pay timely claims submitted by members of the Settlement Class. A settlement notice and claim form will be sent to the class members by facsimile. The per-fax, pro rata share of the Settlement Fund before subtracting the payments in Paragraphs (a) and (b) above is $500.00.

    (b)  Incentive award to the class representative. Defendant agrees to pay and will not oppose or appeal a request for an incentive award of $15,000.00 from the Settlement Fund to each of the named plaintiffs for serving as the Class Representatives.

    (c)  Fees and expenses to Class Counsel. Defendant agrees to pay and will not oppose a request by Class Counsel (Brian J. Wanca of Anderson + Wanca and Michael C. Addison of Addison & Howard, PA) for attorney's fees in an amount equal to 30% of the Settlement Fund ($27,600,000.00), plus reasonable out-of-pocket expenses from the Settlement Fund.

    (d)  Reversion to Defendant. After making all required payments pursuant to this Paragraph 4, Defendant shall keep all unclaimed money in the Settlement Fund.

5.  Defendant will agree to a permanent injunction enjoining violations of the TCPA with language to be agreed upon.

6.  The Settlement Class will broadly release Defendant from claims arising out of or relating to Defendant's advertising faxes during the Class Period (*see* class definition above). The

Term Sheet – page 1

CONFIDENTIAL- SUBJECT TO PROTECTIVE ORDER

EXHIBIT
#10
11-17-17

OPP004759

CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER

MC 0003381

Settlement Class will not release claims regarding advertising faxes sent after the Class Period.

7.    In addition to the Settlement Fund, Defendant shall pay the cost to retain a third party claims administrator who will issue the class notice by facsimile and publication, receive the claim forms, assist class members in completing and submitting forms, and provide a list of accepted and rejected claims to counsel for the parties. The decision of the claims administrator regarding whether a claim is valid is final and binding on the parties. Upon request, the third party claims administrator will provide copies of all claim forms to counsel for the parties.

8.    This term sheet constitutes a binding agreement if accepted. The parties will submit a formal written settlement agreement and other papers necessary to obtain the Court's preliminary and final approval of this settlement. Within 14 days after this term sheet is signed, Plaintiff's counsel will draft and provide such documents for Defendant' review, revisions, and approval. The parties anticipate seeking preliminary approval from the Court within 28 days of signing this term sheet.

**BUCCANEERS LIMITED PARTNERSHIP**

By: _____

Its: _____

Dated: _____

**PLAINTIFF AND THE SETTLEMENT CLASS**

By: _____
    Michael C. Addison
    Brian J. Wanca
    Their Attorneys

Dated: _____

Term Sheet – page 2

## CONFIDENTIAL- SUBJECT TO PROTECTIVE ORDER

OPP004760

CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER

MC 0003382

<u>**PROOF OF CLAIM – Cin-Q Autos, Inc. v. Buccaneers Limited Partnership, Case No. 13-cv-1592**</u>

*You Must Complete All **THREE** Steps to Claim a Share of the Settlement Fund:*

1. <u>**You Must Provide Your Contact Information.**</u>

   Name: _____

   Company: _____

   Address: _____

   City/State/Zip Code: _____

   Fax Number(s): _____
   [List all numbers.  You may attach a separate sheet.]

2. <u>**You Must Verify Ownership of the Fax Number(s) Listed in #1 above:**</u>

   (a)   "The fax number(s) identified above or attached to this Proof of Claim was/were mine or my company's from July 14, 2009 to June 9, 2010."

