UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

MEDICAL & CHIROPRACTIC CLINIC,
INC.,

    Plaintiff,

v.                                                                           Case No: 8:16-cv-1477-T-36CPT

DAVID M. OPPENHEIM and BOCK LAW
FIRM, LLC,

    Defendants.
_____/

## **ORDER**

This cause comes before the Court upon Defendant Bock Law Firm, LLC's ("Bock Hatch" or "Bock Law") Objections (Docs. 166, 167) to Magistrate Judge Thomas B. McCoun III's Order (Doc. 161), filed on January 31, 2018, and Plaintiff Medical & Chiropractic Clinic, Inc.'s ("M&C") responses thereto (Docs. 170, 171). Before the Magistrate Judge were M&C's Motion to De-Designate the Confidentiality of Certain Bock Hatch Documents (Doc. 133) and M&C's Motion for Return of Privileged Documents (Doc. 139), and Bock Law's responses in opposition (Docs. 136, 153). The Magistrate Judge granted in part and denied in part M&C's motions. Doc. 161. Thereafter, Bock Law filed its Objections to the Magistrate Judge's Order. Docs. 166, 167.[1] For the reasons that follow, Bock Law's Objections are sustained in part and overruled in part.

**I.    Brief Background**

---

[1] Bock Law labeled their papers as their "Objection to, and Request for District Court Reconsideration of, Magistrate Judge McCoun's January 31, 2018 Order on Plaintiff's Motion to De-Designate Confidentiality of Document Production" and "Motion for Reconsideration by the District Court of Magistrate Judge McCoun's January 31, 2018 Order Granting in Part, and Denying Part, Plaintiff's Motion for Return of Privileged Documents." Docs. 166, 167. Both papers cite Fed. R. Civ. P. 72(a). Accordingly, the Court construes Bock Law's papers as its Objections to the Magistrate Judge's Order.

1

This litigation stems from attorney David M. Oppenheim's ("Oppenheim") move from one law firm to another during pendency of a putative class action lawsuit against the Buccaneers Limited Partnership ("BLP") for alleged Telephone Consumer Protection Act ("TCPA") violations. Oppenheim, an attorney licensed in Illinois, was with the law firm Anderson + Wanca ("A+W") in 2009 when A+W began its investigation of potential TCPA violations involving BLP. Doc. 2, ¶ 9. In 2013, A+W filed a putative class action on behalf of Cin-Q Automobiles, Inc. ("Cin-Q") in federal court against BLP for alleged TCPA violations (Cin-Q Automobiles, Inc. v. Buccaneers Limited Partnership, 8:13-cv-1592-T-AEP) (the "Cin-Q action"). *Id.,* ¶ 10. On January 3, 2014, Cin-Q and M&C (collectively, the "Cin-Q plaintiffs") filed a second amended complaint which added M&C as a putative class representative of the Cin-Q action. *Id.,* ¶ 12.

In April 2016, Oppenheim resigned from A+W and began work at Bock Law. *Id.,* ¶¶ 49-50. On May 6, 2016, Bock Law, on behalf of Technology Training Associates, Inc. ("TTA"), filed a "copycat" lawsuit in the Circuit Court of the Thirteenth Judicial Circuit in and for Hillsborough County, Florida, against BLP (the "TTA state court action"). *Id.*, ¶ 57. Shortly thereafter, A+W filed a motion to intervene in the TTA state court action. *Id.*, ¶ 75. On May 18, 2016, TTA filed a voluntary dismissal of the TTA state court action. *Id.*, ¶ 82.

On June 20, 2016, Bock Law, on behalf of TTA and Larry E. Schwanke, D.C. (collectively, the "TTA plaintiffs"), filed a class action complaint against BLP in federal court (Technology Training Associates v. Buccaneers Limited Partnership, No. 8:16-cv-1622-T-AEP) (the "TTA federal action"). Thereafter, the TTA plaintiffs filed an Unopposed Motion for Preliminary Approval of Class Action Settlement. TTA federal action, Doc. 18. On July 8, 2016, the Cin-Q plaintiffs moved to intervene in the TTA federal action, seeking standing as a party to argue the

proposed settlement in the TTA federal action was the result of a "reverse auction." TTA federal action, Doc. 28.

While the underlying class actions were pending, this litigation ensued. On June 1, 2016, M&C filed its verified complaint (the "Complaint") and a Motion for Temporary Restraining Order against Bock Law and Oppenheim (collectively, "Defendants") in Hillsborough County Circuit Court. Docs. 2-3. The Complaint alleges one count for breach of fiduciary duty against Defendants based on alleged breaches of various duties under the Florida Rules of Professional Conduct and one count for aiding and abetting breach of fiduciary duty against Bock Law. Doc. 2. Both counts stem from Oppenheim's change of employment and the subsequent filing of the TTA state court action and TTA federal action. *Id.* Defendants removed the action to this Court on June 8, 2016. Doc. 1.

