1

**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
2                          **TAMPA DIVISION**

3

MEDICAL & CHIROPRACTIC
4   CLINIC, INC.,

5                          Plaintiff,

6        vs.                     CASE NO. 8:16-cv-1477-T-36TBM
                                 March 29, 2017
7                                Tampa, Florida
                                 11:00 - 11:29 a.m.
8

DAVID M. OPPENHEIM, et al.,
9

                         Defendants.
10   _____/

11

12

13        **TRANSCRIPT OF TELEPHONIC DISCOVERY HEARING**
              BEFORE THE HONORABLE THOMAS B. MCCOUN III
14                UNITED STATES MAGISTRATE JUDGE

15

16

17

18

19

20

21

22

23

24   Proceedings transcribed via courtroom digital audio
     recording by transcriptionist using computer-aided
25   transcription.

```
 1   APPEARANCES:

 2

     For the Plaintiff:      LAUREN MICHELLE LOEW, ESQ.
 3                           Foley & Lardner, LLP
                             321 North Clark Street, Suite 2800
 4                           Chicago, Illinois 60610
                             312/832-5393
 5

 6   For the Defendant,      BARRY BLONIEN, ESQ.
     David M. Oppenheim:     Boardman & Clark LLP
 7                           1 South Pinckney Street, Suite 410
                             Madison, Wisconsin 53701
 8                           608/286-7168

 9

     For the Defendant,      CHRISTOPHER STEPHEN POLASZEK, ESQ.
10   Bock Law Firm, LLC:     The Polaszek Law Firm, PLLC
                             3407 West Kennedy Boulevard
11                           Tampa, Florida 33609
                             813/574-7678
12
                             DANIEL J. COHEN, ESQ.
13                           Bock Hatch Lewis & Oppenheim LLC
                             134 N. La Salle Street, Suite 1000
14                           Chicago, Illinois 60602
                             314/497-6352
15

16   Court Reporter:         Howard W. Jones, RPR, FCRR
                             801 N. Florida Avenue, Suite 15A
17                           Tampa, Florida 33602
                             813/301-5024
18

19                      * * * * * * * * * *

20

21

22

23

24

25
```

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

# I N D E X

|                                        | **PAGE** |
|----------------------------------------|----------|
| ARGUMENT BY MR. COHEN:                 | 4        |
| ARGUMENT BY MS. LOEW:                  | 8        |
| ARGUMENT BY MR. BLONIEN:               | 12       |
| ARGUMENT BY MS. LOEW:                  | 14       |
| ARGUMENT BY MR. COHEN:                 | 15       |
| ARGUMENT BY MS. LOEW:                  | 16       |
| ARGUMENT BY MR. COHEN:                 | 17       |
| ARGUMENT BY MR. BLONIEN:               | 18       |
| ARGUMENT BY MS. LOEW:                  | 19       |
| CERTIFICATE OF COURT REPORTER:         | 23       |

* * * * * * * * *

# E X H I B I T S

**(*NONE ADMITTED INTO EVIDENCE*)**

* * * * * * * * * *

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**P R O C E E D I N G S**

1
2      (Court called to order.)

3      THE COURT:  Okay.  Good morning.

4      Let's call the case, please.

5      THE DEPUTY CLERK:  Medical & Chiropractic Clinic,

6 Inc. vs. David M. Oppenheim, et al., Case No.

7 16-cv-1477-T-36TBM.

8      THE COURT:  Okay.  Good morning.  Who's here on

9 behalf of M&C?

10      MS. LOEW:  Good morning, Your Honor.  This is

11 Lauren Loew on behalf of Medical & Chiropractic.

12      THE COURT:  Okay.  And who's here on behalf of the

13 defendants?

14      MR. COHEN:  Good morning, Judge.  This is Dan

15 Cohen on behalf of defendant, Bock Law Firm.

16      MR. BLONIEN:  And this is Barry Blonien, good

17 morning, Your Honor, on behalf of Mr. Oppenheim.

18      MR. POLASZEK:  Good morning, Your Honor, Chris

19 Polaszek on behalf of the Bock Law Firm as well.

20      THE COURT:  Okay.  I'm all ears.  We got a call

21 yesterday saying that somebody was requesting a telephone

22 conference, so somebody take it away.  Whoever requested a

23 conference, why don't we start with that.

24      MR. COHEN:  Very good, Judge.  This is Dan Cohen

25 and I placed the call yesterday, Judge.

1      We have a situation which is an offshoot or an

2  outgrowth of the hearing we held on February 24th regarding

3  M&C's motion to compel directed to both defendants.  Your

4  Honor may recall that one focus of that hearing in those

5  motions was M&C's motion to compel directed to Mr. Oppenheim

6  relating to documents that Mr. Oppenheim had regarding the

7  Cin-Q Buccaneers class action that apparently had come with

8  him when he left the Anderson & Wanca law firm and the

9  production of that was called for in M&C's discovery

10  requests.  Mr. Blonien at that time explained a predicament

11  he found himself in where under Rule 5 he would need to

12  produce all such materials to Bock Law Firm as well, but

13  M&C's counsel was taking the position that although he had

14  to produce the materials to M&C, that he could not produce

15  them to Bock Law Firm because they were privileged.

16      THE COURT:  Okay.  Let me advance the argument.

17  I've read through the order.  I'm looking at the particular

18  part of the order that I'm sensing is at issue here.  I

19  basically compromised on that in an effort to try to get

20  some discovery going and basically my order said that:

21  Oppenheim shall promptly surrender these discovery -- he was

22  talking about it in terms of disks -- to counsel for M&C.

23  M&C's counsel shall have 14 days to review this discovery

24  and assert in writing any claims of privilege.  Where no

25  claims of privilege are asserted, the discovery shall

1   promptly be turned over.

2          Is that what we're fighting about today?

3          MR. COHEN:  In significant part, Judge.  And it's

4   tied to a scheduled deposition that M&C has set of

5   Mr. Oppenheim for tomorrow.  Mr. Blonien produced that CD to

6   M&C's counsel at the end of the hearing on the 24th and 14

7   days later M&C's counsel in a letter notified all counsel

8   that M&C did not believe that it had placed privileged

9   matters at issue that would be otherwise work product or

10   attorney-client privileged, even though they pertained to

11   the Cin-Q Buccaneers litigation.  M&C did agree that

12   documents on the Oppenheim CD that were only subject to a

13   mediation privilege in the Cin-Q case would be subject to

14   production, because M&C agreed that mediation privilege was

15   waived.  But M&C took the position that because the

16   mediation privilege is a bilateral privilege, the

17   Buccaneers' counsel in the Cin-Q case also needed to waive.

18          So M&C's counsel communicated to Buccaneers'

19   counsel that they believed the mediation privilege was

20   waived and they felt that the Buccaneers' counsel needed to

21   similarly waive in order for the documents -- those

22   documents to be produced.

23          So we have a situation where M&C's counsel has

24   distinguished between the mediation privilege, which they

25   agree is waived, but they feel the Buccaneers need to waive

1    too before we can get them and documents which are not

2    mediation privileged, but M&C contends are still work

3    product and attorney-client privileged.  And so we're in a

4    situation where Bock Law Firm still hasn't gotten any of

5    these documents and the deposition of Mr. Oppenheim was

6    scheduled at M&C's request on rather short notice for

7    tomorrow morning at 10:30 a.m. in Chicago.

8              And as this was unfolding, as the Buccaneers

9    finally responded to M&C's request for waiver of the

10   mediation privilege and essentially said we're under no time

11   constraint, we're discussing it with our client and we'll

12   get back to you when we've made a decision and they still

13   have not made a decision and M&C is still refusing

14   production of any Cin-Q related documents they claim are

15   work product or attorney-client privileged.

16             And I understand the Court did not officially or

17   formally overrule the work product or attorney-client

18   privilege objections, but the Court did express some

19   preliminary or tentative views on the at-issue waiver in the

20   February 24th hearing.  If Bock Law Firm walks into

21   Mr. Oppenheim's deposition without any of these documents,

22   we're essentially sitting there in the blind.  Whether the

23   documents are specifically referenced, marked, or identified

24   as such, it pertains to the subject matter of this lawsuit

25   that's been placed at issue.  M&C's counsel knows what they

1    are, Mr Blonien and Mr. Oppenheim know about it, but Bock

2    Law Firm is just sitting there in the absolute blind.  And

3    it didn't seem like a fair situation.

4          We suggested to M&C's counsel that we reschedule

5    Mr. Oppenheim's deposition.  We agreed to an extension of

6    their expert disclosure deadline, because I understand that

7    was part of the reason they pushed for a fast scheduling of

8    Mr. Oppenheim's deposition, and M&C's counsel responded that

9    they were not inclined to reschedule.

10         So taking the Court's comment at the end of the

11   February 24th hearing that if some issues remained we could

12   contact the Court, that's what I did.