   _____
   (Sign your name here)

   *OR*

   (b)   The fax number(s) identified in No. 1 above or attached to this Proof of Claim was **not**/were **not** mine or my company's throughout the period from July 14, 2009 to June 9, 2010.  Explain when you obtained the fax number(s) identified in No. 1 above or attached to this Proof of Claim:

   _____
   _____
   _____

   _____
   (Sign your name here)

3. <u>**You Must Return this Claim Form by [90 days]          , 2015:**</u>

   a.   Fax this Claim Form to:  <u><fax number for claims ></u>

        *OR*

   b.   Mail this Claim Form to: [CLAIMS ADMINISTRATOR]

        *OR*

   c.   Submit this claim form electronically at **[website]**


Term Sheet – page 3

# CONFIDENTIAL- SUBJECT TO PROTECTIVE ORDER

OPP004761

CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER

MC 0003383

**Cin-Q Autos, Inc. v. Buccaneers Limited Partnership, Case No. 13-cv-1592**
**Principal Terms of Class Settlement**

1.      The parties will seek court approval of the following settlement to resolve all claims regarding the unsolicited facsimile advertisements successfully sent to 131,011 persons by or on behalf of Defendant from July 14, 2009 to June 9, 2010 (the "Class Period").

2.      Defendant will make available a total of $39,303,300.00 (the "Settlement Fund") to pay class member claims, to pay an incentive payment to each of the class representatives, and to pay attorney's fees and expenses to Class Counsel. Defendant need not segregate funds or otherwise create special accounts to hold the Settlement Fund. Defendant will not relinquish control of any money until payments are due. As described below, if the class member claims total less than an agreed percentage of the Settlement Fund. Otherwise, Defendant will keep all unclaimed funds.

3.      The Settlement Class will be defined as: "All persons from July 14, 2009 to June 9, 2010 who were sent facsimile advertisements offering group tickets or individual game tickets for the Tampa Bay Buccaneers games and which did not display the opt-out language required by 47 C.F.R. §64.1200."

4.      The Settlement Fund will be distributed on a "claims-made" basis as follows:

   (a)      <u>Payments to claiming class members</u>. Defendant agrees to pay timely claims submitted by members of the Settlement Class. A settlement notice and claim form will be sent to the class members by facsimile. The pro rata share of the Settlement Fund before subtracting the payments in Paragraphs (b) and (c) below is $300.00.

   (b)      <u>Incentive award to the class representative</u>. Defendant agrees to pay and will not oppose or appeal a request for an incentive award of $15,000.00 from the Settlement Fund to each of the named plaintiffs for serving as the Class Representatives.

   (c)      <u>Fees and expenses to Class Counsel</u>. Defendant agrees to pay and will not oppose a request by Class Counsel (Brian J. Wanca of Anderson + Wanca and Michael C. Addison of Addison & Howard, PA) for attorney's fees in an amount equal to 30% of the Settlement Fund ($11,790,990.00), plus reasonable out-of-pocket expenses from the Settlement Fund.

   (d)      <u>Reversion to Defendant</u>. After making all required payments pursuant to this Paragraph 4, Defendant shall keep all unclaimed money in the Settlement Fund.

5.      Defendant will agree to a permanent injunction enjoining violations of the TCPA with language to be agreed upon.

6.      The Settlement Class will broadly release Defendant from claims arising out of or relating to Defendant's advertising faxes during the Class Period (*see* class definition above). The Settlement Class will not release claims regarding advertising faxes sent after the Class Period.

Term Sheet – page 1

# CONFIDENTIAL- SUBJECT TO PROTECTIVE ORDER

EXHIBIT
# 11
11-17-17

depobook.com

OPP004762

CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER                                      MC 0003384

7.      In addition to the Settlement Fund, Defendant shall pay the cost to retain a third party claims administrator who will issue the class notice by facsimile and publication, receive the claim forms, assist class members in completing and submitting forms, and provide a list of accepted and rejected claims to counsel for the parties. The decision of the claims administrator regarding whether a claim is valid is final and binding on the parties. Upon request, the third party claims administrator will provide copies of all claim forms to counsel for the parties.

8.      This term sheet constitutes a binding agreement if accepted. The parties will submit a formal written settlement agreement and other papers necessary to obtain the Court's preliminary and final approval of this settlement. Within 14 days after this term sheet is signed, Plaintiff's counsel will draft and provide such documents for Defendant' review, revisions, and approval. The parties anticipate seeking preliminary approval from the Court within 28 days of signing this term sheet.