The parties commenced extensive discovery and motion practice in this case. *See e.g.,* Docs 75-84, 87-94, 98-100, 104-133. On December 27, 2016, the Magistrate Judge entered an order granting the parties' Joint Motion for Entry of Protective Order. Doc. 74. The Agreed Confidentiality and Protective Order ("Confidentiality and Protective Order") provided the scope of the parties' agreement, the manner of designation of confidential information, and the categories of information to be deemed confidential. Doc. 74-1, pp. 1-2.[2]

On October 26, 2017, M&C filed its Motion to De-Designate the Confidentiality of Certain Bock Hatch Documents ("Motion to De-Designate"). Doc. 133. M&C identified those documents as certain materials produced by Bock Law during discovery and designated by Bock Law as

---

[2] The following categories of documents were categorized as confidential: (a) information prohibited from disclosure by statute; (b) information that reveals trade secrets; (c) research, technical, commercial or financial information that the party has maintained as confidential; (d) medical information concerning any individual; (e) personal identity information; (f) income tax returns (including attached schedules and forms), W-2 forms and 1099 forms; (g) documents protected by the attorney-client or work product privilege or (h) personnel or employment records of a person who is not a party to the case. *Id.*

confidential. *Id.*, p. 2. M&C asserted that those documents should be de-designated pursuant to paragraph 9 of the Confidentiality and Protective Order, arguing that the documents did not fit into any of the confidential categories. *Id.,* pp. 5-6; Doc. 161, p. 2. Bock Law responded in opposition, arguing the challenged documents did fit into the confidential categories and that the Court had separately granted "attorney's eyes" status. Doc. 136, pp. 2-4. The parties provided the challenged documents to the Magistrate Judge for in-camera review. Doc. 161, p. 2.

On December 8, 2017, M&C filed a Motion to Compel Return of Privileged Documents ("Motion to Return"), specifically those labeled MC 0003284 ("Document 1"), AWMA 0001148 ("Document 2"), MC 0005132-36 ("Document 3"), and MC 0004416 ("Document 4"). Doc. 139, pp. 3-5. By its Motion to Return, M&C sought an order requiring Defendants to return those inadvertently produced documents that allegedly fell under BLP's unwaived mediation privilege. *Id.*, p. 8. Defendants responded in opposition, arguing return of the documents would be inequitable given M&C's effort "to use the mediation privilege as both shield and sword" by withholding documents when it served them to do so but intentionally producing other documents under which the mediation privilege could be asserted. Doc. 151, pp. 9-11.

The Magistrate Judge granted in part M&C's Motion to De-Designate, finding "a number of the documents … not 'confidential' in contemplation of the parties' agreed [Confidentiality and] Protective Order." Doc. 161, p. 2.[3] However, the Magistrate Judge allowed those documents arguably protected as work product and/or attorney client privilege to retain the confidential designation, despite their disclosure. *Id.,* p. 3.

---

[3] The Magistrate Judge lifted the confidentiality designation with respect to "BLF 00131-132, BLF 135-148, BLF 00151-156, BLF 159-161, BLF 00164-00165, BLF 00167-00181, BLF 00183-00204, BLF 00208-00215, BLF 00218, BLF 00222-223, BLF 00225-27, BLF 00232-62, BLF 00264-78, BLF 00313-20, and BLF 00345." *Id.* p. 3.

In the same Order, the Magistrate Judge granted M&C's Motion to Return only with respect to Document 3, involving direct communications with the mediator and/or counsel for BLP. *Id.*, p. 5. The Magistrate Judge denied M&C's Motion to Return with respect to the remaining documents, agreeing with Defendants' argument that clawback of certain documents would be fundamentally unfair. *Id.,* pp. 4-5. Bock Law's Objections to the Magistrate Judge's Order, and M&C's responses thereto, followed. Docs. 166, 167, 170, 171.

**II.   Legal Standard**

A magistrate judge's ruling on a non-dispositive matter must be affirmed unless "it has been shown that the magistrate judge's order is clearly erroneous or contrary to law." 28 U.S.C. § 636(b)(1)(A); *see also* Fed. R. Civ. P. 72(a) ("The district judge in the case must consider timely objections and modify or set aside any part of the order that is clearly erroneous or is contrary to law."). The "clearly erroneous or contrary to law" standard is extremely deferential. *Pac. Employers Ins. Co. v. Wausau Bus. Ins. Co.*, 3:05-cv-850J99MMH, 2007 WL 433362, at *2 (M.D. Fla. Feb. 6, 2007). A finding is clearly erroneous if "the reviewing court, after assessing the evidence in its entirety, is left with a definite and firm conviction that a mistake has been committed." *Krys v. Lufthansa German Airlines*, 119 F.3d 1515, 1523 (11th Cir. 1997).