13         THE COURT:  All right.  Let me ask --

14         MS. LOEW:  Well, Your Honor --

15         THE COURT:  -- with regards to the response that

16   apparently was made 14 days after the production of the

17   disk, apart from asserting work product or attorney-client

18   privilege or the discussion about the mediation privilege,

19   was -- in regard to that, was there a privilege log produced

20   at that point by plaintiff?

21         MS. LOEW:  Your Honor, this is Lauren Loew on

22   behalf of the plaintiffs.  We did not provide a separate

23   privilege log for those documents, we asserted the privilege

24   over them.  We can certainly separately identify -- I think

25   there were about 700 documents in that production.  We can

1  certainly separately identify those by log.

2          If I may just respond to a couple of Mr. Cohen's

3  comments.  We did schedule this deposition -- we sent this

4  letter asserting the privilege on March 10th and we

5  scheduled Mr. Oppenheim's deposition on March 15th, sent out

6  the notice that day.  We're still -- we still need to depose

7  Mr. Bock as well.

8          As you may recall, our expert disclosure deadline

9  is April 11th, so we are trying to move forward with that.

10         And we also got the Court's message at the last

11  hearing that, you know, things needed to move faster on this

12  case, so we are trying to do that here.

13         The question about the at-issue waiver of

14  attorney-client privilege was raised in a motion to compel

15  filed by the Bock Law Firm last night, so we would request

16  an opportunity to brief that issue before Your Honor that,

17  you know, was the subject of that motion to compel last

18  night.  We do not believe that we should be waiving that

19  privilege in this case, we don't think we've placed that at

20  issue here, and would like to present those full arguments

21  to the Court.

22         As far as the mediation privilege, we have

23  expressed to the Buccaneers that this deposition was coming

24  and trying to follow up to get their waiver about privilege,

25  but they, as Mr. Cohen represented, did not feel a time

1   crunch on their side, so we haven't obtained that from them

2   yet.  But we -- you know, we have concerns about continuing

3   to move back the timeline on this case given our upcoming

4   deadlines and this Court's direction.

5           THE COURT:  Is it fair to force the other side to

6   move forward with the deposition tomorrow in these

7   circumstances?

8           MS. LOEW:  Well, I think, Your Honor, you know, if

9   we can raise objections at the deposition if they try to get

10  into attorney-client privileged information, those

11  objections can be made on the record and, you know, be

12  brought before the Court.

13          THE COURT:  Well, I'm not so much concerned about

14  that as I'm concerned about the fact you claim you've got

15  700 documents apparently that you're claiming privilege on

16  despite the nature of your allegations.  I have -- I still

17  continue to doubt the appropriateness of that.  We've not

18  had -- that's not been formally raised.  I assume I'm

19  hearing -- my law clerk brought to my attention there was

20  this motion to compel filed by Bock, by the firm, which does

21  raise the issue.

22          MS. LOEW:  Correct.

23          THE COURT:  But, you know, prior to that we

24  haven't really had a concrete argument on it.  But let me

25  back up even further.

1          Let's assume it goes forward tomorrow.  Your

2    intention would be to use some of those matters that were

3    produced by Oppenheim at the last hearing that --

4          MS. LOEW:  No, we do not.  We do not intend to use

5    those.  Those -- we would say that those are attorney-client

6    privileged.  You know, we do intend to ask Mr. Oppenheim if

7    he's learned confidential information, you know, establish

8    those types of issues.  But using the specific documents, we

9    do not intend to do so, because we believe -- we believe

10   those are privileged.

11         THE COURT:  And supposing one of those documents

12   would reflect a contrary fact in regards to what Oppenheim

13   testified to, then what would you do with the document?  In

14   other words, if you had documents that were inconsistent

15   with what Oppenheim testified to, then what would you do

16   with those documents?

17         MS. LOEW:  Yes, that would be a challenge.  We

18   will not -- we do not plan to have them in the deposition,

19   so I would not be using them then.  But I would have to

20   think over how to address that specific situation.

21         THE COURT:  Let me ask, Mr. Blonien, and I assume

22   we're heading toward concrete pleadings that will raise the

23   issue and result in some conclusion on it.  I'm still not

24   prepared at this time to, you know, rule from the bench as

25   to what I think about this claim of privilege by plaintiff.

1   But just from your perspective, my recollection of your

2   argument was, is that you were going to respect the claim of

3   privilege and you were concerned about the claim of

4   privilege because of its implications of you giving the

5   matters which otherwise would have been turned over by

6   giving them to the Bock Law Firm.

7           Has your position changed on these -- Or let me

8   ask it this way:  Do you have a position as to the claim of

9   privilege that's being made by the plaintiff?

10          MR. BLONIEN:  The position of Mr. Oppenheim, Your

11  Honor -- this is Barry Blonien speaking, sorry.  The

12  position is that the allegations in the complaint combined

13  with the assertions that have been made in interrogatories

14  and other discovery clearly puts at issue the confidential

15  communications.  As Ms. Loew was just explaining herself,

16  she may ask what confidential information they have or

17  whether he learned information.

18          Frankly, Your Honor, I have a difficult time

19  understanding how that doesn't automatically open the door

20  for Mr. Oppenheim as a matter of due process to demonstrate

21  that either he didn't learn the confidential information or

22  the story is not as being portrayed by the plaintiff.  The

23  doctrine seems pretty well established that in circumstances

24  such as these it does constitute an at-issue waiver.

25          We do not think that the mediation privilege

1  stands with respect to either party in light of the fact

2  that the Buccaneers' counsel has moved in an ancillary

3  proceeding to declare that privilege waived, which seems in

4  my view to represent an intentional relinquishment of a

5  known right.

6          But above all else, Your Honor, my biggest concern

7  is prejudice to my client.  The rules don't contemplate

8  multiple stabs at this approach, that the --

9          THE COURT:  Let me interject and give you a more

10 specific set -- a more specific question.

11         MR. BLONIEN:  Okay.

12         THE COURT:  Of the documents that were turned

13 over, and I assume you have some idea as to content of those

14 documents and those about which we're presently fighting, is

15 Oppenheimer barred from using those in his defense based on

16 M&C's privilege?

17         MR. BLONIEN:  Your Honor, it puts us in a

18 minefield position -- this is Barry Blonien again -- to try

19 and figure out where we can step and where we can't, what

20 documents are in and are not, without having a key or a

21 privilege log to figure out which ones are in fact being

22 asserted by the plaintiffs in this instance.  It puts

23 Mr. Oppenheim in an extraordinarily awkward position in

24 terms of preparing for this case.

25         But we are willing to go forward and especially

1 upon the Court's order, but your concern is that we do this

2 once.  And if it's clear that we're going to be back here

3 because these documents will then be in the case and they

4 want another swing, it seems appropriate to delay until that

5 point.  It would otherwise be a waste of time and money.

6         THE COURT:  Let me go back to Ms. Loew.  Why isn't

7 the mediation privilege -- why is that issue still even on

8 the table if in fact the Buccaneers have requested that it

9 be declared to have been waived?  I mean, how can they take

10 a different position in this litigation if in fact that's

11 what they've represented in the other litigation?

12         MS. LOEW:  So I believe, Your Honor, they filed a

13 motion for waiver of that privilege in the other case.  We

14 have brought that to their attention and they said that, you

15 know, at that time that's what they wanted to do, but now

16 they are considering whether that, you know, they want to

17 waive the privilege at this time.

18         So I don't disagree with you.  We're trying to

19 respect, you know, the rules on the mediation privilege.  We

20 are ready to, you know, go forward with waiver of privilege,

21 but the Buccaneers have not yet done so.

22         THE COURT:  Well, let me ask it this way:  Is --

23 Well, what expert testimony is contemplated by either side

24 in this case?  We've got an April 11th or something deadline

25 for experts.  What type of expert testimony is being worked

1    up, is being contemplated in this case?

2           Let's start with the plaintiff.  What kind of

3    experts would you anticipate using?

4           MS. LOEW:  We would anticipate using an ethics

5    expert in this case.  You know, obviously, he would want to

6    see Mr. Oppenheim and Mr. Bock's testimony before finalizing

7    those opinions.  But the exact construct of that opinion, I

8    don't know exactly what that is going to be yet.

9           THE COURT:  Sure.  That's fine.

10          And I assume defendants would want an ethics --

11   would propose an ethics expert contrary to plaintiff's?

12          MR. COHEN:  That is correct, Judge, that's -- this

13   is Dan Cohen.

14          THE COURT:  Okay.  What's the -- does somebody

15   have the case management scheduling order?  Let me see if

16   I've got it here.

17          No, I don't think I do.  Has somebody got that

18   handy, the current one, the one that's in effect?

19          MS. LOEW:  I have it.  I have a lot of papers on

20   my desk, though, so I apologize.

21          The last one was Docket 92 on February 24th and it

22   said that the plaintiff shall serve its expert disclosures

23   on or before April 11th.  Defendant shall serve their expert

24   disclosures on or before May 9th.  And then it continued

25   with mediation on June -- before June 2nd, discovery close,

1   June 6th, and dispositive motions, July 5th.  Those were the

2   only changes.