**BUCCANEERS LIMITED PARTNERSHIP**

By: _____

Its: _____

Dated: _____

**PLAINTIFF AND THE SETTLEMENT CLASS**

By: _____
        Michael C. Addison
        Brian J. Wanca
        Their Attorneys

Dated: _____

## CONFIDENTIAL- SUBJECT TO PROTECTIVE ORDER

OPP004763

CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER                                    MC 0003385

**PROOF OF CLAIM – Cin-Q Autos, Inc. v. Buccaneers Limited Partnership, Case No. 13-cv-1592**

*You Must Complete All **THREE** Steps to Claim a Share of the Settlement Fund:*

1.  **You Must Provide Your Contact Information.**

    Name: _____

    Company: _____

    Address: _____

    City/State/Zip Code: _____

    Fax Number(s): _____
    
    [List all numbers.  You may attach a separate sheet.]

2.  **You Must Verify Ownership of the Fax Number(s) Listed in #1 above:**

    (a)     "The fax number(s) identified above or attached to this Proof of Claim was/were mine or my company's from July 14, 2009 to June 9, 2010."

    _____
    (Sign your name here)

    *OR*

    (b)     The fax number(s) identified in No. 1 above or attached to this Proof of Claim was **not**/were **not** mine or my company's throughout the period from July 14, 2009 to June 9, 2010.  Explain when you obtained the fax number(s) identified in No. 1 above or attached to this Proof of Claim:

    _____
    _____
    _____

    _____
    (Sign your name here)

3.  **You Must Return this Claim Form by [90 days] _____, 2015:**

    a.     Fax this Claim Form to:  <fax number for claims >

           *OR*

    b.     Mail this Claim Form to:  [CLAIMS ADMINISTRATOR]

           *OR*

    c.     Submit this claim form electronically at **[website]**

Term Sheet – page 3

# CONFIDENTIAL- SUBJECT TO PROTECTIVE ORDER

OPP004764

CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER                                   MC 0003386

**Cin-Q Autos, Inc. v. Buccaneers Limited Partnership, Case No. 13-cv-1592**
**Principal Terms of Class Settlement**

1.  The parties will seek court approval of the following settlement to resolve all claims regarding the unsolicited facsimile advertisements successfully sent to 131,011 persons by or on behalf of Defendant from July 14, 2009 to June 9, 2010 (the "Class Period").

2.  Defendant will make available a total of $39,303,300.00 (the "Settlement Fund") to pay class member claims, to pay an incentive payment to each of the class representatives, and to pay attorney's fees and expenses to Class Counsel. Defendant need not segregate funds or otherwise create special accounts to hold the Settlement Fund. Defendant will not relinquish control of any money until payments are due. As described below, if the class member claims total less than an agreed percentage of the Settlement Fund. Otherwise, Defendant will keep all unclaimed funds.

3.  The Settlement Class will be defined as: "All persons from July 14, 2009 to June 9, 2010 who were sent facsimile advertisements offering group tickets or individual game tickets for the Tampa Bay Buccaneers games and which did not display the opt-out language required by 47 C.F.R. §64.1200."

4.  The Settlement Fund will be distributed on a "claims-made" basis as follows:

    (a)  <u>Payments to claiming class members</u>. Defendant agrees to pay timely claims submitted by members of the Settlement Class. A settlement notice and claim form will be sent to the class members by facsimile. The pro rata share of the Settlement Fund before subtracting the payments in Paragraphs (b) and (c) below is $300.00.

    (b)  <u>Incentive award to the class representative</u>. Defendant agrees to pay and will not oppose or appeal a request for an incentive award of $15,000.00 from the Settlement Fund to each of the named plaintiffs for serving as the Class Representatives.