**III.   Discussion**

   *A.  Confidentiality Designation of Documents*

Bock Law argues that a subset of the documents de-designated by the Magistrate Judge's Order should have been maintained "confidential" under the Confidentiality and Protective Order. Doc. 166, pp. 3-4.[4] The Court finds that the Magistrate Judge mistakenly de-designated two

---

[4] Bock Law asks the Court to overrule that portion of the Magistrate Judge's Order providing for the de-designation of the following documents: "BLF 131-132, BLF 135-137, BLF 140-148, BLF 151-155, BLF 159-161, BLF 164-165, BLF 167-168, BLF 171-176, BLF 180-181, BLF 205-208, and BLF 211-215." Bock Law is mistaken as to BLF 205-207, which was not de-designated by the Magistrate Judge's Order. Doc. 161, p. 3. In fact, M&C did not even request

5

documents, BLF 211-212, which M&C did not request that the Magistrate Judge de-designate. Doc. 133, pp. 2, 6.[5] Accordingly, Bock Law's Objections with respect to BLF 211-212 are sustained.

The remaining documents that Bock Law raises in its Objections are text messages discussing the potential addition of Oppenheim to Bock Law and Phil Bock's feelings about the same.[6] Bock Law argues these are financial documents "related to Oppenheim's compensation package, its reasonableness, and its impact on firm finances" and should be held confidential pursuant to paragraph 2 of the Confidentiality and Protective Order. Doc. 166, p. 3. However, the text messages lack specificity and reasonably do not fit within any of the confidentiality categories provided in the Confidentiality and Protective Order. Doc. 74-1, p. 1. The Court cannot conclude, therefore, that the Magistrate Judge's Order de-designating the confidentiality of these text messages is clearly erroneous or contrary to law.

Bock Law's argument concerning the Magistrate Judge's "narrowing" of the attorney's eyes only status is without merit and warrants little discussion. Doc. 166, p. 3. The attorney's eyes only status was not a consideration in the Magistrate Judge's Order. Rather, the Magistrate Judge merely acknowledged that while the confidentiality of some documents were de-designated by the Order, another status remained in place per a prior order. Doc. 161, p. 3, n. 4. That the Magistrate Judge may have inadvertently used the term "exact" in a footnote rather than the word "related"

---

the Court de-designate the confidentiality of BLF 205-207. Doc. 133, p. 2. Accordingly, the Court does not consider BLF 205-207 in this Order.

[5] M&C requested the Court de-designate the confidentiality of the following documents: "BLF-131-132, BLF-135-148, BLF 151-156, BLF-159-161, BLF-164-165, BLF 167-181, BLF 183-204, BLF-208-210, BLF-213-215, BLF-218, and BLF-222-345." *Id.*

[6] Also remaining are four pages of the conclusions of e-mail correspondences which consist solely of signature lines and boilerplate confidentiality notices, bates numbered BLF-00208 and BLF-00213-00215. There is no basis for the Court to believe the confidentiality of those documents are disputed.

with respect to the attorney's eyes only designation is of no consequence. The disposition of the confidentiality designations was the only issue before the Magistrate Judge at that time.[7]

### B. Clawback of Privileged Documents

Bock Law offers a sole basis for its Objections to the Magistrate Judge's Order directing Bock Law to return Document 3, which contain direct communications with the mediator and/or counsel for BLP. Doc. 167, p. 2. Allegedly, two days before the Magistrate Judge issued his Order, a change in the parties' positions occurred such that all counsel in the underlying class actions agreed to waive the mediation privileges affecting disclosure of the relevant documents in this case. *Id.* Accordingly, Bock Law argues, reconsideration is warranted. *Id.* M&C, on the other hand, contests this assertion and argues the mediation privilege was not waived in the manner Bock Law suggests. Doc. 171, p. 1. Both parties cite to a transcript of a hearing before Magistrate Judge Porcelli on January 29, 2018. *See* TTA federal action, Doc. 87, p. 20-22. After reviewing the relevant portions of the transcript, the Court concludes that the parties did not collectively and clearly waive the mediation privilege as Bock Law asserts. *Id.* Accordingly, Bock Law's Objections with respect to the clawback of privileged documents are without merit and are overruled.

**Accordingly, it is ORDERED**:

1. Defendants' Objections (Docs. 166, 167) are **SUSTAINED IN PART AND OVERRULED IN PART.** The Objections are sustained as to documents Bates numbered BLF

---

[7] M&C also makes too much of the Magistrate Judge's Order, suggesting, as it benefits them, that it lifted the attorney's eyes only status in addition to de-designating the confidentiality of documents. Doc. 170, pp. 2-4. To the contrary, M&C's Motion to De-Designate only requested the Magistrate Judge de-designate the confidentiality of the disputed materials. Doc. 133, p. 6. Nor can either party argue the two statuses are one and the same given that the attorney's eyes status was requested and granted after the issuance of the Confidentiality and Protective Order. Doc. 93 ("While I question why the 'confidential' designation provided for in the parties' [Confidentiality and Protective Order] is not adequate, in order to get the discovery moving, the request that such production be for 'attorneys' eyes only' is granted subject to reconsideration on a subsequent motion.").

211-212, which will maintain their confidential status pursuant to the parties' Agreed Confidentiality and Protective Order. In all other respects, the Objections are overruled and the Order of the Magistrate Judge (Doc. 161) is **AFFIRMED.**

**DONE AND ORDERED** in Tampa, Florida on July 9, 2018.

*Charlene Edwards Honeywell*
Charlene Edwards Honeywell
United States District Judge

Copies to:
Counsel of Record and Unrepresented Parties, if any