3           THE COURT:  All right.

4           MR. POLASZEK:  This is Chris Polaszek.  Lauren, I

5   couldn't hear.  I didn't know.

6           There was one other thing in Docket 92, Your

7   Honor, and that was simply that it said that all discovery

8   should be conducted to be completed on or before June 6th.

9   I couldn't hear if Lauren mentioned that other --

10          THE COURT:  Yeah, she did.  I'm looking at the

11  order right now.

12          Okay.  Is there any other reason in the

13  circumstances that I'm considering here, any other reason

14  for the plaintiff to want to push forward with the

15  deposition tomorrow other than the expert disclosure

16  deadline that I earlier set?  And --

17          MS. LOEW:  This is Lauren Loew.  Yeah, so the main

18  reason is really we just want to get Mr. Oppenheim on the

19  record.  We have, you know, documents from both sides now

20  and we want to, you know, move forward with defending the

21  case.  That's really the main driver.  This all came to a

22  head this week and given the timeline in the case and given

23  the fact that we do -- you know, we do want to go ahead and

24  get everybody on the record on this case so we can prepare

25  our appropriate claims, that's really the reason we want to

1    move forward.

2              THE COURT:  Well, we've actually sort of wasted a

3    couple of weeks here.  I know you say it came to a head this

4    week and it is brought to a head I guess by the motion to

5    compel, which I've not read, but it could have -- the issue

6    could have been raised earlier, it might have been resolved

7    before the depos.

8              Same question for the defendants, is there a

9    reason in the circumstances presented that we ought to move

10   forward with the Oppenheim deposition before we resolve this

11   dispute over sort of -- well, the claim of privilege here?

12             MR. COHEN:  Judge, this is Dan Cohen.  And I know

13   this sounds a little bit like I'm harkening back to

14   something I said before, but I -- in light of something

15   Ms. Loew said, I wanted to clarify.

16             I understand and appreciate that she says if they

17   do the deposition tomorrow, they won't be referencing,

18   marking, identifying, or using the documents.  These

19   documents are really simply memorializations, as I

20   understand it, of facts, knowledge, events.  And the

21   deposition, as I understand it, will be about, in

22   significant respect, those facts, knowledge, and events.  So

23   once again, you have two participants in the deposition that

24   know all about that and you've got Bock Law Firm, which is

25   subject to liability allegedly through Mr. Oppenheim's

1    conduct, and we don't know anything about it.

2         And so I guess I don't know why the deposition has

3    to go forward tomorrow or anyone's unfairly prejudiced as

4    long as plaintiff is not facing an expert disclosure

5    deadline that it cannot reasonably comply with.

6         THE COURT:  Mr. Blonien, back to you.  With

7    regards to the -- with regards to the deposition tomorrow,

8    you may have attempted to answer it or maybe you did answer

9    it -- I'm reading through some scribble here on the page

10   here, forgive me for a second.

11        Would it be your intention to make inquiry of

12   Mr. Oppenheim at his deposition and, if so, would it be your

13   intention to also address these matters that are

14   communications he may have had with a former client that may

15   be subject to the argument here?

16        MR. BLONIEN:  Your Honor, it's our position that

17   this is a significant enough issue affecting a large enough

18   number of documents and facts involved in the case involved

19   and the allegations made by plaintiff that it would be very

20   helpful to have clear rules of the road before this

21   deposition were to occur.  We think it's important to

22   resolve the privilege issues so that we can do this once and

23   do it right from everybody's perspective and I think that

24   countenances towards waiting until all the privilege issues

25   are resolved.

1      THE COURT:  In the usual course, by the way we

2   calculate these things, the response to the motion which you

3   just filed wouldn't be due, frankly, until somewhere around

4   the 14th of April my notes reflect, which is a long time to

5   wait.  And how --

6      I mean, Ms. Loew, the plaintiffs have articulated

7   this position, this is not something that they need to

8   contemplate in response to the motion to compel, they've

9   taken this position for weeks, if not months.  And so if I

10  were to expedite the response period for plaintiff, still

11  giving you fair time to respond to the motion, which sort of

12  solidifies the issues and also requires that you produce

13  some type of privilege log with regards to these documents,

14  how long -- first, with response -- in regard to the

15  response to the motion, how long would you fairly need to be

16  able to get that out on an expedited basis?

17      MS. LOEW:  Your Honor, I don't have the rules in

18  front of me as to what the normal briefing schedule is, so I

19  apologize.

20      THE COURT:  Well, you've got 14 days to respond,

21  but, you know, there's mailing time in there and all of

22  that.  It pushes this --

23      MS. LOEW:  Understood.

24      THE COURT:  -- down the road further than it needs

25  to be, because you're not the first lawyer that's, you know,

1    argued to me that you've got a right to claim this

2    privilege.  You've obviously thought this through and so the

3    question is can you articulate it and put it in writing in

4    response to the motion if I were to shorten -- if I were to

5    shorten that period to a date certain.  Ten days down the

6    road, would that be adequate?

7            MS. LOEW:  Yes, we can do ten days.  And we have

8    expressed that, you know, in writing to the defendants, so

9    we can do that.

10           THE COURT:  All right.  And hearing no objection

11   in the circumstances to staying Mr. Oppenheim's deposition,

12   we'll do that pending the ruling on the Court's -- ruling by

13   the Court on this privilege issue.  That necessarily will

14   affect the expert disclosure date and we'll address that,

15   but I don't -- I, frankly, don't see any other way to handle

16   this and resolve this issue fairly and assure that we only

17   have to do the depo one time.

18           All right.  We're going to issue a short order,

19   which essentially requires an expedited response to the

20   motion to compel that apparently was filed yesterday by the

21   Bock Law Firm.  A ten-day date certain date we'll give you.

22   The depo for Oppenheim tomorrow is stayed pending resolution

23   of the privileged claim.  And we'll also stay the expert

24   disclosure deadline at this point for -- at least for the

25   plaintiff to accommodate us finishing these matters up and

1    getting Mr. Oppenheim deposed.

2             I will tell you I'm going to -- the case simply

3    needs to move forward, it's dragged for too long.  And so

4    we're going to continue to hold your feet to the fire on

5    some close deadlines here.  But I don't see any other way to

6    do it than to take a step back and get the privilege claim

7    resolved.  Hopefully, by then the Buccaneers will have made

8    up their mind and, if not, we'll take a stab at ruling on it

9    based on their prior arguments for waiver.

10            Unfortunately, that's about the best I can do for

11   you today.  I can't give you any other concrete rulings on

12   the claims here, I just -- they haven't been sufficiently

13   identified for me to be able to do something on that.

14            MR. POLASZEK:  Your Honor, Chris Polaszek.  Will

15   your order direct a date certain for the plaintiff to

16   provide the privilege log as well?

17            THE COURT:  Ten days.

18            MR. POLASZEK:  Okay.  Thank you.

19            MR. COHEN:  Judge, this is Dan Cohen.  On the

20   privilege log that will be forthcoming, and I don't know

21   that there's any objection to this, I agreed in an email

22   yesterday, but it would be nice to have a confirmation and

23   clarification now.  It's my understanding that when

24   Mr. Blonien produced the documents on CD to M&C's counsel,

25   they are Bates labeled.  It would be very helpful, I would

1   imagine, in the end for all parties, but certainly for

2   Mr. Blonien on the front end, whatever privilege log M&C

3   comes forward with, if they could reference documents by

4   reference to Mr. Blonien's Bates labeling.  Everybody in the

5   end will have a better understanding of exactly which

6   documents are being addressed.

7              MS. LOEW:  Of course.  We will absolutely do that.

8              MR. COHEN:  Thank you.

9              THE COURT:  All right.  That's the best I can do.

10  We'll issue a short order and we'll -- as soon as we get the

11  expedited response, then we'll calendar oral arguments on it

12  and you can appear by phone for those oral arguments.

13             Hold on one second.

14             Okay.  As luck would have it, my law clerk is

15  telling me that ten days certain is a Saturday, which is par

16  for the course here, I guess.

17             Can we get it done by the Friday -- close of

18  business on Friday before, Ms. Loew?

19             MS. LOEW:  On April 7th?  Yes, we can do that.

20             THE COURT:  Okay.  All right.  So we're shooting

21  for that date, April 7th.

22             All right.  Thank you.

23                    (Proceedings concluded.)