    (c)  <u>Fees and expenses to Class Counsel</u>. Defendant agrees to pay and will not oppose a request by Class Counsel (Brian J. Wanca of Anderson + Wanca and Michael C. Addison of Addison & Howard, PA) for attorney's fees in an amount equal to 30% of the Settlement Fund ($11,790,990.00), plus reasonable out-of-pocket expenses from the Settlement Fund.

    (d)  <u>Reversion to Defendant</u>. After making all required payments pursuant to this Paragraph 4, Defendant shall keep all unclaimed money in the Settlement Fund.

5.  Defendant will agree to a permanent injunction enjoining violations of the TCPA with language to be agreed upon.

6.  The Settlement Class will broadly release Defendant from claims arising out of or relating to Defendant's advertising faxes during the Class Period (*see* class definition above). The Settlement Class will not release claims regarding advertising faxes sent after the Class Period.

Term Sheet – page 1
004474

**CONFIDENTIAL- SUBJECT TO PROTECTIVE ORDER**

EXHIBIT
# 12
11·17·17

OPP009266

7.  In addition to the Settlement Fund, Defendant shall pay the cost to retain a third party claims administrator who will issue the class notice by facsimile and publication, receive the claim forms, assist class members in completing and submitting forms, and provide a list of accepted and rejected claims to counsel for the parties. The decision of the claims administrator regarding whether a claim is valid is final and binding on the parties. Upon request, the third party claims administrator will provide copies of all claim forms to counsel for the parties.

8.  This term sheet constitutes a binding agreement if accepted. The parties will submit a formal written settlement agreement and other papers necessary to obtain the Court's preliminary and final approval of this settlement. Within 14 days after this term sheet is signed, Plaintiff's counsel will draft and provide such documents for Defendant' review, revisions, and approval. The parties anticipate seeking preliminary approval from the Court within 28 days of signing this term sheet.

**BUCCANEERS LIMITED PARTNERSHIP**

By: _____

Its: _____

Dated: _____

**PLAINTIFF AND THE SETTLEMENT CLASS**

By: _____
    Michael C. Addison
    Brian J. Wanca
    Their Attorneys

Dated: _____

Term Sheet – page 2
004475

## CONFIDENTIAL- SUBJECT TO PROTECTIVE ORDER

OPP009267

CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER                                              MC 0003610

<u>**PROOF OF CLAIM – Cin-Q Autos, Inc. v. Buccaneers Limited Partnership, Case No. 13-cv-1592**</u>

*You Must Complete All **THREE** Steps to Claim a Share of the Settlement Fund:*

1.   <u>**You Must Provide Your Contact Information.**</u>

   Name: _____

   Company: _____

   Address: _____

   City/State/Zip Code: _____

   Fax Number(s): _____
   [List all numbers. You may attach a separate sheet.]

2.   <u>**You Must Verify Ownership of the Fax Number(s) Listed in #1 above:**</u>

   (a)   "The fax number(s) identified above or attached to this Proof of Claim was/were mine or my company's from July 14, 2009 to June 9, 2010."

   _____
   (Sign your name here)

   *OR*

   (b)   The fax number(s) identified in No. 1 above or attached to this Proof of Claim was **not**/were **not** mine or my company's throughout the period from July 14, 2009 to June 9, 2010. Explain when you obtained the fax number(s) identified in No. 1 above or attached to this Proof of Claim:

   _____
   _____
   _____

   _____
   (Sign your name here)

3.   <u>**You Must Return this Claim Form by [90 days]          , 2015:**</u>

   a.   Fax this Claim Form to:  <u>&lt;fax number for claims &gt;</u>

   *OR*

   b.   Mail this Claim Form to:  [CLAIMS ADMINISTRATOR]

   *OR*

   c.   Submit this claim form electronically at **[website]**

Term Sheet – page 3
004476

# CONFIDENTIAL- SUBJECT TO PROTECTIVE ORDER

OPP009268

CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER                    MC 0003611

**Cin-Q Autos, Inc. v. Buccaneers Limited Partnership, Case No. 13-cv-1592**
**Principal Terms of Class Settlement**

1.  The parties will seek court approval of the following settlement to resolve all claims regarding the unsolicited facsimile advertisements successfully sent to 131,011 persons by or on behalf of Defendant from July 14, 2009 to June 9, 2010 (the "Class Period").