24

25

```
1   UNITED STATES DISTRICT COURT      )
                                      )
2   MIDDLE DISTRICT OF FLORIDA        )

3
                     REPORTER TRANSCRIPT CERTIFICATE
4

5        I, Howard W. Jones, Official Court Reporter for
    the United States District Court, Middle District of
6   Florida, certify, pursuant to Section 753, Title 28, United
    States Code, that the foregoing is a true and correct
7   transcription of the stenographic notes taken by the
    undersigned in the above-entitled matter (Pages 1 through 22
8   inclusive) and that the transcript page format is in
    conformance with the regulations of the Judicial Conference
9   of the United States of America.

10

11                            /s      Howard W. Jones

12                            _____
                              Howard W. Jones, RPR, FCRR
13                            Official Court Reporter
                              United States District Court
14                            Middle District of Florida
                              Tampa Division
15                            Date:  11/02/18

16

17

18

19

20

21

22

23

24

25
```

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**MR. BLONIEN: [5]** 4/15 12/9 13/10 13/16 18/15
**MR. COHEN: [7]** 4/13 4/23 6/2 15/11 17/11 21/18 22/7
**MR. POLASZEK: [4]** 4/17 16/3 21/13 21/17
**MS. LOEW: [16]** 4/9 8/13 8/20 10/7 10/21 11/3 11/16 14/11 15/3 15/18 16/16 19/16 19/22 20/6 22/6 22/18
**THE COURT: [29]**
**THE DEPUTY CLERK: [1]** 4/4

**/**

**/s [1]** 23/10

**1**

**1000 [1]** 2/13
**10:30 [1]** 7/7
**10th [1]** 9/4
**11/02/18 [1]** 23/14
**11:00 [1]** 1/7
**11:29 [1]** 1/7
**11th [3]** 9/9 14/24 15/23
**12 [1]** 3/5
**134 [1]** 2/13
**14 [5]** 3/6 5/23 6/6 8/16 19/20
**14th [1]** 19/4
**15 [1]** 3/7
**15A [1]** 2/16
**15th [1]** 9/5
**16 [1]** 3/8
**16-cv-1477-T-36TBM [1]** 4/7
**17 [1]** 3/9
**18 [2]** 3/10 23/14
**19 [1]** 3/11

**2**

**2017 [1]** 1/6
**22 [1]** 23/7
**23 [1]** 3/12
**24th [5]** 5/2 6/6 7/20 8/11 15/21
**28 [1]** 23/6
**2800 [1]** 2/3
**29 [1]** 1/6
**2nd [1]** 15/25

**3**

**312/832-5393 [1]** 2/4
**314/497-6352 [1]** 2/14
**321 [1]** 2/3
**33602 [1]** 2/17
**33609 [1]** 2/11
**3407 [1]** 2/10
**36TBM [2]** 1/6 4/7

**4**

**410 [1]** 2/7

**5**

**5024 [1]** 2/17
**53701 [1]** 2/7
**5393 [1]** 2/4
**5th [1]** 16/1

**6**

**60602 [1]** 2/14
**60610 [1]** 2/4
**608/286-7168 [1]** 2/8
**6352 [1]** 2/14
**6th [2]** 16/1 16/8

**7**

**700 [2]** 8/25 10/15
**7168 [1]** 2/8
**753 [1]** 23/6
**7678 [1]** 2/11
**7th [2]** 22/19 22/21

**8**

**801 [1]** 2/16
**813/301-5024 [1]** 2/17
**813/574-7678 [1]** 2/11
**8:16-cv-1477-T-36TBM [1]** 1/6

**9**

**92 [2]** 15/21 16/6
**9th [1]** 15/24

**A**

**a.m [2]** 1/7 7/7
**able [2]** 19/16 21/13
**about [17]** 5/22 6/2 8/1 8/18 8/25 9/13 9/24 10/2 10/13 10/14 11/25 12/3 13/14 17/21 17/24 18/1 21/10
**above [2]** 13/6 23/7
**above-entitled [1]** 23/7
**absolute [1]** 8/2
**absolutely [1]** 22/7
**accommodate [1]** 20/25
**action [1]** 5/7
**actually [1]** 17/2
**address [3]** 11/20 18/13 20/14
**addressed [1]** 22/6
**adequate [1]** 20/6
**ADMITTED [1]** 3/17
**advance [1]** 5/16
**affect [1]** 20/14
**affecting [1]** 18/17
**after [1]** 8/16
**again [2]** 13/18 17/23
**agree [2]** 6/11 6/25

**agreed [3]** 6/14 8/5 21/21
**ahead [1]** 16/23
**aided [1]** 1/24
**al [2]** 1/8 4/6
**all [17]** 4/20 5/12 6/7 8/13 13/6 16/3 16/7 16/21 17/24 18/24 19/21 20/10 20/18 22/1 22/9 22/20 22/22
**allegations [3]** 10/16 12/12 18/19
**allegedly [1]** 17/25
**also [5]** 6/17 9/10 18/13 19/12 20/23
**although [1]** 5/13
**America [1]** 23/9
**ancillary [1]** 13/2
**Anderson [1]** 5/8
**another [1]** 14/4
**answer [2]** 18/8 18/8
**anticipate [2]** 15/3 15/4
**any [10]** 5/24 7/4 7/14 7/21 16/12 16/13 20/15 21/5 21/11 21/21
**anyone's [1]** 18/3
**anything [1]** 18/1
**apart [1]** 8/17
**apologize [2]** 15/20 19/19
**apparently [4]** 5/7 8/16 10/15 20/20
**appear [1]** 22/12
**APPEARANCES [1]** 2/1
**appreciate [1]** 17/16
**approach [1]** 13/8
**appropriate [2]** 14/4 16/25
**appropriateness [1]** 10/17
**April [6]** 9/9 14/24 15/23 19/4 22/19 22/21
**are [21]** 5/25 7/1 7/2 7/14 7/23 8/1 9/9 9/12 11/5 11/10 13/20 13/20 13/21 13/25 14/16 14/20 17/19 18/13 18/25 21/25 22/6
**argued [1]** 20/1
**argument [13]** 3/3 3/4 3/5 3/6 3/7 3/8 3/9 3/10 3/11 5/16 10/24 12/2 18/15
**arguments [4]** 9/20 21/9 22/11 22/12
**around [1]** 19/3
**articulate [1]** 20/3
**articulated [1]** 19/6
**as [27]**
**ask [6]** 8/13 11/6 11/21 12/8 12/16 14/22
**assert [1]** 5/24
**asserted [3]** 5/25 8/23 13/22
**asserting [2]** 8/17 9/4
**assertions [1]** 12/13
**assume [5]** 10/18 11/1 11/21 13/13 15/10

## A

assure [1] 20/16
at-issue [3] 7/19 9/13 12/24
attempted [1] 18/8
attention [2] 10/19 14/14
attorney [8] 6/10 7/3 7/15 7/17
 8/17 9/14 10/10 11/5
attorney-client [8] 6/10 7/3 7/15
 7/17 8/17 9/14 10/10 11/5
audio [1] 1/24
automatically [1] 12/19
Avenue [1] 2/16
away [1] 4/22
awkward [1] 13/23

## B

back [8] 7/12 10/3 10/25 14/2 14/6
 17/13 18/6 21/6
barred [1] 13/15
BARRY [4] 2/6 4/16 12/11 13/18
based [2] 13/15 21/9
basically [2] 5/19 5/20
basis [1] 19/16
Bates [2] 21/25 22/4
be [31]
because [8] 5/15 6/14 6/15 8/6
 11/9 12/4 14/3 19/25
been [8] 7/25 10/18 12/5 12/13
 14/9 17/6 17/6 21/12
before [14] 1/13 7/1 9/16 10/12
 15/6 15/23 15/24 15/25 16/8 17/7
 17/10 17/14 18/20 22/18
behalf [7] 4/9 4/11 4/12 4/15 4/17
 4/19 8/22
being [6] 12/9 12/22 13/21 14/25
 15/1 22/6
believe [5] 6/8 9/18 11/9 11/9
 14/12
believed [1] 6/19
bench [1] 11/24
best [2] 21/10 22/9
better [1] 22/5
between [1] 6/24
biggest [1] 13/6
bilateral [1] 6/16
bit [1] 17/13
blind [2] 7/22 8/2
BLONIEN [13] 2/6 3/5 3/10 4/16
 5/10 6/5 8/1 11/21 12/11 13/18
 18/6 21/24 22/2
Blonien's [1] 22/4
Boardman [1] 2/6
Bock [15] 2/10 2/13 4/15 4/19
 5/12 5/15 7/4 7/20 8/1 9/7 9/15
 10/20 12/6 17/24 20/21

## Bock's [1] 15/6

both [2] 5/3 16/19
Boulevard [1] 2/10
brief [1] 9/16
briefing [1] 19/18
brought [4] 10/12 10/19 14/14
 17/4
Buccaneers [8] 5/7 6/11 6/25 7/8
 9/23 14/8 14/21 21/7
Buccaneers' [4] 6/17 6/18 6/20
 13/2
business [1] 22/18