2.  Defendant will make available a total of $39,303,300.00 (the "Settlement Fund") to pay class member claims, to pay a *cy pres* award if necessary, to pay an incentive payment to each of the class representatives, and to pay attorney's fees and expenses to Class Counsel. Defendant need not segregate funds or otherwise create special accounts to hold the Settlement Fund. Defendant will not relinquish control of any money until payments are due. As described below, if the class member claims total less than an agreed percentage of the Settlement Fund, then that difference will be awarded to charity as a *cy pres* award. Otherwise, Defendant will keep all unclaimed funds.

3.  The Settlement Class will be defined as: "All persons from July 14, 2009 to June 9, 2010 who were sent facsimile advertisements offering group tickets or individual game tickets for the Tampa Bay Buccaneers games and which did not display the opt-out language required by 47 C.F.R. §64.1200."

4.  The Settlement Fund will be distributed on a "claims-made" basis as follows:

    (a)  <u>Payments to claiming class members</u>. Defendant agrees to pay timely claims submitted by members of the Settlement Class. A settlement notice and claim form will be sent to the class members by facsimile. The pro rata share of the Settlement Fund before subtracting the payments in Paragraphs (b) and (c) below is $300.00.

    (b)  <u>Incentive award to the class representative</u>. Defendant agrees to pay and will not oppose or appeal a request for an incentive award of $15,000.00 from the Settlement Fund to each of the named plaintiffs for serving as the Class Representatives.

    (c)  <u>Fees and expenses to Class Counsel</u>. Defendant agrees to pay and will not oppose a request by Class Counsel (Brian J. Wanca of Anderson + Wanca and Michael C. Addison of Addison & Howard, PA) for attorney's fees in an amount equal to 30% of the Settlement Fund ($11,790,990.00), plus reasonable out-of-pocket expenses from the Settlement Fund.

    (d)  <u>Reversion to Defendant</u>. After making all required payments pursuant to this Paragraph 4, Defendant shall keep all unclaimed money in the Settlement Fund.

5.  Defendant will agree to a permanent injunction enjoining violations of the TCPA with language to be agreed upon.

6.  The Settlement Class will broadly release Defendant from claims arising out of or relating to Defendant's advertising faxes during the Class Period (*see* class definition above). The



Term Sheet – page 1
00447q

## CONFIDENTIAL- SUBJECT TO PROTECTIVE ORDER

OPP009271

Settlement Class will not release claims regarding advertising faxes sent after the Class Period.

7. In addition to the Settlement Fund, Defendant shall pay the cost to retain a third party claims administrator who will issue the class notice by facsimile and publication, receive the claim forms, assist class members in completing and submitting forms, and provide a list of accepted and rejected claims to counsel for the parties. The decision of the claims administrator regarding whether a claim is valid is final and binding on the parties. Upon request, the third party claims administrator will provide copies of all claim forms to counsel for the parties.

8. This term sheet constitutes a binding agreement if accepted. The parties will submit a formal written settlement agreement and other papers necessary to obtain the Court's preliminary and final approval of this settlement. Within 14 days after this term sheet is signed, Plaintiff's counsel will draft and provide such documents for Defendant' review, revisions, and approval. The parties anticipate seeking preliminary approval from the Court within 28 days of signing this term sheet.