## C

C's [16] 5/3 5/5 5/9 5/13 5/23 6/6
 6/7 6/18 6/23 7/6 7/9 7/25 8/4 8/8
 13/16 21/24
calculate [1] 19/2
calendar [1] 22/11
call [3] 4/4 4/20 4/25
called [2] 4/2 5/9
came [2] 16/21 17/3
can [17] 7/1 8/24 8/25 10/9 10/11
 13/19 14/9 16/24 18/22 20/3 20/7
 20/9 21/10 22/9 22/12 22/17 22/19
can't [2] 13/19 21/11
cannot [1] 18/5
case [20] 1/6 4/4 4/6 6/13 6/17
 9/12 9/19 10/3 13/24 14/3 14/13
 14/24 15/1 15/5 15/15 16/21 16/22
 16/24 18/18 21/2
CD [3] 6/5 6/12 21/24
certain [4] 20/5 20/21 21/15 22/15
certainly [3] 8/24 9/1 22/1
CERTIFICATE [2] 3/12 23/3
certify [1] 23/6
challenge [1] 11/17
changed [1] 12/7
changes [1] 16/2
Chicago [3] 2/4 2/14 7/7
CHIROPRACTIC [3] 1/3 4/5
 4/11
Chris [3] 4/18 16/4 21/14
CHRISTOPHER [1] 2/9
Cin [5] 5/7 6/11 6/13 6/17 7/14
Cin-Q [5] 5/7 6/11 6/13 6/17 7/14
circumstances [5] 10/7 12/23
 16/13 17/9 20/11
claim [10] 7/14 10/14 11/25 12/2
 12/3 12/8 17/11 20/1 20/23 21/6
claiming [1] 10/15
claims [4] 5/24 5/25 16/25 21/12
clarification [1] 21/23
clarify [1] 17/15
Clark [2] 2/3 2/6
class [1] 5/7

## clear [2] 14/3 18/20

clearly [1] 12/14
clerk [2] 10/19 22/14
client [11] 6/10 7/3 7/11 7/15 7/17
 8/17 9/14 10/10 11/5 13/7 18/14
CLINIC [2] 1/4 4/5
close [3] 15/25 21/5 22/17
Code [1] 23/6
COHEN [10] 2/12 3/3 3/7 3/9
 4/15 4/24 9/25 15/13 17/12 21/19
Cohen's [1] 9/2
combined [1] 12/12
come [1] 5/7
comes [1] 22/3
coming [1] 9/23
comment [1] 8/10
comments [1] 9/3
communicated [1] 6/18
communications [2] 12/15 18/14
compel [8] 5/3 5/5 9/14 9/17
 10/20 17/5 19/8 20/20
complaint [1] 12/12
completed [1] 16/8
comply [1] 18/5
compromised [1] 5/19
computer [1] 1/24
computer-aided [1] 1/24
concern [2] 13/6 14/1
concerned [3] 10/13 10/14 12/3
concerns [1] 10/2
concluded [1] 22/23
conclusion [1] 11/23
concrete [3] 10/24 11/22 21/11
conduct [1] 18/1
conducted [1] 16/8
conference [3] 4/22 4/23 23/8
confidential [4] 11/7 12/14 12/16
 12/21
confirmation [1] 21/22
conformance [1] 23/8
considering [2] 14/16 16/13
constitute [1] 12/24
constraint [1] 7/11
construct [1] 15/7
contact [1] 8/12
contemplate [2] 13/7 19/8
contemplated [2] 14/23 15/1
contends [1] 7/2
content [1] 13/13
continue [2] 10/17 21/4
continued [1] 15/24
continuing [1] 10/2
contrary [2] 11/12 15/11
correct [3] 10/22 15/12 23/6
could [5] 5/14 8/11 17/5 17/6 22/3
couldn't [2] 16/5 16/9

**C**

**counsel [16]** 5/13 5/22 5/23 6/6
6/7 6/7 6/17 6/18 6/19 6/20 6/23
7/25 8/4 8/8 13/2 21/24
**countenances [1]** 18/24
**couple [2]** 9/2 17/3
**course [3]** 19/1 22/7 22/16
**COURT [15]** 1/1 1/2 1/16 3/12 4/2
7/16 7/18 8/12 9/10 10/12 20/13
23/1 23/5 23/5 23/12 23/13
**Court's [5]** 8/10 9/10 10/4 14/1
20/12
**courtroom [1]** 1/24
**crunch [1]** 10/1
**current [1]** 15/18
**cv [2]** 1/6 4/7

**D**

**Dan [5]** 4/14 4/24 15/13 17/12
21/19
**DANIEL [1]** 2/12
**date [7]** 20/5 20/14 20/21 20/21
21/15 22/21 23/14
**DAVID [3]** 1/8 2/6 4/6
**day [2]** 9/6 20/21
**days [8]** 5/23 6/7 8/16 19/20 20/5
20/7 21/17 22/15
**deadline [6]** 8/6 9/8 14/24 16/16
18/5 20/24
**deadlines [2]** 10/4 21/5
**decision [2]** 7/12 7/13
**declare [1]** 13/3
**declared [1]** 14/9
**defendant [4]** 2/6 2/9 4/15 15/23
**defendants [6]** 1/9 4/13 5/3 15/10
17/8 20/8
**defending [1]** 16/20
**defense [1]** 13/15
**delay [1]** 14/4
**demonstrate [1]** 12/20
**depo [2]** 20/17 20/22
**depos [1]** 17/7
**depose [1]** 9/6
**deposed [1]** 21/1
**deposition [21]** 6/4 7/5 7/21 8/5
8/8 9/3 9/5 9/23 10/6 10/9 11/18
16/15 17/10 17/17 17/21 17/23
18/2 18/7 18/12 18/21 20/11
**desk [1]** 15/20
**despite [1]** 10/16
**did [10]** 6/8 6/11 7/16 7/18 8/12
8/22 9/3 9/25 16/10 18/8
**didn't [3]** 8/3 12/21 16/5
**different [1]** 14/10
**difficult [1]** 12/18

**digital [1]** 23/4
**direct [1]** 21/15
**directed [2]** 5/3 5/5
**direction [1]** 10/4
**disagree [1]** 14/18
**disclosure [6]** 8/6 9/8 16/15 18/4
20/14 20/24
**disclosures [2]** 15/22 15/24
**discovery [9]** 1/13 5/9 5/20 5/21
5/23 5/25 12/14 15/25 16/7
**discussing [1]** 7/11
**discussion [1]** 8/18
**disk [1]** 8/17
**disks [1]** 5/22
**dispositive [1]** 16/1
**dispute [1]** 17/11
**distinguished [1]** 6/24
**DISTRICT [8]** 1/1 1/1 23/1 23/2
23/5 23/5 23/13 23/13
**DIVISION [2]** 1/2 23/14
**do [30]**
**Docket [2]** 15/21 16/6
**doctrine [1]** 12/23
**document [1]** 11/13
**documents [28]**
**does [3]** 10/20 12/24 15/14
**doesn't [1]** 12/19
**don't [13]** 4/23 9/19 13/7 14/18
15/8 15/17 18/1 18/2 19/17 20/15
20/15 21/5 21/20
**done [2]** 14/21 22/17
**door [1]** 12/19
**doubt [1]** 10/17
**down [2]** 19/24 20/5
**dragged [1]** 21/3
**driver [1]** 16/21
**due [2]** 12/20 19/3

**E**

**earlier [2]** 16/16 17/6
**ears [1]** 4/20
**effect [1]** 15/18
**effort [1]** 5/19
**either [3]** 12/21 13/1 14/23
**else [1]** 13/6
**email [1]** 21/21
**end [5]** 6/6 8/10 22/1 22/2 22/5
**enough [2]** 18/17 18/17
**entitled [1]** 23/7
**especially [1]** 13/25
**ESQ [4]** 2/2 2/6 2/9 2/12
**essentially [3]** 7/10 7/22 20/19
**establish [1]** 11/7
**established [1]** 12/23
**et [2]** 1/8 4/6
**ethics [3]** 15/4 15/10 15/11

**even [3]** 6/19 10/25 14/7
**events [2]** 17/20 17/22
**everybody [2]** 16/24 22/4
**everybody's [1]** 18/23
**EVIDENCE [1]** 3/17
**exact [1]** 15/7
**exactly [2]** 15/8 22/5
**expedite [1]** 19/10
**expedited [3]** 19/16 20/19 22/11
**expert [12]** 8/6 9/8 14/23 14/25
15/5 15/11 15/22 15/23 16/15 18/4
20/14 20/23
**experts [2]** 14/25 15/3
**explained [1]** 5/10
**explaining [1]** 12/15
**express [1]** 7/18
**expressed [2]** 9/23 20/8
**extension [1]** 8/5
**extraordinarily [1]** 13/23

**F**

**facing [1]** 18/4
**fact [7]** 10/14 11/12 13/1 13/21
14/8 14/10 16/23
**facts [3]** 17/20 17/22 18/18
**fair [3]** 8/3 10/5 19/11
**fairly [2]** 19/15 20/16
**far [1]** 9/22
**fast [1]** 8/7
**faster [1]** 9/11
**FCRR [2]** 2/16 23/12
**February [4]** 5/2 7/20 8/11 15/21
**feel [2]** 6/25 9/25
**feet [1]** 21/4
**felt [1]** 6/20
**fighting [2]** 6/2 13/14
**figure [2]** 13/19 13/21
**filed [5]** 9/15 10/20 14/12 19/3
20/20
**finalizing [1]** 15/6
**finally [1]** 7/9
**fine [1]** 15/9
**finishing [1]** 20/25
**fire [1]** 21/4
**firm [15]** 2/10 2/10 4/15 4/19 5/8
5/12 5/15 7/4 7/20 8/2 9/15 10/20
12/6 17/24 20/21
**first [2]** 19/14 19/25
**FLORIDA [8]** 1/1 1/7 2/11 2/16
2/17 23/2 23/6 23/13
**focus [1]** 5/4
**Foley [1]** 2/3
**follow [1]** 9/24
**force [1]** 10/5
**foregoing [1]** 23/6
**forgive [1]** 18/10