BUCCANEERS LIMITED PARTNERSHIP

By: _____

Its: _____

Dated: _____

PLAINTIFF AND THE SETTLEMENT CLASS

By: _____
        Michael C. Addison
        Brian J. Wanca
        Their Attorneys

Dated: _____

Term Sheet – page 2
004480

CONFIDENTIAL- SUBJECT TO PROTECTIVE ORDER

OPP009272

CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER                    MC 0003613

**PROOF OF CLAIM – Cin-Q Autos, Inc. v. Buccaneers Limited Partnership, Case No. 13-cv-1592**

*You Must Complete All THREE Steps to Claim a Share of the Settlement Fund:*

1.     **You Must Provide Your Contact Information.**

Name: _____

Company: _____

Address: _____

City State Zip Code: _____

Fax Number(s): _____
                [List all numbers.  You may attach a separate sheet.]

2.     **You Must Verify Ownership of the Fax Number(s) Listed in #1 above:**

(a)     "The fax number(s) identified above or attached to this Proof of Claim was/were mine or my company's from July 14, 2009 to June 9, 2010."

                        _____
                           (Sign your name here)

        *OR*

(b)     The fax number(s) identified in No. 1 above or attached to this Proof of Claim was **not**/were **not** mine or my company's throughout the period from July 14, 2009 to June 9, 2010.  Explain when you obtained the fax number(s) identified in No. 1 above or attached to this Proof of Claim:

        _____
        _____
        _____

                        _____
                           (Sign your name here)

3.     **You Must Return this Claim Form by [90 days]_____, 2015:**

a.     Fax this Claim Form to:  <fax number for claims >

        *OR*

b.     Mail this Claim Form to:  [CLAIMS ADMINISTRATOR]

        *OR*

c.     Submit this claim form electronically at **[website]**

Term Sheet – page 3
0044A1

## CONFIDENTIAL- SUBJECT TO PROTECTIVE ORDER

OPP009273

CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER                              MC 0003614

**Cin-Q Autos, Inc. v. Buccaneers Limited Partnership, Case No. 13-cv-1592**
**Principal Terms of Class Settlement**

1.    The parties will seek court approval of the following settlement to resolve all claims regarding the unsolicited facsimile advertisements successfully sent to 131,011 persons by or on behalf of Defendant from July 14, 2009 to June 9, 2010 (the "Class Period").

2.    Defendant will make available a total of $39,303,300.00 (the "Settlement Fund") to pay class member claims, to pay a *cy pres* award if necessary, to pay an incentive payment to each of the class representatives, and to pay attorney's fees and expenses to Class Counsel. Defendant need not segregate funds or otherwise create special accounts to hold the Settlement Fund. Defendant will not relinquish control of any money until payments are due. As described below, if the class member claims total less than an agreed percentage of the Settlement Fund, then that difference will be awarded to charity as a *cy pres* award. Otherwise, Defendant will keep all unclaimed funds.

3.    The Settlement Class will be defined as: "All persons from July 14, 2009 to June 9, 2010 who were sent facsimile advertisements offering group tickets or individual game tickets for the Tampa Bay Buccaneers games and which did not display the opt-out language required by 47 C.F.R. §64.1200."

4.    The Settlement Fund will be distributed on a "claims-made" basis as follows:

    (a)    <u>Payments to claiming class members</u>. Defendant agrees to pay timely claims submitted by members of the Settlement Class. A settlement notice and claim form will be sent to the class members by facsimile. The pro rata share of the Settlement Fund before subtracting the payments in Paragraphs (b) and (c) below is $300.00.

    (b)    <u>Incentive award to the class representative</u>. Defendant agrees to pay and will not oppose or appeal a request for an incentive award of $15,000.00 from the Settlement Fund to each of the named plaintiffs for serving as the Class Representatives.

    (c)    <u>Fees and expenses to Class Counsel</u>. Defendant agrees to pay and will not oppose a request by Class Counsel (Brian J. Wanca of Anderson + Wanca and Michael C. Addison of Addison & Howard, PA) for attorney's fees in an amount equal to 30% of the Settlement Fund ($11,790,990.00), plus reasonable out-of-pocket expenses from the Settlement Fund.

    (d)    <u>Reversion to Defendant</u>. After making all required payments pursuant to this Paragraph 4, Defendant shall keep all unclaimed money in the Settlement Fund.