**F**

**formally [2]**  7/17 10/18
**format [1]**  23/8
**former [1]**  18/14
**forthcoming [1]**  21/20
**forward [12]**  9/9 10/6 11/1 13/25
 14/20 16/14 16/20 17/1 17/10 18/3
 21/3 22/3
**found [1]**  5/11
**frankly [3]**  12/18 19/3 20/15
**Friday [2]**  22/17 22/18
**front [2]**  19/18 22/2
**full [1]**  9/20
**further [2]**  10/25 19/24

**G**

**get [11]**  5/19 7/1 7/12 9/24 10/9
 16/18 16/24 19/16 21/6 22/10
 22/17
**getting [1]**  21/1
**give [3]**  13/9 20/21 21/11
**given [3]**  10/3 16/22 16/22
**giving [3]**  12/4 12/6 19/11
**go [5]**  13/25 14/6 14/20 16/23 18/3
**goes [1]**  11/1
**going [7]**  5/20 12/2 14/2 15/8
 20/18 21/2 21/4
**good [7]**  4/3 4/8 4/10 4/14 4/16
 4/18 4/24
**got [9]**  4/20 9/10 10/14 14/24
 15/16 15/17 17/24 19/20 20/1
**gotten [1]**  7/4
**guess [3]**  17/4 18/2 22/16

**H**

**had [8]**  5/6 5/7 5/13 6/8 10/18
 10/24 11/14 18/14
**handle [1]**  20/15
**handy [1]**  15/18
**harkening [1]**  17/13
**has [6]**  6/4 6/23 12/7 13/2 15/17
 18/2
**hasn't [1]**  7/4
**Hatch [1]**  2/13
**have [38]**
**haven't [3]**  10/1 10/24 21/12
**having [1]**  13/20
**he [10]**  5/8 5/11 5/11 5/13 5/14
 5/21 12/17 12/21 15/5 18/14
**he's [1]**  11/7
**head [3]**  16/22 17/3 17/4
**heading [1]**  11/22
**hear [2]**  16/5 16/9
**hearing [10]**  1/13 5/2 5/4 6/6 7/20
 8/11 9/11 10/19 11/3 20/10

**held [1]**  5/2
**helpful [2]**  18/20 21/25
**here [16]**  4/8 4/12 5/18 9/12 9/20
 14/2 15/16 16/13 17/3 17/11 18/9
 18/10 18/15 21/5 21/12 22/16
**herself [1]**  12/15
**him [1]**  5/8
**himself [1]**  5/11
**his [2]**  13/15 18/12
**hold [2]**  21/4 22/13
**Honor [17]**  4/10 4/17 4/18 5/4
 8/14 8/21 9/16 10/8 12/11 12/18
 13/6 13/17 14/12 16/7 18/16 19/17
 21/14
**HONORABLE [1]**  1/13
**Hopefully [1]**  21/7
**how [6]**  11/20 12/19 14/9 19/5
 19/14 19/15
**Howard [4]**  2/16 23/5 23/10 23/12

**I**

**I'm [12]**  4/20 5/17 5/18 10/13
 10/14 10/18 11/23 16/10 16/13
 17/13 18/9 21/2
**I've [3]**  5/17 15/16 17/5
**idea [1]**  13/13
**identified [2]**  7/23 21/13
**identify [2]**  8/24 9/1
**identifying [1]**  17/18
**III [1]**  1/13
**Illinois [2]**  2/4 2/14
**imagine [1]**  22/1
**implications [1]**  12/4
**important [1]**  18/21
**INC [2]**  1/4 4/6
**inclined [1]**  8/9
**inclusive [1]**  23/8
**inconsistent [1]**  11/14
**information [5]**  10/10 11/7 12/16
 12/17 12/21
**inquiry [1]**  18/11
**instance [1]**  13/22
**intend [3]**  11/4 11/6 11/9
**intention [3]**  11/2 18/11 18/13
**intentional [1]**  13/4
**interject [1]**  13/9
**interrogatories [1]**  12/13
**involved [2]**  18/18 18/18
**is [51]**
**isn't [1]**  14/6
**issue [18]**  5/18 6/9 7/19 7/25 9/13
 9/16 9/20 10/21 11/23 12/14 12/24
 14/7 17/5 18/17 20/13 20/16 20/18
 22/10
**issues [5]**  8/11 11/8 18/22 18/24
 19/12

**it's [6]**  6/3 14/2 18/16 18/21 21/3
 21/23
**its [2]**  12/4 15/22

**J**

**Jones [4]**  2/16 23/5 23/10 23/12
**JUDGE [8]**  1/14 4/14 4/24 4/25
 6/3 15/12 17/12 21/19
**Judicial [1]**  23/8
**July [1]**  16/1
**June [4]**  15/25 15/25 16/1 16/8
**just [7]**  8/2 9/2 12/1 12/15 16/18
 19/3 21/12

**K**

**Kennedy [1]**  2/10
**key [1]**  13/20
**kind [1]**  15/2
**know [29]**
**knowledge [2]**  17/20 17/22
**known [1]**  13/5
**knows [1]**  7/25

**L**

**La [1]**  2/13
**labeled [1]**  21/25
**labeling [1]**  22/4
**Lardner [1]**  2/3
**large [1]**  18/17
**last [5]**  9/10 9/15 9/17 11/3 15/21
**later [1]**  6/7
**LAUREN [6]**  2/2 4/11 8/21 16/4
 16/9 16/17
**law [16]**  2/10 2/10 4/15 4/19 5/8
 5/12 5/15 7/4 7/20 8/2 9/15 10/19
 12/6 17/24 20/21 22/14
**lawsuit [1]**  7/24
**lawyer [1]**  19/25
**learn [1]**  12/21
**learned [2]**  11/7 12/12
**least [1]**  20/24
**left [1]**  5/8
**let [9]**  5/16 8/13 10/24 11/21 12/7
 13/9 14/6 14/22 15/15
**Let's [3]**  4/4 11/1 15/2
**letter [2]**  6/7 9/4
**Lewis [1]**  2/13
**liability [1]**  17/25
**light [2]**  13/1 17/14
**like [3]**  8/3 9/20 17/13
**litigation [3]**  6/11 14/10 14/11
**little [1]**  17/13
**LLC [2]**  2/10 2/13
**LLP [2]**  2/3 2/6
**LOEW [13]**  2/2 3/4 3/6 3/8 3/11

**L**

**LOEW... [8]** 4/11 8/21 12/15 14/6 16/17 17/15 19/6 22/18
**log [8]** 8/19 8/23 9/1 13/21 19/13 21/16 21/20 22/2
**long [5]** 18/4 19/4 19/14 19/15 21/3
**looking [2]** 5/17 16/10
**lot [1]** 15/19
**luck [1]** 22/14

**M**

**made [8]** 7/12 7/13 8/16 10/11 12/9 12/13 18/19 21/7
**Madison [1]** 2/7
**MAGISTRATE [1]** 1/14
**mailing [1]** 19/21
**main [2]** 16/17 16/21
**make [1]** 18/11
**management [1]** 15/15
**March [3]** 1/6 9/4 9/5
**marked [1]** 7/23
**marking [1]** 17/18
**materials [2]** 5/12 5/14
**matter [3]** 7/24 12/20 23/7
**matters [5]** 6/9 11/2 12/5 18/13 20/25
**may [8]** 5/4 9/2 9/8 12/16 15/24 18/8 18/14 18/14
**maybe [1]** 18/8
**MCCOUN [1]** 1/13
**me [14]** 5/16 8/13 10/24 11/21 12/7 13/9 14/6 14/22 15/15 18/10 19/18 20/1 21/13 22/15
**mean [2]** 14/9 19/6
**mediation [13]** 6/13 6/14 6/16 6/19 6/24 7/2 7/10 8/18 9/22 12/25 14/7 14/19 15/25
**MEDICAL [3]** 1/3 4/5 4/11
**memorializations [1]** 17/19
**mentioned [1]** 16/9
**message [1]** 9/10
**MICHELLE [1]** 2/2
**MIDDLE [4]** 1/1 23/2 23/5 23/13
**might [1]** 17/6
**mind [1]** 21/8
**minefield [1]** 13/18
**money [1]** 14/5
**months [1]** 19/9
**more [2]** 13/9 13/10
**morning [7]** 4/3 4/8 4/10 4/14 4/17 4/18 7/7
**motion [13]** 5/3 5/5 9/14 9/17 10/20 14/13 17/4 19/2 19/8 19/11 19/15 20/4 20/20