5.    Defendant will agree to a permanent injunction enjoining violations of the TCPA with language to be agreed upon.

6.    The Settlement Class will broadly release Defendant from claims arising out of or relating to Defendant's advertising faxes during the Class Period (*see* class definition above). The



Term Sheet – page 1
004502

**CONFIDENTIAL- SUBJECT TO PROTECTIVE ORDER**

OPP009299

CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER

MC 0003625

Settlement Class will not release claims regarding advertising faxes sent after the Class Period.

7. In addition to the Settlement Fund, Defendant shall pay the cost to retain a third party claims administrator who will issue the class notice by facsimile and publication, receive the claim forms, assist class members in completing and submitting forms, and provide a list of accepted and rejected claims to counsel for the parties. The decision of the claims administrator regarding whether a claim is valid is final and binding on the parties. Upon request, the third party claims administrator will provide copies of all claim forms to counsel for the parties.

8. This term sheet constitutes a binding agreement if accepted. The parties will submit a formal written settlement agreement and other papers necessary to obtain the Court's preliminary and final approval of this settlement. Within 14 days after this term sheet is signed, Plaintiff's counsel will draft and provide such documents for Defendant' review, revisions, and approval. The parties anticipate seeking preliminary approval from the Court within 28 days of signing this term sheet.

**BUCCANEERS LIMITED PARTNERSHIP**

By: _____

Its: _____

Dated: _____

**PLAINTIFF AND THE SETTLEMENT CLASS**

By: _____
      Michael C. Addison
      Brian J. Wanca
      Their Attorneys

Dated: _____

004508

**CONFIDENTIAL- SUBJECT TO PROTECTIVE ORDER**

OPP009300

CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER

MC 0003626

**PROOF OF CLAIM – Cin-Q Autos, Inc. v. Buccaneers Limited Partnership, Case No. 13-cv-1592**

*You Must Complete All THREE Steps to Claim a Share of the Settlement Fund:*

1.  **You Must Provide Your Contact Information.**

    Name: _____

    Company: _____

    Address: _____

    City/State/Zip Code: _____

    Fax Number(s): _____
    [List all numbers. You may attach a separate sheet.]

2.  **You Must Verify Ownership of the Fax Number(s) Listed in #1 above:**

    (a)   "The fax number(s) identified above or attached to this Proof of Claim was/were mine or my company's from July 14, 2009 to June 9, 2010."

    _____
    (Sign your name here)

    *OR*

    (b)   The fax number(s) identified in No. 1 above or attached to this Proof of Claim was **not**/were **not** mine or my company's throughout the period from July 14, 2009 to June 9, 2010. Explain when you obtained the fax number(s) identified in No. 1 above or attached to this Proof of Claim:

    _____
    _____
    _____

    _____
    (Sign your name here)

3.  **You Must Return this Claim Form by [90 days]_____, 2015:**

    a.   Fax this Claim Form to: ≤fax number for claims ≥

    *OR*

    b.   Mail this Claim Form to: [CLAIMS ADMINISTRATOR]

    *OR*

    c.   Submit this claim form electronically at **[website]**

Term Sheet – page 3

CONFIDENTIAL- SUBJECT TO PROTECTIVE ORDER

OPP009301

CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER                    MC 0003627

**Term Sheet For Settlement**

<u>**Cin-Q Automobiles, Inc., et al. v. Buccaneers Limited Partnership,**</u>
**Case No. 8:13-cv-01592 (M.D. Fla.)**

1.  Plaintiffs Cin-Q Automobiles, Inc. and Medical & Chiropractic, Inc. (collectively, "Plaintiffs") and Buccaneers Limited Partnership ("Defendant," and collectively with Plaintiffs, the "Parties") have reached a settlement in principle (subject to the execution and approval of a formal settlement agreement) of the above-captioned case on the terms set forth herein.