**motions [2]** 5/5 19/1
**move [8]** 9/9 9/11 10/3 10/6 16/20 17/1 17/9 21/3
**moved [1]** 13/2
**MR [30]**
**Mr. [7]** 6/5 7/21 13/23 18/12 21/1 21/24 22/2
**Mr. Blonien [2]** 21/24 22/2
**Mr. Oppenheim [4]** 6/5 13/23 18/12 21/1
**Mr. Oppenheim's [1]** 7/21
**MS [8]** 3/4 3/6 3/8 3/11 12/15 14/6 19/6 22/18
**Ms. [1]** 17/15
**Ms. Loew [1]** 17/15
**much [1]** 10/13
**multiple [1]** 13/8
**my [11]** 5/20 10/19 10/19 12/1 13/4 13/6 13/7 15/20 19/4 21/23 22/14

**N**

**nature [1]** 10/16
**necessarily [1]** 20/13
**need [5]** 5/11 6/25 9/6 19/7 19/15
**needed [3]** 6/17 6/20 9/11
**needs [2]** 19/24 21/3
**nice [1]** 21/22
**night [2]** 9/15 9/18
**no [7]** 1/6 4/6 5/24 7/10 11/4 15/17 20/10
**NONE [1]** 3/17
**normal [1]** 19/18
**North [1]** 2/3
**not [29]**
**notes [2]** 19/4 23/7
**notice [2]** 7/6 9/6
**notified [1]** 6/7
**now [4]** 14/15 16/11 16/19 21/23
**number [1]** 18/18

**O**

**objection [2]** 20/10 21/21
**objections [3]** 7/18 10/9 10/11
**obtained [1]** 10/1
**obviously [2]** 15/5 20/2
**occur [1]** 18/21
**Official [2]** 23/5 23/12
**officially [1]** 7/16
**offshoot [1]** 5/1
**Okay [11]** 4/3 4/8 4/12 4/20 5/16 13/11 15/14 16/12 21/18 22/14 22/20
**once [3]** 14/2 17/23 18/22
**one [8]** 5/4 11/11 15/18 15/18 15/21 16/6 20/17 22/13

**ones [1]** 12/3
**only [3]** 6/12 16/2 20/16
**open [1]** 12/19
**opinion [1]** 15/7
**opinions [1]** 15/7
**OPPENHEIM [25]**
**Oppenheim's [6]** 7/21 8/5 8/8 9/5 17/25 20/11
**Oppenheimer [1]** 13/15
**opportunity [1]** 9/16
**oral [2]** 22/11 22/12
**order [11]** 4/2 5/17 5/18 5/20 6/21 14/1 15/15 16/11 20/18 21/15 22/10
**other [13]** 10/5 11/14 12/14 14/11 14/13 16/6 16/9 16/12 16/13 16/15 20/15 21/5 21/11
**otherwise [3]** 6/9 12/5 14/5
**ought [1]** 17/9
**our [5]** 7/11 9/8 10/3 16/25 18/16
**out [4]** 9/5 13/19 13/21 19/16
**outgrowth [1]** 5/2
**over [6]** 6/1 8/24 11/20 12/5 13/13 17/11
**overrule [1]** 7/17

**P**

**page [3]** 3/2 18/9 23/8
**Pages [1]** 23/7
**papers [1]** 15/19
**par [1]** 22/15
**part [3]** 5/18 6/3 8/7
**participants [1]** 17/23
**particular [1]** 5/17
**parties [1]** 22/1
**party [1]** 13/1
**pending [2]** 20/12 20/22
**period [2]** 19/10 20/5
**perspective [2]** 12/1 18/23
**pertained [1]** 6/10
**pertains [1]** 7/24
**phone [1]** 22/12
**Pinckney [1]** 2/7
**placed [4]** 4/25 6/8 7/25 9/19
**plaintiff [14]** 1/5 2/2 8/20 11/25 12/9 12/22 15/2 15/22 16/14 18/4 18/19 19/10 20/25 21/15
**plaintiff's [1]** 15/11
**plaintiffs [3]** 8/22 13/22 19/6
**plan [1]** 11/18
**pleadings [1]** 11/22
**please [1]** 4/4
**PLLC [1]** 2/10
**point [3]** 8/20 14/5 20/24
**POLASZEK [5]** 2/9 2/10 4/19 16/4 21/14

**P**

**portrayed [1]** 12/22
**position [12]** 5/13 6/15 12/7 12/8 12/10 12/12 13/18 13/23 14/10 18/16 19/7 19/9
**predicament [1]** 5/10
**prejudice [1]** 13/7
**prejudiced [1]** 18/3
**preliminary [1]** 7/19
**prepare [1]** 16/24
**prepared [1]** 11/24
**preparing [1]** 13/24
**present [1]** 9/20
**presented [1]** 17/9
**presently [1]** 13/14
**pretty [1]** 12/23
**prior [2]** 10/23 21/9
**privilege [44]**
**privileged [10]** 5/15 6/8 6/10 7/2 7/3 7/15 10/10 11/6 11/10 20/15
**proceeding [1]** 13/3
**Proceedings [2]** 1/24 22/23
**process [1]** 12/20
**produce [4]** 5/12 5/14 5/14 19/12
**produced [5]** 6/5 6/22 8/19 11/3 21/24
**product [5]** 6/9 7/3 7/15 7/17 8/17
**production [5]** 5/9 6/14 7/14 8/16 8/25
**promptly [2]** 5/21 6/1
**propose [1]** 15/11
**provide [2]** 8/22 21/16
**pursuant [1]** 23/6
**push [1]** 16/14
**pushed [1]** 8/7
**pushes [1]** 19/22
**put [1]** 20/3
**puts [3]** 12/14 13/17 13/22

**Q**

**question [4]** 9/13 13/10 17/8 20/3

**R**

**raise [3]** 10/9 10/21 11/22
**raised [3]** 9/14 10/18 17/6
**rather [1]** 7/6
**read [2]** 5/17 17/5
**reading [1]** 18/9
**ready [1]** 14/20
**really [5]** 10/24 16/18 16/21 16/25 17/19
**reason [6]** 8/7 16/12 16/13 16/18 16/25 17/9
**reasonably [1]** 18/5
**recall [2]** 5/4 9/8

**recollection [1]** 13/1
**record [3]** 10/11 16/19 16/24
**recording [1]** 1/24
**reference [2]** 22/3 22/4
**referenced [1]** 7/23
**referencing [1]** 17/17
**reflect [2]** 11/12 19/4
**refusing [1]** 7/13
**regard [2]** 8/19 19/14
**regarding [2]** 5/2 5/6
**regards [5]** 8/15 11/12 18/7 18/7 19/13
**regulations [1]** 23/8
**related [1]** 7/14
**relating [1]** 5/6
**relinquishment [1]** 13/4
**remained [1]** 8/11
**Reporter [5]** 2/16 3/12 23/3 23/5 23/12
**represent [1]** 13/4
**represented [2]** 9/25 14/11
**request [3]** 7/6 7/9 9/15
**requested [2]** 4/22 14/8
**requesting [1]** 4/21
**requests [1]** 5/10
**requires [2]** 19/12 20/19
**reschedule [2]** 8/4 8/9
**resolution [1]** 20/22
**resolve [3]** 17/10 18/22 20/16
**resolved [3]** 17/6 18/25 21/7
**respect [4]** 12/2 13/1 14/19 17/22
**respond [2]** 9/2 19/11 19/20
**responded [2]** 7/9 8/8
**response [9]** 8/15 19/2 19/8 19/10 19/14 19/15 20/4 20/19 22/11
**result [1]** 11/23
**review [1]** 5/23
**right [11]** 8/13 13/5 16/3 16/11 18/23 20/1 20/10 20/18 22/9 22/20 22/22
**road [3]** 18/20 19/24 20/6
**RPR [2]** 2/16 23/12
**rule [2]** 5/11 11/24
**rules [4]** 13/7 14/19 18/20 19/17
**ruling [3]** 20/12 20/12 21/8
**rulings [1]** 21/11

**S**

**said [7]** 5/20 7/10 14/14 15/22 16/7 17/14 17/15
**Salle [1]** 2/13
**Same [1]** 17/8
**Saturday [1]** 22/15
**say [2]** 11/5 17/3
**saying [1]** 4/21
**says [1]** 17/16