2.  The Settlement Class will be defined to address faxes allegedly sent on behalf of the Buccaneers on July 14, 2009 and June 9, 2010 that purportedly did not display the opt-out language required by 47 C.F.R. § 64.1200. Plaintiffs contend that the Settlement Class consists of approximately 131,000 persons.

3.  Defendant will make available a total of $16,000,000 ("Settlement Fund") to pay (a) claims of members of the Settlement Class, (b) an incentive payment to each of the Plaintiffs, (c) attorneys' fees and expenses to Anderson + Wanca, Addison & Howard, P.A and Siprut P.C. (collectively, "Class Counsel") and (d) notice and administration costs. Defendant need not segregate funds or otherwise create special accounts to hold the Settlement Fund. Defendant will not relinquish control of any money until payments are due. As described below, if the total amount of claims paid to class members, incentive payments, fees and costs to Class Counsel and notice and administration costs all total less than the amount of the Settlement Fund, any and all remaining monies will revert to Defendant.

4.  The Settlement Fund will be distributed on a "claims-made" basis as follows:

    (a)  <u>Payments to claiming class members.</u> Defendant agrees to pay timely claims submitted by members of the Settlement Class. Members of the Settlement Class who submit claims will receive the lesser of (i) $300 each or (ii) in the event that the amounts identified in Paragraph 3 are greater than the Settlement Fund, the pro rata share of members of the Settlement Class in the Settlement Fund after subtracting the payments in Paragraphs (b) through (d).

    (b)  <u>Incentive award to the class representative.</u> Defendant agrees to pay and will not oppose or appeal a request for an incentive award of $20,000.00 from the Settlement Fund to each of the Plaintiffs for serving as the Class Representatives. The payment of an incentive award does not prohibit Plaintiffs from also filing a claim under the settlement.

    (c)  <u>Fees and expenses to Class Counsel.</u> Defendant agrees to pay and will not oppose or appeal a request by Class Counsel for attorneys' fees in an amount equal to 25% of the Settlement Fund, plus reasonable out-of-pocket costs, all to be paid out of the Settlement Fund.

EXHIBIT
#15
11-17-17

NY 7544563.7  Cin-Q v. Bucs -- Draft Settlement Term Sheet                    DRAFT 11-01-2016 14:00 056866
004606

**CONFIDENTIAL- SUBJECT TO PROTECTIVE ORDER**

OPP009398

CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER                                   MC 0003639

(d) <u>Notice and Administration Costs.</u> Costs for notice and administration will be paid from the Settlement Fund. The Parties will agree to a notice/class administrator and work with that administrator to establish a reasonable notice plan. The notice/class administrator will also receive the claim forms, assist class members in completing and submitting forms and provide a list of accepted and rejected claims to counsel for the parties. Upon request, the administrator will provide copies of all claim forms to counsel for the parties.

5. Defendant will agree to a permanent injunction enjoining violations of the Telephone Consumer Protection Act, 47 U.S.C. §§ 227, <u>et seq.</u> ("TCPA") with respect to advertising faxes with language to be agreed upon.

6. Plaintiffs and the Settlement Class will broadly release Defendant from claims arising out of or relating to Defendant's advertising faxes during the class period and applicable limitations period. The Settlement Class will not release claims regarding advertising faxes sent after the Class Period.

7. This term sheet is contingent upon the entry of a mutually-agreeable Settlement Agreement as well as preliminary and final approval of the Court.

**BUCCANEERS LIMITED PARTNERSHIP**

By: _____

Its: _____

Dated: _____

**PLAINTIFF AND THE SETTLEMENT CLASS**

By: _____
    Michael C. Addison
    Brian J. Wanca
    Their Attorneys

Dated: _____

NY 7544563.7  Cin-Q v. Bues -- Draft Settlement Term Sheet

DRAFT 11-01-2016 14:00 056866-0001

004607

CONFIDENTIAL- SUBJECT TO PROTECTIVE ORDER

OPP009399

CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER

MC 0003640