**schedule [2]** 9/3 19/18
**scheduled [3]** 6/4 7/6 9/5
**scheduling [2]** 8/7 15/15
**scribble [1]** 18/9
**second [2]** 18/10 22/13
**Section [1]** 23/6
**see [4]** 15/6 15/15 20/15 21/5
**seem [1]** 8/3
**seems [3]** 12/23 13/3 14/4
**sensing [1]** 5/18
**sent [2]** 9/3 9/5
**separate [1]** 8/22
**separately [2]** 8/24 9/1
**serve [2]** 15/22 15/23
**set [3]** 6/4 13/10 16/16
**shall [5]** 5/21 5/23 5/25 15/22 15/23
**she [3]** 12/16 16/10 17/16
**shooting [1]** 22/20
**short [3]** 7/6 20/18 22/10
**shorten [2]** 20/4 20/5
**should [2]** 9/18 16/8
**side [3]** 10/1 10/5 14/23
**sides [1]** 16/19
**significant [3]** 6/3 17/22 18/17
**similarly [1]** 6/21
**simply [3]** 16/7 17/19 21/2
**sitting [2]** 7/22 8/2
**situation [5]** 5/1 6/23 7/4 8/3 11/20
**so [28]**
**solidifies [1]** 19/12
**some [9]** 5/20 7/18 8/11 11/2 11/23 13/13 18/9 19/13 21/5
**somebody [4]** 4/21 4/22 15/14 15/17
**something [5]** 14/24 17/14 17/14 19/7 21/13
**somewhere [1]** 19/3
**soon [1]** 22/10
**sorry [1]** 12/11
**sort [3]** 17/2 17/11 19/11
**sounds [1]** 17/13
**South [1]** 2/7
**speaking [1]** 12/11
**specific [4]** 11/8 11/20 13/10 13/10
**specifically [1]** 7/23
**stab [1]** 21/8
**stabs [1]** 13/8
**stands [1]** 13/1
**start [2]** 4/23 15/2
**STATES [7]** 1/1 1/14 23/1 23/5 23/6 23/9 23/13
**stay [1]** 20/23
**stayed [1]** 20/22

## S

staying [1] 20/11
stenographic [1] 23/7
step [2] 13/19 21/6
STEPHEN [1] 2/9
still [10] 7/2 7/4 7/12 7/13 9/6 9/6
 10/16 11/23 14/7 19/10
story [1] 12/22
Street [3] 2/3 2/7 2/13
subject [6] 6/12 6/13 7/24 9/17
 17/25 18/15
such [3] 5/12 7/24 12/24
sufficiently [1] 21/12
suggested [1] 8/4
Suite [4] 2/3 2/7 2/13 2/16
supposing [1] 11/11
Sure [1] 15/9
surrender [1] 5/21
swing [1] 14/4

## T

table [1] 14/8
take [4] 4/22 14/9 21/6 21/8
taken [2] 19/9 23/7
taking [2] 5/13 8/10
talking [1] 5/22
TAMPA [5] 1/2 1/7 2/11 2/17
 23/14
telephone [1] 4/21
TELEPHONIC [1] 1/13
tell [1] 21/2
telling [1] 22/15
ten [5] 20/5 20/7 20/21 21/17
 22/15
ten-day [1] 20/21
tentative [1] 7/19
terms [2] 5/22 13/24
testified [2] 11/13 11/15
testimony [3] 14/23 14/25 15/6
than [3] 16/15 19/24 21/6
Thank [3] 21/18 22/8 22/22
that [124]
that's [14] 7/25 8/12 10/18 12/9
 14/10 14/15 15/9 15/12 15/18
 16/21 16/25 19/25 21/10 22/9
their [7] 8/6 9/24 10/1 14/14
 15/23 21/8 21/9
them [7] 5/15 7/1 8/24 10/1 11/18
 11/19 12/6
then [7] 11/13 11/15 11/19 14/3
 15/24 21/7 22/11
there [9] 7/22 8/2 8/19 8/25 10/19
 16/6 16/12 17/8 19/21
there's [2] 19/21 21/21
these [12] 5/21 7/5 7/21 10/6 12/7

they [27]
they've [2] 14/11 19/8
thing [1] 16/6
things [2] 9/11 19/2
think [9] 8/24 9/19 10/8 11/20
 11/25 12/25 15/17 18/21 18/23
this [56]
THOMAS [1] 1/13
those [21] 5/4 6/21 8/23 9/1 9/20
 10/10 11/2 11/5 11/5 11/5 11/8
 11/10 11/11 11/16 13/13 13/14
 13/15 15/7 16/1 17/22 22/12
though [2] 6/10 15/20
thought [1] 20/2
through [5] 5/17 17/25 18/9 20/2
 23/7
tied [1] 6/4
time [12] 5/10 7/10 9/25 11/24
 12/18 14/5 14/15 14/17 19/4 19/11
 19/21 20/17
timeline [2] 10/3 16/22
Title [1] 23/6
today [2] 6/2 21/11
tomorrow [9] 6/5 7/7 10/6 11/1
 16/15 17/17 18/3 18/7 20/22
too [2] 7/1 21/3
took [1] 6/15
toward [1] 11/22
towards [1] 18/24
transcribed [1] 1/24
transcript [3] 1/13 23/3 23/8
transcription [2] 1/25 23/7
transcriptionist [1] 1/24
true [1] 23/6
try [3] 5/19 10/9 13/18
trying [4] 9/9 9/12 9/24 14/18
turned [3] 6/1 12/5 13/12
two [1] 17/23
type [2] 14/25 19/13
types [1] 11/8

## U

under [2] 5/11 7/10
undersigned [1] 23/7
understand [5] 7/16 8/6 17/16
 17/20 17/21
understanding [3] 12/19 21/23
 22/5
Understood [1] 19/23
unfairly [1] 18/3
unfolding [1] 7/8
Unfortunately [1] 21/10
UNITED [7] 1/1 1/14 23/1 23/5
 23/6 23/9 23/13

until [3] 11/18/24 18/3
up [5] 9/24 10/25 15/1 20/25 21/8
upcoming [1] 10/3
upon [1] 14/1
us [2] 13/17 20/25
use [2] 11/2 11/4
using [7] 1/24 11/8 11/19 13/15
 15/3 15/4 17/18
usual [1] 19/1

## V

very [3] 4/24 18/19 21/25
via [1] 1/24
view [1] 13/4
views [1] 7/19

## W

wait [1] 19/5
waiting [1] 18/24
waive [4] 6/17 6/21 6/25 14/17
waived [5] 6/15 6/20 6/25 13/3
 14/9
waiver [8] 7/9 7/19 9/13 9/24
 12/24 14/13 14/20 21/9
waiving [1] 9/18
walks [1] 7/20
Wanca [1] 5/8
want [9] 14/4 14/16 15/5 15/10
 16/14 16/18 16/20 16/23 16/25
wanted [2] 14/15 17/15
was [23] 4/21 5/5 5/9 5/13 5/21
 6/14 6/19 7/5 7/8 8/7 8/16 8/19
 8/19 9/14 9/17 9/23 10/19 12/2
 12/15 15/21 16/6 16/7 20/20
waste [1] 14/5
wasted [1] 17/2
way [5] 12/8 14/22 19/1 20/15
 21/5
we [69]
we'll [9] 7/11 20/12 20/14 20/21
 20/23 21/8 22/10 22/10 22/11
we're [13] 6/2 7/3 7/10 7/11 7/22
 9/6 11/22 13/14 14/2 14/18 20/18
 21/4 22/20
we've [5] 7/12 9/19 10/17 14/24
 17/2
week [2] 16/22 17/4
weeks [2] 17/3 19/9
well [13] 4/19 5/12 8/14 9/7 10/8
 10/13 12/23 14/22 14/23 17/2
 17/11 19/20 21/16
were [14] 5/15 6/12 8/9 8/25 11/2
 11/14 12/2 12/3 13/12 16/1 18/21
 19/10 20/4 20/4
West [1] 2/10
what [17] 6/2 7/25 8/12 11/12

**W**

**what... [13]**  11/13 11/15 11/15
11/25 12/16 13/19 14/11 14/15
14/23 14/25 15/2 15/8 19/18
**What's [1]**  15/14
**whatever [1]**  22/2
**when [3]**  5/8 7/12 21/23
**where [6]**  5/11 5/24 6/23 7/4
13/19 13/19
**whether [3]**  7/22 12/17 14/16
**which [16]**  5/1 6/24 7/1 10/20
12/5 13/3 13/14 13/21 17/5 17/24
19/2 19/4 19/11 20/19 22/5 22/15
**who's [2]**  4/8 4/12
**Whoever [1]**  4/22
**why [4]**  4/23 14/6 14/7 18/2
**will [11]**  11/18 11/22 14/3 17/21
20/13 21/2 21/7 21/14 21/20 22/5
22/7
**willing [1]**  13/25
**Wisconsin [1]**  2/7
**without [2]**  7/21 13/20
**won't [1]**  17/17
**words [1]**  11/14
**work [5]**  6/9 7/2 7/15 7/17 8/17
**worked [1]**  14/25
**would [29]**
**wouldn't [1]**  19/3
**writing [3]**  5/24 20/3 20/8

**Y**

**Yeah [2]**  16/10 16/17
**Yes [3]**  11/17 20/7 22/19
**yesterday [4]**  4/21 4/25 20/20
21/22
**yet [3]**  10/2 14/21 15/8
**you [52]**
**you're [2]**  10/15 19/25
**you've [5]**  10/14 17/24 19/20 20/1
20/2
**your [27]**